UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | : : : | NO: 1:02-CV-00107 |
| Plaintiffs, | : : | |
| v. | : : | **ORDER** |
| BOARD OF COUNTY COMMISSIONERS OF HAMILTON COUNTY, OHIO, et al., | : : : : | |
| Defendants. | : : | |

   This motion is before the Court on Plaintiff-Intervenors Sierra Club and Marilyn Wall's Motion for a status conference (doc. 99), Defendants' Opposition (doc. 102), Plaintiffs' Opposition (doc. 103), and Plaintiff-Intervenors' Response (doc. 104).

   Plaintiff-Intervenors request the Court convene a status conference in order to evaluate the sixty-day public comment period on the Second or Global Consent Decree, and to plan an evidentiary hearing on the Interim Partial Consent Decree and the Second Decree (doc. 99).  Plaintiff-Intervenors base their request on the representation that there has been very little public involvement in the approval process (Id.).  Plaintiff-Intervenors also request that certain issues connected with the 1985 Supplemental Environmental Projects Escrow Account be addressed at the requested status conference (Id.).  Plaintiff-Intervenor Sierra Club recommends that such account be turned over to an independent special master (Id.).

Defendants respond that there is no basis for diverging from the September 4, 2003 Order establishing the schedule in this matter (doc. 102).  Defendants argue that Plaintiff-Intervenors have provided no rationale for holding a status conference prior to that already scheduled for February 12, 2004 (Id.).  Defendants argue that they have conducted a vigorous public outreach and comment program designed to generate a broad base of public participation in the Consent Decree and its approval process (Id.).  Defendants argue that despite the allegedly inadequate nature of the public comment process, the Plaintiff-Intervenors were able to present their views at five public meetings, as well as to fax comments to City Council and the County Commissioners on November 14, 2003 (Id.).  Defendants argue that the Court has already rejected the suggestion of an evidentiary hearing, and in any case, such a hearing is inappropriate at the Consent Decree stage in environmental cases (Id.).  Finally, Defendants argue that Plaintiff-Intervenors' comments regarding the 1985 escrow account provide no rationale for abandoning the process established by the Court's September 4, 2003 Order (Id.).  Plaintiffs raised nearly identical arguments, while additionally arguing that the appointment of a special master is not necessary to oversee the funds in the 1985 account (doc. 103).

Plaintiff-Intervenors replied that an earlier and more comprehensive status conference is necessary to give the parties adequate opportunity to discuss the timing of the fairness hearing, the need for taking of evidence, and the process for going forward

(doc. 104).  Plaintiff-Intervenors argue that the Court needs to assess the impact of the Decrees on the public, and how the plight of sewage-in-basement victims might actually be prolonged by the Decrees (<u>Id</u>.).

Having reviewed this matter, the Court finds it unnecessary to schedule a status conference in advance of that previously scheduled for February 12, 2004.  All of the issues which Plaintiff-Intervenors raise can be adequately dealt with in accordance with the schedule set in the September 4, 2003 Order.  Public apathy is not a basis for the Court to diverge from the schedule.  As for Plaintiff-Intervenors' argument that the Decrees will have a negative impact on the public, and sewage-in-basement victims in particular, Plaintiff-Intervenors will have an opportunity to argue such position at the eventual hearing on the entry of the final consent decree.  Finally, the Court reiterates that it sees no need for an evidentiary hearing in this matter.  <u>United States v. Comunidades Unidas Conta La Contaminacion</u>, 204 F. 3d 275, 278 (1st Cir. 2000)(<u>citing</u> <u>United States v. Charles George Trucking, Inc.</u>, 34 F.3d 1081, 1085 (1st Cir. 1994)).

Accordingly, the Court DENIES Plaintiff-Intervenors' Motion for a Status Conference (doc. 99).


SO ORDERED.

Dated: December 31, 2003        /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge