# EXHIBIT 2

# COMMENTS RECEIVED FROM OTHERS ON THE FINAL CONSENT DECREE

# EXHIBIT 2-A

# COMMENTS RECEIVED FROM
# MARILYN OTT
# ON THE FINAL CONSENT DECREE

701 Colegate Dr.
Marietta, OH 45750
2 January 2004

Assistant Attorney General
Environment and Natural Resources Division
P.O. Box 7611
U.S. Department of Justice
Washington, DC 20044-7611

Re: United States and State of Ohio v. Board of County Commissioners of Hamilton County and the City of Cincinnati, D.J. Ref. 90-5-1-6-341A

Dear Sir or Madam:

Allowing raw sewage to enter our waterways may have been more acceptable in the 18th Century but in the 21st Century it should be totally unacceptable and should be outlawed immediately. Recreational river-users – swimmers, boaters, fishermen – should not have to worry about encountering raw sewage from any source – whether from a municipal or private source. The residents of this country rely on the US Environmental Protection Agency to maintain healthy waterways for the use of anyone – not to be used as a sewage disposal opportunity.
To allow for lowering of water quality instead of requiring upgrades to whatever systems need to be upgraded is itself abominable.
Metropolitan Sewer Districts must be required to comply with water quality standards that have been established – they should not be lowered to accommodate polluters.
Many thousands of people of all ages – from children wading along the 'beaches' enjoying the water to canoeists exploring the larger areas – use our waterways and should be able to do so without being exposed to bacteria, viruses, parasites and other insults to water quality that is now allowed to enter.
There must be reasonable deadlines for all of the necessary upgrades to be completed without extensions with interim deadlines leading up to the final completion dates. The sooner the work is started the sooner the people will be able to enjoy clean water to recreate in and the sooner the fishery will begin to recover.
The sewer fixes are affordable – why should these entities be given freedom of responsibility for their sewage. Anytime the infrastructure cannot handle additional sewage, development should be halted until the infrastructure is in place. It is contemptible that cities or individuals should use Ohio's waterways as their private sewers.
We look to you to make sure the Clean Water Act is adhered to as soon as possible without any lowering of standards.

Sincerely,

*Marilyn Ortt*

Marilyn Ortt

DEPARTMENT OF JUSTICE

JAN 6 2004

LANDS DIVISION
ENFORCEMENT RECORDS

# EXHIBIT 2-B

# COMMENTS RECEIVED FROM
# J. DWIGHT POFFENBERGER
# ON THE FINAL CONSENT DECREE

J. Dwight Poffenberger Jr., Esquire
2700 Carew Tower
441 Vine Street
Cincinnati, OH 45202

December 29, 2003

Assistant Attorney General
Environment and Natural Resources Division
P.O. Box 7611
U.S. Department of Justice
Washington, D.C. 20044-7611

Re: **United States and State of Ohio v. Board of County Commissioners of Hamilton County and the City of Cincinnati, D.J. Ref. 90-5-1-6-341A**

Dear Assistant Attorney General:

I represent an Ohio non-profit organization, Save the Lake Association, comprising hundreds of individuals concerned about the health and cleanliness of Ohio's waterways. Save the Lake Association objects to and will be adversely effected by the proposed consent decree. Save the Lake Association has the following comments regarding the proposed consent decree.

Save the Lake Association objects to the proposed consent decree for the following reasons.

First, the proposed consent decree allows for a lowering of water quality in violation of Ohio law including Ohio's antidegradation policy, Ohio Administrative Code 3745-1-05. The proposed consent decree fails to timely eliminate illegal sanitary sewer overflows and fails to require full secondary treatment of all sewage discharged from municipalities. Ohio water quality standards are very weak and in our opinion, fail to comply with federal law including the Clean Water Act. The proposed consent decree fails to uphold even the weak Ohio water quality standards.

Second, the proposed consent decree lacks deadlines for fixing illegal sewer overflows such as combined sewer overflows and sanitary sewer overflows. The proposed consent decree fails to eliminate these illegal discharges immediately. At a minimum all illegal discharges should be eliminated within five years, preferably within one year. Ohio's waterways are among the nation's most polluted waterways due to the failure of the Ohio EPA to perform its function. Save the Lake Association has litigated the lawfulness of several NPDES permits granted by the Ohio EPA which should never have been granted. The Ohio EPA will allow any Ohio river or waterway to be polluted via effluent. The Ohio EPA fails to protect even the cleanest Ohio waterways such as those containing endangered species and state park waters.

DEPARTMENT OF JUSTICE

JAN -2 2004

LANDS DIVISION
ENFORCEMENT RECORDS

90-5-1-6-341A

Assistant Attorney General
December 29, 2003
Page 2

Third, the proposed consent decree relies heavily on a $1.2 billion "deep tunnel" which will not work and is a waste of taxpayer money. The "deep tunnel" would only eliminate illegal overflows some of the time and only for one creek, Mill Creek. What a waste of money. The Army Corps of Engineers has even stated that the tunnel proposal is not cost effective.

Fourth, neither the City of Cincinnati nor the Hamilton County Commissioners should not be trusted to force the Metropolitan Sewer District ("MSD") to eliminate its illegal overflows. The City's incentive is to not spend money to clean up the illegal overflows. The MSD needs engineering and financial oversight from an outside source. The Sierra Club has hired an economist to review MSD calculations and found that it is financially feasible to fix the illegal sewer overflows. Judge Spiegel should appoint a Special Master to oversee the compliance of MSD. The Court must maintain jurisdiction to enforce any order it issues. The proposed consent decree must have deadlines which are enforceable by the court or judge. Heavy penalties should fall upon the City of Cincinnati and Hamilton County if any deadline is not met.

Save the Lake Association, by submitting this letter, would like to become a party to this matter. Please place me on all mailing lists regarding this action. If you have any comments or questions, please contact me.

Very truly yours,

J. Dwight Poffenberger Jr.
J. Dwight Poffenberger Jr., Esq.


Cc:   JoAnn Trueblood, Save the Lake Association
      Katie Danko, Sierra Club


K:\user\Jdpj\sierra club comments.wpd