# EXHIBIT 6

# AFFIDAVIT OF LISA MORRIS

## AFFIDAVIT OF LISA MORRIS

STATE OF OHIO            )
                         )s.s.
COUNTY OF FRANKLIN )

I, Lisa Morris being of sound mind, age of majority, and being duly cautioned and sworn in accordance with law, make the following statement based upon personal knowledge:

1.    I am currently employed by the Ohio Environmental Protection Agency, ("Ohio EPA"), as the Chief of the Division of Surface Water ("Division"). I have held this position with Ohio EPA since May 1999. In my current position I am responsible for the overall management of the Division including: supervision of personnel, resolution of programmatic and technical issues, determination of priorities, addressing budget issues, interacting with US EPA and other state agencies, and handling general management issues in the Division.

2.    In addition to the responsibilities outlined above, since 2003, I have been the representative for the Director of the Ohio Environmental Protection Agency serving on the Ohio River Sanitation Commission, ("ORSANCO").

3.    In my capacity as Chief of the Division and as a representative on ORSANCO, I am familiar with the provisions of Paragraphs XXII A and XXII B of the Consent Decree as lodged, that relate to and provide for the payment to ORSANCO of $100,00.00 of the civil penalty that would have otherwise been paid by the Defendants to the State of Ohio.

4.    Civil penalties collected by the State of Ohio, in cases such as the instant case, are recovered under the provisions of Ohio Revised Code 6111.09. That provision of the Revised Code provides that all civil penalties recovered under R.C. 6111.09 are divided

with one-half paid to the environmental education fund and the other half credited to the water pollution control administration fund. Moneys in the water pollution control administration fund are to be used to supplement other moneys available for the administration and enforcement of Chapter 6111 of the Revised Code and the rules and permits.

5.     ORSANCO and Ohio EPA have been engaged in a series of discussions related to two projects that ORSANCO and Ohio EPA desired to have ORSANCO undertake. These two projects both relate to the Ohio River and to the administration of R.C. Chapter 6111. The two projects in question are the development of wet weather bacterial water quality standards for the Ohio River and the development of a total daily maximum load for pathogens in the Ohio River in the area around and below Cincinnati. ORSANCO has agreed that it will use the $100,000.00 payment from the Defendants referenced in Paragraph XXII A and XXII B of the Consent Decree as part of the funding to undertake these projects. ORSANCO has further agreed that it will complete these projects.

6.     The provisions of Paragraphs XXII A and XXII B do not provide for the payment of any of the United States portion of the civil penalty to ORSANCO. These provisions explicitly make it clear that the $100,000.00 to be paid by the Defendants to ORSANCO is lieu of paying that additional $100,000.00 in civil penalty to the State of Ohio.

7.     The provisions of Paragraphs XXIIA and XXII B merely provide for the direct payment to ORSANCO of funding that Ohio EPA could have received from the Defendants, deposited and proceeded to provide to ORSANCO from the water pollution control administrative fund. This direct payment more readily facilitates ORSANCO's moving forward with completion of the two projects in question.

Futher Affiant Sayeth Naught.

LISA MORRIS

Sworn to before me and subscribed in my presence this _8th_ day of April, 2004

NOTARY PUBLIC

DONALD L. VANTERPOOL, Attorney-At-Law
NOTARY PUBLIC, STATE OF OHIO
My commission has no expiration date.
Section 147.03 R. C.