Affidavit of Ryan Lehan

STATE OF OHIO              )
                          )      S.S.
COUNTY OF HAMILTON   )

I, Ryan Lehan, of full age and being duly cautioned and sworn in accordance with law, make the following statement based upon personal knowledge:

1.  I reside at 619 Genenbill Drive, Cincinnati, OH 45238, with my wife and two children.

2.  We purchased the property at this location on October 31, 1995.

3.  This property is a 1-story home with 3 bedrooms and a partial basement.

4.  Since we moved into this house in 1995, there have been 6 episodes of raw sewage backing up into our basement.

5.  The dates of these episodes are as follows:
    a.  April 24, 1996
    b.  June 1, 1997
    c.  September 27, 2002
    d.  May 10, 2003
    e.  September 2, 2003
    f.  January 4, 2004

6.  After moving into this house in 1995, we have discovered that there were at least 3 additional episodes of raw sewage backup prior to our purchase of the house. We were not aware of these episodes prior to purchase.

7.  The dates of these prior episodes are as follows:
    a.  December, 1993
    b.  March, 1994
    c.  August 6, 1995

8.  On each occasion, except 4/24/1996, we notified the MSD of the backup and submitted a claim against the MSD.

9.  The total personal property damages that we have suffered are $56,732.42.

10.  The amount that has been covered by insurance to date is $30,969.38.

11.  The amount that MSD has paid us through the City Law Dept. is $250.00.

12.    Currently, we have a claim pending before the City Law Dept. for the backup in January 2004 (and claims for previous backups, as well). Other than a notice that our claim has been received, we have heard nothing further from the Law Dept. or the MSD, notwithstanding that the 60-day time period for claim resolution mentioned on the MSD website has passed. We expected action on our claim by this time.

13.    We intend to make a claim against the MSD for loss of real property value on our home. However, the MSD claim form has no place for us to specifically make such a claim.

14.    Also, we also have pending before the Law Dept. a claim for past personal property damages that were unreimbursed by insurance. That completed claim has been sitting at the Law Dept. since 11/18/2003, without any response.

15.    It is unfair to set January 1, 2004, as an arbitrary cut-off date and say that claims before that date will not be considered and those after that date will. In all cases involving my property, the MSD was at fault.

16.    Through the Ohio Open Records Law, we have received many documents that show that the MSD pump station next door to our property is the cause of the sewage backups. MSD admits that the backups are its fault and yet, they have taken no action to permanently prevent these backups from occurring and, they have not informed us of any plan or schedule to take such action by a certain date

17.    Additionally, MSD has required us to sign a release form, in which we give up any right to sue them for personal injuries that might later arise as a result of the sewage backups. (See attached) Our personal injuries include: headaches, nausea, frequent flu-like symptoms, and severe allergies including sinus infections. We are concerned about germs and diseases that we may have been exposed to as a result of the backups caused by MSD's pump station.

18.    In our opinion, it is unfair for the MSD and the City Law Dept. to require us to give up these rights just to get compensated for the property damage that they have caused, through no fault of our own.

19.    Right now, our house is undergoing a total mold remediation by a mold abatement company. The repeated backup of raw sewage in the basement caused the growth of mold in our house. This is an unhealthy condition.

20.    In addition to the loss of personal property and the illnesses due to the sewage backups, my wife and I have suffered great emotional distress as a result of this situation. My wife, Lisa, videotaped one sewage backup episode on May

10th, 2003. I have carefully reviewed this video, which I am submitting with this Affidavit, and it contains a true and accurate depiction of the sewage-related conditions in our basement and our home on the date noted on the video. I am submitting the video to the Court with this affidavit to show the Court what it is like for us and, upon information and belief, thousands of other residents of Hamilton County during a sewage backup event.

21. Also, the insurance company cancelled our coverage for sewer backups, so each time this happens now, we are without any help from the insurance company.

22. It is my understanding that the Consent Decree now before this court has 3 provisions that relate to my situation. (1) A prevention program; (2) a cleanup program; and (3) a claims program.

23. With regard to the prevention program, no one from MSD has contacted us to tell us what they are going to do to prevent this from happening in the future.

24. With regard to the cleanup program, we have been responsible for cleaning up the sewage backup, including the incident on January 4th, 2004 of which MSD was notified of the day of the backup.

25. With regard to the claims program, as I stated above, we have not heard anything from the MSD or Law Dept. about our personal property damage claim.

26. With regard to our real property value claim, it is my understanding that Ohio law requires me to disclose to a potential buyer of my property everything that we have experienced regarding the sewage backups and mold abatement and to provide access to all of the documents that we have regarding this situation. In my opinion, no buyer in his or her right mind would buy my property under the present conditions.

27. I have tried to list my property with two real estate companies and both have told me that they would not even list the property under these circumstances.

28. In order to prove the loss in property value, we have been forced to hire an expert at great expense to us to provide an opinion on the loss in property value. That report is now being prepared. When it is finished, we will submit our claim against the MSD for the lost real property value.

29. Where a backup situation is clearly the MSD's fault, as it is here, it is unfair to require the homeowner to have to bear all of these expenses to "prove" their claim. MSD should have sent two independent appraiser out to our property (at its own cost) years ago and provided us with our lost property value. In that way, we could have afforded to move away from this nightmare.

30.   In my opinion, the MSD should be required to set aside a large fund of money now to compensate all of the people who have sewage backups, where the backups are the fault of MSD. I understand from going to the Sierra Club meetings at the Holy Family Church that there are quite a number of Hamilton County residents in the same predicament that we are in.

31.   Also, I think it is unfair that the City Law Dept., which has not responded to us or paid us for the damages that MSD caused us, is the agency that is deciding whether or not to pay our claim in the first place. A neutral person or agency should be used to decide whether or not MSD should pay these sewage backup claims.

32.   I can personally attest that these sewage backups are very damaging to me, and upon information and belief, to many other residents of Hamilton County who have experienced them. The sewage backups are unhealthy and disgusting. If the Consent Decree before the Court cannot force the MSD and Law Dept. to fund and properly carry out the programs suggested by the Sierra Club (a program that would ensure meaningful cleanups, prompt remedies of the causes of backups, and swift payment of legitimate claims of damages), then the Court should not approve the Decree.

Further Affiant Sayeth Not.

_Ryan Lehan_

Sworn before me and subscribed in my presence this _3rd_ day of _May_, 2004.

MICHELE LOUISE MAGNUS
Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration
Section 147.03 R.C.

4

RELEASE

THAT, Ryan Lehan, 619 Genebill Drive, Cincinnati, Ohio 45238, for the sole consideration of TWO HUNDRED FIFTY AND 00/100 DOLLARS ($250.00), received by him to his full satisfaction from the City of Cincinnati, on behalf of the City of Cincinnati, its employees, heirs, successors and assigns, does hereby, release and forever discharge said City of Cincinnati, its employees, heirs, successors and assigns to the date of these presents, from any and all claims, demands, actions and causes of actions whatsoever, or in any manner arising from an incident on June 1, 1997, at 619 Genenbill Drive.

It is further understood and agreed that the payment of said amount of money as stated above is not to be construed as an admission of liability on the part of the City of Cincinnati, its employees, heirs, successors or assigns; liability by them being expressly denied. It is expressly understood and agreed that the payment of the above stated sum of money is the sole consideration of this release and the consideration stated herein is contractual and not a mere recital. It is expressly understood and agreed that all agreements and understandings between the parties are embodied and expressed herein.

IN WITNESS WHEREOF, I have hereunto set my hand at Cincinnati, this _____ 10 _____ day of _____ May _____, 1998.


_____
Ryan Lehan

WITNESSED BY:

_____

_____

5-10-98

**Ryan & Lisa Lehan**
**619 Genenbill Dr.**
**Cincinnati, OH 45238**

**Date of Loss:** April 29, 1996
**Insurance Claim #** <Did Not File>

| Description | Damage/Repair Amount | Date | Insurance Payout Check # | Amount | Reimbursement Amount Requested From MSD | Amount Received From MSD |
|---|---|---|---|---|---|---|
| Unrecorded Loss | $0.00 | | | $0.00 | $0.00 | $0.00 |
| Total | $0.00 | | | $0.00 | | $0.00 |

**Date of Loss:** June 1, 1997
**Insurance Claim #** 13169

| Description | Damage/Repair Amount | Date | Insurance Payout Check # | Amount | Reimbursement Amount Requested From MSD | Amount Received From MSD |
|---|---|---|---|---|---|---|
| Personal Contents | $4,068.95 | Oct. 26, 1998 | | $3,810.99 | | |
| General Clean Up | $200.34 | | | | | |
| Carpet | $1,328.87 | | | | | |
| Total | $5,598.16 | | | $3,810.99 | $1,777.17 | $250.00 |

**Date of Loss:** September 27, 2002
**Insurance Claim #** 721-9-658180

| Description | Damage/Repair Amount | Date | Insurance Payout Check # | Amount | Reimbursement Amount Requested From MSD | Amount Received From MSD |
|---|---|---|---|---|---|---|
| Personal Contents | $11,941.29 | Oct. 7, 2002 | 882412533 | $2,787.64 | | |
| General Clean Up | $3,497.84 | Nov. 19, 2002 | 782429265 | $5,163.83 | | |
| Carpet | $2,313.53 | | | | | |
| Restoration | $4,484.89 | | | | | |
| Total | $22,237.55 | | | $7,951.47 | $14,286.08 | $0.00 |

**Date of Loss:** May 10, 2003
**Insurance Claim #** HP000088915

| Description | Damage/Repair Amount | Insurance Payout Date | Insurance Payout Check # | Insurance Payout Amount | Reimbursement Amount Requested From MSD | Amount Received From MSD |
|---|---|---|---|---|---|---|
| Personal Contents | $10,915.82 | Oct. 1, 2003 | 701599727 | $7,635.67 | | |
| General Clean Up | $1,571.25 | Oct. 1, 2003 | 701599722 | $11,571.25 | | |
| Furnace | $3,500.00 | | | | | |
| Mold Abatement | $11,852.65 | | | | | |
| **Total** | **$27,839.72** | | | **$19,206.92** | **$8,632.80** | **$0.00** |

**Date of Loss:** September 2, 2003
**Insurance Claim #** HP000142090

| Description | Damage/Repair Amount | Insurance Payout Date | Insurance Payout Check # | Insurance Payout Amount | Reimbursement Amount Requested From MSD | Amount Received From MSD |
|---|---|---|---|---|---|---|
| Personal Contents | $495.00 | No Payout by Insurance Company (Deductible is $500.00) | | | $495.00 | |
| **Total** | **$495.00** | | | **$0.00** | **$495.00** | **$0.00** |

**Date of Loss:** January 4, 2004
**Insurance Claim #** Can not claim - No longer covered

| Description | Damage/Repair Amount | Insurance Payout Date | Insurance Payout Check # | Insurance Payout Amount | Reimbursement Amount Requested From MSD | Amount Received From MSD |
|---|---|---|---|---|---|---|
| Personal Contents | $333.99 | No Longer Covered | | | $333.99 | |
| There are additional losses not listed here due to unknown dollar amounts | $0.00 | | | | | |
| **Total** | **$333.99** | | | **$0.00** | **$333.99** | **$0.00** |

**Additional Costs**

| Description | Amount |
|---|---|
| Insurance Increase | $238.00 |
| **Total** | **$238.00** |

| | Damage/Repair Amount | Ins. Payout Amount | Reimbursement Amount Requested From MSD | Amount Received From MSD |
|---|---|---|---|---|
| Grand Total | $56,732.42 | $30,969.38 | $25,763.04 | $250.00 |