**EXHIBIT 5**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:02cv00107 |
| ) | (Consol. with C-1-02-108 and |
| ) | C-1-02-135) |
| THE BOARD OF COUNTY COMMISSIONERS, ) | |
| HAMILTON COUNTY, OHIO ) | Judge S. Arthur Spiegel |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DECLARATION OF ERNEST F. MCADAMS, Jr., ESQ., IN SUPPORT OF REPLY OF DEFENDANTS TO INTERVENOR SIERRA CLUB'S MEMORANDUM IN OPPOSITION TO ENTRY OF THE CONSENT DECREES

I, being first duly sworn, state as follows:

1. I am over 18 years of age and am competent to testify regarding the following:

2. I am an attorney duly admitted to the Ohio bar. I serve as City Prosecutor for the City of Cincinnati and am Chief Counsel for the City's Claims Division.

3. The City Solicitor's Office is primarily responsible for deciding claims filed by individuals under the Water-in-Basement ("WIB") Claims Process Plan, the terms of which are set forth in the Global Consent Decree.

4. In the first quarter, Defendants received 90 WIB claims. Of these claims, 63 were paid, 20 are still pending, and 7 were denied. Each denial letter includes a provision informing WIB claimants of their right to challenge our responsibility determination in the Municipal Court and the Court of Common Pleas.

5. The City of Cincinnati Claims Division has investigated the circumstances surrounding Mr. Ryan Lehan's claim that arose from an incident that occurred on January 4, 2004. Mr. Lehan's claim was filed with the City Solicitor's Office on February 13, 2004.

6. Because my office had already received a demand letter from Mr. Lehan's attorney in connection with a backup claim for two incidents in 2003, his February 2004 claim was routed to the City attorney who was handling the 2003 backup matter. Mr. Lehan's claim was therefore taken out of the normal processing procedures established to resolve such claims within the required 60 days.

7. As soon as the City became aware of the situation, Mr. Lehan's February 2004 claim was immediately placed back into the WIB Claims Process, and, based on a review of the file, the City approved payment of the claim based upon Mr. Lehan's past history of backup difficulties, in accordance with the terms of the Global Decree.

8. In light of the new WIB Program, the City has decided to revise its standard release form required as a condition of the payment of claims for property damage under the WIB Claims Process Plan. The revised release requires claimants to release only their right to seek additional damages related to the property damage being reimbursed by Defendants, not personal injury claims, and is attached hereto.

I swear under the penalty of perjury that the foregoing is true to the best of my knowledge and belief.

*Ernest F. McAdams*

Ernest F. McAdams, Jr., Esq.
City Prosecutor and Chief Counsel of the
City Claims, Collections & Recovery
Division

On this 11th day of May, 2004, before me, the undersigned officer, personally appeared Ernest F. McAdams, Jr., known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

                                              Notary Public

My commission expires:



DEBORAH H. WYLER
Attorney At Law
Notary Public, State of Ohio
My Commission Has No Expiration
Section 147.03 R.C.

McAdams Decl..doc

3

## RELEASE

THAT, HOMEOWNER, for the sole consideration of **100 DOLLARS ($ 100),** received in satisfaction from the City of Cincinnati ("City") and the Board of County Commissioners of Hamilton County, Ohio ("County"), on behalf of the City and County, their employees, successors and assigns, does hereby, release and forever discharge said City and County, their employees, successors and assigns to the date of these presents, from any and all property damage claims, demands, actions and causes of actions, or in any manner arising from the loss of property that occurred on INSERT DATE OF OVERFLOW at INSERT ADDRESS as a result of the backup of wastewater from the collection system operated by the Metropolitan Sewer District of Greater Cincinnati.

It is further understood and agreed that the payment of said amount of money as stated above is not to be construed as an admission of liability on the part of the City and County, their employees, successors or assigns; liability by them being expressly denied. It is expressly understood and agreed that the payment of the above stated sum of money is the sole consideration of this release and the consideration stated herein is contractual and not a mere recital. It is expressly understood and agreed that all agreements and understandings between the parties are embodied and expressed herein.

IN WITNESS WHEREOF, I have hereunto set my hand at Cincinnati, Ohio
this _____ day of _____, 2004.

_____

«Name»


WITNESSED BY:

_____