UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> and ) <br> ) <br> Sierra Club, et al. ) <br> ) <br> Intervenors, ) <br> ) <br> v. ) <br> ) <br> ) <br> The Board of County Commissioners, ) <br> Hamilton County, Ohio, et al. ) <br> ) <br> ) <br> Defendants. ) <br> ) <br> _____) | **Case No. 1:02cv00107** <br> (Consol. with C-1-02-108 and <br> C-1-02-135) <br><br> Judge S. Arthur Spiegel |

**OPPOSITION OF DEFENDANTS BOARD OF COUNTY COMMISSIONERS, HAMILTON COUNTY, OHIO, AND THE CITY OF CINCINNATI TO INTERVENOR SIERRA CLUB'S MOTION FOR COURT-APPOINTED SPECIAL MASTER**

Defendants respectfully submit this Opposition to Intervenor Sierra Club's Motion for Court-Appointed Special Master. This Court should deny Intervenors' motion because the appointment of a special master is wholly unnecessary.[1] Five expert regulatory agencies—the United States Environmental Protection Agency ("USEPA"), the United States Department of

---

[1] It was also wholly unnecessary for Intervenors to submit a separate motion on this topic, forcing both Defendants and Government-Plaintiffs to divert valuable time and energy away from other matters to oppose it. Implicit in this Court's scheduling order setting the briefing schedule for entry of the Decrees

[Footnote continued on next page]

Justice ("USDOJ"), the Ohio Environmental Protection Agency ("OEPA"), the Ohio Office of the Attorney General ("OAG"), and the Ohio River Valley Water Sanitation Commission ("ORSANCO")—will closely oversee implementation of the Consent Decrees and will ensure that the Defendants are complying with the remedial obligations outlined therein.  Moreover, well-established separation-of-powers principles also counsel against the appointment of a special master, as a judicial officer's ongoing involvement in, and intrusive oversight of, USEPA's enforcement activities would constitute an impermissible encroachment upon the powers of the executive branch.

This issue has been well briefed by all parties, and has been the subject of numerous comments by Sierra Club.  It is therefore unnecessary to repeat all of the previous arguments at length.  In sum, the two Decrees at issue represent a remarkable injection of regulatory oversight by the United States, Ohio, and ORSANCO into the operations of the Defendants' wastewater utility.  Indeed, consistent with this oversight, every deliverable under the two Decrees is subject to the review and approval of these agencies.  Intervenors offer no justification for doubting these agencies' ability to oversee compliance with the Decrees, or this Court's ability to enforce it.  Accordingly, Intervenors' motion for a special master should be denied.

> **I.    Intervenors Have Failed to Meet the Prerequisites For The Appointment Of A Special Master.**

Rule 53(a)(1)(C) of the Federal Rules of Civil Procedure, which was amended in December 2003, authorizes the appointment of a special master to oversee only those "post-trial matters that cannot be addressed effectively and timely by an available district judge."  Notwithstanding the recent amendments to this provision, "[t]he core of the original Rule 53 remains, including its

---

[Footnote continued from previous page]
   is the direction that all Intervenors' objections to the Decrees should be filed with their Opposition by

[Footnote continued on next page]

2

prescription that appointment of a master *must be the exception* and not the rule." Fed. R. Civ. P. Rule 53, Notes of Advisory Comm. ¶ 1 (emphasis added); *see also* 9A Wright & Miller, *Federal Practice and Procedure* § 2601 (explaining that the 2003 amendments to Rule 53 "carr[y] forward the notion that masters are the exception, not the rule").

There are no exceptional circumstances present that necessitate the appointment of a special master in this case. The Intervenor's contention that a special master is necessary to ensure that this Court is not overwhelmed by the complexity of the Decrees ignores the fact that the Court will have ample assistance during the pendency of the Decrees. Indeed, this Court will be able to rely upon the technical expertise and experience of five regulatory agencies in monitoring the Defendants' compliance with the Decrees. Specifically, USEPA, USDOJ, OEPA, OAG, and ORSANCO will be actively overseeing all aspects of the Defendants' implementation of their remedial obligations. *See* Reply of Defendants in Opposition to Entry of the Consent Decrees at 42 (describing in detail the extensive regulatory oversight for which the Decrees provide, including the submission of quarterly reports by the Defendants and agency approval of final remedial plans).

The United States has entered into numerous consent decrees regarding combined sewer overflows and sanitary sewer overflows, and USEPA therefore possesses extensive experience in overseeing remedial measures comparable to those the Defendants will be undertaking. *See id.* at 43. Because the regulatory agencies and this Court together possess the ability to monitor the Defendants' compliance with the Decrees, there is no basis for this Court to depart from the general rule precluding the allocation of oversight responsibilities to a special master.

---

[Footnote continued from previous page]
    May 3, 2004. Intervenors ignored this requirement by filing this untimely motion.

## II. The Appointment Of A Special Master Would Impermissibly Infringe Upon The Constitutional Prerogatives Of The Executive Branch.

The appointment of a special master in this case is also constitutionally disfavored because it is impermissible for a judicial official to share in the executive branch's enforcement functions or to exercise ongoing and intrusive oversight of an executive agency.

The Supreme Court of the United States has long acknowledged the "'fundamental necessity of maintaining each of the three general departments of government entirely free from the control or coercive influence, direct or indirect, of either of the others.'" *See Bowsher v. Synar*, 478 U.S. 714, 725 (1986) (quoting *Humphrey's Ex'r v. United States*, 295 U.S. 602, 629 (1935)). The Constitution proscribes any activity whereby one branch of the government encroaches upon the prerogatives of another branch, and the Supreme Court has not hesitated to invalidate actions that "undermine the authority and independence of one or another coordinate Branch." *See Mistretta v. United States*, 488 U.S. 361, 382 (1989). The judiciary is in no way immune from this constitutional stricture, and it is necessary to "maintain the separation between the Judiciary and the other branches of the Federal Government by ensuring that judges do not encroach upon executive or legislative authority or undertake tasks that are more properly accomplished by those branches." *Morrison v. Olson*, 487 U.S. 654, 680-81 (1988).

Based upon these well-settled principles, it is inappropriate to appoint a special master in this case. Congress has charged the USEPA – not special masters – with responsibility for enforcement of the Clean Water Act. The appointment of a special master would usurp this core executive function by impermissibly allocating to a judicial officer the role of enforcing a federal environmental law. This expansion of judicial power at the expense of the executive branch contravenes fundamental separation-of-powers principles. While this Court has a responsibility for ensuring that the Defendants comply with the Decrees, it may not do so by appointing a special master to undertake a portion of USEPA's enforcement activities or to oversee the agency's

enforcement efforts. *See Cobell v. Norton*, 334 F.3d 1128, 1143 (D.C. Cir. 2003) ("[T]he district court's appointment of [a court monitor] entailed a license to intrude into the internal affairs of the Department [of the Interior], which simply is not permissible under . . . our constitutional system of separated powers."). The Constitution allocates these enforcement activities to the executive branch—not the judiciary—and the United States has represented to this Court that USEPA and USDOJ will vigorously pursue their enforcement responsibilities in this case. *See* United States Motion for Entry of Judgment at 43.

### III.  CONCLUSION

For the foregoing reasons, this Court should deny the Intervenors' Motion for Court-Appointed Special Master.

Dated this 21st day of May, 2004.


   s/Nee Fong Chin
Nee Fong Chin, Trial Attorney
Ohio Bar # 0038095
Assistant County Prosecutor
Hamilton County Prosecutor's Office
230 East 9th Street, Suite 4000
Cincinnati, OH  45202

Christopher H. Buckley, Jr., Of Counsel
Peter P. Murphy, Of Counsel
Michael K. Murphy, Of Counsel
Kevin St. John, Of Counsel
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306


For the Board of County Commissioners Of
Hamilton County, Ohio and the City of
Cincinnati

Terrance A. Nestor, Of Counsel
Assistant City Solicitor
City Solicitor's Office
City of Cincinnati
801 Plum Street
Room 214 City Hall
Cincinnati, OH 45202

5

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that on May 21, 2004, he electronically filed the foregoing Defendants' Opposition to Intervenor's Motion for Court-Appointed Special Master.  The undersigned understands that attorneys for each party in this matter have registered for the Court's Electronic Case Filing service, and thus has received copies of Defendants' Opposition to Intervenors' Motion for Court-Appointed Special Master.  The undersigned hereby certifies that a true copy of the foregoing Defendants' Opposition to Intervenor's Motion for Court-Appointed Special Master was served on this __th day of May, 2004, via regular mail upon the following:

                 s/ Kevin St. John_____