contractors, and that Defendants could not have prevented such violation, the time for performance of the requirement in question may be extended for a period not to exceed the actual delay resulting from such circumstance, and stipulated penalties shall not be due for such delay or non-compliance.  In the event U.S. EPA does not agree that the violation was caused by circumstances beyond the control of the Defendants and notifies Defendants of such determination, Defendants may invoke the dispute resolution provisions in Section XIV of this Consent Decree.

C.    If Defendants invoke dispute resolution and U.S. EPA or the Court determines that the violation was caused by circumstances beyond the control of Defendants or any entity controlled by it, and that Defendants could not have prevented such violation, Defendants shall be excused as to that violation, but only for the period of time the violation continues due to such circumstances.

D.    Defendants shall bear the burden of proving that any delay or violation has been or will be caused by circumstances beyond its control, and that Defendants could not have prevented such violation, as set forth above.  Defendants shall also bear the burden of establishing the duration and extent of any delay or violation attributable to such circumstances, that such duration or extent is or was warranted under the circumstances and that, as a result of the delay, a particular extension period is appropriate.  An extension of one compliance date based on a

particular circumstance beyond Defendants' control shall not automatically extend any subsequent compliance date or dates.

E.   Changed financial circumstances or unanticipated or increased costs or expenses associated with implementation of this Consent Decree, shall not serve as a basis for excusing violations of or granting extensions of time under this Decree. Failure to apply for a required permit or approval or to provide in a timely manner all information required to obtain a permit or approval that is necessary to meet the requirements of this Consent Decree shall not, in any event, be considered Force Majeure events.

F.   Defendants shall make a showing of proof regarding the cause of each delayed incremental step or other requirement for which an extension is sought.  Defendants may petition for the extension of more than one compliance date in a single request.

XIII.    **POTENTIAL FORCE MAJEURE BETWEEN DEFENDANTS AND THE STATE**

A.   If any event occurs that causes or may cause the Defendants to violate any provision of this Consent Decree, Defendants shall notify the Ohio EPA in writing within fourteen (14) days from when it knew, or in the exercise of reasonable diligence under the circumstances should have known, that compliance with the Decree would be prevented or delayed, describing in detail the precise cause or causes of the delay or violation, the anticipated length of the delay if applicable, the

measures taken by Defendants to prevent or minimize the delay and the timetable by which those measures will be implemented. Defendants shall adopt all reasonable measures to avoid or minimize any such violation.  Defendants shall make all reasonable efforts to identify events that cause or may cause a violation of this Consent Decree.

B.    In any action by the State of Ohio to enforce any of the provisions of this Consent Decree, Defendants may raise at that time the question of whether they are entitled to a defense that its conduct was caused by circumstances beyond their control such as, by way of example and not limitation, acts of God, strikes, acts of war or civil disturbances.  While the State of Ohio does not agree that such a defense exists, it is, however, hereby agreed by Defendants and the State of Ohio that it is premature at this time to raise and adjudicate the existence of such a defense and that the appropriate point at which to adjudicate the existence of such a defense is at the time, if ever, that the proceeding to enforce this Consent Decree is commenced by the State.  At that time the burden of proving that any delay was or will be caused by circumstances beyond the control of Defendants shall rest with Defendants.  Failure by Defendants to timely comply with the notice requirements of Paragraph XIII.A shall, at the option of Ohio EPA, constitute a waiver by Defendants of any right they may have to raise such a defense.  Changed financial circumstances or increased costs associated with the implementation of any action required by this

Consent Decree shall not in any event constitute circumstances entirely beyond the control of Defendants or serve as a basis for an extension of time under this Decree.

## XIV. **DISPUTE RESOLUTION**

A.    This Court shall retain jurisdiction of this matter for the purposes of implementing and enforcing the terms and conditions of this Consent Decree and for the purpose of adjudicating all disputes among the Parties that may arise under the provisions of this Consent Decree, to the extent that Paragraph C, below, provides for resolution of disputes by the Court.

B.    The issuance, renewal, modification, denial or revocation of a permit and the issuance of orders or other actions of the Director of Environmental Protection (Ohio EPA) are not subject to dispute resolution under this Decree but, rather, shall be subject to challenge under Chapter 3745, Ohio Revised Code.  The term "actions of the Director of Environmental Protection" shall be consistent with the definitions set forth in Chapter 3745, Ohio Revised Code.

C.    Except as provided in Paragraph B, above, any dispute that arises with respect to the meaning, application, implementation, interpretation, amendment or modification of this Consent Decree, or with respect to Defendants' compliance herewith (including the adequacy of the Defendants' performance of the remedial measures and adequacy of the submittals required

- 54 -

by this Decree) or any delay hereunder, the resolution of which is not expressly provided for in this Consent Decree, shall in the first instance be the subject of informal negotiations. If any Party believes it has a dispute with any other Party, it shall notify all the other Parties in writing, including notice to the U.S. Department of Justice and the Ohio Attorney General, setting forth the matter(s) in dispute, and the Parties will proceed initially to resolve the matter in dispute by informal means. Such period of informal negotiations shall not exceed thirty (30) days from the date the notice was sent, unless the Parties agree otherwise.

D.    If the informal negotiations are unsuccessful, the position of the United States and the State shall control unless, within twenty (20) days after the conclusion of the informal negotiation period, the Defendants invoke the formal dispute resolution procedures of this Section by serving on the United States and the State a written statement of position on the matter in dispute.

E.    Within thirty (30) days of receiving the Defendants' statement of position, the United States and/or the State will serve on the Defendants its/their written statement of position.

F.    The United States' and/or the State's statement of position shall be binding upon the Defendants unless Defendants file a petition with the Court describing the nature of the dispute and a proposal for its resolution. Defendants' petition must be filed no more than twenty (20) days after receipt of the

United States' and/or the State's statement of position.  The
United States and/or the State shall then have 30 days to file a
response setting forth its/their position and proposal for
resolution.  In any such dispute, the petitioner shall have the
burden of proof, and the standard of review shall be that
provided by applicable law.

G.    Submission of any matter to the Court for resolution
shall not extend any of the deadlines set forth in this Consent
Decree, unless the Parties agree to such extension in writing or
the Court allows the extension upon motion.

H.    If the United States and the State provide Defendants
with materially different or irreconcilable positions on the
issue(s) in dispute, Defendants' obligation to perform an action
necessarily affected by the materially different or
irreconcilable positions (and Defendants' liability for
stipulated penalties concerning such obligation) shall be stayed
until the dispute is resolved.

I.    Stipulated penalties with respect to any disputed
matter (and interest thereon) shall accrue in accordance with
Paragraphs XI.H and L; however, payment of stipulated penalties,
and any accrued interest, shall be stayed pending resolution of
the dispute, as follows:

1.    If the dispute is resolved by informal agreement
before appeal to this Court, accrued penalties (and interest), if
any, determined to be owing shall be paid within 60 days of the

agreement or the receipt of the United States' and/or the State's final position in writing.

2.    If the dispute is appealed to this Court and the United States and/or the State prevails in whole or in part, Defendants shall pay all accrued penalties (and interest) determined to be owed within 60 days of the Court's decision or order.

3.    In the event of an appeal, Defendants shall pay all accrued penalties (and interest) determined to be owed within 60 days of a final decision no longer subject to judicial review has been rendered.


**XV.    RIGHT OF ENTRY**

A.    Until termination of this Consent Decree, the United States and the State, and their authorized representatives and contractors, shall have authority at all reasonable times, upon the presentation of credentials, to enter Defendants' premises to:

1.    Monitor the progress of activities required by this Consent Decree;

2.    Verify any data or information submitted to the United States and/or the State;

3.    Obtain samples from the WWTPs and Sewer System;

4.    Inspect and evaluate Defendants' WWTPs and Sewer System; and

- 57 -

5.    Inspect and review any records required to be kept under the terms and conditions of this Consent Decree or any NPDES Permit and the Clean Water Act.

B.    The United States and the State agree to provide Defendants an opportunity to obtain split samples of wastewater samples taken by the United States or the State from the Sewer System.  The United States and the State further agree to provide Defendants with the quality assured/quality controlled laboratory analytical results of samples obtained from the Sewer System, and any non-privileged (including non-attorney work product) reports prepared concerning such results.  The United States and the State will use best efforts to coordinate field inspections of the Sewer System with Defendants by notifying them, if practicable, of such inspections prior to arrival at the field inspection location.

XVI.  **NOT A PERMIT/COMPLIANCE WITH OTHER STATUTES/REGULATIONS**

A.    This Consent Decree is not and shall not be construed as a permit, or a modification of any existing permit, issued pursuant to Section 402 of the Clean Water Act, 33 U.S.C. § 1342, nor shall it in any way relieve Defendants of their obligations to obtain permits for their wastewater treatment facilities and to comply with the requirements of any NPDES permit or with any other applicable federal or state law or regulation, including the obligation to obtain Permits to Install.  Any new permit, or modification of existing permits, must be complied with in

accordance with applicable federal and State laws and regulations.

B.    The pendency or outcome of any proceeding concerning issuance, reissuance or modification of any NPDES permit shall not affect or postpone Defendants' responsibilities under this Decree.  However if a permitting authority receives a timely, approvable application for a permit, renewal or modification, and the permitting authority does not issue the permit, renewal or modification or take a proposed action on the application in a timely manner, the Defendants may seek relief under the force majeure provisions of this Consent Decree.

C.    Nothing herein, including the United States' and the States' review or approval of any plans, reports, policies or procedures formulated pursuant to this Consent Decree, shall be construed as relieving Defendants of the duty to comply with the Clean Water Act, the regulations promulgated thereunder, and all applicable permits issued thereunder; with State law and the regulations promulgated thereunder; or with ORSANCO's Compact and the pollution control standards promulgated thereunder.

XVII.    **FAILURE OF COMPLIANCE**

The United States, the State and ORSANCO do not, by their consent to the entry of this Consent Decree, warrant or aver in any manner that Defendants' complete compliance with this Consent Decree will result in compliance with the provisions of the Clean Water Act, 33 U.S.C. §§ 1251 et seq., R.C. 6111, the Compact or

pollution controls promulgated thereunder; or with Defendants' NPDES permits.

XVIII.    **EFFECT OF CONSENT DECREE AND NON-WAIVER PROVISIONS**

A.    Nothing contained in this Consent Decree shall be construed to prevent or limit the United States' or the State's rights to obtain penalties or further or additional injunctive relief under the Clean Water Act or other federal statutes or regulations, including, but not limited to, criminal punishment under Section 309(c) of the Act, 33 U.S.C. § 1319(c), or state laws and regulations respectively except as expressly specified herein.

B.    This Consent Decree resolves the civil claims of the United States and the State for injunctive relief for the SSO violations alleged in the Complaints filed herein through the date of Lodging of this Decree, except that this Consent Decree does not resolve, and the United States and the State specifically reserve, claims for injunctive relief concerning implementation of the remedial measures set forth in the approved Capacity Assurance Program Plan.  The United States and State specifically reserve any and all claims for penalties associated with the violations alleged in the Complaints filed herein.

C.    The United States and State further reserve all rights against the Defendants with respect to any SSO violations by Defendants that occur after the Date of Lodging of this Consent Decree, and/or for any violations of the Clean Water Act not

- 60 -

specifically alleged in the Complaints filed herein, whether they occurred before or after the Date of Lodging of this Decree.

    D.    The Parties agree that in any future civil action pursuant to 33 U.S.C. § 1319(b) for injunctive relief to address SSO violations at SSO 700 that occur after the date of lodging of this Consent Decree, Defendants' compliance or noncompliance with the remedial measures set forth in this Consent Decree may be taken into account by a District Court in fashioning appropriate injunctive relief.  The Parties further agree that in any future civil action pursuant to 33 U.S.C. § 1319(d) for penalties for SSO violations that occur after the date of lodging of this Consent Decree, Defendants' compliance or noncompliance with the remedial measures set forth in this Consent Decree shall be considered to be among the factors specified in 33 U.S.C. § 1319(d) that may be taken into account by a District Court in determining the amount of a civil penalty.

    E.    In any subsequent administrative or judicial proceeding initiated by the United States or the State for injunctive relief, penalties, or other appropriate relief relating to Defendants' violation of the Clean Water Act, Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States or the State in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that

- 61 -

have been specifically resolved pursuant to Paragraph B of this Section.

F.    The Consent Decree in no way affects or relieves Defendants of any responsibility to comply with any federal, state, or local law or regulation, including the Compact, and pollution control standards promulgated thereunder.

G.    The Parties agree that Defendants are responsible for achieving and maintaining complete compliance with all applicable federal and state laws, regulations, and permits, and applicable provisions of the Compact, and pollution control standards promulgated thereunder, and that compliance with this Consent Decree shall be no defense to any actions commenced pursuant to said laws, regulations, permits, the Compact, or pollution control standards promulgated thereunder, except as set forth herein.

H.    This Consent Decree does not limit or affect the rights of the Parties as against any third parties that are not Parties to this Consent Decree.  The Parties recognize that this Consent Decree resolves only matters between Plaintiffs and Defendants and that its execution does not preclude Defendants from asserting any legal or factual position in any action brought against them by any person or entity not a Party to this Consent Decree.

I.    The United States and the State reserve any and all legal and equitable remedies available to enforce the provisions of this Consent Decree.

J.    This Consent Decree shall not limit any authority of the United States or the State under any applicable statute, including the authority to seek information from Defendants, to require monitoring, to conduct inspections, or to seek access to the property of Defendants; nor shall anything in this Consent Decree be construed to limit the authority of the United States or the State to undertake any action against any person, including Defendants, in response to conditions that may present an imminent and substantial endangerment to the environment or to the public health or welfare.

K.    Application for construction grants, State Revolving Loan Funds, or any other grants or loans, or other delays caused by inadequate facility planning or plans and specifications, on the part of Defendants shall not be cause for extension of any required compliance date in this Consent Decree.

L.    Obligations of Defendants under the provisions of this Consent Decree to perform duties scheduled to occur after the signing, but prior to the Date of Entry, shall be legally enforceable from the date this Consent Decree is signed by Defendants.  Liability for stipulated penalties, if applicable, shall accrue for violation of such obligations and payment of such stipulated penalties may be demanded by the United States as provided in this Consent Decree.  The contempt authority of this Court shall also extend to violations of such obligations.

## XIX.  **COSTS OF SUIT**

Each Party shall bear its own costs and attorneys' fees with respect to matters related to this Consent Decree.


## XX.   **NOTICES**

All notices and correspondence under this Decree shall be sent to the following addresses:

> For U.S. EPA:
> Chief, Enforcement and Compliance
>    Assurance Branch
> Water Division (WCC-15J)
> U.S. EPA, Region V
> 77 West Jackson Blvd.
> Chicago, Illinois  60604


> For U.S. Department of Justice
>
> U.S. Department of Justice
> Chief, Environmental Enforcement Section
> Environment and Natural Resources Division
> Post Office Box 7611
> Washington, D.C.  20044-7611
>    Reference DJ # 90-5-1-6-341A

> For Ohio EPA:
>
> Ohio EPA Southwest District Office
> ATTN: DSW Enforcement Group Leader
> 401 East Fifth Street
> Dayton, Ohio 45402-2911.

> For Ohio Attorney General
>
> Chief, Environmental Enforcement Section
> Ohio Attorney General's Office, 25th floor
> 30 E. Broad Street
> Columbus, Ohio  43215-3428

> For ORSANCO:
> Executive Director and Chief Engineer,Alan H. Vicory
> 5735 Kellogg Avenue
> Cincinnati, Ohio 45228-1112

- 64 -

<u>For the County</u>:

Hamilton County Board of County Commissioners
County Administration Building
138 East Court Street, Suite 603
Cincinnati, Ohio 45202

<u>For the City of Cincinnati</u>:

W. Peter Heili
Deputy City Solicitor for the City of Cincinnati
801 Plum Street, Suite 214
Cincinnati, Ohio 45202

<u>For MSD:</u>

Director
Metropolitan Sewer District of Greater Cincinnati
1600 Gest Street
Cincinnati, Ohio 45204


## XXI. **MODIFICATION**

A.    Except as further set forth in this Paragraph, there
shall be no material modification of this Consent Decree,
Exhibits attached to this Consent Decree, or the submittals
approved under this Consent Decree without written approval by
all of the Parties and the Court; and any non-material
modification of this Consent Decree, its Exhibits, or approved
submittals shall be in writing and signed by the Parties.   ,
Modifications (whether material or not) to the attached Exhibits
or subsequently approved submittals that are specifically allowed
under the terms of those Exhibits or submittals may be made in
accordance with the terms of those Exhibits or approved
submittals.

B.    It is the intention of the Parties to this Consent
Decree that the Defendants shall have the opportunity, consistent

- 65 -

with applicable law, to conform compliance with this Consent
Decree to any modifications in U.S. EPA's regulations or national
policies governing SSOs.

1.    Consequently, upon issuance of any new U.S. EPA
final regulation (as promulgated in the Federal Register) or
national policy governing SSOs, Defendants may request
modification of this Consent Decree from U.S. EPA/Ohio EPA to
conform this Consent Decree to such regulation or national
policy.  For the purposes of this Paragraph, "national policy"
refers to a formal written policy statement issued by the
Assistant Administrator for the Office of Water and the Assistant
Administrator for the Office of Enforcement and Compliance
Assurance.  Upon Defendants' request, the Parties shall discuss
the matter.  If the Parties agree on a proposed modification to
the Consent Decree, they shall prepare a joint motion to the
Court requesting such modification.

2.    If the Parties do not agree, and Defendants still
believe modification of this Decree is appropriate, they may file
a motion seeking such modification in accordance with Federal
Rule of Civil Procedure 60(b); provided, however, that nothing in
this subparagraph is intended to waive the Plaintiffs' rights to
oppose such motion and to argue that such modification is
unwarranted.

3.    Following the filing of a motion under Rule 60(b),
stipulated penalties shall accrue due to Defendants' failure, if
any, to continue performance of obligations under the Decree that

are necessarily the subject of the Rule 60(b) motion; provided, however, that such penalties need not be paid unless the Court resolves the Rule 60(b) motion in the Plaintiffs' favor.  If the Court resolves the motion in Defendants' favor, Defendants shall comply with the Decree as modified.

C.    Prior to moving the Court for any material modification to this Consent Decree, U.S. EPA/Ohio EPA shall consult with ORSANCO and shall consider any comment or recommendation made by ORSANCO.


XXII.    **REVIEW OF SUBMITTALS**

A.    U.S. EPA/Ohio EPA agree to use their best efforts to expeditiously review and comment on deliverables that Defendants are required to submit to U.S. EPA/Ohio EPA for approval pursuant to the terms and provisions of this Consent Decree.  Where the Consent Decree both requires Defendants to submit a plan or report or other submittal to U.S. EPA/Ohio EPA for review and approval and establishes a specific timeline for Defendants to resubmit such plan, report or other submittal after comments by U.S. EPA/Ohio EPA, U.S. EPA/Ohio EPA shall, as expeditiously as possible, review and approve or decline to approve and provide written comments to the Defendants on the submittal.

B.    If U.S. EPA/Ohio EPA cannot complete their review of the submittal within 60 days of receipt of the submittal, U.S. EPA/Ohio EPA shall so notify Defendants. Such notice shall be given within the 60-day period following receipt of the

submittal, and U.S.EPA/Ohio EPA shall identify a schedule for completion of their review.

C.    If U.S. EPA/Ohio EPA fail to approve or decline to approve and provide written comments within 60 days of receipt of the submittal, any subsequent milestone date dependent upon such approval or any resubmission dependent upon such comments shall be extended by the number of days beyond 60 days that U.S. EPA/Ohio EPA use for their comment or decision on that submittal.

D.    U.S. EPA/Ohio EPA, in their review and approval of any submittals under this Consent Decree that require such review and approval, shall consult with ORSANCO and consider any comment or recommendation made by ORSANCO.


XXIII.    **CONTINUING JURISDICTION**

The Court shall retain jurisdiction to enforce the terms and conditions and achieve the objectives of this Consent Decree and to resolve disputes arising hereunder as may be necessary or appropriate for the construction, modification, implementation or execution of this Decree.


XXIV.    **CONTINGENT LIABILITY OF STATE OF OHIO**

Section 309(e) of the Act, 33 U.S.C. § 1319(e), requires that the State be a Party to this action insofar as it may be liable in the event the laws of Ohio prevent Defendants from raising revenues needed to comply with this Decree.   The State of

Ohio, by signing this Decree, certifies that the current laws of the State do not prevent Defendants from raising revenues needed to comply with this Decree.  Except as required by Section 309(e) of the Act, the State of Ohio shall have no liability under this Consent Decree.

## XXV.  <u>TERMINATION</u>

A.    Upon motion filed with the Court by the United States, State or Defendant, the Court may terminate the terms of this Consent Decree after each of the following has occurred:

1.    Defendants have achieved compliance with all provisions contained in this Consent Decree, including the completion of any additional remedial measures determined to be necessary pursuant to Paragraph VI.D, and subsequently have maintained compliance with each and every provision of this Consent Decree for twelve consecutive months;

2.    Defendants have paid all penalties and other monetary obligations due hereunder and no penalties or other monetary obligations due hereunder are outstanding or owed to the United States or the State;

3.    Defendants have certified compliance pursuant to Paragraphs A and B above to the Court and all Parties; and

4.    The United States and/or the State, within forty-five (45) days of receiving such certification from the Defendants has not contested, in writing, that such compliance has been achieved.

B.   If the United States and/or the State dispute(s) Defendants' full compliance, this Consent Decree shall remain in effect pending resolution of the dispute by the Parties or the Court.

## XXVI.   **PUBLIC COMMENT**

This Consent Decree shall be lodged with the Court for a period of not less than 30 days, for public notice and comment in accordance with the provisions of 28 C.F.R. § 50.7.  The United States reserves the right to withdraw or withhold its consent if the comments received disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper or inadequate.  Defendants hereby agree not to withdraw from, oppose entry of, or to challenge any provision of this Consent Decree, unless the United States has notified Defendants in writing that it no longer supports entry of the Consent Decree.

## XXVII.   **SIGNATORIES/SERVICE**

A.   This Consent Decree may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

B.   The Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice, on behalf of the United States, the Ohio Assistant Attorney General signing this Decree, on behalf of the State, the Executive Director, on behalf of ORSANCO, and the undersigned representatives of the Defendants each certifies that he or she

- 70 -

is authorized to enter into the terms and conditions of this
Consent Decree and to execute and bind legally such Party to this
document.

C.    Each Defendant shall identify, on the attached
signature page, the name and address of an agent who is
authorized to accept service of process by mail on behalf of that
Party with respect to all matters arising under or relating to
this Consent Decree.  Defendants hereby agree to accept service
in that manner and to waive the formal service requirements set
forth in Rule 4 of the Federal Rules of Civil Procedure and any
applicable local rules of this Court, including but not limited
to, service of a summons.  The Parties agree that Settling
Defendants need not file an answer to the complaints in this
action unless or until the Court expressly declines to enter this
Consent Decree.


SO ORDERED, this ___9___ day of ___June_____ 200_.


_____
United States District Judge


THE UNDERSIGNED Parties enter into this Consent Decree, subject
to the public notice requirements of 28 C.F.R. § 50.7, and submit
it to the Court for entry.


                    FOR THE UNITED STATES OF AMERICA:


- 71 -

THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural
    Resources Division
U.S. Department of Justice


LESLIE ALLEN
Senior Attorney
Environmental Enforcement Section
Environmental and Natural
 Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
(202) 514-4114

GREGORY G. LOCKHART
United States Attorney for the
Southern District of Ohio


By: _____
DONETTA D. WIETHE  0028212
Assistant United States Attorney
221 E. 4th Street
Atrium II, Suite 400
Cincinnati, Ohio  45202
513-684-3711

THOMAS V. SKINNER
Regional Administrator
U.S. Environmental Protection
Agency, Region V

GARY PRICHARD
Associate Regional Counsel
U.S. Environmental Protection
Agency, Region V

JOHN PETER SUAREZ
Assistant Administrator
   for Enforcement and Compliance
   Assurance
U.S. Environmental Protection
Agency


AMANDA A. GIBSON
Attorney-Advisor
Office of Enforcement and
Compliance Assurance
U.S. Environmental Protection
Agency

- 75 -

FOR STATE OF OHIO:


BETTY D. MONTGOMERY
ATTORNEY GENERAL OF OHIO



By: _____
MARGARET A. MALONE (0021770)
Assistant Attorney General
Environmental Enforcement Section
30 East Broad Street
25th Floor
Columbus, Ohio 43215-3414

FOR OHIO RIVER VALLEY WATER
SANITATION COMMISSION:

ALAN H. VICORY
Executive Director
and Chief Engineer
5735 Kellog
Cincinnati, Ohio 45228-1112

FOR BOARD OF COUNTY COMMISSIONERS
OF HAMILTON COUNTY, OHIO

By:_____
DAVID J. KRINGS
COUNTY ADMINISTRATOR


AGENT FOR SERVICE OF PROCESS:

PETER MURPHY
Gibson, Dunn and Crutcher
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306

APPROVED AS TO FORM

BY: _____
DEPUTY CITY SOLICITOR

FOR CITY OF CINCINNATI, OHIO

By: _____
TIMOTHY M. RIORDAN
ACTING CITY MANAGER
Deputy

AGENT FOR SERVICE OF PROCESS:

PETER MURPHY
Gibson, Dunn and Crutcher
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306

- 79 -