liability to the State of Ohio; and 2) that Defendants do not owe ORSANCO a civil penalty in this matter.

B.    Within 45 days after the Date of Lodging of this Consent Decree, Defendants shall deposit the amount of $1.2 million into an escrow account bearing interest on commercially reasonable terms, in a federally-chartered bank (the "Escrow Account").  Such monies shall remain in escrow until entry of the Decree.  If the Decree is not entered by the District Court, and the time for any appeal of that decision has run, or if the District Court's denial of entry is upheld on appeal, the monies placed in escrow, together with accrued interest thereon, shall be returned to Defendants.  If the Decree is entered by the District Court, Defendants shall, within 15 days thereof, cause the monies in the Escrow Account to be released and disbursed as follows: $600,000 and interest thereon to the United States; $500,000 and the interest on $600,000 to the State, and $100,000 to ORSANCO, as follows:

1.    Payment to the United States shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with instructions to be provided to Defendant following lodging of the Consent Decree by the Financial Litigation Unit of the U.S. Attorney's Office for the Southern District of Ohio.  At the time of payment, Defendants shall simultaneously send written notice of payment and a copy of

any transmittal documentation (which should reference the civil action number and DOJ case number 90-5-1-6-341A) to the United States in accordance with Paragraph XVII.K, above.

      2.   Payment to Ohio shall be made by cashier's check or certified funds, payable to "Treasurer, State of Ohio," and shall be sent to:

> Jena Suhadolnik, Administrative Assistant (or a person
> subsequently designated by the State of Ohio) at:
> Office of the Attorney General
> Environmental Enforcement Section
> 30 East Broad Street, 25th Floor
> Columbus, Ohio 43215-3400

Payment may also be made by electronic transfer to the designated accounts pursuant to instructions sent by Ohio upon request by Defendants. A copy of the check and transmittal letter or other evidence of payment shall be sent to Ohio and Ohio EPA at the addresses set forth in Paragraph XXII.K, above.

      3.   Payment to ORSANCO shall be made by cashier's or certified check payable to, "Executive Director, Ohio River Valley Water Sanitation Commission," and shall be tendered to Ohio River Valley Water Sanitation Commission, 5735 Kellogg Avenue, Cincinnati, Ohio 45228. The transmittal letter accompanying the check shall specify the caption and docket number of this action.

      C.   In the event of late payment of the civil penalty required to be paid under this Section, Defendant shall pay a

stipulated penalty of $200.00 per day for each day that the payment is late. Stipulated penalties shall, as directed by the United States, be paid by EFT, or by certified or cashier's check in the amount due payable to the "U.S. Department of Justice," referencing the civil action number of this case and DOJ No. 90-5-1-6-341A and delivered to: Financial Litigation Unit, Office of the United States Attorney, Southern District of Ohio, 303 Marconi Boulevard, Suite 200 Columbus, Ohio 43215. All transmittal correspondence shall state that any such payment tendered is for late payment of the civil penalty or for stipulated penalties for late payment, as applicable, and shall include the identifying information set forth in Paragraph XXII.B.1, above. The United States shall be entitled to collect the costs (including attorneys fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties for late payment of the civil penalty.

XXIII.    **RIGHT OF ENTRY**

A.    Until termination of this Consent Decree, the United States, the State, and ORSANCO and their authorized representatives and contractors, shall have authority at all reasonable times, upon the presentation of credentials, to enter Defendants' premises to:

1.   Monitor the progress of activities required by this Consent Decree;

2.   Verify any data or information submitted to the United States and/or the State;

3.   Obtain samples from the WWTPs and Sewer System;

4.   Inspect and evaluate Defendants' WWTPs and Sewer System; and

5.   Inspect and review any records required to be kept under the terms and conditions of this Consent Decree or any NPDES Permit and the Clean Water Act.

B.   The United States, the State, and ORSANCO agree to provide Defendants an opportunity to obtain split samples of wastewater samples taken by the United States, the State, or ORSANCO from the Sewer System.  The United States, the State, and ORSANCO further agree to provide Defendants with the quality assured/quality controlled laboratory analytical results of samples obtained from the Sewer System, and any non-privileged (including non-attorney work product) reports prepared concerning such results.  The United States, the State, and ORSANCO will use best efforts to coordinate field inspections of the Sewer System with Defendants by notifying them, if practicable, of such inspections prior to arrival at the field inspection location.

XXIV.    <u>**NOT A PERMIT/COMPLIANCE WITH OTHER STATUTES/REGULATIONS**</u>

A.    This Consent Decree is not and shall not be construed as a permit, or a modification of any existing permit, issued pursuant to Section 402 of the Clean Water Act, 33 U.S.C. § 1342, nor shall it in any way relieve Defendants of their obligations to obtain permits for their wastewater treatment facilities and discharges and to comply with the requirements of any NPDES permit or with any other applicable federal or state law or regulation, including the obligation to obtain Permits to Install, the Compact, and the pollution control standards promulgated thereunder. Any new permit, or modification of existing permits, must be complied with in accordance with applicable federal and State laws and regulations and the Compact and the pollution control standards promulgated thereunder.

B.    The pendency or outcome of any proceeding concerning issuance, reissuance or modification of any NPDES permit shall not affect or postpone Defendants' responsibilities under this Decree. However if a permitting authority receives a timely, approvable application for a permit, renewal or modification, and the permitting authority does not issue the permit, renewal or modification or take a proposed action on the application in a timely manner, the Defendants may seek relief under the force majeure provisions of this Consent Decree.

C.    Nothing herein, including the United States', the State's, and ORSANCO's review or approval of any plans, reports, policies or procedures formulated pursuant to this Consent Decree, shall be construed as relieving Defendants of the duty to comply with the Clean Water Act, the regulations promulgated thereunder, and all applicable permits issued thereunder; with State law and the regulations promulgated thereunder; or with the Compact and the pollution control standards promulgated thereunder.

## XXV. FAILURE OF COMPLIANCE

The United States, the State, and ORSANCO do not, by their consent to the entry of this Consent Decree, warrant or aver in any manner that Defendants' complete compliance with this Consent Decree will result in compliance with the provisions of the Clean Water Act, 33 U.S.C. §§ 1251 et seq., R.C. 6111, the Compact or the pollution control standards promulgated thereunder, or with Defendants' NPDES permits.

## XXVI.    EFFECT OF CONSENT DECREE AND NON-WAIVER PROVISIONS

A.    Nothing contained in this Consent Decree shall be construed to prevent or limit the United States' or the State's rights to obtain penalties or further or additional injunctive relief under the Clean Water Act or other federal statutes or

regulations, including, but not limited to, criminal punishment under Section 309(c) of the Act, 33 U.S.C. § 1319(c), or state laws and regulations respectively except as expressly specified herein. Furthermore, nothing contained in this Consent Decree shall be construed to prevent or limit ORSANCO's rights to obtain further or additional injunctive relief under the Compact and the pollution control standards promulgated thereunder, except as expressly specified herein.

B.   This Consent Decree resolves the civil claims of the United States and the State for injunctive relief and civil penalties for the Clean Water Act violations alleged in the Joint Amended Complaint filed herein through the Date of Lodging of this Decree, including any remaining claims for injunctive relief for the Clean Water Act violations alleged in the SSO Complaints through the Date of Lodging of this Consent Decree. Furthermore, this Consent Decree resolves the civil claims of ORSANCO for injunctive relief for violations of the Compact and the pollution control standards promulgated thereunder that are alleged in the Joint Amended Complaint filed herein through the Date of Lodging of this Decree.

C.   Upon entry of this Consent Decree, Defendants' obligations under Section XVIII of the Consent Order dated August 16, 1985 in Civil Action C-1-85-0693 to implement approved environmentally beneficial project(s) with the funds deposited

and accrued in the MSD environmental security account are incorporated and enforceable under this Consent Decree as provided in Subparagraph XIII.B.2, and the 1985 Consent Order shall be terminated.

D.    The United States and State reserve all rights against the Defendants with respect to any Clean Water Act violations by Defendants that occur after the Date of Lodging of this Consent Decree, and/or for any violations of the Clean Water Act not specifically alleged in the SSO Complaints or the Joint Amended Complaint filed herein, whether they occurred before or after the Date of Lodging of this Decree.  Similarly, ORSANCO reserves all rights against the Defendants with respect to any violations of the Compact and the pollution control standards promulgated thereunder that occur after the Date of Lodging of this Consent Decree.

E.    The Parties agree that in any future civil action pursuant to 33 U.S.C. § 1319(b) for injunctive relief to address Clean Water Act violations that occur after the Date of Lodging of this Consent Decree, Defendants' compliance or noncompliance with the remedial measures set forth in this Consent Decree may be taken into account by a District Court in fashioning appropriate injunctive relief.  The Parties further agree that in any future civil action pursuant to 33 U.S.C. § 1319(d) for penalties for Clean Water Act violations that occur after the

Date of Lodging of this Consent Decree, Defendants' compliance or noncompliance with the remedial measures set forth in this Consent Decree shall be considered to be among the factors specified in 33 U.S.C. § 1319(d) that may be taken into account by a District Court in determining the amount of a civil penalty.

F.    In any subsequent administrative or judicial proceeding initiated by the United States, the State, or ORSANCO for injunctive relief, penalties, or other appropriate relief relating to Defendants' violation of the Clean Water Act, or the Compact and the pollution control standards promulgated thereunder, Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, <u>res judicata</u>, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States, the State, or ORSANCO in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph B of this Section.

G.    The Consent Decree in no way affects or relieves Defendants of any responsibility to comply with any federal, state, or local law or regulation, including the Compact and pollution control standards promulgated thereunder.

H.    The Parties agree that Defendants are responsible for achieving and maintaining complete compliance with all applicable

federal and state laws, regulations, permits, the Compact and
pollution control standards promulgated thereunder, and that
compliance with this Consent Decree shall be no defense to any
actions commenced pursuant to said laws, regulations, permits,
the Compact or pollution control standards promulgated
thereunder, except as set forth herein.

I.    This Consent Decree does not limit or affect the rights
of the Parties as against any third parties that are not Parties
to this Consent Decree.  The Parties recognize that this Consent
Decree resolves only matters between Plaintiffs and Defendants
and that its execution does not preclude Defendants from
asserting any legal or factual position in any action brought
against them by any person or entity not a Party to this Consent
Decree.

J.    The United States, the State, and ORSANCO reserve any
and all legal and equitable remedies available to enforce the
provisions of this Consent Decree.

K.    This Consent Decree shall not limit any authority of
the United States or the State under any applicable statute,
including the authority to seek information from Defendants, to
require monitoring, to conduct inspections, or to seek access to
the property of Defendants; nor shall anything in this Consent
Decree be construed to limit the authority of the United States
or the State to undertake any action against any person,

including Defendants, in response to conditions that may present an imminent and substantial endangerment to the environment or to the public health or welfare.

L.    Application for construction grants, State Revolving Loan Funds, or any other grants or loans, or other delays caused by inadequate facility planning or plans and specifications, on the part of Defendants shall not be cause for extension of any required compliance date in this Consent Decree.

M.    Obligations of Defendants under the provisions of this Consent Decree to perform duties scheduled to occur after the signing, but prior to the Date of Entry, shall be legally enforceable from the date this Consent Decree is signed by Defendants.  Liability for stipulated penalties, if applicable, shall accrue for violation of such obligations and payment of such stipulated penalties may be demanded by the Plaintiffs as provided in this Consent Decree.  The contempt authority of this Court shall also extend to violations of such obligations.


**XXVII.    COSTS OF SUIT**

Each Party shall bear its own costs and attorneys' fees with respect to matters related to this Consent Decree.

91

XXVIII.    **NOTICES**

All notices and correspondence under this Decree shall be sent to the following addresses:

> For U.S. EPA:
>
> Chief, Enforcement and Compliance
>     Assurance Branch
> Water Division (WCC-15J)
> U.S. EPA, Region V
> 77 West Jackson Blvd.
> Chicago, Illinois  60604
>
> For U.S. Department of Justice
>
> U.S. Department of Justice
> Chief, Environmental Enforcement Section
> Environment and Natural Resources Division
> Post Office Box 7611
> Washington, D.C.  20044-7611
>     Reference DJ # 90-5-1-6-341A
>
> For Ohio EPA:
>
> Ohio EPA Southwest District Office
> ATTN: DSW Enforcement Group Leader
> 401 East Fifth Street
> Dayton, Ohio 45402-2911.
>
> For Ohio Attorney General:
>
> Chief, Environmental Enforcement Section
> Ohio Attorney General's Office, 25th floor
> 30 E. Broad Street
> Columbus, Ohio  43215-3428
>
> For ORSANCO:
>
> ORSANCO
> Executive Director and Chief Engineer, Alan H. Vicory
> 5735 Kellogg Avenue
> Cincinnati, Ohio 45228-1112

<u>For the County</u>:

Hamilton County Board of County Commissioners
County Administration Building
138 East Court Street, Suite 603
Cincinnati, Ohio 45202

<u>For the City of Cincinnati</u>:

Jennifer Langen
Assistant City Solicitor for the City of Cincinnati
801 Plum Street, Suite 214
Cincinnati, Ohio 45202

<u>For MSD</u>:

Director
Metropolitan Sewer District of Greater Cincinnati
1600 Gest Street
Cincinnati, Ohio 45204

**XXIX.    MODIFICATION**

A.    Except as further set forth in this Paragraph, there shall be no material modification of this Consent Decree without written approval by all of the Parties and the Court; and any non-material modification of this Consent Decree shall be in writing and signed by the Parties. Modifications (whether material or not) to this Consent Decree that are specifically allowed under the terms of this Consent Decree may be made in accordance with the terms of this Consent Decree.

B.    It is the intention of the Parties to this Consent Decree that the Defendants shall have the opportunity, consistent with applicable law, to conform compliance with this Consent Decree to any modifications in U.S. EPA's regulations or national

93

policies governing SSOs, CSOs or bypassing; to conform compliance
with this Consent Decree to any applicable new or revised water
quality standards that have been approved or promulgated by U.S.
EPA in accordance with 33 U.S.C. § 1313(c) and 40 CFR § 131.21
and 131.22; to conform compliance with this Consent Decree to any
new or revised regulations that have been approved by ORSANCO in
a manner consistent with its Compact and pollution control
standards; and to conform compliance with this Consent Decree to
any new or more stringent requirements that are included in
Current Permits pertaining to Defendants' WWTPs or Sewer System.

     1.    Consequently, upon issuance of any new U.S. EPA
final regulation (as promulgated in the Federal Register) or
national policy governing SSOs, CSOs or bypassing; upon U.S. EPA
approval or promulgation of new or revised water quality
standards in accordance with 33 U.S.C. § 1313(c) and 40 CFR §
131.21 and 131.22; upon ORSANCO's approval of new or revised
regulations in a manner consistent with its Compact and pollution
control standards; or upon the issuance of a Current Permit that
contains new or more stringent requirements pertaining to
Defendants' WWTPs or Sewer System, Defendants may request
modification of this Consent Decree (including requests for
extensions of time) from U.S. EPA/Ohio EPA/ORSANCO to conform
this Consent Decree to such regulation, national policy, new or
revised water quality standard, or Current Permit.  For the

purposes of this Paragraph, "national policy" refers to a formal written policy statement issued by the Assistant Administrator for the Office of Water and the Assistant Administrator for the Office of Enforcement and Compliance Assurance.  Upon Defendants' request, the Parties shall discuss the matter.  If the Parties agree on a proposed modification to the Consent Decree, they shall prepare a joint motion to the Court requesting such modification.

2.    If the Parties do not agree, and Defendants still believe modification of this Decree is appropriate, they may file a motion seeking such modification in accordance with Federal Rule of Civil Procedure 60(b); provided, however, that nothing in this subparagraph is intended to waive the Plaintiffs' rights to oppose such motion and to argue that such modification is unwarranted.

3.    Following the filing of a motion under Rule 60(b), stipulated penalties shall accrue due to Defendants' failure, if any, to continue performance of obligations under the Decree that are necessarily the subject of the Rule 60(b) motion; provided, however, that such penalties need not be paid unless the Court resolves the Rule 60(b) motion in the Plaintiffs' favor.  If the Court resolves the motion in Defendants' favor, Defendants shall comply with the Decree as modified.

**XXX.  REVIEW OF SUBMITTALS**

A.    U.S. EPA/Ohio EPA/ORSANCO agree to use their best efforts to expeditiously review and comment on deliverables that Defendants are required to submit to U.S. EPA/Ohio EPA/ORSANCO for approval pursuant to the terms and provisions of this Consent Decree.  Where the Consent Decree both requires Defendants to submit a plan or report or other submittal to U.S. EPA/Ohio EPA/ORSANCO for review and approval and establishes a specific timeline for Defendants to resubmit such plan, report or other submittal after comments by U.S. EPA/Ohio EPA/ORSANCO, U.S. EPA/Ohio EPA/ORSANCO shall, as expeditiously as possible, review and approve or decline to approve and provide written comments to the Defendants on the submittal.

B.    If U.S. EPA/Ohio EPA/ORSANCO cannot complete their review of the submittal within 60 days of receipt of the submittal, U.S. EPA/Ohio EPA/ORSANCO shall so notify Defendants. Such notice shall be given within the 60-day period following receipt of the submittal, and U.S.EPA/Ohio EPA/ORSANCO shall identify a schedule for completion of their review.

C.    If U.S. EPA/Ohio EPA/ORSANCO fail to approve or decline to approve and provide written comments within 60 days of receipt of the submittal, any subsequent milestone date dependent upon such approval or any resubmission dependent upon such comments shall be extended by the number of days beyond 60 days that U.S.

96

EPA/Ohio EPA/ORSANCO use for their comment or decision on that submittal.

D.    The following procedures shall apply to ORSANCO's review and approval of submittals pursuant to this Consent Decree.

1.    In an effort to coordinate a consistent response among the regulators, within 30 days of receipt of a submittal that requires ORSANCO's approval, ORSANCO shall provide its preliminary comments and response to the submittal to U.S. EPA/Ohio EPA.

2.    ORSANCO shall provide its final response to the submittal to the Defendants on or before the date that U.S. EPA/Ohio EPA provide their response.  In its response, ORSANCO may approve the submittal or decline to approve it and provide written comments; provided, however, that ORSANCO may take a position that is materially different from that taken by U.S. EPA/Ohio EPA only in accordance with subparagraph D.3 below.  If ORSANCO does not submit its final response to the Defendants on or before the date that U.S. EPA/Ohio EPA provide their response, it shall be deemed to have waived its approval authority with respect to that submittal.

3.    In order for ORSANCO to take any position in its review and approval of a submittal under this Decree pursuant to subparagraph D.2, above, that is materially different from the

97

position taken by the United States and the State, ORSANCO must
obtain the approval of its Executive Committee as defined in
ORSANCO's bylaws  (Executive Committee) and the approval of two-
thirds of the commissioners from the State of Ohio.  Further, any
such position taken by ORSANCO must assure Defendants' compliance
in a manner more appropriate with the terms, conditions,
requirements and objectives of this Consent Decree, the Clean
Water Act, R.C. 6111, and the Compact and the pollution control
standards promulgated thereunder than the position advanced by
the United States and the State.

      4.   In the event that ORSANCO takes a position on a
submittal that is materially different from that taken by U.S.
EPA/Ohio EPA, Defendants shall comply with the position of U.S.
EPA/Ohio EPA unless, within ten (10) days after receipt of U.S.
EPA's/Ohio EPA's or ORSANCO's approval or comments, whichever is
received later, ORSANCO sends a notice of dispute invoking the
informal dispute resolution procedures of Paragraph XXI.D.


**XXXI.**     **CONTINUING JURISDICTION**

    The Court shall retain jurisdiction to enforce the terms and
conditions and achieve the objectives of this Consent Decree and
to resolve disputes arising hereunder as may be necessary or
appropriate for the construction, modification, implementation or
execution of this Decree.

XXXII.     **CONTINGENT LIABILITY OF STATE OF OHIO**

Section 309(e) of the Act, 33 U.S.C. § 1319(e), requires that the State be a Party to this action insofar as it may be liable in the event the laws of Ohio prevent Defendants from raising revenues needed to comply with this Decree.  The State of Ohio, by signing this Decree, certifies that the current laws of the State do not prevent Defendants from raising revenues needed to comply with this Decree.  Except as required by Section 309(e) of the Act, the State of Ohio shall have no liability under this Consent Decree.


XXXIII.     **TERMINATION**

A.  Upon motion filed with the Court by the United States, the State, ORSANCO, or the Defendants, the Court may terminate the terms of this Consent Decree after each of the following has occurred:

1.  Defendants have achieved compliance with all provisions contained in this Consent Decree, and subsequently have maintained compliance with each and every provision of this Consent Decree for twelve consecutive months;

2.  Defendants have paid all penalties and other monetary obligations due hereunder and no penalties or other monetary obligations due hereunder are outstanding or owed to the United States, the State, or ORSANCO;

99

3.   Defendants have certified compliance pursuant to Subparagraphs XXXIII.A.1 and .2 above to the Court and all Parties; and

4.   The United States, the State, and ORSANCO within forty-five (45) days of receiving such certification from the Defendants have not contested, in writing, that such compliance has been achieved.

B.    If the United States, the State, and/or ORSANCO dispute(s) Defendants' full compliance, this Consent Decree shall remain in effect pending resolution of the dispute by the Parties or the Court.

**XXXIV.    PUBLIC COMMENT**

This Consent Decree shall be lodged with the Court for a period of not less than 30 days, for public notice and comment in accordance with the provisions of 28 C.F.R. § 50.7.  The United States reserves the right to withdraw or withhold its consent if the comments received disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper or inadequate.  Defendants hereby agree not to withdraw from, oppose entry of, or to challenge any provision of this Consent Decree, unless the United States has notified Defendants in writing that it no longer supports entry of the Consent Decree.

100

**XXXV.**       **SIGNATORIES/SERVICE**

A.   This Consent Decree may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

B.   The Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice, on behalf of the United States, the Ohio Assistant Attorney General signing this Decree, on behalf of the State, the Executive Director, on behalf of ORSANCO, and the undersigned representatives of the Defendants each certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

C.   Each Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree.  Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.  The Parties agree that Defendants need not file an answer to the complaints in this action unless or

101

until the Court expressly declines to enter this Consent Decree.


SO ORDERED, this _____ day of _____, 2004.


_____
United States District Judge

THE UNDERSIGNED Parties enter into this Consent Decree, subject
to the public notice requirements of 28 C.F.R. § 50.7, and submit
it to the Court for entry.

FOR THE UNITED STATES OF AMERICA:


  S/Thomas L. Sansonett
THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural
    Resources Division
U.S. Department of Justice



  S/Leslie Allen
LESLIE ALLEN
Senior Attorney
Environmental Enforcement Section
Environmental and Natural
 Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
(202) 514-4114



GREGORY G. LOCKHART
United States Attorney for the
Southern District of Ohio



By: S/Donetta D. Wiethe
DONETTA D. WIETHE (0028212)
Assistant United States Attorney
221 E. 4th Street
Atrium II, Suite 400
Cincinnati, Ohio  45202
513-684-3711


103

 S/Thomas V. Skinner
THOMAS V. SKINNER
Regional Administrator
U.S. Environmental Protection
Agency, Region V

 S/Gary Prichard
GARY PRICHARD
Associate Regional Counsel
U.S. Environmental Protection
Agency, Region V

  S/John Peter Suarez
JOHN PETER SUAREZ
Assistant Administrator
    for Enforcement and Compliance
    Assurance
U.S. Environmental Protection
Agency


  S/Amanda Gibson
AMANDA GIBSON
ANDREW R. STEWART
Attorney-Advisor
Office of Enforcement and
Compliance Assurance
U.S. Environmental Protection
Agency

FOR STATE OF OHIO:
JIM PETRO
Attorney General



By: S/Margaret A. Malone
MARGARET A. MALONE (0021770)
Assistant Attorney General
Environmental Enforcement Section
30 East Broad Street
25th Floor
Columbus, Ohio 43215-3400

FOR OHIO RIVER VALLEY WATER
SANITATION COMMISSION:


 S/Alan H. Vicory
ALAN H. VICORY
Executive Director and
Chief Engineer
ORSANCO
5735 Kellogg
Cincinnati, Ohio 45228-1112

107

FOR BOARD OF COUNTY COMMISSIONERS
OF HAMILTON COUNTY, OHIO


By: S/David J. Krings
DAVID J. KRINGS
COUNTY ADMINISTRATOR



AGENT FOR SERVICE OF PROCESS:

PETER MURPHY
Gibson, Dunn and Crutcher
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306

108

FOR CITY OF CINCINNATI, OHIO

By: <u>S/Valerie Lemmie</u>
VALERIE LEMMIE
CITY MANAGER

APPROVED AS TO FORM:                    AGENT FOR SERVICE OF PROCESS:

                                        PETER MURPHY
<u>S/Julia R. McNeil</u>                       Gibson, Dunn and Crutcher
City Solicitor                          1050 Connecticut Avenue, N.W.
                                        Washington, D.C.  20036-5306

109