UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL., | CASE NO. C-1-02-107 |
| Plaintiffs, | |
| and | |
| SIERRA CLUB, ET AL., | Judge S. Arthur Spiegel |
| Intervenors, | |
| v. | |
| BOARD OF COUNTY COMMISSIONERS OF HAMILTON COUNTY, OHIO, ET AL. | |
| Defendants. | |

DECLARATION OF JONATHAN A. CONTE
IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES

I, Jonathan A. Conte, declare as follows:

1. I am an attorney licensed to practice in Ohio, Ohio Supreme Court Number 0061249. I have been licensed to practice law in Ohio since May 1993.

2. Prior to attending law school, I obtained undergraduate and graduate degrees in geology and geochemistry and then worked in the environmental consulting field for nearly five years.

3. Since graduating from the University of Washington law school in 1992, I have practiced in Cincinnati, almost exclusively in the area of environmental law. I practiced as an associate

with the firm of Frost & Jacobs for 4 ½ years, then managed my own practice for four years. Since January 2001, I have been associated with the firm of Blank Rome.

4. Although the majority of my practice over the past eleven years has involved defending individuals or corporations in environmental litigation, I have also represented plaintiffs in environmental litigation. For example, I recently represented eighteen homeowners in Butler County whose properties were contaminated with lead from a former skeet shooting range. For the past five years, I have represented two families in Gallatin County, Kentucky in litigation in the Eastern District of Kentucky arising from violations of air pollution control laws.

5. Environmental litigation is factually complex, because it often involves and requires an understanding of the operation of complex industrial systems, such as the underground sewerage system involved in this case, or because it requires a fundamental understanding of one or more difficult scientific concepts. The scope and breadth of this action makes it extremely complicated.

6. Several factors make environmental litigation procedurally complex. First, the interaction of citizen groups, defendants, and local, state, and/or federal governments, each with their own concerns are almost invariably involved. Second, many of federal citizen suits either spawn or result from parallel state or federal proceedings. Third, the statutes involved in these cases, as well as their implementing regulations, are often quite dense, arcane, and legally untested. Fourth, citizens' suits raise unique questions of federal law such as ripeness, mootness, notice, *res judicata*, abstention, and the recoverability of attorneys' fees, all of which the parties must consider from the outset of the litigation. In short, one must specialize in this area of the law to effectively advocate his or her clients' interests.

7.      Litigation on behalf of plaintiffs in citizen suit litigation also entails a degree of risk not present in other types of plaintiffs' representation. The often quoted dicta from the U.S. Supreme Court states that citizen suits are intended to "supplement, not supplant," government enforcement actions. *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation*, 108 S. Ct. 376 (1987). The practical effect of this mantra is that the state or federal government always has the ability to step into ongoing citizen suit litigation at any time. Further, when the government gets involved, there is often a struggle between citizen litigators and the government as to the adequacy of remedies.

8.      Because of the complexity and risk inherent in environmental citizen suit litigation described above, few firms are willing to take, and capable of effectively representing, citizen groups in environmental litigation. D. David Altman has been effectively representing local and national citizen groups for many years and has a reputation of zealously and effectively representing his clients, often with favorable outcomes. He is one of a very few local attorneys who is willing and able to take on complicated citizen suit litigation on the plaintiffs' side. In addition, because Mr. Altman has several competent attorneys working in his office, he can represent plaintiffs in litigation that a solo practitioner or a smaller office would be unable to manage.

9.      I am generally familiar with the facts in this case, have discussed the case with Mr. Altman, and have reviewed some of the pleadings. This appears to have been a difficult, complicated case for which few, if any, other attorneys in the area would have been sufficiently equipped to litigate on behalf of the plaintiffs.

10. I understand that Mr. Altman and his co-counsel are requesting the Court to compensate them at the rates set forth in the following table. Given Mr. Altman's (and his firm's) experience and ability, as well as the complexity and risk inherent in this litigation, the rates set forth below are reasonable and appropriate.

| NAME | YEARS IN PRACTICE | HOURLY RATE APPLIED IN THIS CASE |
|---|---|---|
| D. David Altman, Esq. (D. David Altman Co., LPA) | 30 | $390 |
| Elizabeth Natter, Esq. (D. David Altman Co., LPA) | 19 | $295 |
| Amy Leonard, Esq. (D. David Altman Co., LPA) | 16 | $295 |
| Lance Himes, Esq. (D. David Altman Co., LPA) | 5 | $200 |
| Amy Beiersdorfer, Esq. (D. David Altman Co., LPA) | 1 | $200 |
| Brian Pasko, Esq. (D. David Altman Co., LPA) | 1 | $150 |
| Jennifer O'Donnell (Legal Assistant, D. David Altman Co., LPA) | 1 | $75 |
| Katie Danko (Paralegal, Sierra Club) | 1 year, 5 months | $90 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Jonathan A. Conte

Executed this 10th day of August, 2004.