1988 U.S. Dist. LEXIS 3609, *; 27 ERC (BNA) 1590;
18 ELR 21498

LEXSEE 1988 U.S. DIST. LEXIS 3609

Ruth Lykins, et al., Plaintiffs, v. Westinghouse Electric, et al., Defendants

Civil Action No. 85-508

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

*1988 U.S. Dist. LEXIS 3609; 27 ERC (BNA) 1590; 18 ELR 21498*

**February 29, 1988, Filed**

**LexisNexis(R) Headnotes**

OPINIONBY: [*1]

SILER, JR.

OPINION:

MEMORANDUM

EUGENE E. SILER, JR., Chief Judge

This matter is before the Court on defendants' motions to dismiss. Defendants, BASF Corp., Inmont Division and Container Corporation of America (CCA), have filed motions to dismiss plaintiffs' and intervening plaintiff's complaint. Westinghouse Electric has incorporated and adopted these motions.

Defendants moved the Court to dismiss private plaintiffs' second amended complaint under *Rules 12(b)(1), 12(b)(6) and 19, FED.R.CIV.P.* Defendants assert that their motion should be granted because the plaintiffs have failed to allege a compensable claim under the language of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (CERCLA), *42 U.S.C. § 9601*, the Federal Water Pollution Control Act (FWPCA), *33 U.S.C. § 1251*, or the Resource Conservation and Recovery Act of 1976 (RCRA), *42 U.S.C. § 6901*. Furthermore, they allege that as each of these statutes has preempted plaintiffs' federal common claims for nuisance, plaintiffs' pendent state claims should be dismissed as well. Defendants also moved to dismiss plaintiffs' claims for equitable relief for failure to join an indispensable party.

In a separate [*2] motion, defendants moved to dismiss the Commonwealth of Kentucky, Cabinet of Natural Resources and Environmental Protection (State). Defendants assert that the State's complaint fails to state a claim under CERCLA. Defendants argue that this Court is without jurisdiction over plaintiff's CERCLA, FWPCA and RCRA claims. Defendants finally argue that that plaintiff fails to state a claim under the federal common law of nuisance and its pendent claims are barred by the statute of limitations.

STATEMENT OF THE CASE

On December 3, 1985, a group of private plaintiffs brought a twelve-count complaint against defendants, seeking declaratory and injunctive relief, statutory response costs, and common law compensatory damages for harm resulting from defendants' intentional depositing of chemical wastes at a landfill site in Laurel County, Kentucky. Private plaintiffs seek recovery of statutory response costs under the Comprehensive Environmental Response Compensation and Liability Act of 1980, *42 U.S.C. § 9601* et seq. (CERCLA). They also seek equitable relief under the Resource, Conservation and Recovery Act, *42 U.S.C. § 9601* et seq. (RCRA), and the Federal Water Pollution Control [*3] Act, *33 U.S.C. § 1251* et seq. (FWPCA). Finally, private plaintiffs seek equitable relief and common law damages pursuant to strict liability, negligence, trespass, negligence per se, nuisance, fraud and deceit, outrageous conduct, infliction of emotional distress and federal common law of nuisance. The State has intervened as a plaintiff alleging identical counts.

STATEMENT OF THE FACTS

Case 1:02-cv-00107-SAS   Document 143-5   Filed 09/21/2004   Page 2 of 9

1988 U.S. Dist. LEXIS 3609, *; 27 ERC (BNA) 1590;
18 ELR 21498

Page 2

Plaintiffs are residents and landowners whose property and houses are located in the Slate Lick area in the vicinity of a site known as the G.C. Singleton Landfill (Landfill). Plaintiffs maintain that defendant Inmont's plant in Cincinnati, Ohio, generated chemical waste and contracted with Defendant CCA to transport the waste to London where the it was deposited at the Landfill. Plaintiffs allege that defendants' disposal was illegal and purposely concealed the illicit disposal from government officials.

Plaintiffs allege that substances leached from the Landfill and moved into the surface and groundwaters. These substances then made their way to the private plaintiffs' property, contaminating their drinking and surface water. Plaintiffs contend that these substances harmed their animals and [*4] their personal health. Plaintiffs seek to recover past and future costs and damages allegedly incurred in connection with the Landfill.

Defendant Westinghouse operates a plant near London. Plaintiffs allege that Westinghouse generated and caused large quantities of toluene and other industrial wastes to be disposed of at the Landfill site. Plaintiffs maintain that the waste dumped at the site has leached, escaped and been released from the dump, causing the private plaintiffs to incur response costs, suffer physical and emotional injury and property damage.

ANALYSIS

CERCLA

Defendants argue that the Court lacks subject matter jurisdiction over private plaintiffs and that private plaintiffs have failed to state a claim under the Comprehensive Environmental Response Compensation and Liability Act (CERCLA). Plaintiffs argue that by pleading that they have incurred specific and identifiable response costs consistent with the National Contingency Plan (NCP) in response to the release or threat of release of hazardous substances, they have alleged the facts necessary to bring a CERCLA action.

CERCLA authorizes remedial action by the President to such hazardous substance, pollutant, [*5] or contaminant necessary to protect the public health and welfare or the environment consistent with the NCP. *42 U.S.C. § 9604*(a)(1). CERCLA is designed to facilitate the prompt clean-up of hazardous material by providing a means of financing both government and private actions and by placing the ultimate financial burden upon those responsible for the danger. *City of Philadelphia v. Stephan, 544 F.Supp. 1135, 1142 (E.D.Pa. 1982)*. Section 107 of CERCLA assigns liability for the release of hazardous waste:

Any person who . . . owned or operated any facility at which such hazardous substances were disposed of . . . shall be liable for any other necessary cost of response incurred by any other person consistent with the National Contingency Plan. . . .

*42 U.S.C. § 9607*(a).

CERCLA's liability provisions permit the government to recover all costs of removal or remedial action incurred by it consistent with the NCP. *42 U.S.C. § 9607*(a)(4)(A). The National Contingency Plan (NCP) is found in 40 C.F.R. § 300 et seq. It was promulgated by the Environmental Protection Agency pursuant to delegated authority from the President to establish guidelines for appropriate responses to environmental [*6] hazards. *40 C.F.R. § 300.1*.

Any issue of private plaintiffs' right to bring and maintain this action under CERCLA can be easily disposed of. Section 9607(a)(4)(B) clearly permits private actions to recover costs from responsible parties. *Walls v. Waste Resource Corp., 761 F.2d 311 (6th Cir. 1985); Jones v. Inmont Corp., 584 F.Supp. 1425 (S.D. Ohio 1984)*. Furthermore, the sixty-day notice provision of Section 9612(a) does not apply to private actions for the recovery of response costs. *Walls v. Waste Resource Corp., 823 F.2d 977 (6th Cir. 1987)*. However, under this section private plaintiffs must meet a more rigorous evidentiary burden before recovery of costs will be granted. *Peters v. E.P.A., 767 F.2d 263, 266 (6th Cir. 1985)*.

Defendants argue that plaintiffs' cost recovery claims fail to comply with provisions of the NCP. Specifically, defendants argue that plaintiffs have not alleged facts to establish that any steps consistent with the Regulations have been met. However, plaintiffs are correct when they argue that CERCLA does not require that they incur cleanup costs or that cleanup action be underway before a party may take response action and recover costs. [*7] *Wickland Oil Terminals v. Asarco, Inc., 792 F.2d 887 (9th Cir. 1986)*.

Whether this case is ripe for judicial review pivots on whether governmental approval must first be obtained. There is a split of authority in the District Courts concerning whether plaintiffs must first obtain government approval from the federal or state government of their response costs before seeking recovery from persons made responsible under CERCLA. Some courts have held that governmental approval of the private party's plan for cleaning up the hazardous wastes is necessary prior to bringing suit. See, e.g., *Bulk Distribution Centers, Inc. v. Monsanto Co., 589 F.Supp. 1437 (S.D.Fla. 1984)*. But see, e.g.,

Page 3

1988 U.S. Dist. LEXIS 3609, *; 27 ERC (BNA) 1590;
18 ELR 21498

Wickland, supra.; *Fishel v. Westinghouse Electric Corp., 617 F.Supp. 1531 (M.D. Pa. 1985); Pinole Point Properties, Inc. v. Bethlehem Steel Corp., 596 F.Supp. 283 (N.D. Cal. 1984).*

This Court adopts the well reasoned opinion in Fishel to be the better view. The responsible parties, not the government, have the burden of cleaning up hazardous waste sites. Prior governmental approval is required in the Act when reimbursement for response costs is sought from the government. [*8] Wickland, supra at 892; Fishel, supra at 1535; *42 U.S.C. § 9611(a)(2); 40 C.F.R. § 300.61(e)*. As no response costs are being sought by private plaintiffs from the government, no prior governmental approval is necessary for their response costs.

Defendants next contend that plaintiffs have not sufficiently alleged that they have incurred any response costs within the meaning of CERCLA. Defendants maintain that plaintiffs' claimed medical expenses and relocation costs are not response costs within the meaning of the statute. Under Section 9607(a)(4)(B), a party may recover "response costs," which include such costs as medical testing and loss of use of wells for drinking water. These costs must be part of a "clean up" or response to a hazardous waste problem, however, and a private right of action for damages only is not available under the Act. *Adams v. Republic Steel Corp, 621 F.Supp. 370 (W.D. Tenn. 1985).* Plaintiffs argue that relocation costs are within the meaning of the statute. The word "response" is defined in the Act only as "remove, removal, remedy and remedial action," *42 U.S.C. § 9601*(25). Subsection (23) of this section has been defined as follows:
[*9]
Remove and removal to include actions necessary to clean up or remove hazardous substances, to monitor, assess and evaluate a release and to dispose of removal material or to prevent, minimize or mitigate damages to the public or the environment.

*Jones v. Inmont Corp., 584 F.Supp. 1425, 1429 (S.D.Ohio 1984).*

It is logical that relocation may be a necessary action by private citizens to prevent, minimize or mitigate the danger to themselves. Consequently, such costs incurred would be in response to the hazardous waste problem. *United States v. Southeastern Pennsylvania Transport Authority, 24 E.R.C. 1860, 1863 (E.D.Pa. 1986).* Other response costs which are recoverable under CERCLA include but are not limited to: litigation costs; monitoring; assessing and evaluating expenses; future response costs consistent with the NCP; investigation costs; property damage; and supervision costs. *New York v. Shore Realty, 22 E.R.C. 1625 (2d Cir. 1985); Artesian Water Company v. Government of New Castle, 605 F.Supp. 1348 (D.Del. 1985); United States v. NEPACCO, 579 F.Supp. 823 (E.D.Mo. 1984); Velsicol Chemical Corp. v. Reilly Tar and Chemical Corp., 21 E.R.C. 2118 (E.D.Tenn.* [*10] *1984); Pinole Point v. Bethlehem Steel Co., supra at 292.* It would be premature for this Court to attempt to decide whether plaintiffs are entitled to recover any damages that would meet the CERCLA definition of response costs. In light of the present procedural posture of the case, however, it cannot say, as a matter of law, that the plaintiffs are not so entitled.

The defendants also assert that the plaintiffs' CERCLA claim must be dismissed because their response costs are inconsistent with the NCP. As previously stated, plaintiffs' allegations of incurring response costs consistent with the NCP must be accepted as true until development of the factual record. *Cruz v. Beto, 405 U.S. 319, 322 (1972).* The national contingency plan is a means to assure that response actions are both cost-effective and environmentally sound. Jones, supra at 1430.

Defendants next argue that private plaintiffs' anticipated expenses are not sufficient to support a CERCLA action. Defendants maintain that CERCLA permits private parties to recover costs expended. Defendants argue that the plaintiffs' mere allegations of incurring future costs in compliance with the NCP does not relieve [*11] them of the obligation to perform sufficient initial steps to qualify for cost-recover action. Several courts have addressed and rejected this position. To require a private party to complete cleanup prior to filing suit would defeat the dual purposes of CERCLA to promote rapid response to hazardous situations. Therefore, as plaintiffs' complaint does allege that they have already incurred some portion of the response costs necessary to clean up the site, the controversy is sufficiently real to allow the Court to determine defendants' liability for future costs as well. Jones, supra at 1430.

Defendants argue that in order for costs to be recoverable, response and remedial actions must be consistent with the revised NCP. Plaintiffs argue that all courts have rejected this argument. Statutes are usually presumed not to operate retroactively. *United States v. Security Industrial Bank, 459 U.S. 70 (1982).* Plaintiffs can recover response costs later determined to be consistent with the NCP. *United States v. Shell Oil Company, 605 F.Supp. 1064, 1074 (D.Colo. 1985).* The Court finds plaintiffs have alleged sufficient facts to warrant a finding that a claim has been stated [*12] "arising under" CERCLA. To the extent that plaintiffs may have suffered actual injury that may be remedied by an award of response costs, it cannot be said that their

Case 1:02-cv-00107-SAS   Document 143-5   Filed 09/21/2004   Page 4 of 9

Page 4

1988 U.S. Dist. LEXIS 3609, *; 27 ERC (BNA) 1590;
18 ELR 21498

claim is immaterial or wholly insubstantial. Accordingly, subject matter jurisdiction exits under *28 U.S.C. § 1331* for plaintiffs' CERCLA claims against all defendants.

FWPCA

Defendants next argue that the Court should dismiss plaintiffs' claims under the Federal Water Pollution Control Act (FWPCA), *33 U.S.C. § 1251* et seq. Plaintiffs allege that defendants violated *33 U.S.C. §§ 1322*(a), 1317, and 1342 of the Act. In support of their motion to dismiss, defendants first argue that the Court lacks jurisdiction over plaintiffs' claims because the notice provision of the FWPCA was not strictly followed. Plaintiffs argue that no notice requirement exists under the FWPCA because of the hazardous waste allegedly involved, and, if it does, proper notice was given to Westinghouse on September 17, 1985, which can be imputed to the other defendants. Thus plaintiffs claim that notice to defendant should be constructive notice to the other defendants. If this argument is accepted, proper notice was given well in advance [*13] of the initial filing of their complaint on December 3, 1986, and subsequent amended complaint on January 27, 1986. Furthermore, plaintiffs argue, if any defect in notice occurred, the subsequent amended complaint cured all such defects. The Court disagrees with each of plaintiffs' assertions.

FWPCA citizen suits allow private causes of action for injunctive relief, and contain provisions which limit the role of the private citizen suit by foreclosing private suit until the EPA has had an opportunity to act first. The FWPCA notice provision states in pertinent part:

No action may be commenced . . .
(1) Under subsection (a)(1) of the section . . . (A) prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order . . . .

*33 U.S.C. § 1365*(b)(a)(A)

The Supreme Court has demanded strict adherence to statutory provisions for citizens' suits in environmental litigation. *Middlesex County Sewerage Authority v. National Sea Clammers Association, 453 U.S. 1 (1981)* (plaintiffs must comply with specified procedures [*14] including the sixty-day prior notice to potential defendants). Compliance with the sixty-day notice requirement is a jurisdictional prerequisite to bringing suit against private defendants under FWPCA. *Walls v. Waste Resource Corp., 761 F.2d 311 (6th Cir. 1985)*. In this case, plaintiffs sent letters to defendants Inmont and CCA on November 22, 1985, informing them of their intent. This was merely seventeen days before filing suit on December 3, 1985. Although plaintiffs argue that this notice defect was cured by the subsequent filing of an amended complaint, this is clearly not correct. The mere filing of a supplemental or amended complaint to cure defective notice cannot restore the sixty-day non-adversarial period to the parties. *Garcia v. Cecos Int'l Inc., 761 F.2d 76, 82 (1st Cir. 1985); National Wildlife Federation v. Consumers Power Co., 657 F.Supp. 989, 998 (W.D.Mich. 1987)*.

Therefore, the complaint should be dismissed against defendants Inmont and CCA for plaintiffs' failure to comply with the statute's notice requirement. As the statute requires notice to all alleged violators, the plaintiffs' notice to defendant Westinghouse does not impute notice to the remaining [*15] defendants. However, as proper notice appears to have been given to Westinghouse, the Court will now address the remaining points raised by Westinghouse for dismissing Count II of plaintiffs' complaint.

Defendant Westinghouse argues that plaintiffs have failed to allege discharge from a point source as required by the statute. Defendant argues that plaintiffs have generally alleged that natural conditions at the site have allowed surface pollutants to migrate into the ground water and run-off into a local stream. Plaintiffs respond that they have sufficiently alleged that defendant Westinghouse violated Section 1311 of the Act by discharging pollutants from a point source without a permit. The term "point source" means any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock, concentrated animal feeding operation, or vessel or other floating craft, from which pollutants are or may be discharged. This term does not include return flows from irrigated agriculture. See *33 U.S.C. § 1362*(14).

Upon review of plaintiffs' complaint alleging violation of the Federal Water [*16] Pollution Control Act, the Court fails to find any alleged point source from which the pollutants are being discharged. However, plaintiffs do allege continuing discharges into the waterways. Defendant cites *Hamker v. Diamond Shamrock Chemical Co., 756 F.2d 392 (5th Cir. 1985)*, in support of its proposition that the lack of a point source is grounds for dismissal. However, dismissal of plaintiff's FWPCA's claim in Hamker was based upon its failure to allege any current violations of the Act. As plaintiffs have alleged current violations and although the point source is ambiguous, the proper disposition of this issue is one for summary judgment, not in a motion to dismiss. See *Sierra Club v. Shell Oil Co., 817 F.2d 1169 (5th Cir. 1987)*.

Case 1:02-cv-00107-SAS    Document 143-5    Filed 09/21/2004    Page 5 of 9

Page 5

1988 U.S. Dist. LEXIS 3609, *; 27 ERC (BNA) 1590;
18 ELR 21498

Defendant Westinghouse next argues that the FWPCA does not apply to generators or transporters of waste. Defendant maintains that as it neither owns nor operates the Landfill it could not have discharged pollutants. Plaintiffs maintain that Section 1311(a) applies to any person who discharges pollutants from a point source and that defendant's conduct amounts to control and operation of a hazardous waste disposal facility. Defendant also [*17] contends that plaintiffs have failed to allege an effluent standard or limitation. Plaintiffs argue they have done such. Effluent standards and limitations include all unlawful acts under Section 1311, such as the unlawful act of discharging pollutants without a permit. *United States v. East Kentucky Beverage Co.*, 24 E.R.C. 1187 (E.D.Ky. 1985), held the discharge of a pollutant by any person without a permit is an unlawful act under Section 1311(a), and, therefore, a violation of an effluent standard or limitation for which a citizens' suit may be filed.

As plaintiffs have specifically alleged that defendants discharged hazardous materials as to cause an imminent and substantial endangerment, such conduct, if proved, violates the standards under Section 1317. Plaintiffs allege defendant acted through its agents in disposing of the chemicals at the Landfill. For Westinghouse to be considered an "innocent off-site generator" under FWPCA, sufficient facts must be presented in the record to establish such status. For purposes of this motion, plaintiffs have sufficiently alleged that they have actual knowledge of the unlawful practice and are entitled to present evidence establishing [*18] that fact.

Defendant Westinghouse next argues that plaintiffs are attempting to seek damages under FWPCA which they are prohibited from recovering. Clearly, plaintiffs are prohibited from recovering general damages under FWPCA. *Middlesex City Sewerage Authority v. National Association of Sea Clammers*, 453 U.S. 1 (1980). However, plaintiffs do not contest defendant's contention. Rather, they argue no claim for damages is being sought under FWPCA. Instead, plaintiffs seek injunctive relief, which is permissible under the Act. See *Middlesex, supra*; *Walls v. Waste Resources*, 761 F.2d 311 (6th Cir. 1985).

Defendant Westinghouse argues that plaintiffs cannot seek imposition of penalties for past violations of FWPCA. Plaintiffs respond that defendant's discharges are ongoing. Accordingly, the factual allegations of the complaint and any accompanying affidavits must be taken as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Gardner v. Toilet Goods Ass'n*, 394 F.2d 57, 59 (6th Cir. 1968). Moreover, the pleadings are to be liberally construed in favor of the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Plaintiffs should be given the opportunity to prove their [*19] case and establish that defendant's discharges are ongoing.

Finally, defendant Westinghouse argues that plaintiffs' action is time-barred by the five-year statute of limitations. It argues that the most recent act alleged to have occurred was in 1977, some eight years before filing the complaint. Again, plaintiffs reiterate that defendant's discharges are ongoing. The Court does find that the five-year statute of limitations contained in *28 U.S.C. § 2462* applies to citizens' suits under the FWPCA for past violations. See *National Wildlife Federation v. Consumers Power Co.*, 657 F.Supp. 989, 1010 (W.D. Mich. 1987). Based on the above cited authority, plaintiffs should be given the opportunity to establish their case and prove defendant's discharges are continuing and, if not, when such discharges terminated. If plaintiffs fail to establish such discharges are ongoing, defendant may pursue an appropriate remedy through summary judgment.

Based upon the foregoing analysis, defendant Westinghouse's motion to dismiss plaintiffs' FWPCA claims should be denied.

RCRA

Defendants have moved the Court to dismiss plaintiffs' Resource, Conservation and Recovery Act (RCRA) claims for failure [*20] to comply with the Act's notice provisions contained in *42 U.S.C. § 6972*. Plaintiffs respond that notice is not necessary for actions involving hazardous waste and if notice is required, such defects were cured by filing the amended complaint. These are the same arguments presented in the Court's FWPCA's analysis. The Court adopts that same analysis here as well. The pertinent statute reads in part,

No action may be commenced under subsection (a)(1)(A) of this section prior to ninety days after plaintiff has given notice of the endangerment to . . . (iii) any person alleged to have contributed or to be contributing to the past or present handling, storage, treatment transportation, or disposal of any solid or hazardous waste referred to in subsection (a)(1)(B) of this section.

*42 U.S.C. § 6972*(b)(2)(A).

As previously mentioned, the Supreme Court has required strict adherence to statutory provisions for citizens' suits in environmental litigation. Middlesex, supra; Walls, supra at 316; Garcia, supra at 81.

Although plaintiffs argue that hazardous waste waives the notice provisions, it is not clear that defendants' alleged conduct and the chemicals present [*21] at the Landfill constitute hazardous waste as

Case 1:02-cv-00107-SAS   Document 143-5   Filed 09/21/2004   Page 6 of 9

1988 U.S. Dist. LEXIS 3609, *; 27 ERC (BNA) 1590;
18 ELR 21498

Page 6

contemplated by the statute. See *Fischel v. Westinghouse Electric Corp., 640 F.Supp. 442 (M.D.Pa. 1986)*. As the Court has previously discussed, the filing of the amended complaint did not cure the notice defect against defendants Inmont and CCA. Thus, the complaint should be dismissed against those defendants. Defendant Westinghouse, however, appears to have received proper notice and for that reason the Court will address the remaining arguments for dismissal concerning Westinghouse only.

Defendant Westinghouse argues that plaintiffs have failed to state a claim under RCRA. Defendant argues that *42 U.S.C. § § 6922, 6924 and 6925* are mere enabling provisions which contain no substantive provision which it could have violated. They further argue that these regulations were not implemented until November 19, 1980, long after the alleged violations occurred. Finally, defendant maintains that Section 6924 must be dismissed because defendant is not the owner nor the operator of the Landfill. Plaintiffs respond that the alleged violations are ongoing, thus retroactivity of the regulations is not applicable. Plaintiffs maintain that defendant [*22] engaged in conduct whereby it concealed the existence of its disposal practices at the site.

The Court rejects defendant's contention that these statutes are mere enabling provisions of the Act. Each statute authorizes the Administrator to promulgate regulations requiring compliance with the Act. See *42 U.S.C. § § 6922, 6924 and 6925; Jones v. Inmont Corp., 584 F.Supp. 1425 (S.D.Ohio 1984)*. Furthermore, the Court has previously rejected defendant's argument that ownership and operation of the Landfill is a prerequisite to liability.

Defendant Westinghouse next argues that Section 6945 was not effective when the alleged violations took place. However, as plaintiffs' complaint alleges present violations by defendant and as the effective date of the statute was March 1980, if such allegations are true, defendant would be liable under Section 6945. Once again, factual evidence must be presented to establish if the discharges are ongoing and, if not, when such terminated.

Defendant Westinghouse next argues that *42 U.S.C. § 6972* does not authorize plaintiffs' action. The statute permits two types of actions: first, for violations of any permit, standard, regulation, condition, requirement, [*23] prohibition or order which has become effective under (a)(1)(A) of this section; second, for an imminent and substantial endangerment to the health or the environment. Defendant argues that it is not liable under either subsection. The Court disagrees. As the Court has stated throughout its Memorandum, plaintiffs allege ongoing violations. Consequently, the effective date of the statutes makes them applicable to current violations regardless of when the alleged violations commenced.

Defendant argues that because the State is diligently prosecuting this action, plaintiffs are now precluded from continuing with their private claims. The Court rejects this argument as well. The statute provides that:

No action may be commenced under subsection (a)(1)(A) of this section . . . if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action under this section respecting a violation of subchapter III of this chapter.

*42 U.S.C. § 6972* (b)(1)(B).

The plain language of the statute indicates that a private action is barred if the government, prior to the private action being filed, has commenced its own prosecution. This section merely prohibits dual [*24] judicial proceedings against the same defendant if it was initially commenced by the government. Simply because the Commonwealth of Kentucky intervened after private plaintiffs commenced their action does not bar this Court's jurisdiction over private plaintiffs' action. *Proffitt v. Commissioners, Township of Bristol, 754 F.2d 504, 506 (3d Cir. 1985)*.

Defendant Westinghouse next argues that Section 6973 of the Act does not allow for private causes of action. This is an incorrect assertion. Landowners whose land adjoins property which has experienced groundwater contamination have standing to assert claims under RCRA. *Fishel, supra*.

For the reasons expressed above, defendant Westinghouse's motion to dismiss plaintiffs' FWPCA claims should be denied.

Federal Common Law of Nuisance

Defendants move the Court to dismiss plaintiffs' fourth count alleging defendants' conduct constituted a nuisance under federal common law. Plaintiffs in conjunction with their allegations that defendants violated federal environmental laws also allege that defendants created a public nuisance cognizable under federal common law. Defendants maintain that this count should be dismissed because [*25] CERCLA, FWPCA and RCRA preempted all common law claims arising under the same facts. Plaintiffs argue that the common law action should remain to fill certain gaps which remain within the regulatory program. The Court disagrees.

In determining whether a federal statute preempts common law causes of action, the relevant inquiry is

Case 1:02-cv-00107-SAS    Document 143-5    Filed 09/21/2004    Page 7 of 9

Page 7

1988 U.S. Dist. LEXIS 3609, *; 27 ERC (BNA) 1590;
18 ELR 21498

whether the statute directly addresses the question otherwise answered by federal common law. *County of Oneida v. Oneida Indian Nation, 470 U.S. 227, 236 (1985); Milwaukee v. Illinois, 451 U.S. 304, 315 (1981).* The Supreme Court has held that federal common law is used as a necessary expedient when Congress has not spoken to a particular issue. Milwaukee, supra at 313-14. CERCLA, FWPCA and RCRA establish an elaborate system for dealing with the problem of environmental pollution, providing for enforcement of its terms by agency action and citizen suits along with civil penalties. This congressional creation of a comprehensive regulatory program precludes this Court from maintaining a competing scheme of common law remedies. *Id. at 314.* Accordingly, the Court finds that plaintiffs' rights under federal common law have been preempted by [*26] the passage of CERCLA, FWPCA and RCRA. See *Buckeye Sugars, Inc. v. Commodity Credit Corp., 744 F.2d 1240 (6th Cir. 1984).* Congress established a comprehensive program in CERCLA, FWPCA and RCRA for the long-range policy for the elimination of environmental pollution. The courts should not attempt to improve legislation drafted to address problems arising from environmental violations. *Milwaukee v. Illinois, 451 U.S. 304, 317-19 (1981).* Defendants' motion to dismiss plaintiffs' common law claim for nuisance should be granted.

Pendent State Claims

Finally, plaintiffs have filed pendent state claims alleging common law strict liability, trespass, negligence, nuisance, negligence per se, common law fraud and deceit, and infliction of emotional distress and outrageous conduct. Defendants have moved to dismiss each state claim on various grounds. When considering whether to exercise pendent jurisdiction the Court is guided by certain considerations. These considerations should include: (1) whether the federal cause of action is sufficient to confer subject matter jurisdiction upon the federal court; (2) whether the state and federal claims have been derived from a common nucleus [*27] of operative facts; (3) whether the claim would ordinarily be expected to be heard in one judicial proceeding; and (4) the possibility of jury confusion. *United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).* Although plaintiffs' pendent claims do arise out of the same common nucleus of operative facts as the federal claims, in weighing the considerations of judicial economy, convenience and fairness to the litigants, plaintiffs' state claims involve considerations of the state of mind and emotional status of each plaintiff, all of which are irrelevant to their federal claims under CERCLA, FWPCA and RCRA. As the considerations underlying the state claims are so different from those underlying the federal claims, the exercise of pendent jurisdiction would not advance judicial economy. Furthermore, the possibility of jury confusion on the damages issues is too great. It appearing to the Court that it is improper to use its pendent jurisdiction to widen the scope of recovery beyond the limits of the federal statutes, upon which jurisdiction is predicated and in consideration of judicial economy, convenience and fairness to litigants, the Court declines to exercise pendent jurisdiction [*28] over plaintiffs' related state law claims. Whether the Court should exercise jurisdiction over plaintiffs' state law claims is a matter left to the Court's discretion. See *United Mine Workers v. Gibbs, supra; McLaurin v. Fischer, 768 F.2d 98, 105 (6th Cir. 1985); Shirley v. Brown and Williamson Tobacco Co., 608 F.Supp. 78 (E.D. Tenn. 1984).*

Indispensable Party

Defendants move to dismiss plaintiffs' claims for equitable relief for their failure to join an indispensable party. Defendants argue that plaintiffs' failure to join the Landfill owner is grounds for the Court to dismiss all equitable claims under *Rule 19, FED.R.CIV.P.* Plaintiffs argue that the Landfill owner did not cause the alleged dumping to occur and has cooperated with plaintiffs in their claim. Rule 19 provides in part:

A person . . . shall be joined as a party in [an] action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) . . . impair or impede the person's ability to protect that interest [*29] or (ii) leave any of the persons already parties subject to an substantial risk of incurring double, multiple, or other inconsistent obligations by reason of the claimed interest.

*Rule 19(a), FED.R.CIV.P.*

If such a finding is made, the Court may order the person be made a party. Id. The Court is unable at this time to make such a finding in the early stages of this litigation. Plaintiffs argue that the current site owner is not claiming an interest that may be prejudiced relating to the harm allegedly suffered by the adjoining landowners. Until such a finding is made, upon the appropriate motion, it would be premature for the Court to grant defendants' motion on the basis that the Landfill owner is an indispensable party. Determination of whether an action should proceed with or without a person and the determination of an indispensable party is within the sound discretion of the trial judge. *Walsh v. Conteio, 692 F.2d 771 (9th Cir. 1982).*

Turning the Court's attention to defendants' motion to dismiss the State's complaint, defendants first argue

Case 1:02-cv-00107-SAS   Document 143-5   Filed 09/21/2004   Page 8 of 9

Page 8

1988 U.S. Dist. LEXIS 3609, *; 27 ERC (BNA) 1590;
18 ELR 21498

that the State's CERCLA claim should be dismissed for failure to comply with the sixty-day notice provision of 42 U.S.C. § 9612(a). [*30] Plaintiff responds that notice is not a prerequisite in a CERCLA action since the Superfund resources are not involved.

The issue raised by defendants is whether the sixty-day notice requirement also applies to actions for direct recovery against responsible parties under 42 U.S.C. § 9607. As previously cited herein, the Sixth Circuit has recently held that the sixty-day notice provision does not apply to private actions for recovery of response costs. *Walls v. Waste Resource Corp.*, 823 F.2d 977 (6th Cir. 1987). Notification is a necessary prerequisite when reimbursement from the Superfund under Section 9611 is being sought. *Id. at 981.* As the State is not seeking reimbursement from the Superfund, no notice under Section 9612 of CERCLA was necessary prior to its intervention into the law suit.

Defendants argue that the State's past and future responses are inconsistent with the NCP, 42 U.S.C. § 9607(a)(4)(A), and it is therefore precluded from recovering CERCLA cleanup costs. Specifically, defendants argue that the State has made no effort to contact responsible parties. However, consistency with the NCP is not an issue to be decided on a Motion to Dismiss. The State has sufficiently [*31] stated a cause of action under Section 9607(a) to recover response costs. Whether those costs are consistent with the NCP is a factual determination for trial. Fishel, supra; Interchange, supra at 170. The State's pleadings are sufficient to withstand defendants' motion to dismiss its CERCLA's claim.

Regarding the State's FWPCA claim, defendants move to dismiss this claim because the State failed to comply with the jurisdictional notice prerequisites. The State argues its right to intervene without notice is permitted if all the prerequisites to such intervention are met. The Court agrees with the State that such rights exist and that notice is not a prerequisite to bringing a FWPCA claim when intervention is sought. See *United States v. Ketchikan Pulp Co.*, 74 F.R.D. 104 (D. Alaska 1977). Although the Court has previously dismissed two of the three defendants for private plaintiffs' failure to give proper notice, because defendant Westinghouse remains an active defendant, the State will be permitted to remain as well. However, intervenor's FWPCA's complaint against Inmont and CCA should be dismissed. Had all defendants been dismissed it would have been appropriate [*32] to dismiss all of the State's FWPCA claim, as no action would exist in which to intervene.

Defendants next argue that the State's FWPCA action is time-barred, contending that the most recent complained-of act occurred more than ten years prior to filing the complaint. As argued by the private plaintiffs, the State maintains that the hazardous discharges continue. This Court has previously held that the five-year statute of limitations contained in 28 U.S.C. § 2462 applies to citizens' suits under the FWPCA for past violations. As with the private plaintiffs, the State should be given the opportunity to establish its case and prove defendants' discharges are continuing and, if not, when such discharges terminated.

Defendants seek dismissal of the State's third cause of action involving RCRA for failure to give the requisite ninety-days notice to them or the Environmental Protection Agency (EPA). The State responds that its right to intervene negates its requirement to give notice under RCRA. The Court adopts its preceding analysis allowing the State to intervene under private plaintiffs' claim against Westinghouse. Ketchikan, supra. The Court has previously dismissed private [*33] plaintiffs' RCRA claim against Inmont and CCA. Therefore, intervenor's RCRA complaint should be dismissed as well against Inmont and CCA.

In regard to the State's federal common law claim of nuisance, defendants assert the identical argument as previously discussed, that is, CERCLA, RCRA and FWPCA have preempted this tort. As the Court has previously noted, it agrees that these Acts have in fact preempted the federal common law claim for nuisance. Without reiterating the same analysis, the State's claim for common law nuisance should be dismissed against all defendants.

Finally, the State seeks restitution and certain statutory and common law claims. Defendants seek to dismiss each of these claims on several grounds. The Court adopts its previous analysis regarding dismissal of private plaintiffs' pendent claims. Consequently, the State's pendent claims for restitution, statutory and common law claims should be dismissed.

Based upon the foregoing reasons and authority, defendants' motions to dismiss will be sustained in part and denied in part.

This 29 day of February, 1988.

ORDER

This matter is before the Court on the following motions:

1. Plaintiffs' and defendants' motions to exceed [*34] page limitation.

2. Motions by defendants, Inmont and CCA, to dismiss private plaintiffs' second amended complaint and intervenor's complaint.

Page 9

1988 U.S. Dist. LEXIS 3609, \*; 27 ERC (BNA) 1590;
18 ELR 21498

3. Westinghouse's motions to dismiss private plaintiffs' second amended complaint and intervenor's complaint.

4. Motion by defendants to dismiss plaintiffs' claim for equitable relief for failure to join an indispensable party.

5. Plaintiffs' motion to strike Westinghouse's 20th and 33rd affirmative defenses.

6. Plaintiffs' motion for an Order pursuant to *Rule 37, FED.R.CIV.P.* directing defendants to comply with this Court's Order of January 5, 1987.

Based upon this Court's Memorandum of even date, it is hereby

ORDERED AS FOLLOWS:

1. Plaintiffs' and defendants' motions to exceed page limitation be and are sustained.

2. Defendants' motions to dismiss private plaintiffs' CERCLA claims be and are denied.

3. Defendants' motions to dismiss intervenor's CERCLA claims be and are denied.

4. The motion by defendants Inmont and CCA to dismiss private plaintiffs' FWPCA and RCRA claims be and are sustained.

5. Westinghouse's motion to dismiss the private plaintiffs' FWPCA and RCRA claims be and is denied.

6. Motion by defendants Inmont and CCA to dismiss [\*35] intervenor's FWPCA and RCRA claims be and is sustained.

7. Westinghouse's motion to dismiss intervenor's FWPCA and RCRA claims be and is denied.

8. Defendants' motions to dismiss private plaintiffs' and intervenor's federal common law claims of nuisance and state pendent claims be and are sustained.

9. Private plaintiffs' motion to strike Westinghouse's 20th and 33rd affirmative defenses be and is denied. Defendant Westinghouse has sufficiently complied with *Rules 10(c) and 8(e)(1), FED.R.CIV.P.*

10. Plaintiffs' motion to compel pursuant to Rule 37 be and is assigned to Magistrate Cook for ruling thereon.

This 29 day of February, 1988.