UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | : | CASE NO. C-1-02-107 |
| Plaintiffs, | : | |
| | | JUDGE S. ARTHUR SPIEGEL |
| -vs- | : | |
| BOARD OF COUNTY COMMISSIONERS, et al., | : | **ORDER** |
| | : | |
| Defendants. | : | |

This matter is before the Court on the Ombudsman's Report (doc. 150), Response of Defendants City of Cincinnati and Hamilton County Board of Commissioners (doc. 151) and Response of Intervener Sierra Club (doc. 152). The Court held a hearing on the Ombudsman's Report December 21, 2005. Counsel for all parties were present as were several members of the public.

The Ombudsman presented a Report detailing his activities over the last year and half, and identified four unresolved issues that he requested the Court address. The Parties reported about the status of the Water-in-Basement Program, and an affected homeowner addressed the Court about issues in his neighborhood. At this point, the Court is satisfied that the WIB Program is generally operating effectively. The WIB Program provides a valuable service to the residents of the County. Defendants should continue to work with the Ombudsman and other interested groups to maintain and improve the program.

Regarding issues identified by the Ombudsman, the Court makes the following findings:

1) **Should the Water-In-Basement Prevention Program ("WIBPP") Require the Property Owner To Release Any Potential Claims In Order To Receive Installation of a Prevention Device?**

Presently, MSD requires each participant in the WIBPP to sign a Covenant Agreement authorizing the installation of a prevention device in their home. The Covenant Agreement includes a release of the City and County from a claim of strict liability for defective equipment.

Under the Consent Decree, MSD is responsible to prevent capacity related backups. MSD concedes it is responsible for maintenance and repair of the prevention measure installed in order to prevent backups. As a result, it is not appropriate for the City and County to require a waiver of any claim in order for a homeowner to receive installation of a prevention device, particularly in light of the fact that MSD or its consultants design the necessary prevention measure and choose the device to be installed. The Court finds that it is not reasonable for the Defendants to require participants in the prevention program to sign a release, and thus orders MSD to remove Release of Claims language from the Covenant Agreement authorizing installation of prevention devices.

2) **Does the Ombudsman Have Authority To Retain Technical Experts To Assist In the Performance of the Duties of Ombudsman?**

The Ombudsman requests authority to retain engineering or other technical assistance to assist the Ombudsman in advising and advocating for property owners who are not satisfied with MSD's proposed solution for capacity related backups. MSD states that the individual prevention plans are subject to multiple levels of engineering review and as a result MSD does not believe that outside review is necessary.

It is unreasonable to limit the Ombudsman to just the opinion of the MSD engineer. Thus, the Court finds that if the Ombudsman is to be an effective advocate for homeowner, he

should be able to access expert assistance. Therefore, the Court authorizes the Ombudsman in his reasonable discretion to engage an engineer or other expert at a rate not to exceed $140 per hour to assist in completing his duties.

3) **Should MSD Be Responsible for the Cost of Clean-up and Damages for Basement Backups Caused By Collapsed Lateral Lines in the Right-Of-Way?**

The Ombudsman reported about unresolved instances where MSD denied claims for damages and cleanup of backups caused by a collapse of the lateral sewer line in the public right-of-way. An affected homeowner also addressed the Court on this issue. Homeowners' claims are denied, even though, under the present policy, if the lateral sewer line in the right-of-way is broken, MSD replaces or repairs that line.

The Defendants' position is that the lateral line is the property and responsibility of the property owner. MSD repairs lateral line breaks in the public right-of-way at the request of local municipalities. It does so as a safety precaution, and in order to avoid individual property owners digging up the street. The United States did not take a position.

The Court directs MSD to attempt to negotiate a resolution to the small number of individual damage and cleanup claims that are related to broken laterals in the right-of-way. The Court also notes that affected individuals may request review of a denied claim. (See below.) And if a property owner incurs expenses to investigate the cause of a backup, and can show that the backup was capacity related or due to a problem in the public sewer system rather than the lateral line, the property owner may include such expenses in his claim for damages.

4) **Should There Be a Review of Denial of Claims Under the Water-In-Basement Program?**

Under the Consent Decree, the Defendants must pay the damages caused by capacity related backups. Homeowners with a capacity-related backup submit their damage claim to the

City of Cincinnati Law Department. The Law Department reviews the claim. If MSD has accepted responsibility for the backup, the City determines the value of the loss and pays the claim. If MSD denies that capacity problems caused the WIB event, the City denies the claim. There is no forum for review of the MSD's decision regarding causation or the Law Department's decision on the value of the claim.

The Court finds that Defendants' decisions on claims related to the WIB Program should be subject to review.

The Court orders that a homeowner who is dissatisfied with the City's disposition of a claim under the WIB Program may request review of the decision by the Magistrate Judge. The Magistrate Judge will review such requests and may hold an evidentiary hearing in order to determine whether the decision is supported by the law and evidence.

IT IS SO ORDERED.

_____
JUDGE S. ARTHUR SPIEGEL
United States District Court

__2/2/06__
DATE