**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | Case No. C:1-02-107 |
| Plaintiff, | |
| -vs- | JUDGE S. ARTHUR SPIEGEL |
| BOARD OF COUNTY COMMISSIONERS HAMILTON COUNTY, OHIO, et al., | **OMBUDSMAN'S REPORT** |
| Defendant. | |

**I.   Summary**

On June 9, 2004, the U.S. District Court, Southern District of Ohio, appointed the Legal Aid Society of Greater Cincinnati, Gary J. Pieples, designated counsel, to serve as Ombudsman as part of its Order approving the Consent Decree in *USA v. Board Of County Commissioners,* Case No. C:1-02-107.

As part of the Consent Decree, the Metropolitan Sewer District agreed to operate a Water-in-Basement Program (hereinafter "WIB").  The WIB Program provides services to property owners and residents who experience sewage backups as a result of capacity-related problems in the public sewer system operated by MSD.  The Court appointed the Legal Aid Society to act as Ombudsman for the WIB Program.

The Ombudsman continues to address individual and systemic issues.  Since the Ombudsman's December 2005 report, Legal Aid has received 57 new requests from individual homeowners affected by the WIB program.  Most of these calls are generally easily resolved.  We have found that weather, not surprisingly, is a factor affecting WIB events and the number of calls to our office.  On a broader level, one significant

development through the Ombudsman's work is the implementation of a process so that homeowners can have WIB disputes reviewed by the Court. This is detailed more fully in the body of this Report.

The Ombudsman's overall impression is that MSD continues to invest adequate time, effort and resources in the implementation of the Program. When we raise issues, questions and concerns with MSD about the Program, MSD is generally prompt and cooperative. MSD is coming closer to finishing its work for many of the homeowners who are eligible for protection under the WIB Prevention Program Plan. It has also improved its monitoring and maintenance efforts of the sewer system, which may have positive impact on the number of homeowners affected by WIB issues.

This is the second Report of the Ombudsman to the Court. This report summarizes the activities of the Ombudsman since December 2005. A summary of the time and billing records for the Ombudsman services for December 2005 through November 2006 is attached as Exhibit A.

**II.    Role of the Ombudsman**

Based upon the Court's Order appointing Legal Aid as Ombudsman, the Ombudsman has four roles:

1. Ensure that the "Water-in-Basement Program" is understandable to the public;

2. Provide the public with someone who acts on their behalf and who can assure that the "Water-in-Basement Program" is working;

3. Investigate complaints; and

4. Inform the Court regarding the status of the program.

### III. Activities of the Ombudsman, January – December 2006

Gary J. Pieples served in the role of Ombudsman until August 2006, when he left the Legal Aid Society. Jessica L. Powell, an experienced staff attorney with the Legal Aid Society, has since replaced Mr. Pieples as Ombudsman. A variety of Legal Aid Staff members, including law graduates, law students, and the executive director, have participated in providing Ombudsman services during 2006.

A. <u>Outreach and Publicity to Inform the Public about the WIB Program and the Role of the Ombudsman.</u>

1. In the spring of 2006, the Ombudsman issued a press release which resulted in an article in the Community Press on April 26, 2006, outlining the WIB Program.

2. In May 2006, the Ombudsman mailed an update to about 6,300 Hamilton County residents, informing them of the changes to the WIB Program, including the changes to the Prevention Program Covenant and Agreement and the appeals process.

3. The Ombudsman got involved in the Wet Weather Improvement Program planning, participating in the Long Term Control Plan Update Steering Committee, and attending several of the public comment meetings, and distributed information about the availability of the Ombudsman to assist homeowners.

4. The Ombudsman reviewed MSD's draft of the Wet Weather Improvement Program and submitted a series of comments and questions relating to how the Program is dealing with major WIB incidents.

B. <u>Individual Assistance</u>

The Ombudsman continues to receive phone calls from homeowners requesting information and/or assistance with WIB issues. From January 2006 to present, we have received 57 new requests for assistance from homeowners, compared to 87 requests in

2005. This figure does not include the ongoing calls that we may receive from homeowners who are already active in our system.

We continue to attempt to resolve each situation individually, and have been able to do so successfully for most callers. The balance includes both situations awaiting further investigation by MSD, and some requiring additional information from the homeowner. A number of the unresolved matters are related to disputes over causation, damages claims, and the scope of prevention work. We also continue to receive calls seeking general information about the WIB Program. We explain the parameters of the program to these callers.

C. Systemic Issues

The Ombudsman continues to identify systemic issues related to the administration of the WIB program and to present those to MSD and City of Cincinnati staff and counsel. Since the last report, the main issues that we have seen fall into three categories: 1) questions about the status of an investigation by MSD when it responds to homeowners' calls to the WIB hotline; 2) disputes about the cause of sewage back-ups and disputes over the amount of money offered by the city for homeowners' damages claims; and, 3) concerns over the scope of protection offered to homeowners under the WIBPP. The nature and status of these issues, both those resolved and those that are still pending, are outlined below.

1. Homeowners' Questions about the Status of an Investigation by MSD

Many homeowners call the Ombudsman with questions and confusion about what MSD has found and/or determined when it comes out to a home to investigate a back-up problem. Many homeowners seem to have little understanding as to the cause of their

problems or a grasp of what MSD did or found when they visited the home. For example, homeowners will call us because MSD rodded their lateral line after a back-up, but did not adequately explain what they had found. One homeowner called us because MSD had determined that her sewage back-up was caused by a break in the main sewer line; however, she was unclear as to when and/or how MSD would remediate that problem. These homeowners were confused as to the status of MSD's investigation and needed us to follow up, which we did.

To this end, the Ombudsman has notified MSD officials that many homeowners continue to be understandably confused when MSD comes out for an investigation. We have explained that it appears that MSD may not adequately explain the status of its work or its investigation. Thus, at the Ombudsman's request, MSD has agreed to develop forms for MSD's investigation crew to give to customers, which we hope will better explain the findings of each WIB investigation. MSD has indicated that such a form should be developed by early 2007. The Ombudsman will work with MSD to ensure that such a form will be user-friendly and understandable to homeowners.

    2.  <u>Disputes about the Cause of Sewage Back-ups and Damages Claims</u>

As noted in the Ombudsman's December 2005 report, there are a number of residents that are dissatisfied with the decisions of the City or MSD concerning their determination as to the cause of backups and their eligibility for cleanup services and claims for damages. At that time, there was no right to appeal the City's or MSD's decision. Thus, in February 2006, the Court, noting that there was "no forum for review of the MSD's decision regarding causation or the Law Department's decision on the value of the claim,"

ordered that the City's and MSD's decisions on claims related to the WIB Program would be subject to review.

To follow up on the Court's order, the Ombudsman, in collaboration with the parties and Magistrate Judge Hogan, has developed a formal review process for homeowners affected under the WIB program. Attached as Exhibit B is the *Request for Review* form that has been developed. The form is intended to be user-friendly, and the process will hopefully enable homeowners to exercise their right-to-review without too much confusion. The Ombudsman also developed an informational form, attached as Exhibit C, to explain the review process. The Ombudsman has alerted eligible homeowners of the right-to-review process and has mailed out the newly developed forms and information to them. The City has also amended its claims letter to include information about the right-to-review process, and is directing interested homeowners to contact the Ombudsman for further assistance. At this time, we anticipate that up to 10 homeowners will be filing a *Request for Review* with Magistrate Judge Hogan. We will monitor this process so that we can assess whether any changes or improvements need to be made.

3. <u>Homeowner Disagreement with the Scope of the Prevention Work</u>

Since the last report, the issue of homeowner disagreement over the scope of prevention work has been mostly resolved on a case-by-case basis. Several homeowners who were dissatisfied at the last report with the proposed scope of prevention work were since able to reach a compromise with MSD about the scope of prevention work proposed.

However, one homeowner continues to object to MSD's plan to close off her basement and garage. The Ombudsman, pursuant to the Court's February 2006 Order authorizing us to engage an expert to assist us with our duties, retained an engineer to

assess MSD's protection plans for this particular address. The engineer was able to provide us helpful input about MSD's plans, based upon which, we hope to assist the homeowner to negotiate a mutually acceptable resolution as to the scope of prevention work for this particular homeowner's residence.

**VI.     Conclusion**

The Water-in-Basement Program continues to be a valuable service for the community and has brought much needed relief to MSD customers. It is our opinion that MSD and City of Cincinnati staff continue to remain committed to the program and to work towards its effective implementation.

The Ombudsman will:

1) Continue to investigate and respond to individual phone calls from homeowners;

2) Work with MSD to ensure that it develops written forms for its investigation crews to provide homeowners, which will clearly explain the status of MSD's investigation and proposed work;

3) Monitor the right-to-review process that we recently developed in collaboration with the parties and Magistrate Judge Hogan;

4) Continue to work to resolve individual homeowner's disputes, including any remaining disagreements as to the scope of protection proposed by MSD under the WIBPP;

5)    Continue to fulfill its overall role to ensure that the WIB program working and is understandable to the public; and

6)    Continue to report to the Court regarding the status of the WIB program.

Respectfully submitted,

*/s/ Jessica L. Powell*
Jessica L. Powell
Ombudsman for the MSD WIB Program
LEGAL AID SOCIETY OF GREATER CINCINNATI
215 E. Ninth Street, Suite 200
Cincinnati, OH 45202
Phone: (513) 241-9400; Fax: (513) 241-7871
E-mail: jpowell@lascinti.org

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document was served on the following parties, by electronic mail, on this 15th day of December, 2006.

| | |
|---|---|
| Leslie Allen: | leslie.allen@usdoj.gov |
| Deborah Allison: | deborah.allison@cincinnati-oh.gov |
| Dennis David Altman: | daltman@one.net |
| Christopher J. Buckley: | cbuckley@gibsondunn.com |
| Nee Fong Chin: | nchin@prosecutor.hamilton-co.org |
| Diana Christy: | dchristy@environlaw.com |
| Lance D. Himes: | lhimes@environlaw.com |
| Joseph Steven Justice: | justice@taftlaw.com |
| Margaret Ann Malone: | mmalone@ag.state.oh.us |
| Peter P. Murphy: | pmurphy@gibsondunn.com |
| Terrance A. Nestor: | terry.nestor@cincinnati-oh.gov |
| Mark Norman: | manorman@vssp.com |
| Gary Prichard: | prichard.gary@epa.gov |
| Albert J. Slap: | albertslap@slaplaw.com |
| Donetta Donaldson Wiethe: | donetta.wiethe@usdoj.gov |

*/s/ Jessica L. Powell*
Jessica L. Powell
Attorney at Law