**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **UNITED STATES OF AMERICA, et al.,** : : | **CASE NO.: 1:02-cv-00107** |
| **Plaintiffs,** : : | **JUDGE S. ARTHUR SPIEGEL** |
| : | **MAGISTRATE HOGAN** |
| v. : : | |
| : | **RESPONSE TO ROSEWOOD** |
| : | **REQUEST FOR REVIEW** |
| **BOARD OF HAMILTON COUNTY COMMISSIONERS, et al.** : : | |
| : | |
| **Defendants.** : | |

The City and County Defendants ("MSD") respond to John and Anita Rosewood's Motion for Review (Doc #177) as follows:

1. The MSD investigated Mr. Hill's claim through the City of Cincinnati's claims office. The City of Cincinnati's Claims Administrator in 2004 was Anita Boulmetis.

2. The MSD attempted to contact the Rosewoods to cleanup their basement and document their loss on multiple occasions. (MSD correspondence Attached as Exhibit A).

3. The MSD investigated an incident that occurred on or about January 3-4, 2004. The MSD report indicates "that ML [main line] is ok" and that the water in basement was as the result of a collapsed lateral in the right of way. (Reports and emails attached as Exhibits A, B, & C).

4. The MSD does not maintain the customer's lateral. The customer's lateral is on private property and attaches to the public sewer. In this case, the MSD did replace the lateral in the right of way, but only because the MSD discovered the

collapse in the course of its evaluation of the Rosewood claim and conducted an emergency repair. (See Exhibit B). The fact that the collapse occurred in the public right of way does not transform the private lateral into a part of the public main line sewer. See, e.g. *Bibbs v. Cinergy Corp.* (1st Distr. App. Ct.) 2002-Ohio-1851 (p. 11). (Copy Attached as Exhibit D).

5.  Based on the MSD's investigation, and to compromise the claim, Ms. Boulmetis offered $10,000 in full and final settlement of the Rosewood claim. The Rosewoods' accepted the City's $10,000 on or about November 19, 2004.

6.  Neither the City of Cincinnati nor the MSD are familiar with the method by which the IRS determines a casualty loss for the purpose of a tax deduction.

7.  Based on Ms. Boulmetis' examination of the claimed property losses, she estimated the $5500 ($2500 for the basement repairs/$3000 for damaged electronics) to be a fair replacement cost for the damaged items. (See, Exhibit C). The $10,000 settlement was intended to be a full and final compromise of the Rosewood claim for $31,000 for the January 2004 event.

Accordingly, the MDS defendants respectfully request that Mr. & Mrs. Rosewood's Request for Review be denied.

**Respectfully submitted,**

**JULIA L. MCNEIL (0043535)**
**City Solicitor**

/s/ *Terrance A. Nestor*
Terrance A. Nestor, (0065840)
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
Phone (513) 352-3327
Fax (513) 352-1515
E-Mail: terry.nestor@ cincinnati-oh.gov.
Trial attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify on July 12, 2007 a true and accurate copy of the foregoing Response was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Terrance A. Nestor*
Terrance A. Nestor (0065840)
Sr. Assistant City Solicitor