UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL., <br> PLAINTIFFS | CASE NO. C-1-02-107 <br> (SPIEGEL, J.) <br> (HOGAN, M.J.) |
| VS. | |
| BOARD OF HAMILTON COUNTY COMMISSIONERS, ET AL., <br> DEFENDANTS | |

### RESOLUTION OF THE CLAIM OF KELVIN JENKINS

A hearing was held on August 3, 2007. Claimant Kelvin Jenkins was present as was his attorney, Arthur Harmon. The Claimant owns property located at 3012 Westknolls Lane in the City of Cincinnati. On October 18, 2004, the Claimant sustained damage to his basement and its contents when a sewer, owned by Defendant Metropolitan Sewer District and managed by Defendant City of Cincinnati, backed up and caused the basement to flood.. The parties concede that the problem causing the flooded basement was not in the lateral from the main line to the residence. Therefore, the Defendants are responsible for the loss. The disagreement is over the amount of the loss. There is no insurance reimbursement to the Claimant.

In this respect, the Claimant submitted an estimate for clean-up and repair by Able Services, a company specializing in water and fire losses. The amount of the eight-page itemized estimate from Able is $27,581.88, exclusive of personal property replacement. The Claimant also submitted a copy of an estimate from Ware Construction Company in the amount of $26,759.74 for clean-up and repair. The Claimant also produced a copy of a real estate appraisal, done by David C. Beard and using the comparable sales method. Mr. Beard estimated the fair market vale of the Jenkins property to be $93,000. Since Mr. Beard's estimate was accomplished in February, 2006 and was an "exterior appraisal," it is not of use in calculating fair market value before and after the loss. However, Mr. Beard estimates that the Claimant sustained a $2,000

loss for a temporary inability to connect to or access the sewer system. The Court finds the Beard estimate for temporary loss to be of the speculative variety and of little use in calculating the loss sustained by the Claimant.

In addition to the clean-up costs, the Claimant asserts that he spent $2,500 cleaning and refurbishing two couches, a table and matching chairs for which he originally paid $3,500 in 1999. He also asserts an additional claim in the amount of $5,000 for the loss of use of his basement and in the amount of $4,000 for the loss in value of his home caused by MSD pumps, apparently located in his front yard. The latter two claims are unsupported and are considered totally lacking in credibility. The Court considers five-year old furniture to have a depreciated value of less than the amount claimed to have been paid by the Claimant. The Court also believes that furniture deemed appropriate for basement use is not at the high end of the furniture chain. A value of $1,000 seems adequate to compensate the Claimant for the value of furniture likely to be present and very likely to have been damaged by the flood.

The Defendants take issue with the repair estimates because they call for totally refinishing a partially finished basement and that the partial refinishing that was accomplished was "dated." The Court finds both these arguments to be baseless. The Defendant City offered Mr. Jenkins' $13,280; the offer was rejected probably because it constituted approximately 50% of the costs of repair. There were 31 pictures placed in evidence, but 12 depict the exterior of the residence and of the remaining 19, 8 are of a lavatory and laundry room. Only 11 pictures show interior walls and floors and none of the 11 indicate a basis for concluding that the basement was partially finished, unless the author meant that the lavatory and laundry area were not paneled.

In the absence of any evidence of value before and after the loss, the Court is not in a position to say that the Ware estimate for clean-up and repair costs exceeds the difference in market value before and after the loss. The Claimant is hereby awarded the reasonable cost of clean-up and repair in the amount of $26,759.74 (the Ware estimate) plus $1,000.00 for the replacement of his basement furniture.

August 7, 2007

_____
Timothy S. Hogan
United States Magistrate Judge