UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL.,<br>PLAINTIFFS<br><br>VS.<br><br>BOARD OF HAMILTON COUNTY<br>COMMISSIONERS, ET AL.,<br>DEFENDANTS | CASE NO. C-1-02-107<br>(SPIEGEL, J.)<br>(HOGAN, M.J.) |

### RESOLUTION OF THE CLAIM OF JOHN ROSEWOOD

John and Anita Rosewood own a home at 1929 Fairmount Ave. in Cincinnati, Ohio. On or about January 3, 2004, the Rosewood's basement flooded. The basement contained, among other things a 52"television, ten suits and a large inventory or computers and computer parts and related equipment. Mr. Rosewood values the suits at $200 a piece, damages to his bathroom at $2, 500 and the balance for computer parts and equipment related to Mr. Rosewood's computer business. The total claim is for $31,683.98. An itemized estimate to repair damage to the bathroom was obtained from A Notch Above for $2,386.98. No receipts could be produced for the computer equipment, but Mr. Rosewood obtained estimates for what he asserted to be the same equipment from E-Bay. The City obtained estimates for the same equipment at approximately $3,900. Interestingly, IRS allowed a casualty loss of $17, 366.30 after an audit. It is common knowledge that used clothing has minimal value and that IRS is not known for allowing taxpayers liberal deductions for casualty losses.

The Defendant City offered to settle the Rosewood claim for $10,000 and the Rosewoods accepted that amount, but then sought to recover the balance. If there was a balance owed, the Court would award the difference between the amount already paid and the amount allowed by IRS, which amount would be $7,366.30. There is, however, a liability issue to consider before any award is legitimate.

The Rosewoods claim that the cause of the flooded basement was a problem in the main

line, for which the Defendants would be liable. The Defendants assert that the problem was caused by a "collapse lateral under the street," which a MSD crew repaired. Because the damage occurred under the street, a site obviously within the public right of way, as MSD records indicate, the Court resorted to case law in order to determine whether or not a problem within the right of way, but in the homeowner's lateral, rather than in the main line, would entitle the Rosewoods to compensation under the law.

In *Bibbs v. Cinergy Corp. et al.*, an unreported decision of the Ohio's First District Court of Appeals (Appeal No. C-010390), the Court considered Section 1207 of MSD's Rules and Regulations, Section 719-29 of the Cincinnati Municipal Code and the unreported Trumbull County case of *Fatobene v. Warren*, (Appeal No. 95-T-5269) in concluding that a defect, occurring in a lateral line, within the right of way, does not create an obligation of MSD to the owner of the lateral line to maintain or repair. The fact that MSD did make repairs is an indication of MSD's responsibility to others, not the Rosewoods.

Mr. Rosewood recalls that he was told by a MSD crew member that the main line was obstructed, but MSD records show otherwise. Mr. Rosewood also reported that the water in his basement was 6 feet deep, a statement disputed by his wife, who reported that the water level was 8-12" deep, and further disputed by a picture showing that the restoration contractor removed the bottom 3 feet of drywall. This sort of discrepancy on his part leads the Court to assess little, if any, credibility to his recollection of the MSD crewman's purported statement.

This is not a liability case; therefore the Claimants shall not recover an additional amounts from the Defendants.

September 5, 2007

_____
Timothy S. Hogan
United States Magistrate Judge