**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 538
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

LEONARD GREEN
CLERK

TELEPHONE
(513) 564-7000

October 19, 2007

D. David Altman
Amy M. Hartford
Amy J. Leonard
Albert J. Slap
Andrew S. Tulumello
Michael K. Murphy
Peter P. Murphy

Re:   Case No. 05-4437
      *The Sierra Club, et al. v. Hamilton County Board of
      County Commissioners, et al.*
      District Court No. 02-00107 - SAS

Dear Counsel:

   Enclosed is a copy of a corrected page from the decision originally sent to you on October 18, 2007. Please make corrections in your publication version as indicated on page 7.

   Thank you for your cooperation in this matter.

Yours very truly,

Leonard Green, Clerk

By Linda K. Martin
(Mrs.) Linda K. Martin
Deputy Clerk

LKM/swh
Enclosure

cc:   Honorable S. Arthur Spiegel
      Clerk, U.S. Distsrict Court
      Lexis Nexis
      West Publishing Company
      Commerce Clearing House, Inc.
      Bureau of National Affairs
      M. Lee Publishers LLC
      Lawyers Weekly
      Loislaw

No. 05-4437 *Sierra Club, et al. v. Hamilton County* Page 7
*Board of County Commr's, et al.*

fees and costs. To the Sierra Club the Court awards $151,631.19. The total amount of fees and costs awarded to the various Plaintiffs is: $958,744.96.

The County now appeals the district court's order awarding attorneys' fees.

## DISCUSSION

Because the Clean Water Act leaves the award of attorneys' fees and costs to the discretion of the district court, *see* 33 U.S.C. § 1365(d), we review such an award for abuse of discretion. *Cf. Purtle v. Eldridge Auto Sales, Inc.*, 91 F.3d 797, 799 (6th Cir. 1996). The district court's ruling should be affirmed unless it "is based on an erroneous view of the law or on a clearly erroneous assessment of the record." *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005). In addition, "in the context of attorneys' fees provided by statute, we review a district court's determination of prevailing party status under the clear error standard." *Knulogy, Inc. v. Insight Comm'ns Co.*, 460 F.3d 722, 726 (6th Cir. 2006) (citation omitted). We find no abuse of discretion in this case, nor any demonstration of clear error on the part of the district court.

As the County correctly notes on appeal, under the common law, "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Consequently, the courts have held that statutes awarding fees to the prevailing party in federal court are to be narrowly construed. *See, e.g., United States v. Texas*, 507 U.S. 529, 534 (1993). The County is also correct in noting that the primary responsibility for enforcing the Clean Water Act rests with the federal and state governments and that if the primary actors are diligently prosecuting violations of the Act, there is no need to provide incentives for private citizen action. Nevertheless, we conclude in this case that the award of fees under § 1365(d) was appropriate.

Section 1365(d) of the Clean Water Act provides that "in issuing any final order in any action brought pursuant to this section, [a court] may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate." 33 U.S.C. § 1365(d). Relying on parallels between the Clean Air Act and the Clean Water Act, the County cites to cases from this circuit in which an intervenor was denied attorneys' fees because a citizen suit had not been "brought pursuant to subsection (a)" of the Clean Air Act's citizen suit provision. *United States v. Nat'l Steel Corp.*, 782 F.2d 62, 64 (6th Cir. 1986). Significantly, however, the Sierra Club's action here *was* filed under the citizen suit provision of section 1365. Moreover, even though that suit was subsequently consolidated with the federal and state enforcement actions, the order of consolidation did not destroy the legal basis on which the Sierra Club was originally authorized to bring suit. Indeed, the Sierra Club did not merely intervene in the governments' actions; instead, its section 1365 citizen suit was *consolidated* with those other actions by order of the district court. Thus, to the extent that the Sierra Club was a "prevailing or substantially prevailing party," it was entitled to attorneys' fees under section 1365(d).[4]

Nor, contrary to the dissent's assertion, was the Sierra Club's now-consolidated complaint a mere duplicate of the governments' complaints. Rather, it was filed based on allegations that the government plaintiffs had "fail[ed] . . . to diligently prosecute the[ ] on-going violations during the ten-year period from 1992-2002" and now proposed to consent to a settlement that was inadequate

---

[4] By contrast, *United States v. Maine Department of Transportation*, 980 F. Supp. 546 (D.Me. 1997), on which the dissent relies to argue that attorneys' fees are not appropriate in this matter, involved a plaintiff who merely intervened in a governmental civil enforcement action but never filed a citizen suit, as require by section 1365.