**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 1:02CV00107** |
| **PLAINTIFF** | **(SPIEGEL, J.)** |
| | **(HOGAN, M.J.)** |
| **VS.** | |
| **BOARD OF HAMILTON COUNTY** | |
| **COMMISSIONERS, ET AL.,** | |
| **DEFENDANT** | |

### RESOLUTION OF THE CLAIM OF ADA WASHINGTON

The Claimant lives at 11667 Mill Road in Cincinnati, Ohio and was assisted in making and presenting this claim by her Godson, Mark Washington. The Court appreciates the time and effort that Mr. Washington put forth in assisting Ada Washington, who is a senior citizen. Because of a previous flooded basement in the fall of 2005 and a claim that Mrs. Washington made then, the City of Cincinnati referred to her as a "second offender," a description this Court regrets and for which the appropriate City administrator should apologize.

In any event, Mrs. Washington experienced a flooded basement on May 11, 2007. Her basement was finished, furnished and carpeted. The City's investigation of the incident led it to conclude that the most likely cause of the problem was grease accumulation in the main line, the most likely source of which is a nearby multi-apartment building. The problem was not caused by any defect in the lateral line maintained by the homeowner. Although the City is responsible for maintenance of the main line, its job could certainly be made easier if all of its citizens had learned to respect the property of neighbors by responsible disposal of grease.

Mrs. Washington was compensated in the amount of $15,120 for her flooded basement claim in the fall of 2005. She had insurance then and the testimony showed that the carrier paid a total of $5,000 on her claim and dropped the coverage. Thus, the second incident was uninsured or at least water damage was not a covered loss. Mrs. Washington purchased the furniture destroyed in the second flood from proceeds paid in settlement of the first flood claim.

Mrs. Washington provided written estimates for carpet replacement, the total of which is $5,235.27 and a written estimate for "restoration and remodeling." which we assume to be drywall removal and/or replacement, in the amount of $2,358.24. The City's $9,593.51 offer to settle all damage claims resulting from the 2007 flood assumes an additional $2,000 amount for "personal items." Mrs. Washington claims approximately $25,000 in personal property losses, some of which we regard as legitimate and some inflated, such as "$2,500 inside bank book, $2,800 food in freezer and $11,000 6 ft. secretary's desk and custom-made mahogany executive desk with built in bookcase." On the other hand, she lists $7,010 in personal property losses which appear reasonable. The total loss we believe that Mrs. Washington has sustained is $5,235.27 + $2,358.24 + $7,010 for a total of $14,603.51 and that is the amount of damages the Defendant City shall pay.

It is so ordered.

December 12, 2007

Timothy S. Hogan
United States Magistrate Judge