UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL, <br>     PLAINTIFFS | CASE NO. C-1-02-107 <br> (SPIEGEL, J) <br> (HOGAN, M.J.) |
| VS. | |
| BOARD OF HAMILTON COUNTY COMMISSIONERS, ET AL., <br>     DEFENDANTS | |

### RESOLUTION OF THE CLAIM OF CHARLES THOMPSON

This case came on for hearing on January 16, 2008 and was taken under advisement for decision pending review of all the documents and consideration of the testimony. Mr. and Mrs. Thompson, a recently married couple, own a piece of residential property located at 3294 Greenway Ave. in the Western Hills area of Cincinnati and very near to a Cincinnati landmark known as Western Bowl. On or about June 2, 2007, heavy rain caused their finished basement to flood along with other homes on Greenway and several business establishments on nearby Glenway Ave. The Thompsons, Charles and Jennifer, had recently purchased the home from Mr. Thompson's mother. Although the Thompsons had homeowners insurance, their policy with Amica Mutual Insurance Company did not cover the loss.

Metropolitan Sewer District investigated the cause of the problem and concluded that the main line sewer was insufficient to handle what MSD described as a "100-year storm." The cause of the flood was not any blockage in the Thompson's lateral line. This is, therefore, a liability case and merits an award of damages, the amount of which is in dispute by the parties as is reflected by their pre-hearing efforts to negotiate a settlement.

The Thompsons submitted written estimates for carpet replacement from McSwain Carpets in the amount of $3,694.95, for drywall repair from M&M Painting & Drywall Finishing in the amount of $460.00, for replacement of furniture from Havertys in the amount of $2,437.80 and for mold remediation by P 1 Company, Inc. in the amount of $700.00. The sum total of these itemized losses total $7,292.75. Although carpet and furniture are subject to depreciation,

the carpet was relatively new and because it was in the basement, probably not subject to daily use. Some of the furniture was still in wraps and not yet put into service. These items would depreciate at a very minimal rate.

In addition, the Thompsons testified that a freezer was damaged, that Mrs. Thompson's wedding dress was ruined and that mold still exists in a basement closet. They also assert that repairmen damaged a utility sink. They estimate that these loses total $4,200. While a wedding dress has sentimental value to be sure, its sale would not net anything close to $3,000 and the loss of the wedding dress is the most expensive item in this category. We value the loss in the above category at $1,707.25. We hope that Mrs. Thompson values her marriage much more than her dress and are sure that she does.

The Thompsons also provided a list of itemized losses including dog and cat food, miscellaneous baskets, luggage, sports equipment, and other items typically found in basements. Many of the items in this category have a market value far less than the Thompsons believe they are worth. For example, the Thompsons placed a value of $60.00 upon a shower curtain that was purchased for $75.00. One typically sells such items in a garage sale, through a "Gold Chest" or on e-bay. The Court believes the value of such items to be considerably less than estimated, but has no index on which to accurately assess the value of these items. We, therefore disregard the entire list.

For some unexplainable reason, included in a list of damages are two bills from Glenway Animal Hospital for services rendered to "Noah," a canine, and "Buffy," a feline. As the date of service is about one month after the flood, we fail to see the relevance. However, the Court extends his best wishes to "Noah" and "Buffy," hopes they survived the traumatic event and that they live long and healthy lives from this point forward.

After a careful consideration of all the component parts comprising this loss, we believe a total of $9,000.00 to be fair compensation for the total loss sustained by the homeowners. As it turns out, this figure is less than requested by the homeowners and more than offered by the City.

Judgment is for Plaintiffs in the amount of $9,000.00.

January 29, 2008

Timothy S. Hogan
United States Magistrate Judge