UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., : | Case No. C:1-02-107 |
| Plaintiff, : | JUDGE S. ARTHUR SPIEGEL |
| -vs- : | |
| : | **OMBUDSMAN'S REPORT** |
| BOARD OF COUNTY COMMISSIONERS : HAMILTON COUNTY, OHIO, et al., : | |
| Defendant. : | |

**I.    Summary**

On June 9, 2004, the U.S. District Court, Southern District of Ohio, appointed the Legal Aid Society of Greater Cincinnati, Gary J. Pieples, designated counsel, to serve as Ombudsman as part of its Order approving the Consent Decree in *USA v. Board Of County Commissioners,* Case No. C:1-02-107.

Gary J. Pieples served in the role of Ombudsman until August 2006, when he left the Legal Aid Society. Jessica L. Powell, an experienced attorney with the Legal Aid Society, has since replaced Mr. Pieples as Ombudsman. A variety of Legal Aid Staff members, including law graduates, law students, and the executive director, participate in providing Ombudsman services.

As part of the Consent Decree, the Metropolitan Sewer District agreed to operate a Water-in-Basement Program (hereinafter "WIB"). The WIB Program provides services to property owners and residents who experience sewage backups as a result of capacity-related problems in the public sewer system operated by MSD. The Court appointed the Legal Aid Society to act as Ombudsman for the WIB Program.

The Ombudsman continues to address individual and systemic issues. Since the Ombudsman's December 2006 report, Legal Aid has received over 50 new requests from individual homeowners affected by the WIB program. These calls are generally easily resolved.

Most of the phone calls are related to homeowners' requests for information related to their rights to clean up and reimbursement for damages when sewage backups occur. The right-to-review process that was developed last year to provide homeowners a forum in Court to contest disputes has proven enormously helpful. This is detailed more fully in the body of this Report.

We have found that weather is not affecting WIB events and the number of calls to the Ombudsman as much as it has in previous years. MSD attributes this decrease in WIB calls to the expansion of the WIBPP program (50 homes added this year, for a total of 550 protected), and increased routine sewer cleaning and maintenance.

The Ombudsman's overall impression is that MSD continues to invest adequate time, effort and resources in the implementation of the Program. When we raise issues, questions and concerns with MSD about the Program, MSD is generally prompt and cooperative. MSD is coming closer to finishing its work for many of the homeowners who are eligible for protection under the WIB Prevention Program Plan (hereinafter "WIBPP"). It has also improved its monitoring and maintenance efforts of the sewer system, which may have positive impact on the number of homeowners affected by WIB issues.

This is the third Report of the Ombudsman to the Court. This report summarizes the activities of the Ombudsman since December 2006. A summary of the time and billing records for the Ombudsman services for December 2006 to present is attached as Exhibit A.

II. **Role of the Ombudsman**

Based upon the Court's Order appointing Legal Aid as Ombudsman, the Ombudsman has four roles:

1. Ensure that the "Water-in-Basement Program" is understandable to the public;

2. Provide the public with someone who acts on their behalf and who can assure that the "Water-in-Basement Program" is working;

3. Investigate complaints; and

4. Inform the Court regarding the status of the program.

III. **Activities of the Ombudsman, December 2006 - Present**

   A. **Outreach and Publicity to Inform the Public about the WIB Program and the Role of the Ombudsman**

The Ombudsman has not done any significant outreach to Hamilton County residents since the spring of 2006, and believes that another round of publicity is appropriate. During the writing of this report, there was a serious rain event on March 18-20 in which the Ombudsman contacted local media outlets to disseminate information on the WIB program. Howard Ain of Local 12 news broadcast a story providing information on the WIB program on March 20.

The Ombudsman recommends that if a WIB situation arises in which there is a widespread problem, similar to the rain event that occurred on March 18-20, the Ombudsman will collaborate with MSD to help publicize the WIB program and educate consumers through topical media outreach. For example, MSD will contact local media to get coverage of a flooding event and to provide basic information about the WIB program.

MSD staff also indicates that it has access to the media teleprompt technology used by governmental agencies during emergency events. These are the messages that run at the bottom of

the television screen on major news stations to indicate a weather emergency (e.g. storm or tornado). The Ombudsman is exploring with MSD the possibility of using this media teleprompt technology during major rain events to educate Hamilton County homeowners of the WIB program if they are experiencing sewage backup.

The Ombudsman also recommends that MSD include an informational insert in its bills to Hamilton County residents about the WIB program in the next 90 days. MSD bills are issued quarterly, and MSD has committed to provide an annual informational insert regarding the WIB program. MSD has also committed to increase its use of its web site to disseminate information to the public regarding the program. The Ombudsman will follow up with MSD to discuss and provide input on the details of this type of outreach.

B. Individual Assistance

The Ombudsman continues to receive phone calls from homeowners requesting information and/or assistance with WIB issues. From December 2006 to present, we have received over 50 new requests for assistance from homeowners. This figure does not include the ongoing calls that we may receive from homeowners who are already active in our system. The calls to the Ombudsman fall into three main categories:

1. Homeowners requesting information about the right-to-review process that was established last year.

2. Homeowners requesting information about the scope &/or status of prevention work to their properties.

3. Homeowners who had contacted MSD for assistance, but were unable to ascertain what MSD's "diagnosis" of their sewage situation was.

1. <u>Right-to-Review Assistance</u>

In December 2006, the Ombudsman, in collaboration with the parties and Magistrate Judge Timothy S. Hogan, developed a formal review process for homeowners affected under the WIB program. The Ombudsman has alerted eligible homeowners of the right-to-review process and has mailed out the newly developed forms and information to them. The City has also amended its claims letter to include information about the right-to-review process, and is advising homeowners that they may contact the Ombudsman for further assistance and information on their rights.

To date, the Ombudsman has provided information on the right-to-review process to 21 homeowners/residents who requested assistance with WIB issues. Of this number, 11 have filed a Request for Review with Magistrate Judge Hogan.

Of the 11 filed WIB claims, the magistrate review process has proven expeditious and effective. The City has voluntarily settled two claims prior to a hearing by the magistrate. The magistrate has found in favor of the MSD in five claims. The four remaining claims involved disputes about the monetary offers by the City to terminate admitted liability claims. These four claims requested aggregate total demands of $122,148.00. The City offered aggregate settlements of $30,373. The magistrate resolved the claims for a total of $54,709.

Most right-to-review disputes have been on the issues of causation or damages. The right-to-review process has been an effective mechanism to resolve ongoing WIB disputes. It has encouraged successful negotiation between a homeowner/resident and MSD to resolve issues informally, before filing a right-to-review request. For those disputes that could not be resolved informally, it has resulted in an expeditious hearing before Magistrate Hogan to resolve the dispute.

Overall, the right-to-review process has resulted in positive and expeditious outcomes for homeowners who dispute the cause of sewage back-ups or the amount of damages offered by the

City of Cincinnati. In assessing the review process, the Ombudsman finds that the current right-to-review system is extremely effective and has no specific recommendations for changes or improvements at this time.

    2.    <u>Other Types of Assistance</u>

We continue to attempt to resolve each situation individually, and have been able to do so successfully for most callers. Aside from right-to-review inquiries, the balance of calls to the Ombudsman includes situations awaiting further investigation by MSD, inquiries requiring additional information from MSD, and/or disputes over causation and the scope of prevention work. We also continue to receive calls seeking general information about the WIB Program. We explain the parameters of the program to these callers and give brief advice to resolve the inquiry.

    C.    <u>Systemic Issues</u>

The Ombudsman continues to identify systemic issues related to the administration of the WIB program and to present those to MSD and City of Cincinnati staff and counsel.

    1.    <u>Investigative Field Reports</u>

Many homeowners call the Ombudsman with questions and confusion about what MSD has found and/or determined after its investigation of a back-up problem. Many homeowners seem to have little understanding as to the cause of their problems or a grasp of what MSD did or found when they visited the home. In most cases, the homeowners were confused as to the status of MSD's investigation and needed us to follow up, which we did.

Because of this problem, since the last report, the Ombudsman has collaborated with MSD and the City of Cincinnati to develop "Investigative Field Reports" that homeowners will receive any time MSD is called to investigate a back-up. MSD completed a final draft in December 2007, but as of the writing of this report, is not using the "Investigative Field Reports" when it goes out to

homes to investigate a back-up. The Ombudsman is disappointed that MSD is not yet using these forms. However, MSD has advised the Ombudsman that it intends to begin using its revised Investigative Field Report during the second quarter of 2008, beginning on or around April 1, 2008.

    2.    <u>Miscellaneous Systemic Issues</u>

The Ombudsman noted a decline in calls concerning MSD investigations in 2007. The City of Cincinnati also reports a reduction of the number of claims submitted this year. MSD attributes this decline to two factors: 1) Expansion of the Water In Basement Prevention Program (WIBPP); and 2) Routine sewer cleaning and inspection.

In general if problems have come up, systemic or individual, the Ombudsman has been able to get necessary information and/or resolution on an issue by contacting MSD or the City.

**VI.**    **Conclusion**

The Water-in-Basement Program continues to be a valuable service for the community and has brought much needed relief to MSD customers. It is our opinion that MSD and City of Cincinnati staff continue to work towards its effective implementation.

The Ombudsman will:

1) Continue to investigate and respond to individual phone calls from homeowners;

2) Work with MSD to ensure that it develops written forms for its investigation crews to provide homeowners, which will clearly explain the status of MSD's investigation and proposed work;

3) Monitor the right-to-review process that was developed in collaboration with the parties and Magistrate Judge Hogan;

4) Continue to work to resolve individual homeowner's disputes, including any remaining disagreements as to the scope of protection proposed by MSD under the WIBPP;

5) Continue to fulfill its overall role to ensure that the WIB program working and is understandable to the public; and

6) Continue to report to the Court regarding the status of the WIB program.

Respectfully submitted,

Jessica L. Powell
Ombudsman for the MSD WIB Program
LEGAL AID SOCIETY OF SOUTHWEST OHIO, LLC
215 E. Ninth Street, Suite 500
Cincinnati, OH 45202
Phone: (513) 241-9400
Fax: (513) 241-7871
E-mail: jpowell@lascinti.org

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document was served on the following parties, by electronic mail, on this 31st day of March, 2008.

| | |
|---|---|
| Leslie Allen | leslie.allen@usdoj.gov |
| Dennis David Altman | daltman@environlaw.com |
| Nee Fong Chin | neefong.chin@hcpros.org |
| Lance D Himes | lhimes@environlaw.com |
| Joseph Steven Justice | justice@taftlaw.com |
| Margaret Ann Malone | mmalone@ag.state.oh.us |
| Louis L McMahon | louis.mcmahon@thompsonhine.com |
| Terrance A Nestor | terry.nestor@cincinnati-oh.gov |
| Mark Alan Norman | lrback@vssp.com, manorman@vssp.com |
| Gary Prichard | prichard.gary@epa.gov |
| Nicole Lashon Sanders | nicole.sanders@cincinnati-oh.gov |
| Albert J Slap | albertslap@slaplaw.com |
| Phillip Jude Smith | hpjsmith@vssp.com, earogers@vssp.com |
| Donetta Donaldson Wiethe | donetta.wiethe@usdoj.gov |
| Margaret Ann Malone | mmalone@ag.state.oh.us |
| Amy Jo Leonard | leonarda@environlaw.com |

Fay Dupuis
Cincinnati City Solicitor
801 Plum St.
Cincinnati, OH 45202

Gregory Gordon Lockhart
United States Attorney's Office - 3
PO Box 280
200 W. Second Street
Room 602
Dayton, OH 45402

Thomas L Sansonetti
Assistant Attorney General
Environment and Natural Resources Div
United States Department of Justice
10th & Pennsylvania Avenue N.W.
Washington, DC 20530

_____
Jessica L. Powell
Attorney at Law

# Exhibit A

## Total Ombudsman Hours

| Date | Attorney Time | Legal Assistant Time | Total Hours |
|---|---|---|---|
| Dec 2006-Feb 2007 | 37.25 | 44.75 | 82.00 |
| Mar 2007-May 2007 | 75.00 | 17.00 | 92.00 |
| Jun 2007-Aug 2007 | 31.50 | 2.50 | 34.00 |
| Sep 2007-Nov 2007 | 36.50 | 2.25 | 38.75 |
| **Total:** | **180.25** | **66.50** | **246.75** |