IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Civil No. 1:02CV107 |
| Plaintiff, ) | |
| vs. ) | Judge S. Arthur Spiegel |
| ) | |
| THE BOARD OF COUNTY ) | |
| COMMISSIONERS OF ) | |
| HAMILTON COUNTY, OHIO, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | **SUPPLEMENTAL REPORT BY** |
| ) | **BOARD OF COUNTY** |
| STATE OF OHIO, ) | **COMMISSIONERS, HAMILTON** |
| ) | **COUNTY, OHIO AND THE CITY OF** |
| Plaintiff, ) | **CINCINNATI, OHIO ON WIB** |
| ) | |
| vs. ) | |
| ) | |
| THE BOARD OF COUNTY ) | |
| COMMISSIONERS OF HAMILTON ) | |
| COUNTY, OHIO and THE CITY OF ) | |
| CINCINNATI, ) | |
| ) | |
| Defendants. ) | |

On July 14, 2008, the Ombudsman for the Water in Basement Program ("WIB") submitted a status report to the Court regarding three subjects. Defendants City of Cincinnati and the Board of County Commissioners of Hamilton County, on behalf of MSDGC (collectively, "MSD"), submit this brief report with regard to the Ombudsman's three identified

subjects. MSD appreciates and values the work of the Ombudsman and desires to continue working collaboratively with the Ombudsman.

### I. Three Reported Subjects

The Ombudsman reported to the Court on three subjects in its letter of June 24, 2008 and in its status report filed July 14, 2008:

A. Use by MSD of "Field Report" forms.

B. The policy question relating to MSD cleaning of basements where backups are caused by collapses that occur in the portion of the private sewer lateral in the public right of way.

C. Development of enhanced WIB program communication.

Each subject is discussed briefly in turn below.

### II. MSD is Using Field Report Forms

As the Ombudsman noted in its report, the Field Reports are in use. MSD staff began using the Field Reports in mid-June. The Field Reports were not immediately put in use following the Ombudsman's March 31, 2008 report because of efforts to clarify the legal issue regarding cleanups related to lateral repairs in the right of way, discussed below at Section III. MSD intends to continue to use the Field Reports and has invited the Ombudsman to provide input on improving the Field Reports as the Ombudsman receives input from customers.

### III. MSD Is Not Permitted to Expend Public Funds for Basement Cleanups Known to be Caused by Failure in the Private Lateral Sewer.

The WIB basement cleanup program cleans basements where wastewater has backed up due to MSD system capacity problems. Since the program's inception in 2004, MSD has provided over 1500 basement cleanups at an expenditure of over $3.5 million.

MSD not only cleans basements when the cause is known to be a MSD capacity issue, but it also cleans basements when doubt about the cause exists after an initial investigation. In those instances, cleaning occurs within 48 hours. The "48-hour when in doubt cleanup the basement" practice is designed to address potential human health and safety concerns and avoids lengthy cleanup delays while the cause (MSD, private property owner responsibility, overland flooding, etc.) is identified. MSD has no intention of changing this basic operation of the program.

By regulation, MSD has the exclusive responsibility to repair/replace only those portions of the private lateral sewers that lie in the public right of way. MSD does this to prevent private property owners from digging and working within city streets and near to the public system sewers. MSD's policy on repairs to private laterals in the right of way applies to all customers, predates the WIB program and is not related to WIBs or the Consent Decree.

The Ombudsman invites the Court to order MSD to undertake basement cleanups where MSD knows that the cause of the backup is due to collapse or failure in the private property lateral that lies in the public right of way.[1]

---

[1] As noted above, when MSD is in doubt as to the cause of backup after 48 hours, MSD provides a cleanup. The costs for cleanups that later have been determined to have been caused by a blockage or collapse in the private property lateral have not been billed to the property owner.

While MSD respects the Ombudsman's desire to provide basement cleanups for customers, MSD does not believe it can lawfully do so when the cleanups are caused not by Consent Decree governed capacity problems, but instead are due to the need for repairs in the customer's private lateral sewer. The Ombudsman made a similar request in 2005. Since then, Magistrate Judge Hogan has opined on the issue of private property liability for lateral sewers.[2] This, coupled with the Consent Decree's explicit text on this subject, should be dispositive.[3] In fact, MSD raised this issue to the Ombudsman because MSD staff have expressed a serious concern about being blamed for unlawful expenditure of public funds for private benefit.

MSD acknowledges that elected officials may legislate a new program (outside the Consent Decree) to expend public funds in the manner requested by the Ombudsman.[4] Until that policy decision is made, it appears that MSD staff are prevented under Ohio law from using public funds for basement cleanups where the cause is known to be private sewer collapses. With the "48-hour when in doubt cleanup the basement" policy still in effect, MSD believes customers whose water in basement cause cannot be quickly determined are protected from lengthy waits. As a result, no action is needed by the Court.

---

[2] See, e.g., *Resolution of the Claim of Pauline Meisenhelder*, Case No. C-102-107, Document 188, June 27, 2007 (Spiegel, J.; Hogan, M.J.) at 1 ("The lateral line from the house to the street is, unfortunately, the homeowner's responsibility.").

[3] Global Consent Decree, June 9, 2004, Exhibit 7, "Water in Basement Customer Service Program Plan" at *2.

[4] The Ombudsman states that MSD should conduct cleanups where it undertakes the repairs in the private lateral in the right of way "to minimize risk and liability to MSD." The 48 hour policy addresses this issue. With respect to confusion among property owners, MSD has prepared fact sheets on the issue of lateral sewer line maintenance and repairs on its WIB web site and wants to work with the Ombudsman to help customers understand this subject and not be confused about their lateral lines.

### IV. Enhanced Public Relations Plans in Process.

MSD has benefitted from the Ombudsman's ideas on communication. The Ombudsman's report notes that the Ombudsman and MSD have established a schedule to work collaboratively on methods for communication of the WIB Program. The communications will attempt to target MSD customer audiences (versus residents of other counties or states) with information about the WIB Program. MSD looks forward to more and new communication ideas this year, including email alerts to media and others when a storm is forecasted, new public service announcements to be used on local media, and a community engagement initiative through the City of Cincinnati's community councils. The Ombudsman and MSD will report within 90 days with a communication update.

### V. Conclusion

MSD and the Ombudsman continue communication on a range of subjects as the WIB Program continues to serve MSD customers.

Respectfully submitted,

*/s/ Louis L. McMahon*
Louis L. McMahon (#0067378)
Louis.McMahon@ThompsonHine.com
THOMPSON HINE LLP
3900 Key Center, 127 Public Square
Cleveland, Ohio 44114-1291
(216) 566-5500 - Phone
(216) 566-5800 - Fax

*One of the Attorneys for*
*City of Cincinnati, Ohio*

/s/ Mark A. Norman
Mark A. Norman (0012033)
manorman@vorys.com
VORYS, SATER, SEYMOUR AND PEASE LLP
221 East Fourth Street, Suite 2000
Atrium Two
Cincinnati, Ohio 45202
(513) 723-4006 - Phone
(513) 852-7881 - Fax

*One of the Attorneys for*
*Board of County Commissioners,*
*Hamilton County, Ohio*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2008, a copy of the foregoing was filed electronically with the Court's Case Management/Electronic Case Files (CM/ECF) docketing system. Notice of this filing will be sent by operation of the CM/ECF system. Parties may access this filing through the CM/ECF system. The following were served with the foregoing on July 15, 2008, by U.S. Mail:

Gregory Gordon Lockhart
United States Attorney's Office – 3
P.O. Box 280
200 W. Second Street, Rm. 602
Dayton, OH  45402

Thomas L. Sansonetti
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
10th & Pennsylvania Avenue, N.W.
Washington, D.C. 20530

                                                  */s/ Louis L. McMahon*
                                                *One of the Attorneys for*
                                                *City of Cincinnati, Ohio*