UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | : | Case No. 1:02-CV-00107 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE S. ARTHUR SPIEGEL |
| -vs- | : | |
| | : | |
| BOARD OF COUNTY COMMISSIONERS | : | **SIERRA CLUB'S RESPONSE TO** |
| HAMILTON COUNTY, OHIO, et al., | : | **OMBUDSMAN'S SUPPLEMENTAL** |
| | : | **STATUS REPORT** |
| Defendant. | : | |

**I. Introduction**

The Sierra Club and Marilyn Wall (collectively, "Sierra Club") file this Response in Support of the Ombudsman's Supplemental Status Report and to alert the Court that the Sierra Club will be filing a broader status report following the hearing on Wednesday, July 16, 2008. In general, the Sierra Club is concerned about the handling of the Metropolitan Sewer District's ("MSD") clean-up services related to lateral backups in the right-of-way and the lack of effective public outreach to provide information to homeowners affected by the Water-in-Basement (WIB) problems. In addition, the Sierra Club agrees that the MSD's fact-finding record should be memorialized in "Investigative Field Reports" that are provided to each homeowner and to the Ombudsman.

The Sierra Club's concerns arise in the context of: (a) a much-improved relationship between the Sierra Club and the MSD and (b) the lack of progress on meeting the schedule established by the Consent Decree. The Court is aware that the Sierra Club spent a great deal of the Sierra Club's time during the fairness hearing warning about the prospect of schedule delays. As a preventative measure, the Sierra Club advocated the appointment of a special master to offer the Court more direct control over the tendency of the large institutions involved to delay the difficult issues until "later."

**II. Cleaning Services for Backups**

The Sierra Club agrees with the Ombudsman that the MSD should continue to provide cleaning services to homeowners affected by backups caused by collapses in customers' lateral lines underneath the public right-of-way and when the MSD cannot determine the cause of the backup within a reasonable period of time.

The Ombudsman's position is appropriate for several reasons. First, the MSD has total control over maintenance of the right-of-way and the lateral extension from the right-of-way. Second, operation and maintenance of the sewer system are clearly covered by the Consent Decree. Third, backup of sewage into a home is a public health issue, not a "private benefit." It is entirely proper for MSD to spend public funds to protect public health. In any event, this Court, as the Ombudsman points out, could expressly authorize MSD to provide interim cleaning services. Fourth, amateur cleanup of backups, e.g., cleanups by homeowners, leaves individuals exposed to pathogens and other causes of sewer-borne disease. For these reasons, and for the reasons stated by the Ombudsman, the Sierra Club supports the position of the Ombudsman on this issue.

It should be noted that the Sierra Club has raised lateral repair and inspection issues many times with MSD. Other cities require inspection of the lateral, and needed repair, upon sale of property. Other cities require non-sale related periodic inspections and needed repairs. Sierra Club has discussed the use of "lateral insurance," whereby property owners pay a fee to cover expensive repairs. Such preventative measures can protect public health, reduce overall costs to MSD and protect individual property. Additionally, an unknown, but presumably large, amount of stormwater/groundwater enters the sewer system through leaking laterals, including leaking connections within the right-of-way. This infiltration contributes to sewer overflows and higher

treatment plant costs. MSD presumably agrees that this is a significant source of stormwater entering the collection system. Under MSD's rate plans, residential property owners who repair their laterals pay for infiltration costs over which they have no control and for which there is no preventative program.

### III. Investigative Field Reports

The Sierra Club also supports the use of Investigative Field Reports that are provided to homeowners at the conclusion of an MSD investigation into the cause of a backup. However, the Sierra Club feels that the contents of the Investigative Field Report should be certified by the MSD representative who conducts the investigation and should be limited to factual observations, including whether there is a pattern of backups on that particular street or in that particular neighborhood. Such information will, among other things, prove useful in determining problem areas in the sewer system.

### IV. Public Outreach

The Sierra Club supports the Ombudsman's goal of an effective public-relations plan for the WIB program. This public-relations plan needs be developed by the Ombudsman and the Sierra Club to advise the broader public of its rights under the Consent Decree and to inform the public that many sewer backups are the legal responsibility of the MSD. More specifically, the public-relations plan should aim to advise homeowners of their right to an Investigative Field Report following any MSD investigation of the cause of a sewer backup and the right to appeal to this Court any denial of a homeowner's claim.

**V. Conclusion**

For the foregoing reasons and the reasons offered by the Ombudsman, Sierra Club supports the Ombudsman's recommendation that MSD continue to offer cleanup services to homeowners, that MSD use Investigative Field Reports, and that a public-relations plan for the WIB program be developed and implemented.

Respectfully submitted,

/s/ D. David Altman_____

D. David Altman (#0021457)
D. David Altman Co., L.P.A.
15 East 8th St., Suite 200W
Cincinnati, OH 45202
Phone: (513) 721-2180
Fax: (513) 721-2299
daltman@one.net

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2008, I caused a true and correct copy of the foregoing to be filed electronically. Notice of this filing will be sent to all parties in this case by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ D. David Altman
Trial Counsel for Sierra Club and Marilyn Wall