UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al. | : |
| | :    NO. 1:02-CV-00107 |
| Plaintiffs | : |
| | :    **OPINION AND ORDER** |
| v. | : |
| BOARD OF COUNTY COMMISSIONERS HAMILTON COUNTY, OHIO, et al. | : |
| Defendants. | : |

      This matter is before the Court on the Ombudsman's Supplemental Report (doc. 252), Defendants' Response (doc. 253), and Intervener Sierra Club's Response (doc. 254). On July 16, 2008, the Court held a status hearing in this matter. At that time, the Ombudsman raised three issues with the Court. First, the Ombudsman addressed public outreach efforts, and after hearing from both the Ombudsman and Defendants, the Court is satisfied that the parties are working together and will continue to work to increase public knowledge of the Water-In-Basement ("WIB") program. Second, the Ombudsman related to the Court that the Investigative Field Reports that homeowners are to receive any time the MSD is called to investigate a back-up are now in use, and that the Ombudsman will continue to work with Defendants to revise the forms as needed.

      Finally, the Ombudsman took the position that any time MSD has to make a repair to the lateral right-of-way, MSD should

offer cleanup to the homeowner, regardless of the cause of the backup. The Ombudsman argued that the Consent Decree does not preclude cleanup when MSD must undertake right-of-way repair work in the lateral.

As the program currently stands, MSD cleans basements when the cause is known to be a MSD capacity issue, and also cleans basements when doubt about the cause exists after an initial investigation. In those instances, cleaning occurs within 48 hours. MSD stated that there are no plans to discontinue this service. However, MSD does not believe it can lawfully provide cleanups when the cleanups are caused not by Consent Decree governed capacity problems, but instead are due to the need for repairs in the customer's private lateral sewer. The MSD argued that they are prevented under Ohio law from using public funds for basement cleanups where the cause is known to be private sewer collapses.

The Court is satisfied, after hearing the arguments of the Ombudsman, MSD, Hamilton County Board of Commissioners, and the Sierra Club on this issue, that in this limited circumstance, where cleanup is needed due to a broken lateral in the right-of-way and homeowners do not have complete control over prevention, there exists a public health issue which would allow MSD to provide cleanup services. Likewise, after reviewing the Consent Decree, the Court agrees with the Ombudsman that while the decree explicitly excludes backups caused by "blockages" in the lateral, it does not preclude cleanup when MSD must perform right-of-way

repair work in lateral.  The Court notes that this precise issue was addressed by the Court in its February 3, 2006 Order.  At that time, the Court stated:

> The Court directs MSD to attempt to negotiate a resolution to the small number of individual damage and cleanup claims that are related to broken laterals in the right-of-way (doc. 154).

Accordingly, because this matter has been considered by the Court previously, and there is a public health danger to be addressed, the Court ORDERS MSD to provide cleanup services where MSD performs right-of-way repair work in lateral.

     SO ORDERED.

Dated: July 30, 2008       /s/ S. Arthur Spiegel  
                                    S. Arthur Spiegel  
                                    United States Senior District Judge