UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA, ET AL.,          CASE NO. C-1-02-107
        PLAINTIFFS                         (SPIEGEL, J.)
                                           (HOGAN, M.J.)
        VS.

BOARD OF HAMILTON COUNTY
COMMISSIONERS, ET AL.
        DEFENDANTS

### ORDER CONTINUING THE WALTER MEINERT HEARING

This matter was heard on July 30, 2008. Mr. Meinert, who lives in Washington Courthouse, Ohio, represented himself; the Defendant City of Cincinnati was represented by Nicole Sanders, Esq., a Deputy City Solicitor. The parties do not dispute that the subject property is located at 530 Fortune Ave., which is located in the Cincinnati suburb of Clifton and near Deaconess Hospital and the main campus of the University of Cincinnati. The parties also do not dispute that on October 29, 2007, the basement flooded due to a blocked pipe occurring in a water line outside the external boundary of the house. The City maintains that the blockage occurred in the lateral, which is the responsibility of the homeowner to maintain, and consisted of paper products and condoms. The homeowner maintains that the blockage was caused by a break in the lateral pipe caused by Duke Energy's repair of a gas line under the street as evidenced by the fact that pieces of broken pipe, rocks and mud were discovered when the lateral was "augered" and "jetted" by Roto-Rooter, the plumbing company employed by Mr. Meinert to restore sanitary conditions to his property at a cost of $975.00.

Mr. Meinert purchased the property in August, 2007 as a residence for his child, a student at U.C. and we assume other students whose rent payments would offset the cost of maintaining the property. We assume that none of these residents were engineering students who would know that certain products do not move freely through pipes 6" in diameter. It is equally plausable that they do possess this knowledge, but have a somewhat cavalier attitude about doing

their part to preserve the property of another.  Mr. Meinert might well consider making repairs to sewer lines caused by the improper disposal of sanitary napkins and condoms to be the subject of a lease term in the future. In any event, the Court has viewed a tape made by Roto-Rooter, whose camera traversed the lateral until it met a blockage, which occurred at the 37 foot mark. We also observed that there was evidence of a broken pipe at the 26 foot mark and that the camera encountered partial obstructions at the 29 foot mark.  A legitimate question is whether the broken pipe prevented the movement of paper products through the lateral or whether the paper products themselves caused the blockage.  A second question is whether the pipe was broken by another utility company repairing gas lines or whether the pipe broke through ordinary wear and tear.

The Defendant City provided a report from the Superintendent of the Wastewater Collection Division of the Metroploitan Sewer District.  The report indicates that a crew checked the 12" main line sewer and reported it to be open.  Two days later, a crew "rodded" the lateral and hit an obstruction at 37 feet.  The next day, an MSD crew replaced 14 feet of lateral pipe. The conclusion reaced by MSD was that the obstruction occurred in the lateral because 37 feet from the "stack" was within the lateral, rather than the main line.  Unfortunately, neither MSD nor the City provided the Court with any other proof that one can traverse 37 feet into the lateral without entering the main line.  We simply do not know where the lateral joins the main line and the pictures of the property, supplied by Mr. Meinert, do illustrate that the house is located at the dead end of the street and that it has virtually no front yard.  Thus, it is not obvious to us that 37 feet from the "stack" is within the lateral.

The case must be continued for the City to present the testimony of the MSD crew member who can testify about the lateral length and the location of the main line and to obtain a copy of the report from the utility company relative to it's work at or near 530 Fortune Ave. in the fall of 2007 and for Mr. Meinert to issue a subpoena for, or otherwise obtain, the testimony of "Mark," the Roto-Rooter plumber who "augered" and "jetted" the lateral and located the obstruction.

The Court would find it much easier to resolve future claims if MSD supervisors or the Deputy Solicitor would supplement the sometimes inadequate reports with a more professional work product.  As a result of being supplied with inadequate information upon which to resolve

this claim, the case must be continued. Ms. Sanders will notify the Court of the availability of the MSD crewman and the Courtroom Deputy will choose a date and so notify Mr. Meinert.

In his claim form, Mr. Meinert indicated that a State Farm policy insures the property in question and that there is a $500.00 deductible. He apparently attached the policy's declarations page to show that the loss was not covered, but we have not been provided with such information. The City, apparently assuming that it was covered, offered $500 to settle the matter. In the interim, the parties should examine this issue. In the event State Farm did cover the loss minus the deductible, the Court would encourage the settlement of this case for the deductible amount.

July 30, 2008

Tinothy S. Hogan
United States Magistrate Judge