UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA, ET AL.,
    PLAINTIFFS

CASE NO. C-1-02-107
(SPIEGEL, J.)
(HOGAN, M.J.)

VS.

BOARD OF HAMILTON COUNTY
COMMISSIONERS, ET AL.,
    DEFENDANTS

**RESOLUTION OF THE CLAIM OF MARIO HARRIS AND VICTORIA PATMAN**

    This claim was initially heard on July 16, 2008 and after hearing from both Claimants and the Deputy City Solicitor and reviewing a number of documents submitted by the parties, the Court was unable to decide the matter. Therefore, the hearing was continued in progress until August 4, 2008 at which time Nathanial (Nate) Powers, the MSD crew supervisor who actually replaced the pipe, testified.

    The Claimant Victoria Patman is the titled owner of property located at 1252 Ross Avenue, a small street which intersects with Warsaw Avenue and is located in the Cincinnati suburb of Price Hill. The house in question is located at the intersection (northwest corner) of Ross and Mayfield  Mr. Harris is Ms. Patman's fiance, who also resides at the Ross Avenue property. Ms. Patman's basement flooded in January, 2008. The house had recently been purchased in May of 2007.

    An MSD crew was called and responded on January 7, 2008. The lateral was rodded to 135 feet to the main line. A "rough spot" was located at 105 feet. The Claimants or either of them secured the services of James Kwiatkowski, a licensed plumber and he agreed that the obstructions were at 56' and 105' respectively. Tampons and condoms were removed. An additional obstruction was subsequently located at 56 feet. The parties agree that the break at 56 feet is at the sidewalk and within the lateral. The dispute is over the obstruction at 105 feet, which is in the middle of the intersection and from outward appearances, likely to be in the main sewer line, which is the responsibility of MSD to repair and maintain. Mr. Powers clarified this confusion when he testified that Ms. Patman's lateral extends outward from the residence at an

angle and actually runs above one main line sewer and intersects with a second main line further away from the Patman/Harris residence. Thus, the obstruction at 105 feet is within Ms. Patman's lateral, a conclusion which is not apparent from view of the scene before the repair was made and the street recovered.

Other than the fact that the physical inspection of the scene by a layman would support a conclusion that the problem was in the main line, an alternative theory could have been, and was in this case, that one is responsible for the lateral on one's property only and one is not responsible for that portion of the lateral in the public right of way. This assumption is not illogical, but it is wrong. The homeowner is responsible for the maintenance of his lateral from his residence to the point of connection to the main line sewer. A third possible source of disagreement is the fact that MSD repaired the portion of the lateral which was within the right of way because of the effect a broken sewer pipe at that point would have on the integrity of the street as well as other homeowners. Thus repairing the lateral does not mean that MSD is liable for all damages caused by the obstructed or broken lateral, although it might look that way to an unsophisticated homeowner.

Thus, whether the backup of tampons and condoms was caused by either the break at 56 feet or 105 feet, the homeowner must bear the loss. Ms. Patman had a Motorists Mutual policy which insured the premises on the date of the loss, but did not cover the type of loss sustained. The lessons learned from this case are as folows: (1) Don't flush condoms and tampons down the toilet. There is no evidence that the homeowner in this case did so and the problem may well have been with prior owners of the property; (2) Have insurance which covers damages from water loss, whatever the cause., and (3) Employ a licensed plumber to occasionally inspect the lateral and remove any actual or potential blockages for which the homeowner should bear the loss in the event of a backup.

The Court believes that the homeowners were innocently confused by the unusual set of facts and circumstances in this case, but must resolve the claim in favor of the Defendant City of Cincinnati for the reason previously stated.

August 4, 2008

Timothy S. Hogan
United States Magistrate Judge