UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>PLAINTIFF<br><br>VS.<br><br>BOARD OF HAMILTON COUNTY<br>COMMISSIONERS, ET AL.,<br>DEFENDANTS | CASE NO. C-1-02-107<br>(SPIEGEL, J.)<br>(HOGAN, M.J.) |

**RESOLUTION OF THE CLAIM OF ELAINE HOWARD**

This matter was heard on August 4, 2008 and taken under advisement for decision. Ms. Howard owns a parcel of real estate located at 7924 Cherrywood Ct., in Cincinnati, Ohio. Ms. Howard's basement flooded on or about May 7, 2008. She initially called Roto-Rooter, apparently the plumber of choice for many of these claims, but Roto-Rooter was unable to rectify the problem. However, Roto-Rooter personnel did communicate with the MSD crew that arrived subsequently and the information shared was likely helpful.

Much of the claimant's testimony was about her communications with Nancy Finley, who she described as an "MSD clerk and certain members of the MSD crew, who allegedly gave her the "run-around." She did, however, appreciate the efforts of Mr. Dale and the night crew. An MSD crew did locate the problem, a broken or collapsed pipe in the claimant's lateral and approximately 18" from the main line sewer as testified to by Dennis Madden, Supt. of Wastewater Collection at MSD. The broken pipe was cause by tree roots.

The communication problem which may have led to the filing of this claim was the use of the phrases "an internal problem" and "an external problem." Ms. Howard relates that MSD employees Dale and Nancy Finley, described the problem as either "external," one for which Ms. Howard would not be responsible or "internal," one for which Ms. Howard would be responsible. Ms. Howard then developed the mind-set that a blocked pipe in the street would be "external" to her house and that she should therefore be compensated. One can easily see how

she came to feel that way, but Regulation 1207, which is controlling here, states that a homeowner is responsible for maintaining the lateral line from the house to the main line sewer and the break in this case was within that space.

Adding to Ms. Howard's frustration was the fact that her State Farm policy did not cover the loss. She declined to accept MSD's help in cleaning the basement because of some notion that doing so would compromise her ability to recover compensation for the water damage to drywall, carpeting and baseboard strips. The Court advised her to accept MSD's offer to finish cleaning her basement and to remove contaminated carpet therefrom.

This Court, having recently experienced a flooded basement and having participated in the clean-up, knows that the experience was frustrating, to say the least. However, when the cause is within one's lateral, the loss must fall on the homeowner. Ms. Howard may wish to obtain the necessary insurance coverage, so that if her lateral fails again, the experience may be less anxiety provoking.

This claim is resolved in favor of Defendant, City of Cincinnati.

August 5, 2008

Timothy S. Hogan
United States Magistrate Judge