UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA, ET AL.,　　　　CASE NO. C-1-02-107
    PLAINTIFFS　　　　　　　　　　　　　　　(SPIEGEL, J.)
　　　　　　　　　　　　　　　　　　　　　　(HOGAN, M.J.)
VS.

BOARD OF HAMILTON COUNTY
COMMISSIONERS, ET AL.,
    DEFENDANTS

### RESOLUTION OF THE CLAIM OF MICHAEL HARRIS

This matter came on for hearing on July 16, 2008. The Claimants, Michael and Patricia Harris, own a parcel of real estate located at 6750 N. Clippinger Dr. in the Villiage of Indian Hill. The basement of the Harris residence was flooded on or about December 13, 2007. Mr. Harris called the now familiar Roto-Rooter, and Roto-Rooter personnel attempted to rod out the obstruction, but the rod was too short to reach the obstruction. The houses on N. Clippinger are somewhat set back from the road and have rather expansive front yards. Roto-Rooter put a camera in the lateral and located the obstruction at the junction with the main line sewer. Roto-Rooter then advised Mr. Harris to call MSD, which he did. MSD ran their camera through the main line sewer from a manhole to the Harris lateral, but were not able to enter the lateral because of an obstruction at the junction of the Harris lateral.

Mr. Harris testified that he communicated with the private contractor, hired by MSD to dig up the street, remove the tree roots obstructing the lateral and replace the pipe. Mr. Harris was told that the tree, whose roots caused the problem, belonged to a neighbor across N. Clippinger Dr., and that the contractor was replacing both the lateral connection to his residence and the lateral connection to the residence across the street.

The Harris basement, undoubtedly called the lower level, contained a bedroom and family room and was fully carpeted. Mr. Harris documented the loss as totalling $18,387.13, which

included the following:

    Servpro of Southeast Ohio (cleaning and sanitizing) $10,131.41

    Prosource of Cincinnati (carpet replacement)      $ 7,169.72

    McDonough Flooring (carpet installation)         $   785.00

    Roto-Rooter                                                  $   301.00

The Harris residence was covered by a State Farm Policy and Mr. and Mrs. Harris were paid a total of $10,500.00 by the carrier pursuant to the policy terms. They seek to recover the difference between their documented loss and the insurance proceeds, which amount is $7,887.13.

       Mr. Harris testified that he has had his lateral cleaned during his eight-year occupancy of the premises in question and therefore imposes an equal responsibility upon MSD to periodically inspect the main line. His theory is that had MSD conducted such an inspection, the obstruction could have been cleared without causing damage to his residence. Acting upon his assessment, Mr. Harris tendered to the City a settlement offer to resolve his claim for 1/2 of the claimed amount. The City rejected his offer, inprudently so as it turns out.

       Liability in this case hinges upon the precise location of the obstruction. If it is in the lateral or at the junction of the lateral to the main line, the homeowner is responsible for the loss. The lateral in this case is 120 feet long and it attaches to the main line at a depth of 12 feet beneath the street. The MSD report indicates that the rod hit a "rough spot" at 90 feet, that the camera became submerged at 98 feet and that the rod and spear traveled 135 feet into the main line and pulled back tree roots. The Court concludes from both listening to the testimony, reviewing the relevant documents and watching the tape of the camera traversing the lateral, that the tree roots obstructed the lateral and partially obstructed the main line sewer. Thus, we find that Claimant Harris should recover his loss. However, we do not find that the total amount of the Harris loss is recoverable, since fair market value of carpet and not replacement value is the proper measure of damages.

       We estimate the useful life of carpet to be ten years, and since the testimony showed that the carpet in question was 5 years old, its fair market value is estimated to be 50% of replacement value or $3,584.86. Therefore, Mr. and Mrs. Harris shall recover a total of $4,670.86 from the

Defendants in this case.

August 5, 2008

_____
Timothy S. Hogan
United States Magistrate Judge