UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:02CV107 |
| | ) | |
| THE BOARD OF COUNTY COMMISSIONERS, HAMILTON COUNTY, OHIO, et al., | ) ) ) | Senior Judge S. Arthur Spiegel |
| | ) | |
| Defendants. | ) | **STATUS REPORT BY THE** |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) ) | **UNITED STATES, OHIO, AND ORSANCO ON THE WET** |
| STATE OF OHIO, | ) | **WEATHER IMPROVEMENT** |
| | ) | **PROGRAM** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE BOARD OF COUNTY COMMISSIONERS OF HAMILTON COUNTY, OHIO and THE CITY OF CINCINNATI, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

This Status Report is submitted by Plaintiffs United States, State of Ohio, and ORSANCO ("Plaintiffs" or "the Regulators") in response to Sierra Club's July 31, 2008 status report concerning Defendants' Wet Weather Improvement Program ("WWIP"). The Regulators agree with Sierra Club that it is an appropriate time to establish an expeditious schedule to bring the WWIP process to a close and, therefore, request that this Court issue an order for doing so in accordance with the schedule described below.[1]

___

[1] The Regulators disagree with some of Sierra Club's statements in the Status Report. Although it is not necessary in this Status Report to detail these disagreements, one in particular, bears correcting. Sierra Club states that "As this Court is aware, the Decree initially called for

As the Regulators discussed in the Status Report filed on April 16, 2008, Defendants timely submitted the final proposed WWIP (including, inter alia, the Capacity Assurance Program Plan and Long Term Control Plan Update) (hereafter, "the Plans") to the Regulators on June 22, 2006. In the WWIP, the Defendants proposed to spend almost $2 billion over a 22 year period (by the end of December 2029) to address their significant CSO, SSO, and other system conditions. Unfortunately, the Regulators did not believe that these efforts would be sufficient to achieve the compliance requirements of the Decrees. As noted in the April 16th Status Report, the Regulators and Defendants have met in person or held conference calls regularly since the submission of the WWIP. The Regulators have requested the Defendants to perform numerous studies and analyses (and Defendants have complied with these requests) all aimed at reaching agreement on a solution that will lead to compliance "as expeditiously as practicable" and in a manner that is affordable (under EPA's guidance) for the ratepayers. Among other things, the Regulators requested the Defendants to analyze and develop additional or enlarged capital projects to achieve compliance; investigate, conceptually first, whether a significant "green infrastructure" component could assist in meeting Clean Water Act goals; to perform additional more detailed analyses on what green infrastructure could achieve and then to analyze a range of differently sized "green" and "grey" infrastructure options; and to provide additional detailed

---

the Plan to be implemented by 2022 at a projected cost of $1.5 billion." Sierra Club's Status Report at p.5. As the CSO Consent Decree language and this Court's June 9, 2004 Order entering the decrees makes plain, however, the decrees required Defendants to submit the compliance plans with a schedule that was "as expeditious as practicable" and that was no later than February 2022, unless the projected costs exceeded $1.5 billion. In this case, as has happened here, Defendants could propose a longer schedule that still must be "as expeditious as practicable" and be approved by the Regulators. Order, June 9, 2004, pp. 10-11; Consent Decree on Combined Sewer Overflows, Wastewater Treatment Plants and Implementation of Capacity Assurance Program Plan for Sanitary Sewer Overflows, ¶ 9.B.

information concerning Defendants' finances, community finances, and rate and revenue scenarios.

The Regulators believe that throughout this process, both EPA and the Defendants have appropriately kept Sierra Club informed and sought its input. However, this was particularly true with the green infrastructure component and with recent efforts to prioritize capital projects. As to green infrastructure, Sierra Club has been particularly interested in and a major proponent of including a significant green infrastructure component as a means of decreasing the amount of storm water that flows into the sewer system. It is the Regulators' understanding that beginning in 2007, Defendants communicated frequently with Sierra Club and has been interested in obtaining its views on issues pertaining to the WWIP; including such things as WWIP projects, green infrastructure, asset management, and prioritization of projects.

In addition, because the projects in the WWIP will be so expensive and cannot all be built at once, the Regulators believed it was particularly important to have local input on the variety of projects and how they should be prioritized. It is the Regulators' understanding that Defendants and Sierra Club embarked on a more intensive collaboration on these issues beginning in May 2008, and that they have met frequently since then. It is the Regulators' belief that those efforts have largely concluded, and that with Sierra Club's significant input, Defendants have sufficient information to complete the prioritization and "bundling" of projects and the "scoping" of the green infrastructure components that needed to occur prior to the submittal of the Revised WWIP.

Thus, contrary to Sierra Club's suggestion, the Regulators do not believe that additional "discussions about the Plan" are necessary at this point. Rather, it is time to move from the

discussions stage to the "blueprint" stage. It is the Regulators' view, particularly given Sierra Club's recent filing, that Defendants should now focus their efforts on preparing the Revised WWIP for submission to the Regulators, beginning with a Detailed Outline, and that the Regulators and Sierra Club should review this submission, under the following schedule:

- September 19, 2008: Defendants submit Revised WWIP Detailed Outline to Regulators (with copy to Sierra Club);

- October 10, 2008: Sierra Club submits initial comments on Detailed Outline to Regulators (with copy to Defendants). (Sierra Club will be free to submit additional comments later, but the Regulators are interested in Sierra Club's major initial comments within 21 days of the submittal in order for the Regulators to develop a schedule for their review and to gauge whether any additional meetings or other process after submission would be helpful to the Regulators' review.);

- November 7, 2008: Regulators submit Status Report to Court that contains a specific schedule for (a) the Regulators to complete their review and comment on Detailed Outline and (b) Defendants' to formally submit their final Revised WWIP to the Regulators for formal review under the Consent Decrees.[2]

From discussions with Defendants, it is the Regulators' understanding that the cost of implementing the Revised WWIP will exceed $2.5 billion (and may, as Sierra Club notes, cost over $3 billion); that the Revised WWIP will be designed to meet all Clean Water Act and

---

[2] The United States, the State of Ohio, and ORSANCO are vested with the authority to approve or disapprove formal submittals under the decrees. See, e.g., Order, June 9, 2004, at pp. 5, 10-11.

Consent Decree requirements, and will include, among other things, a prioritized list of capital projects, as well as green infrastructure components; will include a schedule that is "as expeditious as practicable;" and that it will include mechanisms to ensure that the ratepayers are not financially overburdened (within the parameters of EPA's financial feasibility guidance). Given the magnitude of this undertaking, the Regulators believe it would be prudent for Defendants to submit an outline of the Revised WWIP prior to revising the entire 24-volume WWIP. The Detailed Outline should set forth the proposed prioritized capital projects, the green infrastructure component, estimated costs of the proposals, a schedule that is "as expeditious as practicable," and revenue/rate proposals and a financial approach that are consistent with EPA's affordability guidance, and should be in sufficient detail with sufficient narrative explanatory language to allow the Regulators to make an informed assessment of the proposal. In this way, the Regulators can provide comments on the basic "blueprint" of the revisions so that the final Revised WWIP can be best targeted to meet the Consent Decrees' requirements for approval.

The Regulators are interested in Sierra Club's views and will consider its comments before issuing theirs. Because at this point, before either the Detailed Outline or Sierra Club's comments have been received, it is impossible to predict accurately the governmental review time that will be needed, the Regulators believe the appropriate course, as suggested above, is to provide this Court with a Status Report on November 7, 2008, after the Detailed Outline and comments have been received and preliminarily reviewed. This Status Report will describe the submittal in brief and will set forth an expeditious schedule for concluding the Regulators' review and comment on the Detailed Outline and for Defendants' submission of the final Revised WWIP.

In conclusion, Plaintiffs request that this Court enter an order setting forth the schedule described above for bringing the WWIP process to a close. A proposed order has been provided to the Court and a copy is attached. Plaintiffs do not believe that the additional requests made by Sierra Club are warranted at this juncture, and should be denied.

    Respectfully submitted,

    RONALD J. TENPAS
    Assistant Attorney General
    Environment and Natural Resources Division
    United States Department of Justice
    Washington, D.C.  20530


    s/Leslie Allen  (p/t/a DW)
    LESLIE ALLEN
    Senior Attorney
    Environmental Enforcement Section
    Environment and Natural Resources Division
    United States Department of Justice
    P.O. Box 7611
    Washington, D.C.  20044-7611
    (202) 514-4114



    GREGORY G. LOCKHART
    United States Attorney
    for the Southern District of Ohio


By:    s/Donetta D. Wiethe
    DONETTA D. WIETHE (0028212)
    Assistant United States Attorney
    221 East Fourth Street
    Suite 400
    Cincinnati, Ohio  45202
    (513) 684-3711
    Fax:  (513) 684-6972
    Donetta.Wiethe@usdoj.gov

OF COUNSEL:

Gary Prichard
Associate Regional Counsel
U.S. EPA, Region 5 (C-14J)
77 West Jackson Blvd.
Chicago, IL 60604-3590

                        FOR STATE OF OHIO:

                        NANCY H. ROGERS
                        Attorney General

By:    s/Margaret A. Malone  (p/t/a DW)
        MARGARET A. MALONE (0021770)
        Assistant Attorney General
        Environmental Enforcement Section
        30 East Broad Street
        25th Floor
        Columbus, Ohio 43215-3400
        (614) 466-2766

                        FOR OHIO RIVER VALLEY WATER
                        SANITATION COMMISSION:

        s/J. Steven Justice  (p/t/a DW)
        J. STEVEN JUSTICE
        Taft, Stettinius & Hollister LLP
        110 N. Main St., Ste. 900
        Dayton, OH 45402
        (937) 228-2838

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Status Report by the United States, State of Ohio, and ORSANCO and its associated attachment, was served on the 20th day of August, 2008, electronically on:

Arthur Walter Harmon, Jr hda@cinci.rr.com

Margaret Ann Malone mmalone@ag.state.oh.us

Dennis David Altman daltman@environlaw.com

Mark Alan Norman lrback@vssp.com, manorman@vssp.com

Nee Fong Chin neefong.chin@hcpros.org

Caleb Brown, Jr cbrownjr@fuse.net

Phillip Jude Smith pjsmith@vssp.com, jasheldon@vssp.com

Joseph Steven Justice justice@taftlaw.com

Louis L McMahon louis.mcmahon@thompsonhine.com

Lance D Himes lhimes@environlaw.com

Terrance A Nestor terry.nestor@cincinnati-oh.gov

Albert J Slap albertslap@slaplaw.com

Jessica Leigh Powell jpowell@lascinti.org

Nicole Lashon Sanders nicole.sanders@cincinnati-oh.gov

Notice has been sent by United States mail to:

Betty J Brown
428 Glenwood Avenue
Cincinnati, OH 45229

Stephanie Mueller
3225 Westbrook Drive
Apartment #1
Cincinnati, OH 45238

Charles Thompson
3294 Greenway Ave
Cincinnati, OH 45248

Ada Washington
11667 Mill Road
Cincinnati, OH 45240

Amy Jo Leonard
D David Altman Co LPA
15 East Eighth Street
Suite 200 W
Cincinnati, OH 45202


                                                s/Donetta D. Wiethe
                                                DONETTA D. WIETHE (0028212)
                                                Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:02CV107 |
| | ) | |
| THE BOARD OF COUNTY COMMISSIONERS, HAMILTON COUNTY, OHIO, et al., | ) ) ) | Senior Judge S. Arthur Spiegel |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | **ODER SETTING STATUS** |
| STATE OF OHIO, | ) | **REPORT FOR WET WEATHER** |
| | ) | **IMPROVEMENT PROGRAM** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE BOARD OF COUNTY COMMISSIONERS OF HAMILTON COUNTY, OHIO and THE CITY OF CINCINNATI, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Having considered the status reports filed by Plaintiffs, Defendants, and Sierra Club, concerning the Wet Weather Improvement Program, this Court orders the following schedule:

- September 19, 2008: Defendants submit Revised WWIP Detailed Outline to Regulators (with copy to Sierra Club);

- October 10, 2008: Sierra Club submits initial comments on Detailed Outline to Regulators (with copy to Defendants). (Sierra Club may submit additional comments in a timely fashion later.)

- November 7, 2008: Regulators submit Status Report to Court with schedule for

      Regulators' review and comment on Detailed Outline and Defendants'

      submission of final Revised WWIP

SO ORDERED.

_____                 _____
Date                                        S. ARTHUR SPIEGEL
                                            United States District Judge