UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,
PLAINTIFF

VS.

BOARD OF HAMILTON COUNTY
COMMISSIONERS, ET AL.,
DEFENDANTS

CASE NO. C-1-02-107
(SPIEGEL, J.)
(HOGAN, M.J.)

**RESOLUTION OF THE CLAIM OF WALTER MEINERT**

The hearing in this case was continued from July 30, 2008 to August 26, 2008 in order to resolve two questions. The first involved possible insurance coverage. That question was conclusively resolved by the presentation of the declarations page of the State Farm policy which covered the premises. The loss sustained in this case was not a covered loss.

The second question involved the precise location of the blocked pipe. This was conclusively resolved by the testimony of Thomas Coyne, the MSD crew chief whose crew replaced the pipe. Mr. Coyne explained that the distance from Mr. Meinert's basement to the main line, a 12 inch clay pipe, was 47 feet, that the blockage was at 37 feet from the basement and within the lateral, a 6 inch clay pipe. The blockage consisted of brown paper towels and condoms.

Mr. Coyne explained that at the point of the blockage, the pipe was sagging and broken. He expressed the opinion that the sagging, and resulting breakage of the 90-year-old pipe, was the result of either the weight of the leaking pipe, filled with water and wet towels or the breakage of the pipe caused by attempting to jet the clogged pipe by the Roto-Rooter plumber employed by Mr. Meinert. It is therefore unlikely that the lateral pipe was broken by another utility company and that the broken pipe prevented the movement of the paper towels through the lateral. Mr. Coyne also explained that his crew excavated under the sidewalk, which is not precisely under the site of the break, in order to avoid a gas line located nearby.

The law controlling this matter is clear. The homeowner's responsibility is to maintain the lateral; the City's responsibility is to maintain the main line. In the event of a blockage in the lateral which has the potential to negatively affect other nearby homeowners, an MSD crew will make the repair to the lateral. While the lateral may run under a sidewalk or street not owned by the homeowner, the responsibility still lies with the homeowner to maintain the lateral.
This claim is resolved in favor of the Defendant City of Cincinnati.


August 26, 2008                                    _____
                                                   Timothy S. Hogan
                                                   United States Magistrate Judge