## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | : | Case No. 1:02-CV-00107 |
| Plaintiff, | : | |
| | : | JUDGE S. ARTHUR SPIEGEL |
| -vs- | : | |
| | : | |
| BOARD OF COUNTY COMMISSIONERS HAMILTON COUNTY, OHIO, et al., | : | **SIERRA CLUB'S RESPONSE TO THE REGULATORS' STATUS REPORT (DOC. 278) AND THE DEFENDANTS' STATUS REPORT (DOC. 279)** |
| Defendant. | : | |

The Sierra Club and Marilyn Wall (collectively, "Sierra Club") file this response to address the schedule proposed in the August 20, 2008 Status Report (Doc. 278) filed by the United States, Ohio, and ORSANCO (the "Regulators") [1].

The Regulators' proposed schedule will further delay implementation of the Wet Weather Improvement Plan ("Plan") and further delay compliance with the Consent Decrees and the Clean Water Act. The "schedule" in the Regulators' August 20, 2008 Status Report does not set deadlines for resubmission of the Plan. Instead, the schedule has a September 19, 2008 deadline for the Defendants' submission of an *outline* of Defendants' eventual revisions to the Plan, with a comment period to follow. Then, a status report regarding the outline would be due on November 7, 2008. No deadline for resubmission of the actual Plan is set. In fact, the Regulators' Status Report states "it is impossible to predict accurately the governmental review time that will be

---

[1] The Status Report filed by the Board of Commissioners of Hamilton County, Ohio and the City of Cincinnati on the Wet Weather Improvement Program (Doc. 279) supports the schedule proposed by the Regulators. Thus, this filing also responds to the City and County's Status Report.

needed" to review the outline. (Doc. 278 p. 5).

Given that it has been over two years since the Plan (which was not approvable) was submitted by MSD to the Regulators, the lack of deadlines for resubmission is especially troubling.[2] Continuing to delay resubmission and eventual implementation of the Plan will further delay needed maintenance and improvements to MSD's infrastructure, will further delay the clean-up of the environment, and will further delay measures essential to protecting public health. For example, the continued delay in implementation prolongs the impacts of sewage contamination[3] on area waterways and potential exposure of area residents to waterborne pathogens.[4]

The Sierra Club respectfully requests, as it did in its July 31, 2008 Status Report

---

[2] It is clear that the Consent Decree did not contemplate such delays. See Paragraph VII. A.3. Under that provision: "U.S. EPA/Ohio EPA/ORSANCO may approve the Long Term Control Plan Update Report **or decline to approve it** and provide written comments. Within 120 days of receiving U.S. EPA/Ohio EPA/ORSANCO's written comments, Defendants shall either: (i) alter the Long Term Control Plan Update Report consistent with U.S. EPA/Ohio EPA/ORSANCO's written comments and submit the Long Term Control Plan Update Report to U.S. EPA/Ohio EPA/ORSANCO for final approval; or, (ii) submit the matter for dispute resolution under Section XXI of this Decree." The Regulators statement in the their August 20, 2008 Status Report (Doc. 278 p. 2) that the 2006 Plan would not "achieve the compliance requirements of the Decrees" indicates that US EPA has apparently "declined to approve" the 2006 Plan. Yet, two years after submission of a plan that was not approvable, there is still no deadline for resubmission.

[3] 14 billion gallons of overflows occur annually. Only a small fraction of the total gallons of overflows has been addressed thus far.

[4] ORSANCO's website discusses the potential impacts posed by sewage in the area's waterways:

> Fecal coliform and *Escherichia coli (E. coli)* bacteria are indicators of the presence of human sewage and other warm-blooded animal feces in the water. Such feces can contain pathogens that can be harmful to human health. When elevated bacteria are present, it can represent an increased risk of contracting waterborne illness as a result of exposure to pathogens while recreating in the water.
> Pathogens are grouped into three categories: bacteria, protozoans, and viruses. Bacteria of concern include E. coli, Salmonella typhi, Salmonella, Shigella, Vibrio cholerae, and Yersinia enterolitica. Bacteria have been known to cause illnesses in humans including Gastroenteritis, Typhoid fever, Salmonellosis, Shigellosis, cholera and Yersinosis. Protozoans of concern include Balantidium coli, Cryptosporidium, Entamoeba histolytica and Giardia lamblia. Viruses of concern include Adenovirus, Enterovirus, Hepatitis A, Reovirus, Rotavirus, Calicivirus and Astrovirus. Effects of these pathogens can include vomiting, diarrhea, fever, ulceration of the small intestine, dehydration, dysentery, abscesses of the liver and small intestine, nausea, indigestion and Jaundice.

(Doc. 265), a court-ordered schedule with firm deadlines for resubmission of the Plan. From there, the US EPA should provide a firm deadline to approve or disapprove the revised Plan.

As a corollary, the Sierra Club is also concerned about the recent projections for implementation of the Plan – i.e., it is Sierra Club's understanding that the currently projected deadline for completion of Plan implementation is 2038. Concerns about increasing sewer rates appear to be the primary factor driving this delay. From the Sierra Club's perspective, cleaning up the environment and protecting public health must take top priority. However, establishing 2038 as the deadline is also ill-advised from a long-term financial perspective. Further delay will likely lead to higher costs to implement the Plan, including higher labor and material costs. Energy costs have dramatically increased construction costs, and this increase is likely to continue, increasing the cost of further delay. For example, an MSD document reflects that costs associated with implementation of a particular project have already gone up by tens of millions of dollars from initial cost projections due to delay that has already occurred. Delaying other aspects of the Plan could lead to similar increases in implementation costs.

For the reasons provided herein and in the Sierra Club's July 31, 2008 filing, the Sierra Club requests that the Court grant the relief requested by the Sierra Club in its July 31, 2008 Status Report.

    Respectfully submitted,

    /s/ D. David Altman_____

    D. David Altman (#0021457)

> D. David Altman Co., L.P.A.
> 15 East 8th St., Suite 200W
> Cincinnati, OH 45202
> Phone: (513) 721-2180
> Fax: (513) 721-2299
> daltman@one.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2008, I caused a true and correct copy of the foregoing response to be filed electronically. Notice of this filing will be sent to the parties in this case by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ D. David Altman
Trial Counsel for Sierra Club and
Marilyn Wall