UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | : : : | |
| Plaintiffs, | : : | NO. 1:02-CV-00107 |
| v. | : : | |
| BOARD OF COUNTY COMMISSIONERS OF HAMILTON COUNTY, OHIO, et al., | : : : : | |
| Defendants. | : : | |
| ------------------------------ | : : | NO. 1:09-CV-00029 |
| BOARD OF COUNTY COMMISSIONERS OF HAMILTON COUNTY, OHIO, | : : : | |
| Plaintiff, | : : | **OPINION AND ORDER** |
| v. | : : : | |
| CITY OF LOVELAND, OHIO, et al., | : : : | |
| Defendants. | : | |

This matter is before the Court on Motion of Defendant City of Loveland, Ohio, ("Loveland") to Suspend Injunction Pending Appeal (doc. 35), the Response by the Board of Commissioners of Hamilton County Ohio (the "Board") and the City of Cincinnati's ("Cincinnati") in Opposition (doc. 37), and Loveland's Reply (doc. 39). For the reasons indicated herein, the Court DENIES Loveland's motion.

In its motion, Loveland seeks relief from this Court's January 14, 2010 Order (doc. 33 in Case No. 1:09-CV-00029), as in its view, a strict interpretation of such Order would preclude it from appealing the dismissal of its state court complaint in the 12th District Court of Appeals of Ohio (doc. 37). It further argues that the Court improperly granted relief not requested, in enjoining it from "attempting to modify the Consent Decree in this matter by collateral attack, through the termination of the 1985 Agreement or otherwise, while Consent Decree obligations are pending" (Id.). Loveland contends such Order deprives it of its right to appeal in state court (Id.).

The Board and Cincinnati respond that the Court's relief was consistent with the relief requested, as in their joint Motion for Judgment on the pleadings, they requested an order holding "that Loveland may not attempt to modify the Consent Decree by collateral attack, through the termination of the 1985 Agreement or otherwise, while Consent Decree obligations are pending" (doc. 37). In any event, the Board and Cincinnati contend Loveland failed to cite any authority showing the Court erred or lacked authority to enter the injuction (Id.). The Board and Cincinnati further contend that a plain reading of the relief Loveland seeks in the state appeals court shows it is a collateral attack on this Court's Order (Id.).

Loveland replies that its state court appeal involves

only state law issues that it should not forfeit the right to pursue in state court after the disposition of the appeal in this case (doc. 39). Loveland expresses that should it be barred from pursuing its state law claims now, such claims may ultimately be time-barred or otherwise lost for reasons other than the merits (Id.).

Having reviewed this matter, the Court finds that all of the issues Loveland currently raises can properly be presented to the Sixth Circuit Court of Appeals, which can always determine whether this Court's injunction is too broad or even dissolve such injunction. Loveland can also present its arguments to the state court of appeals, which can determine whether this Court's Order precludes it from ruling on the appeal from the decision of the Clermont County Court of Common Pleas, or which could in the alternative stay the state court matter pending the outcome of the appeal before the Sixth Circuit Court of Appeals.

Accordingly, the Court DENIES the Motion of Defendant City of Loveland, Ohio, ("Loveland") to Suspend Injunction Pending Appeal (doc. 35).

SO ORDERED.

Dated: March 2, 2010    /s/ S. Arthur Spiegel
                        _____
                        S. Arthur Spiegel
                        United States Senior District Judge