UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>    Plaintiffs<br><br>vs<br><br>BOARD OF HAMILTON COUNTY<br>COMMISSIONERS, et al.,<br>    Defendants | Case No. 1:02-cv-107<br>Spiegel, J.<br>Litkovitz, M.J.<br><br><br>**ORDER RE: REQUEST<br>FOR REVIEW BY<br>THOMAS LLOYD** |

This matter is before the Court on the Request for Review of the denial of a Sewer Back Up ("SBU") claim by Thomas Lloyd. (Doc. 519). Mr. Lloyd seeks compensatory damages from the Metropolitan Sewer District of Greater Cincinnati ("MSD") for water backup into his basement.

Mr. Lloyd's request for review is filed under the Sewer Back Up[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer Systems or caused by blockages in occupants' own lateral sewer lines.

(Doc. 131, Consent Decree, Exhibit 8 at 1). In determining the cause of SBU, MSD must

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Back Up" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

exercise its good faith reasonable engineering judgment and consider the following non-exclusive factors: amount of precipitation, property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Exhibit 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.*

Mr. Lloyd is the owner of the property located at 6822 Roe Street, Cincinnati, Ohio. Mr. Lloyd's basement flooded on April 23, 2011, following a rain event. He contacted MSD, who investigated by running a video camera through the sewer lines to determine if there were any blockages. MSD denied Mr. Lloyd's claim, finding that the back-up of water into his property was the result of a blockage in the private sewer line and not a problem in the public sewer. Mr. Lloyd disputes MSD's finding and states that he was repeatedly advised by MSD workers that the video taken by MSD was of the public sewer line, and not his private lateral line. As relief, he requests $5,129.00 for water removal, drain cleaning, damaged building materials, and personal property damage.

MSD presents evidence that in response to Mr. Lloyd's call regarding the April 23, 2011 event, MSD recorded by video camera the private sewer lateral line only, and not the public sewer main line. (Doc. 563, Exhibit A). MSD investigated the back-up problem at Mr. Lloyd's property on April 27, 2011, by attempting to record the building sewer, but the investigation had to be abandoned after eleven feet due to grease blockages, and the property was referred for flushing of the building sewer by MSD. (Doc. 563, Exhibit A, p.1). On May 7, 2011, MSD returned to the property to resume recording the sewer, but the camera was again unable to make

it past the eleven foot location due to grease blockages. (Id., Exhibit A, pp. 2, 4). The property was then referred for rootcutting of the building sewer by MSD. (Id., Exhibit A, p. 2). After the rootcutting was completed, MSD returned to the property on May 7, 2011, to continue recording the building sewer. With the grease deposits removed, the crew was able to reach the right-of-way with the camera. (Exhibit A, p. 3). On May 19, 2011, MSD installed a two-way cleanout using "vac-a-tee" technology, part of its standard procedure. MSD states that no other homes within a half-mile of the Lloyd property experienced a backup on the date in question. Based on MSD's investigation and the apparent grease blockage of the lateral sewer line, MSD denied Mr. Lloyd's claim on June 6, 2011.

In connection with his appeal, Mr. Lloyd submitted a video taken by MSD which he states shows the main public sewer line and not the lateral line. At the July 24, 2012 hearing of this matter, the Court viewed the video taken by MSD. Tom Fronk, an Engineering Technical Supervisor with MSD's Special Investigations Division, testified that his duties include viewing video of MSD sewers on a daily basis and he recognized the video as one of the lateral line based on the cable and launch camera utilized. In addition, the documentation presented by MSD to the Court indicates that the video was of the lateral, and not the public, sewer line. (Doc. 563, attachments). Based on the evidence presented, the Court is satisfied that the video is in fact of Mr. Lloyd's lateral line and not the public sewer line.

Under the SBU program governed by the Consent Decree, homeowners who seek review of the denial of an SBU claim bear the burden of proof of showing that the backup of wastewater into their property was due to inadequate capacity in MSD's sewer system and not due to blockages in the occupant's own lateral sewer lines. (Doc. 131, Consent Decree, Exhibit 8 at 1).

3

Here, Mr. Lloyd has not shown that any wastewater backup into his basement was caused by inadequate capacity in MSD's sewer system. MSD has presented evidence that the contemporaneous investigation of Mr. Lloyd's claim disclosed a grease blockage in the lateral line which is the responsibility of the homeowner. In addition, there is no evidence of any signs of sewer discharge from the main sewer line and MSD received no other complaints of sewer backups in the vicinity of 6822 Roe Street at the time of Mr. Lloyd's reported backup to substantiate a problem with the public sewer line. The Court appreciates the frustration which Mr. Lloyd feels by being told the video was of the main sewer line by MSD workers. However, the evidence before the Court shows the blockage occurred in the lateral line which is the homeowner's responsibility. Any flooding of Mr. Lloyd's basement was not the result of a capacity-related problem with the main sewer line, but rather was caused by a blockage in the lateral line for which the homeowner is responsible. There is insufficient evidence to show that the cause of the flooding to Mr. Lloyd's basement resulted from inadequate capacity in MSD's Sewer System. Therefore, the Court denies Mr. Lloyd's claim in this case.

**IT IS SO ORDERED.**

Date: 8/16/2012

Karen L. Litkovitz, Magistrate Judge
United States District Court

4