# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>  Plaintiffs<br><br>vs<br><br>BOARD OF HAMILTON COUNTY<br>COMMISSIONERS, et al.,<br>  Defendants | Case No. 1:02-cv-107<br>Spiegel, J.<br>Litkovitz, M.J.<br><br><br>ORDER RE: REQUEST<br>FOR REVIEW BY<br>ZINA HARRIS |

This matter is before the Court on the Request for Review of the denial of a Sewer Back Up ("SBU") claim by Zina Harris. (Docs. 538, 571). Ms. Harris seeks compensatory damages from the Metropolitan Sewer District of Greater Cincinnati ("MSD") for sewer backup into her basement on September 8, 2009.

Ms. Harris's request for review is filed under the Sewer Back Up[1] program (formerly known as the Water-in-Basement Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer Systems or caused by blockages in occupants' own lateral sewer lines.

(Doc. 131, Consent Decree, Exhibit 8 at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable engineering judgment and consider the following non-

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Back Up" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

exclusive factors: amount of precipitation, property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Exhibit 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.*

As an initial matter, the Court notes that there is no dispute that the cause of damage to Ms. Harris's property was an MSD sewer backup. The only issues in this case are whether Ms. Harris's claim is barred by the statute of limitations and, if not, the amount of compensation for her property loss.

Ms. Harris is the owner of the property located at 29 Hartwell Court, Cincinnati, Ohio. On September 8, 2009, raw sewage backed up into Ms. Harris's basement resulting in damage to her personal property.

On September 16, 2011, Ms. Harris made a claim for damages for the September 2009 sewer backup into her basement. On October 6, 2011, MSD denied Ms. Harris's claim as barred by the two-year statute of limitations.

Ms. Harris acknowledges that she filed her claim with MSD one week after the two-year statute of limitations for SBU claims expired. However, Ms. Harris argues that a number of extenuating circumstances should excuse her untimely filing. Ms. Harris alleges that she was not given proper notification that MSD was going to remove her personal property from her house as part of the cleaning process; that her mother, who suffers from Alzheimer's disease, was the only person present when the clean-up crew arrived and she did not have the mental capacity to consent to the removal of personal property from the basement; that she felt victimized by the

2

entire experience and believes the cleaning crew stole some of her personal property; and that MSD failed to promptly give her proper documentation to file a claim and she experienced great difficulty completing the forms once she received them.

MSD contends that Ms. Harris's claim is barred by the statute of limitations and that equitable tolling of the statute is not warranted. MSD asserts that Ms. Harris was notified by its cleaning contractor, ETC, Inc., "pursuant to ETC standard operating procedure," what she could expect from the cleaning appointment, including the fact that contaminated items would be hauled away. (Doc. 565 at 2). MSD also asserts that Ms. Harris did not notify MSD or ETC that her mother suffered from Alzheimer's Disease or was otherwise incapable of authorizing the work and removal of items. MSD presents a form signed by Ms. Harris's mother, Maria Harris, granting permission to enter the home for inspection, cleaning, and removal of damaged items. (Doc. 565, Ex. B). Mr. Abbott, the ETC customer service representative who obtained permission to enter from Maria Harris, testified at the hearing of this matter. Mr. Abbott stated that he did not have any reason to believe that Maria Harris lacked the mental capacity to understand the cleaning process or to give her consent for the cleaning crew to enter the home and remove damaged items. Mr. Abbott photographed and inventoried the damaged items removed from the Harris home. (Doc. 565, Exs. C and D). John Winther of Flood Restoration, the company hired to conduct the actual cleaning and removal of damaged items from Ms. Harris's home, also testified at the hearing. Mr. Winther was present at the cleaning of the Harris home the entire time. He did not recall the removal of any items that were not photographed, with the exception of a suitcase in a closet in the finished area of the basement that contained textiles. This item did not appear on the initial disposal report, but was disposed of due to

3

contamination from sewage back up. Flood Restoration invoiced MSD for a single truckload of items removed from the Harris home. (Doc. 565, Ex. E). On September 9, 2009, Ms. Harris contacted Rahn Wuest, Wastewater Collections Supervisor in charge of Customer Service and SBU Response, and requested guidance on how she could obtain the list of items removed from her home. Mr. Wuest directed her to contact ETC for further information and documentation of what was taken. A compact disc of the recorded telephone call was submitted to the Court at the hearing of this matter. MSD states that neither its records nor ETC's records reflect any further interaction with Ms. Harris about the claims process or the documents necessary to file a claim.

Although Ms. Harris's claim was filed one week late, the Court finds that the statute of limitations should be tolled in this case. Statutory tolling is appropriate under Ohio Rev. Code § 2305.16. That statute provides, in relevant part:

> Unless otherwise provided in sections 1302.98, 1304.35, and 2305.04 to 2305.14 of the Revised Code, if a person entitled to bring any action mentioned in those sections, . . . is, at the time the cause of action accrues, within the age of minority or of unsound mind, the person may bring it within the respective times limited by those sections, after the disability is removed. **When the interests of two or more parties are joint and inseparable, the disability of one shall inure to the benefit of all.** . . .

Ohio Rev. Code § 2305.16 (emphasis added).

In this case, the evidence shows that the interests of Zina and Maria Harris are joint and inseparable and that Maria Harris's disability, Alzheimer's disease, qualifies for tolling of the statute of limitations under § 2305.16. The undisputed evidence shows that Maria Harris has suffered from "severe Alzheimer's dementia" since 2008 and that she is unable to make her own medical or financial decisions. (Doc. 538, Dec. 1, 2011 Report from Dr. Robert V. Ellis, M.D.). Zina Harris has been Maria's primary caregiver throughout this time. *Id.* Zina Harris testified at

4

the hearing that she has labeled items throughout the house as reminders for her mother and that anyone interacting with her mother should have discerned her lack of mental abilities. Ms. Harris testified that her mother was not capable of making an informed decision about removal of items from the home. Zina Harris described her mother as a person who hoards items and that items she acquired were never thrown away or disposed of, but were stored in the basement. (Doc. 571 at 2). The homeowners' insurance policy submitted by Ms. Harris indicates that both Zina and Maria Harris are the owners of the property located at 29 Hartwell Court. From this evidence, the Court reasonably infers that some of the items damaged and disposed of as a result of the sewer back up on September 8, 2009, belonged to Maria Harris or to Zina and Maria Harris jointly. The Court therefore considers the claim for property damage filed by Zina Harris as being filed on behalf of both Zina and Maria Harris. As Maria Harris's disability (unsound mind) entitles her to tolling of the statute of limitations, the claim filed by Zina Harris is likewise tolled. *See* § 2305.16. Ms. Harris filed her claim only one week after the two-year statute of limitations expired. Therefore, even though Ms. Harris's claim was untimely, she is entitled to tolling of the statute of limitations in this matter. Therefore, Ms. Harris may be compensated for the damage to the personal property caused by the MSD sewer backup on September 8, 2009.

Next, the Court turns to an evaluation of the damages claimed by Ms. Harris in this case. Ms. Harris seeks in excess of $8,000 in damages for the loss of personal property. It appears that Ms. Harris based her claim for damages on the replacement value of the items lost. However, damages for SBU claims are determined based on the market value of personal property as of the date of loss and not on the original purchase price or cost of replacement.

MSD values the loss of personal property at $1,725.42. MSD also disputes Ms. Harris's

5

claim for damages for items not on MSD's original disposal list, contending that MSD is not responsible for items not on the list.

After careful review, the Court awards damages for the loss of personal property as follows:

2 bookcases: $56.00

Headboard: $550.00

Drill, 2 batteries: $80.00

Lawn chair: $25.00

Top soil: $5.44

Broom: $10.00

Suitcase (large, wheeled): $75.00

Clothes inside suitcase: $250.00

Organ: $250.00

2 garbage bags of clothes: $300.00

Ice melter: $24.96

7 fence boards: $35.00

GT Xpress: $28.00

Portable garment rack: $18.00

Folding garment rack: $15.00

Storage closet: $28.00

2' x 3' cork board: $20.00

American camper dome tent: $69.88

6

      166 sq. feet carpet: $410.00

Total: $2,250.28

      Ms. Harris also seeks damages for vacuum and steam cleaners, toys and tennis balls, electric car battery starters, and record albums. These items were not documented by MSD either in writing or by photograph. Therefore, the Court denies compensation for these claims.

      In conclusion, the Court awards $2,250.28 to Ms. Harris for the damages sustained in this case.

      **IT IS SO ORDERED.**

Date: _11/16/12_

Karen L. Litkovitz, Magistrate Judge
United States District Court