# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>    Plaintiffs | Case No. 1:02-cv-107<br>Spiegel, J.<br>Litkovitz, M.J. |
| vs | |
| BOARD OF HAMILTON COUNTY<br>COMMISSIONERS, et al.,<br>    Defendants | **ORDER RE: REQUEST<br>FOR REVIEW BY<br>MARILYN EISBROUCH** |

This matter is before the Court on the Request for Review of the denial of a Sewer Back Up ("SBU") claim by Marilyn Eisbrouch. (Doc. 552). Ms. Eisbrouch seeks compensatory damages from the Metropolitan Sewer District of Greater Cincinnati ("MSD") based on MSD's failure to provide her plumber with the necessary information to repair a major sewage problem in her home in February 2012.

Ms. Eisbrouch's request for review is filed under the Sewer Back Up[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer Systems or caused by blockages in occupants' own lateral sewer lines.

(Doc. 131, Consent Decree, Exhibit 8 at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable engineering judgment and consider the following non-exclusive factors:

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Back Up" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

amount of precipitation, property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Exhibit 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.*

Ms. Eisbrouch is the owner of property at 3934 Oakpark Place, Cincinnati, Ohio. In early February 2012, Ms. Eisbrouch discovered a backup of sewage into her basement. On February 6, 2012, a private plumber hired by Ms. Eisbrouch arrived at her home and was met by MSD workers. The plumber was advised by the MSD workers that the building lateral from Ms. Eisbrouch's house was not connected to the MSD public line, which later proved to be inaccurate, and MSD had no records verifying a connection to the public sewer line. It was later determined that Ms. Eisbrouch's building lateral line was connected to a private sewer line which then connected to the main sewer several houses away. Whoever constructed Ms. Eisbrouch's private sewer line did not provide MSD with a drawing indicating its location or the location of Ms. Eisbrouch's tap into that private line. Approximately one week after Ms. Eisbrouch's plumber had expended a significant amount of time and effort determining the cause and location of the backup, it was discovered that Ms. Eisbrouch's house was in fact connected to MSD's public sewer line via the private line.

Ms. Eisbrouch states she paid an additional $3,000.00 in unnecessary plumbing expenses caused by MSD's failure to properly investigate the sewer line issue and confirm that her house was in fact connected to the public sewer system. Ms. Eisbrouch submitted a claim to MSD for the $3,000.00 she paid for the extra week's worth of labor by her plumber.

MSD denied the claim, finding that the sewer backup was caused by a blockage in Ms.

Eisbrouch's private line which needed to be resolved by her plumber. MSD also found that the lack of MSD records should not have prolonged the work performed by Ms. Eisbrouch's plumber and that the cause of the delay was the plumber's own reluctance to act on his own findings.

Ms. Eisbrouch's appeal must be denied. As the claimant in this case, Ms. Eisbrouch bears the burden of proof of showing that the backup of sewage and any damage was caused by a problem with the main sewer line maintained by MSD and not an obstruction in the lateral line for which she is responsible. (Doc. 131, Consent Decree, Exhibit 8 at 1) ("The Claims Process is not intended to address water in buildings caused by . . . blockages in occupants' own lateral sewer lines."). The evidence shows that there were three blockages in Ms. Eisbrouch's lateral line. (Doc. 552, p. 8). Under the consent decree in this case, recovery may not be had for damages caused by blockages in the occupant's own lateral sewer lines. Given the undisputed evidence of an obstruction in the lateral line, the Court must deny Ms. Eisbrouch's claim for recovery of the additional expenditures. The additional expenses incurred by Ms. Eisbrouch were not related to a problem in the main sewer line, but were related to a blockage in the lateral line for which MSD is not responsible. The Court appreciates the frustration that a homeowner like Ms. Eisbrouch must feel given the circumstances, but the Court is constrained by the parameters of the Consent Decree in awarding damages. She cannot recoup her losses through the federal Consent Decree governing SBU claims. Therefore, the Court denies the claim in this case.

**IT IS SO ORDERED.**

Date: 11/19/2012

Karen L. Litkovitz, Magistrate Judge
United States District Court

3