UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA, et al.,
    Plaintiffs,

vs.

BOARD OF HAMILTON COUNTY
COMMISSIONERS, et al.,
    Defendants.

Case No. 1:02-cv-107
Spiegel, J.
Litkovitz, M.J.

**ORDER DENYING MOTION FOR
RECONSIDERATION OF REQUEST
FOR REVIEW BY ADA BARNES**

This matter is before the Court on the Metropolitan Sewer District of Greater Cincinnati's ("MSD") motion for reconsideration of the Magistrate Judge's decision of March 12, 2013 regarding the Request for Review of a Sewer Backup ("SBU") claim by Ada Barnes. (Doc. 600).

The Magistrate Judge sustained Ms. Barnes' appeal of MSD's denial of her claim for personal property damages resulting from a January 17, 2012 sewer backup event. (Doc. 598). The Court determined that the damage to Ms. Barnes' property is compensable under the terms of the Consent Decree under the circumstances presented by Ms. Barnes' appeal. The Court therefore remanded the matter to MSD for an evaluation of the amount of damages to be awarded to Ms. Barnes on her appeal. (*Id.* at 6).

MSD seeks reconsideration of the decision sustaining Ms. Barnes' appeal, arguing that the Court lacks jurisdiction to award damages because the damage to Ms. Barnes' property does not fall within the terms of the Consent Decree. The Court disagrees and finds no basis for reconsidering its decision in this matter.

As a general rule, motions for reconsideration are not favored unless the movant demonstrates: "(1) a manifest error of law; (2) newly discovered evidence which was not

available previously to the parties; or (3) intervening authority." *Meekison v. Ohio Dept. of Rehabilitation and Correction,* 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citing *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)). In this case, MSD has not presented the Court with any intervening change of controlling law or submitted new evidence which was not previously available to the parties. Nor has MSD shown a need to correct a clear error or to prevent manifest injustice. Instead, MSD has simply reargued the issues upon which it was unsuccessful on the original appeal, albeit from a different angle.

At the time of the initial appeal, MSD conceded that Ms. Barnes' claim fell under the terms of the Consent Decree. MSD stated it denied Ms. Barnes' claim "[b]ecause the property owner did not notify MSD and it did not otherwise have knowledge that the portion of the building sewer within the public right of way required repair. . . ." (Doc. 580, ¶ 7). MSD argued that it "is not responsible for sewer repair *or backups resulting from a broken lateral in the right-of-way* ***until*** such time as it receives notice from the property owner." (Doc. 580 at 3) (emphasis added). MSD asserted that "because the January 17, 2012 sewer backup event at Ms. Barnes' home was caused by a damaged building sewer within the public right-of-way, and MSD *did not have notice of its responsibility for repair*, Ms. Barnes' claim should be dismissed." (*Id.*) (emphasis added). Essentially, MSD argued that the lack of notice precluded Ms. Barnes' claim for damages. The Court disagreed with MSD on the notice issue and determined that under the facts of Ms. Barnes' appeal, as presented by the parties in their briefs and at the hearing of this matter, and as set forth in the Court's decision (Doc. 598), MSD's actions fell squarely under the provision of the Consent Decree making MSD responsible for "backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System." (Doc.

2

131, Consent Decree, Exhibit 8 at 1).

In its motion for reconsideration, and contrary to its position on the initial appeal, MSD now argues that Ms. Barnes' claim does not fall under the Consent Decree because the damages she sustained did not "arise from" the SBU program. MSD cites to Judge Spiegel's May 2011 Order clarifying that "under the Consent Decree in this case, the Magistrate Judge has jurisdiction to hear any matter in dispute between homeowners and the Metropolitan Sewer District arising from the Sewer Back Up program." (Doc. 509 at 1). Although the issue Judge Spiegel addressed in that Order was whether the Magistrate Judge's jurisdiction extended to disputes between homeowners and MSD about the scope of preventative devices (Doc. 509), MSD reads the "arising from" language as a limit on the Court's authority to review Ms. Barnes' appeal. MSD argues that the SBU claims program is limited to backups caused by lack of capacity or negligent maintenance of the *public* sewer and because Ms. Barnes' property damage was caused by a damaged *private* lateral line, it does not "arise from" the SBU program or fall under the terms of the Consent Decree. (Doc. 600 at 3).

The Court disagrees for the reasons more fully discussed in its previous decision on Ms. Barnes' appeal. MSD was responsible for the repair of the building sewer in the public right of way under MSD's Rules and Regulations. (Doc. 580, Ex. C, Section 2008, MSD Rules and Regulations). As previously explained by the Court, MSD bears the responsibility for the damage in Ms. Barnes' case because MSD's own crew suspected a problem with the lateral and issued a specific work order to investigate the portion of the lateral which MSD is responsible for repairing, but then failed to act on that work order in a timely manner. Under the particular circumstances of Ms. Barnes' case, MSD's actions are covered by the portion of the Consent

3

Decree making MSD responsible for "backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System." (Doc. 131, Consent Decree, Exhibit 8 at 1).

To the extent MSD argues that even if Ms. Barnes' claim falls within the terms of the Consent Decree, MSD followed standard procedure, was not negligent, and was not liable for the backup (Doc. 600 at 3-4), MSD has presented no evidence on this issue, let alone "newly discovered evidence which was not available previously to the parties." *Meekison,* 181 F.R.D. at 572. MSD's arguments about the procedures it follows and the routine nature of work orders and TV inspections are not supported by any evidence. There is nothing before the Court indicating this was information MSD did not have or could not present at the time of the initial appeal.

MSD has not alleged any other facts or cited any legal authority which suggests that reconsideration of the Court's previous Order sustaining Ms. Barnes' claim is warranted. Therefore, the Court **DENIES** MSD's motion for reconsideration.

**IT IS SO ORDERED.**

Date: 4/25/13

Karen L. Litkovitz, Magistrate Judge
United States District Court