# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>Plaintiffs,<br><br>vs.<br><br>BOARD OF HAMILTON COUNTY<br>COMMISSIONERS, et al.,<br>Defendants. | Case No. 1:02-cv-107<br>Barrett, J.<br>Litkovitz, M.J.<br><br>**ORDER RE: REQUEST<br>FOR REVIEW BY<br>JOHNDA KEUFFER** |

This matter is before the Court on the Request for Review of the denial of a Sewer Backup ("SBU") claim by Johnda Keuffer (Doc. 847) and the response of the Metropolitan Sewer District of Greater Cincinnati ("MSD") (Doc. 893). Ms. Keuffer requests review of the denial of her SBU claim without a hearing. (Doc. 847 at 2).

Ms. Keuffer's request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer Systems or caused by blockages in occupants' own lateral sewer lines.

(*Id.* at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

engineering judgment and consider the following non-exclusive factors: amount of precipitation, property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.* Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

As an initial matter, the Court notes that there is no dispute that the cause of damage to Ms. Keuffer's property was an MSD sewer backup. The only issue in this case is the amount of compensation for her property loss.

Ms. Keuffer is the owner of the property located at 4200 Eileen Avenue, Cincinnati, Ohio. On August 28, 2016, Ms. Keuffer experienced an SBU incident in her basement which resulted in damage to her personal and real property. Ms. Keuffer made a claim for damages to MSD for the August 2016 sewer backup into her basement. An adjuster evaluated Ms. Keuffer's claim submittal and, in compliance with Ohio Rev. Code § 2744.05(B)(1), deducted the $10,000.00 she received from her insurance carrier from the calculated total damages. MSD's adjuster found that this resulted in a negative balance and that Ms. Keuffer had been fully compensated for her losses. MSD issued a denial letter on December 8, 2016. After further negotiations, Ms. Keuffer was offered a $500.00 settlement amount to reimburse her for her insurance deductible. Ms. Keuffer rejected the offer and filed this appeal.

The Court turns to an evaluation of the personal and real property damages claimed by Ms. Keuffer in this case. Ms. Keuffer's insurance company made a detailed assessment of the cost estimates for replacement or repair of her real property and reimbursement for personal property loss based on the items' depreciated value. Ms. Keuffer was reimbursed $10,000.00 by her insurance carrier and she now seeks $11,032.75 in compensation for the items she alleges were not covered by her insurance claim.

Ms. Keuffer seeks $3,100.00 for repairs to her real property by Godley Construction. Her insurance carrier valued the cost of real property repair or replacement at $3,197.06. The Court accepts the value assessed by the insurance carrier as fair and reasonable.

Ms. Keuffer also claims expenses of $475.00 for Tim Hughes, to "test, repair, [and] replace electric outlets." (Doc. 847 at 2). However, there is no documentation for the work performed by Mr. Hughes. Therefore, the Court declines to award any compensation for this item.

Ms. Keuffer seeks $4,992.46 in damages for the loss of personal property. This amount represents the replacement value of the property ($12,381.06) less the depreciated value ($7,388.60) assessed by Ms. Keuffer's insurance carrier. *See* Doc. 893-2 at 27. Ms. Keuffer bases her claim for damages on the replacement value of the items lost. However, damages for SBU claims are determined based on the market value of personal property *as of the date of loss* (the depreciated value) and not on the original purchase price or cost of replacement. Therefore, Ms. Keuffer is not entitled to additional compensation for the loss of personal property based on the replacement value. However, Ms. Keuffer is entitled to the depreciated value of utility tubs, storage bins, and wire shelving in the amount of $70.97 as assessed by MSD's adjuster. Ms.

Keuffer also seeks $439.23 in damages for laundry supplies, paint, and safety and cleaning equipment, but these items have already been covered in the estimate provided by her insurance carrier for household items. *See* Doc. 893-2 at 27. Therefore, the Court declines to award further compensation for these items.

Ms. Keuffer seeks $1,348.64 in damages for cleanup by Icon Property Restoration. Although some of the tasks associated with cleaning the property were included in the insurance carrier's estimate ($769.28) and factored into MSD's calculation of damages, MSD's calculation underestimates the actual costs of cleanup relating to the emergent nature and scope of the cleanup. Therefore, the Court awards Ms. Keuffer the difference of $579.36.

The Court agrees with Ms. Keuffer and MSD that Ms. Keuffer is entitled to the $500.00 insurance deductible.

Finally, the Court notes that MSD properly valued the washer and dryer at the depreciated value and not the replacement cost. Therefore, the Court adopts as fair and reasonable the MSD's adjuster's estimate of $324.50 for the dryer and $299.50 for the washer.

In sum, the Court awards damages for the loss of real and personal property as follows:

- Personal property excluding replacement value of dryer and washer ($7,388.60 assessed by insurance carrier less replacement value of the washer and dryer): $6,140.60
- Dryer (depreciated value): $324.50
- Washer (depreciated value): $299.50
- Real property damage: $3,197.06
- Utility tubs, storage bins, wire shelving (depreciated value): $70.97
- Deductible: $500.00
- Icon Property Restoration differential (Original estimate of $1,348.64 less value of cleanup assessed by insurance carrier of $769.28): $579.36

Total award: $1,111.99 ($11,111.99 total of real and personal property loss minus $10,000.00 insurance payment).

In conclusion, the Court awards **$1,111.99** to Ms. Keuffer for the damages sustained in this case.

**IT IS SO ORDERED**.

Date: 5/9/17

Karen L. Litkovitz, Magistrate Judge
United States District Court