# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>Plaintiffs,<br><br>vs.<br><br>BOARD OF HAMILTON COUNTY<br>COMMISSIONERS, et al.,<br>Defendants. | Case No. 1:02-cv-107<br>Barrett, J.<br>Litkovitz, M.J.<br><br>ORDER RE: REQUEST<br>FOR REVIEW BY<br>MARY DALE |

This matter is before the Court on the Request for Review of the denial of a Sewer Backup ("SBU") claim by Mary Dale (Doc. 868) and the response of the Metropolitan Sewer District of Greater Cincinnati ("MSD") (Doc. 906). On May 18, 2017, the Court held a hearing on Ms. Dale's request for review of the denial of her SBU claim.

Ms. Dale's request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer Systems or caused by blockages in occupants' own lateral sewer lines.

(*Id.* at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable engineering judgment and consider the following non-exclusive factors: amount of precipitation,

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.* Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

As an initial matter, the Court notes that there is no dispute that the cause of damage to Ms. Dale's property was an MSD sewer backup. The only issue in this case is the amount of damages for Ms. Dale's property loss.

Ms. Dale is the owner of the property located at 308 East University Avenue, Cincinnati, Ohio. On August 28, 2016, Ms. Dale experienced an SBU incident in her basement which resulted in damage to her real and personal property. Ms. Dale made a claim for damages to MSD for the August 2016 sewer backup into her basement. MSD's adjuster valuated the real and personal property loss of the building and its contents at $5,233.00. (Doc. 906-4 at 4). MSD offered Ms. Dale this amount in settlement of her claim. Ms. Dale rejected the offer and filed this appeal.

At the hearing of this matter, Ms. Dale testified that she disputes MSD's failure to award her compensation for the $700.00 plumbing charge to replace a gas line in her house. MSD disallowed this expense after it was advised by a representative from the plumbing company that the repair to the gas piping was due to aging gas piping and not a sewer backup. Ms. Dale

disagreed with this assessment, and the Court granted Ms. Dale an extension of time of three weeks to submit additional information showing this expense was due to a sewer backup. To date, more than three weeks later, Ms. Dale has failed to supplement her claim with any additional information. The burden of proof is on the claimant seeking reimbursement for damaged property. Because Ms. Dale has not submitted any additional information calling into question MSD's evidence that the replacement of Ms. Dale's gas piping was not due to a sewer backup, the Court must deny reimbursement for this expense.

Ms. Dale also disputes the amount of compensation for damaged bedding and men's clothing. Damages for SBU claims are determined based on the market value of personal property *as of the date of loss* (the depreciated value) and not on the original purchase price or cost of replacement. MSD properly valuated Ms. Dale's personal property, including the bedding and men's clothing, at the depreciated value. The Court adopts as fair and reasonable the MSD's adjuster's estimate of $5,233.00 for Ms. Dale's property loss. (Doc. 906-4 at 4).

In conclusion, the Court awards **$5,233.00** to Ms. Dale for the damages sustained in this case.

**IT IS SO ORDERED**.

Date: 6/20/17

Karen L. Litkovitz, Magistrate Judge
United States District Court