# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br> Plaintiffs, <br><br> vs. <br><br> BOARD OF HAMILTON COUNTY <br> COMMISSIONERS, et al., <br> Defendants. | Case No. 1:02-cv-107 <br> Barrett, J. <br> Litkovitz, M.J. <br><br> **ORDER RE: REQUEST <br> FOR REVIEW BY <br> SHERRICE HARRISON** |

This matter is before the Court on the Request for Review of the denial of a Sewer Backup ("SBU") claim by Sherrice Harrison (Doc. 851) and the response of the Metropolitan Sewer District of Greater Cincinnati ("MSD") (Doc. 960). Mrs. Harrison requests review of the denial of her SBU claim without a hearing. (Doc. 851 at 2).

Mrs. Harrison's request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer Systems or caused by blockages in occupants' own lateral sewer lines.

(*Id.* at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable engineering judgment and consider the following non-exclusive factors: amount of precipitation,

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.* Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

As an initial matter, it appears MSD is not disputing that Mrs. Harrison's property experienced an SBU that is subject to the claims process under the Consent Decree. (Doc. 960 at 2-3). Rather, MSD disputes the amount of compensation sought by Mrs. Harrison. Therefore, the only issue in this case is the amount of damages for Mrs. Harrison's property loss.

Mrs. Harrison is the owner of the property located at 1331 Avon Drive, Cincinnati, Ohio. On August 28, 2016, Mrs. Harrison experienced an SBU incident in her basement which resulted in damage to her real and personal property. Mrs. Harrison made a claim for damages to MSD for the sewer backup. MSD's adjuster valuated the real and personal property loss of the building and its contents at $5,467.70. (Doc. 960-4 at 5). In compliance with Ohio Rev. Code § 2744.05(B)(1), the adjuster deducted the $5,250.00 Mrs. Harrison received from her insurance carrier from the calculated total damages, leaving a balance of $217.70. MSD offered Mrs. Harrison this amount in settlement of her claim. She rejected the offer and, in an effort to expedite the settlement of this claim, MSD increased the offer to $500.00, the amount of Mrs.

Harrison's insurance deductible. (Doc. 960 at 3). Mrs. Harrison rejected the revised offer and filed this appeal.

Mrs. Harrison disputes the amount of compensation MSD offered for the basement build-back cost. In connection with her SBU claim, Mrs. Harrison submitted two contractor estimates for the same scope of work: one for $7,757.50 (Doc. 960-3 at 13) and another for $4,644.00 (Doc. 960-3 at 15). In addition, Mrs. Harrison's insurance carrier provided an estimate of $6,308.07,[2] which included an estimate for basement build-back, cleaning, and mitigation costs. (Doc. 960-4 at 6-15). MSD's adjuster factored the lower contractor estimate ($4,644.00) into its assessment of the damages.

The Court finds that MSD's adoption of the lowest contractor estimate of $4,644.00 is fair and reasonable. This estimate is comparable to the most detailed estimate for the basement build-back, which was provided by Mrs. Harrison's insurance company, once cleaning and mitigation costs are factored out. The insurance estimate was created on August 29, 2016, before the property was cleaned by MSD's contractor, Ohio Valley Restoration. On September 4, 2016, Ohio Valley Restoration provided cleaning services for Mrs. Harrison's property by arrangement with MSD and at MSD's expense.[3] (Doc. 960-2 at 4). Subtracting the estimate of $1,777.97 for cleaning services[4] from the insurance company's estimate of $6,308.07 yields a replacement and rebuild value of $4,530.10. The estimate adopted by MSD's adjuster ($4,644.00) is more in line

---

[2] The insurance estimate is based on a replacement cost of $8,062.92 less recoverable depreciation of $1,754.85 for an actual cash value of $6,308.07.
[3] The evidence shows an invoice of $7,261.53 for these cleaning services by Ohio Valley Restoration which was paid by MSD.
[4] The Court has included the estimates for removal and replacement of basement doors in the $1,777.97 deduction as these costs were not included in either of the other estimates provided by Mrs. Harrison to MSD.

3

with the insurance company's detailed estimate and is a reasonable valuation of the real property damages in this case. Therefore, the Court awards $4,644.00 in real property damages.

Mrs. Harrison also seeks compensation for damages Ohio Valley Restoration allegedly caused when they cleaned her property; for parking tickets she received for parking her automobile on the street because her driveway was blocked by a POD unit during cleaning; and for increased utility charges due to MSD's contractor's use of several industrial heaters for six days to mitigate the mold in the basement.

The Consent Decree in this case limits recovery to structural or personal property damage of the building or dwelling of the occupant making an SBU claim. Thus, damages through the claims process in this case are limited to real and personal property loss and cannot be paid for parking tickets or excess utility bills. (Doc. 131, Consent Decree, Exhibit 8 at 2). Likewise, the additional damages allegedly caused by Ohio Valley Restoration are not compensable under the Consent Decree. Exhibit 8 to the Consent Decree clarifies that under the Claims Process, "occupants who incur *damages as a result of the backup of wastewater* into buildings" due to inadequate capacity in MSD's sewer system or resulting from MSD's negligent maintenance, destruction, operation or upkeep of the sewer system may recover those damages. (Doc. 131, Consent Decree, Exhibit 8 at 1) (emphasis added). Where the damages are allegedly caused by the negligence of MSD's contractor and are not incurred "as a result of the backup of wastewater into buildings," the Consent Decree does not govern those damages and claimants must resort to

other legal or administrative processes to recoup their loss.[5] Therefore, MSD's denial of this portion of Mrs. Harrison's claim was correct.

Finally, Mrs. Harrison claims $5,084.00 in personal property damage based on original purchase price. (Doc. 960-3 at 10-11). Damages for SBU claims are determined based on the market value of personal property *as of the date of loss* (the depreciated value) and not on the original purchase price or cost of replacement. MSD properly valuated Mrs. Harrison's personal property at the depreciated value based on the age of the items. The Court adopts as fair and reasonable the MSD's adjuster's estimate of $823.70 for Mrs. Harrison's property loss. (Doc. 960-4 at 5).

Mrs. Harrison is also entitled to reimbursement of her insurance deductible of $500.00.

In conclusion, the Court awards **$717.70** ($4,644.00 for basement build back plus $823.70 for personal property loss assessed by MSD plus $500.00 insurance deductible minus $5,250.00 insurance proceeds) to Mrs. Harrison for the damages sustained in this case.

**IT IS SO ORDERED**.

Date: 6/28/17

Karen L. Litkovitz, Magistrate Judge
United States District Court

---

[5] Homeowners may file a non-sewer backup damage claim with MSD, *see* www.msdgc.org, or a lawsuit in the Hamilton County Municipal or Common Pleas Court, as MSD advises in their materials to consumers. *See* http://sbu.msdgc.org/sbu/page/filing-a-claim.aspx.