**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>Plaintiffs | Case No. 1:02-cv-107<br>Barrett, J.<br>Litkovitz, M.J. |
| vs | |
| BOARD OF HAMILTON COUNTY<br>COMMISSIONERS, et al.,<br>Defendants | **ORDER RE: REQUEST<br>FOR REVIEW BY<br>DOUG HUFF** |

This matter is before the Court on the Request for Review of the denial of a Sewer Back Up ("SBU") claim by Doug Huff (Doc. 902) and the Metropolitan Sewer District of Greater Cincinnati ("MSD")'s response thereto (Doc. 982). On August 9, 2017, the Court held a hearing on Mr. Huff's request for review. (Doc. 1039).

I. Background

Mr. Huff's request for review is filed under the Sewer Back Up[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Back Up" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

(Doc. 131, Consent Decree, Exhibit 8 at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable engineering judgment and consider the following non-exclusive factors: amount of precipitation, property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Exhibit 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.*

Mr. Huff is the owner of the property located at 3404 Brotherton Road, Cincinnati, Ohio. He seeks compensation for personal property loss sustained on March 12, 2015 due to alleged sewer backup into his basement. (Doc. 902). After discovering the backup, Mr. Huff hired a plumber who determined there was a blockage in the private lateral sewer line located in the public right-of-way. MSD was notified, investigated, found a break in the lateral line, and performed an emergency repair of the line the following day. Mr. Huff states that once MSD repaired the broken pipe, he experienced no further problems with water backing up into his basement. On February 11, 2017, Mr. Huff filed an SBU claim with MSD. MSD denied Mr. Huff's claim, finding that the backup of water into his property was the result of a blockage in the private building sewer line and not a problem in the public sewer. (Doc. 982-4). Mr. Huff then filed this appeal.

Under the Consent Decree, property owners may recover damages to personal or real property arising from "backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System" and "damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System." (Doc. 131, Consent

2

Decree, Exhibit 8 at 1). Property owners are responsible for blockages in the owner's building lateral sewer lines, which are owned by the property owner and not MSD. (*Id.*). However, where the blockage is in a portion of the owner's building lateral sewer line that lies in the public street right-of-way, MSD is generally responsible for the repair. MSD's Rules and Regulations provide in relevant part:

> The owner of the premises served by a sewer shall be responsible for the maintenance and cleaning of the building sewer from the building to the point of connection with the public local sewer. Repair and reconstruction of the *building sewer in a public street right-of-way* or within the specified width of a recorded public easement *shall be the responsibility of the District except as follows.* . . . It shall be the responsibility of the owner or his agent to establish, by means of a valid sewer cleaner contractor's receipt, that such a repair or reconstruction is the responsibility of the District. The District shall have the right to verify the sewer cleaner's finding prior to beginning repair or reconstruction. . . .

(Doc. 580, Ex. C, Section 2008, MSD Rules and Regulations) (emphasis added). MSD undertakes repairs in public right-of-way laterals to ensure proper, safe, and consistent repairs. Where MSD receives notice from a property owner that repair or reconstruction of the lateral in the public right-of-way is necessary, MSD is required to make the repairs in a timely manner. MSD alleges it is not responsible for sewer repair or backups resulting from a broken lateral in the public right-of-way until such time as it receives notice from the property owner. (Doc. 982 at 2).

Under the SBU program governed by the Consent Decree, homeowners who seek review of the denial of an SBU claim bear the burden of proof of showing that the backup of wastewater into their property was due to inadequate capacity in MSD's sewer system and not due to blockages in the occupant's own lateral sewer lines. (Doc. 131, Consent Decree, Exhibit 8 at 1). Here, Mr. Huff has not shown that the wastewater backup into his basement was caused by

3

inadequate capacity in MSD's sewer system. Mr. Huff does not dispute MSD's finding that the backup was caused by a blockage and break in the private sewer lateral line in the public right-of-way. MSD performed the repair work in a timely manner once it was notified by Mr. Huff, and there have been no subsequent blockages.[2] Because Mr. Huff owns and is responsible for maintaining his private building lateral sewer line, including the portion in the public right-of-way, MSD's denial of his claim was correct.

Therefore, Mr. Huff's appeal is denied.

**IT IS SO ORDERED.**

Date: 8/23/17

Karen L. Litkovitz, Magistrate Judge
United States District Court

---

[2] This is not a case where MSD delayed its repair of the lateral in the right-of-way and its failure to act in a timely manner allowed a subsequent backup to occur. Under such circumstances, a homeowner does not have complete control over preventing backups because MSD, and not the homeowner, must perform the necessary repair work to the lateral in the public right-of-way. *See, e.g.,* Doc. 598.