# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>Plaintiffs,<br><br>vs.<br><br>BOARD OF HAMILTON COUNTY<br>COMMISSIONERS, et al.,<br>Defendants. | Case No. 1:02-cv-107<br>Barrett, J.<br>Litkovitz, M.J.<br><br>ORDER RE: REQUEST<br>FOR REVIEW BY<br>JAMES BUSICK |

This matter is before the Court on the Request for Review of the denial of a Sewer Backup ("SBU") claim by James Busick (Doc. 886) and the response of the Metropolitan Sewer District of Greater Cincinnati ("MSD") (Doc. 999). Mr. Busick requests review of MSD's decision in his SBU claim without a hearing. (Doc. 886 at 2).

Mr. Busick's request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

(*Id.* at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable engineering judgment and consider the following non-exclusive factors: amount of precipitation,

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.* Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

As an initial matter, MSD does not dispute that Mr. Busick's property experienced an SBU that is subject to the claims process under the Consent Decree. (Doc. 999 at 1). The only issues in this case are: (1) the amount of compensation Mr. Busick is entitled to for his property loss, and (2) whether MSD may request, as a condition of compensation under the claims process, that homeowners take reasonable precautions to mitigate future SBU damages, such as refraining from storing personal property below a previously documented high water line for two years.

Mr. Busick is the owner of the property located at 1759 Avonlea Avenue, Cincinnati, Ohio. On August 28, 2016, Mr. Busick experienced an SBU incident in his basement which resulted in damage to his personal property. Mr. Busick made a claim for damages in the amount of $16,104.88 to MSD for the sewer backup. MSD's adjuster, Tenco Services, Inc., valuated the personal property loss at $5,155.94. (Doc. 999-3 at 4). In compliance with Ohio Rev. Code § 2744.05(B)(1), the adjuster deducted the $2,501.40 Mr. Busick received from his insurance carrier from the calculated total damages, leaving a balance of $2,654.54. MSD

offered Mr. Busick this amount in settlement of his claim. Mr. Busick rejected the offer and, in an effort to expedite the settlement of this claim, MSD increased the offer by $1,000.00, the amount of Mr. Busick's insurance deductible. (Doc. 999 at 3). Mr. Busick rejected the revised offer and filed this appeal.

Mr. Busick disputes the amount of compensation MSD has offered and seeks $16,104.88 in damages. With the exception of the Vintage Sports Illustrated magazines, Mr. Busick's claim for damages in the amount of $16,104.88 is based on the original purchase price of the items. (Doc. 886 at 9-12). Damages for SBU claims are determined based on the market value of personal property *as of the date of loss* (the depreciated value) and not on the original purchase price or cost of replacement. MSD properly valued Mr. Busick's personal property at the depreciated value based on the age of the items. With respect to the Vintage Sports Illustrated magazines, the Court's own research indicates the average market value of Sports Illustrated magazines dated between 1970 and 1980 (the dates of Mr. Busick's magazines) is between $2.00 and $3.00 per magazine. The Court adopts as fair and reasonable the MSD's adjuster's estimate for the Vintage Sports Illustrated magazines. Finally, it appears MSD's adjuster inadvertently omitted compensation for the Beaded Wedding Sash and the X Box Elite 360 gaming system. The Court awards $39.00 for the wedding sash ($130.00 purchase price depreciated by 70%) and $99.75 for the X Box gaming system ($399.00 purchase price depreciated by 75%). Mr. Busick is also entitled to reimbursement for his insurance deductible of $1,000.00.

To the extent Mr. Busick also seek damages for cleaning supplies, these items have already been covered in the estimate provided by his insurance carrier. *See* Doc. 999-2 at 14. Therefore, the Court declines to award further compensation for these items.

With respect to the future claims mitigation language included in MSD's offer letter, this language is taken directly from the Consent Decree at Exhibit 8, Section V.[2] In a previous case concerning this same issue, MSD's attorney emphasized that the language requires "reasonable" mitigation measures. In that case, where the claimant's basement was used as a living area, such reasonable precautions would include, for example, not installing expensive hard wood flooring that could warp in the event of a subsequent SBU event and not storing expensive "collectibles" on the basement floor. (Doc. 942). MSD requests that homeowners like Mr. Busick take reasonable precautions to mitigate any future losses in the event of an SBU, which MSD would take into consideration in the event of a subsequent SBU claim. The Court finds the future claims mitigation language included in MSD's offer letter to be consistent with the Consent Decree, which is binding upon all parties and the Court in this claims review process.

In conclusion, the Court awards **$3,793.29** ($2,654.54 for personal property loss assessed by MSD plus $39.00 for the wedding sash, $99.75 for the X Box gaming system, and $1,000.00

---

[2] Section V. of Exhibit 8 to the Consent Decree states:

**V. Future Claims Mitigation**

MSD may request in writing of occupants whom it has compensated under this Plan to undertake reasonable mitigation measures, which can include:

A. allowing MSD to install, at MSD's expense, a backflow prevention device and agreeing to maintain such backflow prevention device in working order;

B. refraining for two years from storing personal property below a previously documented high water line or less than two feet above the basement floor; or

C. refraining for two years from installing new carpet or drywall below a previously documented high water line or less than two feet above the basement floor.

If MSD makes such a request, and the occupant refuses and a WIB [SBU] subsequently occurs, the extent to which the occupant complied with the request may be a factor that is considered by the Office of the Solicitor for the City of Cincinnati in determining the amount to pay for any claims pertaining to the subsequent WIB [SBU].

4

for the insurance deductible) to Mr. Busick for the damages sustained in this case.

**IT IS SO ORDERED**.

Date: 8/25/17

*Karen L. Litkovitz*
Karen L. Litkovitz, Magistrate Judge
United States District Court