# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>    Plaintiffs, | Case No. 1:02-cv-107<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| BOARD OF HAMILTON COUNTY<br>COMMISSIONERS, et al.,<br>    Defendants. | **ORDER RE: REQUEST<br>FOR REVIEW BY<br>SHIELAH SMITH** |

This matter is before the Court on the Request for Review of the denial of a Sewer Backup ("SBU") claim by Shielah Smith (Doc. 920) and the response of the Metropolitan Sewer District of Greater Cincinnati ("MSD") (Doc. 1047). On August 30, 2017, the Court held a hearing on Ms. Smith's request for review of her SBU claim.

Ms. Smith's request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

(*Id*. at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable engineering judgment and consider the following non-exclusive factors: amount of precipitation,

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id*. Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

As an initial matter, the Court notes that there is no dispute that the cause of damage to Ms. Smith's personal property was an MSD sewer backup. The only issue in this case is the amount of damages for Ms. Smith's property loss.

Ms. Smith is a tenant of the property located at 1307 Franklin Avenue, Cincinnati, Ohio. On August 28, 2016, Ms. Smith experienced an SBU incident in her basement which resulted in damage to her personal property. Ms. Smith made a claim for damages to MSD for the August 2016 sewer backup into her basement. MSD made an offer of $6,732.52 to Ms. Smith in compensation for her claim. Ms. Smith rejected the offer and filed this appeal.

In her request for review, Ms. Smith disputes the amount of compensation offered by MSD for the loss of her personal items. Ms. Smith requests $9,000.00 for the loss of items in her basement. (Doc. 920 at 2).

Damages for SBU claims are determined based on the market value of personal property *as of the date of loss* (the depreciated value) and not on the original purchase price or cost of

replacement. Therefore, Ms. Smith is not entitled to the purchase price or replacement value of her personal property.

MSD's adjuster, Tenco Services, Inc., valuated the items lost by Ms. Smith by applying depreciation to the claimed items based on their age and/or market value. Tenco's Claim Evaluation Worksheet sets forth an itemized list of 68 items of property for which Ms. Smith sought damages from MSD. With the exception of the items that follow, the Court finds the adjuster's valuations of Ms. Smith's personal property to be fair and reasonable.

The Court disagrees with the depreciation of the food items in the refrigerator/freezer and the chest freezer. The Court notes that in another SBU claim, Tenco did not apply depreciation to food items lost in an SBU. *See* Doc. 892-3 at PAGEID 16153. The Court awards Ms. Smith $700.00 for these items. The Court also disagrees with the depreciation of household items, such as packs of paper towels and toilet paper, Pampers, and baby wipes, which by their nature are new and have never been used. The Court awards Ms. Smith $93.00 for these items. Finally, MSD's adjuster declined to assign a value to six king size pillow cases on the basis that Ms. Smith did not provide a purchase price for these items. Ms. Smith in fact provided a purchase price of $90.00 for the pillow cases. *See* Doc. 1047-2 at PAGEID 22542. After depreciation, the Court awards Ms. Smith $45.00 for the six king size pillow cases.

In conclusion, the Court awards **$6,971.12** to Ms. Smith for the damages sustained in this case**.**

**IT IS SO ORDERED**.

Date: 9/8/2017                                             *s/Karen L. Litkovitz*
                                                          Karen L. Litkovitz, Magistrate Judge
                                                          United States District Court