# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br>     Plaintiffs, <br><br> vs. <br><br> BOARD OF HAMILTON COUNTY <br> COMMISSIONERS, et al., <br>     Defendants. | Case No. 1:02-cv-107 <br> Barrett, J. <br> Litkovitz, M.J. <br><br><br> **ORDER RE: REQUEST** <br> **FOR REVIEW BY** <br> **ERIN HANLEY** |

This matter is before the Court on the Request for Review of the denial of a Sewer Backup ("SBU") claim by Erin Hanley (Doc. 926) and the response of the Metropolitan Sewer District of Greater Cincinnati ("MSD") (Doc. 1048). On August 30, 2017, the Court held a hearing on Ms. Hanley's request for review of her SBU claim.

Ms. Hanley's request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

(*Id*. at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable engineering judgment and consider the following non-exclusive factors: amount of precipitation,

---
[1] The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.* Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

As an initial matter, the Court notes that there is no dispute that the cause of damage to Ms. Hanley's property was an MSD sewer backup. The only issue in this case is the amount of damages for Ms. Hanley's property loss.

Ms. Hanley was the owner of the property located at 2565 Ridgeland Place, Cincinnati, Ohio. On August 28, 2016, Ms. Hanley experienced an SBU incident in her basement which resulted in damage to her real and personal property. Ms. Hanley made a claim for damages to MSD for the August 2016 sewer backup into her basement. MSD made an offer of $2,741.80 to Ms. Hanley in compensation for her claim. Ms. Hanley rejected the offer and filed this appeal.

In her request for review, Ms. Hanley submitted a revised list of damages for which she seeks compensation:

    1) Unreimbursed inventory: $13,909.49 damaged personal property - $8,458.67 insurance payments = $5,450.82
    2) Hays & Sons restoration: $2,571.07
    3) Devaluation of home: $2,500.00 (reduction in sales price from original to final buyer)
    4) Insurance deductible: $1,000.00
    5) Furnace panel replacement: $841.00
    6) Hotel stay: $773.14
    7) Cleaning supplies: $72.45

(Doc. 926 at 6).

At the hearing of this matter, MSD stated that it did not dispute Ms. Hanley's claim for reimbursement of restoration costs ($2,571.07), the reasonable cost of cleaning supplies ($72.45), the furnace panel replacement cost ($841.00), and Ms. Hanley's insurance deductible ($1,000.00). However, MSD disputes that Ms. Hanley is entitled to compensation for unreimbursed personal property damage, devaluation of her home, and a hotel stay.

Ms. Hanley presented evidence that her insurance company valued the cost to repair or replace the contents of her basement at $13,909.49. (Doc. 926 at 13). Ms. Hanley's insurance carrier, however, paid Ms. Hanley $8458.67 for her personal property loss after it deducted the depreciated amount from the cost to repair or replace. (Doc. 926 at 8, 13). Ms. Hanley seeks $5,450.82 in compensation for the amount not covered by her insurance claim.

Damages for SBU claims are determined based on the market value of personal property *as of the date of loss* (the depreciated value) and not on the original purchase price or cost of replacement. Therefore, Ms. Hanley is not entitled to the balance of the replacement value of $5,450.82 for damage to her personal property. Because Ms. Hanley has been fully compensated for the depreciated value of her personal property by her insurance company, the Court denies her request for additional compensation for personal property loss.

Ms. Hanley testified that at the time of the SBU in August 2016 her home was under a contract for sale in the amount of $147,500.00. (*See also* Doc. 1048-1, at PAGEID 22697). Following the SBU, Ms. Hanley removed her home from the real estate market, performed the necessary cleaning and repair of the premises, and re-listed her home with a real estate agent.

Her home was then sold in October for $2,000.00 less than the previous contract price.[2] The addendum to the second contract provided that the purchase price was reduced by $1,000.00 because of termite issues, the need for water filtration because of lead piping, and various other items that were not specified in the addendum. (Doc. 1048-1 at PAGEID 22713). MSD contends that the addendum makes no reference to the SBU as a reason for the reduced purchase price and therefore Ms. Hanley is not entitled to compensation for the diminution of real property value due to SBU. The Court disagrees. But for the intervening SBU which occurred a little more than one month from the date of the original sales contract, Ms. Hanley's home would have sold for the higher price. However, in view of the items specified in the addendum to the second contract that are not attributable to the SBU, the Court awards Ms. Hanley $1,000.00 for the diminution of property value.[3]

Ms. Hanley also seeks compensation for $773.14 in hotel fees she incurred. She testified that her son's medical issues prevented him from remaining in the home because exposure to toxins and mold resulting from raw sewage could be detrimental to his health. She submitted a letter from her son's physician supporting the need to refrain from living at home until the living conditions could become sanitary and safe. (Doc. 926 at 28). While the Court is sympathetic to the constraints faced by Ms. Hanley as a result of the SBU and her son's health issues, the Court is constrained by the terms of the Consent Decree in awarding damages. Under the Consent Decree, compensation through the SBU claims process is limited to real and personal property loss and the diminution of real property value. (Doc. 131, Consent Decree, Exhibit 8 at 2; Doc.

---

[2] Although Ms. Hanley lists a difference of $2,500.00 between the two sales contracts (Doc. 926 at 6), the difference is actually $2,000.00. (*See* Doc. 1048-1 at PAGEID 22697 [$147,500] and Doc. 1048-1 at PAGEID 22706 [$145,500]).
[3] This Court has specified that the diminution in the value of real estate is compensable under the SBU claims program. (Doc. 129 at 11).

129 at 11). The SBU claims process under the Consent Decree does not cover items such as hotel bills for homeowners who vacate their homes during an SBU. Therefore, the Court denies Ms. Hanley's request for reimbursement of this item.

In conclusion, the Court awards **$5,484.52** to Ms. Hanley for the damages sustained in this case**.**

**IT IS SO ORDERED**.


Date: 9/13/2017                            *s/Karen L. Litkovitz*
Karen L. Litkovitz, Magistrate Judge
United States District Court