**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>Plaintiffs,<br><br>vs.<br><br>BOARD OF HAMILTON COUNTY<br>COMMISSIONERS, et al.,<br>Defendants. | Case No. 1:02-cv-107<br>Barrett, J.<br>Litkovitz, M.J.<br><br>**ORDER RE: REQUEST<br>FOR REVIEW BY<br>ELLA THOMAS** |

This matter is before the Court on the Request for Review of the denial of a Sewer Backup ("SBU") claim by Ella Thomas (Doc. 958) and the response of the Metropolitan Sewer District of Greater Cincinnati ("MSD") (Doc. 1090). On September 28, 2017, the Court held a hearing on Ms. Thomas's request for review of her SBU claim.

Ms. Thomas's request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

(*Id.* at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable engineering judgment and consider the following non-exclusive factors: amount of precipitation,

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.* Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

As an initial matter, the Court notes that there is no dispute that one cause of damage to Ms. Thomas's personal property was an MSD sewer backup. The only issue in this case is the amount of damages for Ms. Thomas's property loss.

Ms. Thomas is the owner of the property located at 1722 Avonlea Avenue, Cincinnati, Ohio. On August 28, 2016, Ms. Thomas experienced SBU in her basement which resulted in damage to her personal property. Ms. Thomas made a claim for damages to MSD for the August 2016 sewer backup into her basement. MSD made an offer of $9,868.00 to Ms. Thomas in compensation for her claim. Ms. Thomas rejected the offer and filed this appeal.

In her request for review, Ms. Thomas alleges that Servpro, MSD's contractor that cleaned and sanitized her basement, left items of personal property in her driveway that she wished to retain and not dispose of. Those items remained in her driveway and rainfall over the next three days destroyed the items she wanted to keep. She alleges that she was told by Servpro that "MSD will just have to pay for what you lost." (Doc. 958 at 3). Ms. Thomas also disputes

the amount of compensation offered by MSD for the loss of her personal items. Ms. Smith requests $50,000.00 for the loss of items in her basement. (Doc. 958 at 3).

MSD states that it received a report from Ms. Thomas on September 11, 2016, that her hot water heater and air conditioning unit were not currently functioning. As such, she was referred to MSD contractor DNK Architects in order to expedite the repair and reimbursement of her home's critical mechanicals. Ms. Thomas was given notice that she could proceed with repairs on September 29, 2016. DNK verified the repairs were completed and MSD issued two-party checks to Ms. Thomas and her contractors for a total of $4,409.99 on November 2, 2016. (Doc. 1090, Ex. B).

MSD states that it also paid for Ms. Thomas's basement to be professionally cleaned by Servpro on September 19, 2016. It acknowledges Ms. Thomas's claim that Servpro caused additional damage to her property. MSD contends that any additional damage to Ms. Thomas's property which may have been caused by Servpro during the cleaning services is outside the scope of the SBU claims process.

MSD also presents evidence that it has contracted with Tenco Services, Inc., a property and casualty claims adjusting company, to assist with processing the high volume of claims received from the August 28, 2016 event. A Tenco adjuster evaluated Ms. Thomas's claim submittal and recommended a settlement amount of $9,868.00. MSD states that the adjuster disallowed expenses for a new waterproofing system that did not predate the flood, the boarding of Ms. Thomas's two dogs, and finance charges associated with a personal loan that Ms. Thomas took out to pay for the repair of critical mechanicals prior to being reimbursed by MSD. MSD alleges that these expenses are outside the scope of the SBU claims process.

Damages for SBU claims are determined based on the market value of personal property *as of the date of loss* (the depreciated value) and not on the original purchase price or cost of replacement. Therefore, Ms. Thomas is not entitled to the purchase price or replacement value of her personal property.

In addition, MSD's disallowance of Ms. Thomas's new waterproofing system, the boarding of animals, and finance charges associated with her personal loan was proper. While the Court is sympathetic to the issues Ms. Thomas faced in caring for her pets and taking out a loan to pay her contractors for the repair of critical mechanicals until she could be reimbursed by MSD, the Court is constrained by the terms of the Consent Decree in awarding damages. Under the Consent Decree, compensation through the SBU claims process is limited to real and personal property loss and the diminution of real property value. (Doc. 131, Consent Decree, Exhibit 8 at 2; Doc. 129 at 11). The SBU claims process under the Consent Decree does not cover items such as a waterproofing system that did not predate the flood, the boarding of animals for homeowners who vacate their homes during an SBU, and finance charges relating to a loan for repairs. Therefore, the Court denies Ms. Thomas's request for reimbursement of these items.

Ms. Thomas alleges that Servpro caused additional damage to her property when it left items in her driveway and allowed those items to be inundated with rain for several days after the August 28, 2016 storm. The issue raised by Ms. Thomas is one of causation and what is compensable under the Consent Decree.

Exhibit 8 to the Consent Decree,[2] which governs the SBU claims process, sets forth the "Scope of WIBs Covered" as follows:

> The Claims Process will *only reimburse damages arising from basement backups caused by* [1] inadequate capacity in MSD's Sewer System or [2] that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. . . .

(Doc. 131, Consent Decree, Exhibit 8 at 2) (emphasis added). Exhibit 8 to the Consent Decree further clarifies that under the Claims Process, "occupants who incur damages *as a result of* the backup of wastewater into buildings" *due to* inadequate capacity in MSD's sewer system or resulting from MSD's negligent maintenance, destruction, operation or upkeep of the sewer system may recover those damages. (Doc. 131, Consent Decree, Exhibit 8 at 1) (emphasis added). Property damage that is compensable under the Consent Decree must be caused by SBU. *Id.* There is nothing in the language of the Consent Decree to indicate that property allegedly damaged by other causes, such as the negligence of cleaning contractors, is covered by the claims process. Therefore, to the extent Ms. Thomas seeks additional compensation for items left in her driveway by Servpro, she may not obtain such compensation under the SBU claims process. Nevertheless, because the items were initially damaged by SBU, she is entitled to compensation for such items at their depreciated value.

This does not mean that homeowners like Ms. Thomas are without a remedy where they believe the damage to their property was caused by a source other than SBU for which MSD is responsible. Homeowners who disagree with MSD's decision on their claim may file a lawsuit

---

[2] Section XIII of the Consent Decree incorporates Exhibit 8 by reference. (Doc. 131, Consent Decree at 47).

5

in the Hamilton County Municipal or Common Pleas Court, as MSD advises in their materials to consumers. *See* http://sbu.msdgc.org/sbu/page/filing-a-claim.aspx.

Tenco's Claim Evaluation Worksheet sets forth an itemized list of 60 items of property for which Ms. Thomas sought damages from MSD. The Court notes that included in this list are the items Ms. Thomas alleges were damaged by Servpro. All such items have been valuated by MSD by applying depreciation rates to the claimed items based on their age and/or market value. Ms. Thomas has not presented any evidence to dispute the values assessed by MSD. The Court finds the adjuster's valuations of Ms. Thomas's personal property to be fair and reasonable.

In conclusion, the Court awards **$9,868.00** to Ms. Thomas for the damages sustained in this case.

**IT IS SO ORDERED**.

Date: 10/5/17

*Karen L. Litkovitz*
Karen L. Litkovitz, Magistrate Judge
United States District Court