# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>Plaintiffs,<br><br>vs.<br><br>BOARD OF HAMILTON COUNTY<br>COMMISSIONERS, et al.,<br>Defendants. | Case No. 1:02-cv-107<br>Barrett, J.<br>Litkovitz, M.J.<br><br>**ORDER RE: REQUEST<br>FOR REVIEW BY<br>PHILIP MIAZGA** |

This matter is before the Court on the Request for Review of the denial of a Sewer Backup ("SBU") claim by Philip Miazga (Doc. 1033) and the response of the Metropolitan Sewer District of Greater Cincinnati ("MSD") (Doc. 1115). Mr. Miazga requests review of MSD's decision on his SBU claim without a hearing. (Doc. 1033 at 2).

Mr. Miazga's request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

(*Id.* at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable engineering judgment and consider the following non-exclusive factors: amount of precipitation,

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.* Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

Mr. Miazga is the owner of the property located at 2535 Leslie Ave., Norwood, Ohio. On March 10, 2017, he filed an SBU claim with MSD seeking compensation for property damage allegedly resulting from a sewer backup on August 28, 2016. Mr. Miazga states that MSD denied his claim because he did not report the SBU within 24 hours of its occurrence. Mr. Miazga alleges he did not report within the 24-hour period because he was out of town the weekend the backup occurred; he was unaware of the SBU program until "months later" when he saw it on the news; and his tenants later informed him that the water level rose to one foot. (Doc. 1033 at 2). Mr. Miazga seeks compensation for the repair of a furnace ($550.00) and replacement of an air conditioning unit ($5,131.00). (Doc. 1033, Exs. B, C).

MSD states that the area in which Mr. Miazga's property is located experienced heavy rainfall on August 28, 2016. However, Mr. Miazga did not report an SBU to MSD within 24 hours or within a reasonable time thereafter. Therefore, MSD did not investigate the cause of any potential SBU to Mr. Miazga's property prior to the filing of his SBU claim. MSD first learned of Mr. Miazga's alleged SBU when he filed his SBU claim on March 10, 2017, over six

months after the claimed SBU on August 28, 2016. MSD states that it extended the reporting time for the August 28, 2016 rain event due to the large number of people contacting MSD. However, Mr. Miazga did not initially report the SBU to MSD and MSD did not discover the alleged SBU until Mr. Miazga filed his SBU claim with MSD on March 10, 2017. MSD states that this filing was over six months after the event and far exceeded any reasonable time for reporting an SBU. (Doc. 1115 at 2). MSD also presents evidence that its SBU program was widely reported in the local media for weeks after the August 28, 2016 event. (Doc. 1115, Ex. C). MSD also reports that even though it was unable to investigate Mr. Miazga's claimed SBU because of his failure to report it, a subsequent review of the MSD system in his geographical area does not support a finding that Mr. Miazga's damages were caused by the inadequate capacity of MSD's sewer system given the location of his property, which is tied into the head of the separated sewer system, and the lack of other SBU reports in structures between Mr. Miazga's property and properties 1000 feet downstream and sitting ten feet lower in elevation. (Doc. 1115 at 3, Ex. E).

Under the Consent Decree, property owners may recover damages to personal or real property caused by (1) the inadequate capacity in MSD's Sewer System, or (2) MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. (Doc. 131, Consent Decree, Exhibit 8 at 1). Property owners are responsible for backups in the building lateral sewer lines, which are owned by the property owner and not MSD. (*Id.*). Occupants of properties damaged as a result of a basement backup must notify MSD within 24 hours of the time the backup is discovered to recover damages under the SBU Claims Process Plan. (*Id.*).

There is no evidence that Mr. Miazga reported the August 28, 2016 alleged sewer backup to MSD before he filed his SBU claim in March 2017. Under the Consent Decree, Mr. Miazga was required to report a sewer backup within 24 hours to claim compensation for damages. (Doc. 131, Consent Decree, Exhibit 8 at 1). Although he claims he did not report the SBU within 24 hours because he was out of town the weekend of the alleged sewer backup, he nevertheless waited over six months to contact MSD about the alleged backup by filing an SBU claim. This lengthy delay deprived MSD of the ability to timely investigate and evaluate the cause of any potential sewer backup to Mr. Miazga's basement.

In addition, there has been no evidence presented to the Court to establish that the expenses for which Mr. Miazga seeks compensation are for services related to a sewer backup for which MSD is responsible. The September 18, 2016 payment of $550.00 to "Kyle Lampkin" (Doc. 1033 at 5) does not indicate the nature of the services provided or that such services were related to a sewer backup. Likewise, the April 2017 and May 2017 invoices from Thomas & Galbraith, Mr. Miazga's heating and cooling contractor, do not establish that the damage to Mr. Miazga's air conditioner was caused by a backup of MSD's sewer system or resulted from MSD's negligent maintenance or upkeep of the sewer system. The April 18, 2017 invoice from Thomas & Galbraith states, "Had a flood from MSD. Blew out blower motor. A/C was running without blower & was non A/C. Does not work." (Doc. 1033 at 9). However, this invoice was written some eight months after the August 28, 2016 rain event. There is no evidence the contractor performed any contemporaneous investigation to enable it to draw a conclusion as to the cause of the malfunctioning air conditioner. Under the SBU program governed by the Consent Decree, homeowners who seek review of the denial of an SBU claim bear the burden of

4

proof of showing that the backup of wastewater into their property was due to inadequate capacity in MSD's sewer system, and not due to blockages in the occupant's own lateral sewer lines, or as a result of MSD's negligent maintenance or upkeep of the Sewer System. (Doc. 131, Consent Decree, Exhibit 8 at 1). Because Mr. Miazga did not report any sewer backup to MSD within 24 hours of its occurrence in August 2016 or within a reasonable amount of time thereafter and because the Court is unable to infer from the scant evidence presented by Mr. Miazga that the furnace and air conditioning expenses he incurred were causally related to the alleged August 2016 SBU, Mr. Miazga is not entitled to compensation for such expenses under the Consent Decree. Therefore, the Court upholds MSD's decision in this case.

**IT IS SO ORDERED**.

Date: 10/13/17

Karen L. Litkovitz, Magistrate Judge
United States District Court