# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br> Plaintiffs, <br><br> vs. <br><br> BOARD OF HAMILTON COUNTY <br> COMMISSIONERS, et al., <br> Defendants. | Case No. 1:02-cv-107 <br> Barrett, J. <br> Litkovitz, M.J. <br><br><br> ORDER RE: REQUEST <br> FOR REVIEW BY <br> RONNIE COBB |

This matter is before the Court on the Request for Review of the denial of a Sewer Back Up ("SBU") claim by Ronnie Cobb (Doc. 973) and the Metropolitan Sewer District of Greater Cincinnati ("MSD")'s response thereto (Doc. 1118). On October 12, 2017, the Court held a hearing on Mr. Cobb's request for review at which Mr. Cobb and Tom Fronk, MSD Engineering Technical Supervisor, testified. (Doc. 1121).

Mr. Cobb's request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer Systems or caused by blockages in occupants' own lateral sewer lines.

(*Id.* at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable

---

[1]The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

engineering judgment and consider the following non-exclusive factors: amount of precipitation, property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.* Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

Mr. Cobb is the owner and landlord of the property located at 1275 Simmons Avenue, Cincinnati, Ohio. He seeks compensation for cleaning costs resulting from an alleged sewer backup in his basement on March 1, 2017. (Doc. 973). On April 14, 2017, Mr. Cobb filed an SBU claim with MSD. MSD denied the claim because it determined that the backup in Mr. Cobb's basement was likely caused by overland flooding which entered his basement and not by any failure of MSD's sewer system. (Doc. 1118, Ex. F). Mr. Cobb disagreed and filed this appeal.

In his appeal, Mr. Cobb states that although he has "a small basement leak," the basement is also equipped with four floor drains that should have been able to handle the backup on March 1, 2017. At the hearing, Mr. Cobb testified that when he arrived at his property after his tenant reported the backup, a cleaning company, Dry Effect, was already at his home. He assumed Dry Effect was a contractor that MSD dispatched to his home to perform cleaning services. Mr. Cobb alleges he never hired Dry Effect to clean his basement and he was charged

$1,884.33 by Dry Effect to clean and sanitize his basement. Mr. Cobb states that he later learned that Dry Effect was not an MSD contractor, and he does not know how Dry Effect was hired to clean his basement.

MSD presents evidence that since June 14, 2014, Mr. Cobb's property has been equipped with an outdoor whole house sewage grinder pump through his participation in MSD's Sewer Backup Prevention Program. On March 1, 2017, MSD received multiple reports that Mr. Cobb's property had experienced flooding and that his grinder pump's alarm was sounding. (Doc. 1118, Ex. B). Blue Chip Plumbing, an MSD contractor, was dispatched to the property on March 1 and again on March 2 to inspect the grinder pump. The plumber found the floor drains and the grinder pump to be operating as designed and he also observed that the flooded backyard appeared to be the cause of the basement flooding. (Doc. 1118, Ex. C).

Mr. Fronk testified that the grinder pump alarm sounds when water in the basin of the pump exceeds a prescribed level. The alarm does not mean that the pump is malfunctioning. Mr. Fronk testified that the grinder pump has a check valve that prevents backflow from the sanitary sewer from entering the property and that flooding to Mr. Cobb's basement was most likely caused by overland flooding entering his property.

MSD also presents evidence that a neighboring property, 1286 Simmons Avenue, also reported a basement backup on March 1, 2017. MSD crews responded and investigated the cause of the flooding at that property. The crews found no signs of surcharge in the sanitary-only sewer that serves both 1275 and 1286 Simmons Avenue. (Doc. 1118, Ex. D).

The Court finds that Mr. Cobb's claim must be denied because Mr. Cobb has not met his burden of proof to show the damage to his property was caused by a backup of MSD's sanitary

sewer system. Claimants like Mr. Cobb who seek review of the denial of an SBU claim bear the burden of proof of showing that the backup of water into their property was caused by inadequate capacity in MSD's sewer system (a sewer discharge) and not by overland flooding or blockages in the homeowner's privately owned building sewer line. (Doc. 131, Consent Decree, Ex. 8 at 1). Mr. Cobb has not established that the water backup into his basement on March 1, 2017 was caused by inadequate capacity in MSD's sanitary sewer system. Under the Consent Decree, MSD must exercise good faith reasonable engineering judgment in determining the cause of a basement backup by considering several factors, including the amount of precipitation, property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). MSD did so in this case. MSD presented evidence that its contractor, Blue Chip Plumbing, performed a contemporaneous investigation of the grinder pump and floor drains and concluded that they were in working order. MSD also presented evidence that the investigation of a neighboring property on Simmons Avenue showed no evidence of a surcharge of the public sanitary sewer that served both Mr. Cobb's and the neighboring properties. Mr. Cobb has not presented evidence outweighing the investigatory evidence presented by MSD which strongly indicates that the likely cause of the basement backup on March 1, 2017 was not a surcharge of MSD's sanitary sewer system, but rather overland flooding. The preponderance of the evidence does not establish that the cause of Mr. Cobb's basement backup was the inadequate capacity of MSD's public sewer system. Therefore, Mr. Cobb is not entitled to reimbursement of his cleaning costs by MSD.

There is no exact science to determining the cause of basement flooding in many of the cases presented to the Court, and often the exact cause is unknown. Whether Mr. Cobb's basement backup was caused by faulty or porous pipes in some portion of his lateral line that was not inspected, ground saturation seeping through the floor and walls of his basement, or some other source is simply unknown. The Court is not unsympathetic to homeowners like Mr. Cobb who experience a basement backup such as occurred in this case. Yet, this Court is bound by the terms of the Consent Decree in this matter, which places the burden of proof on the homeowner to show that a capacity-related public sewer problem was the cause of the damage to a property. The undersigned is responsible for ensuring that any costs for damages to an individual's private property that must be paid by MSD (and ultimately the rate payers of Hamilton County) under the Consent Decree are the result of the backup of wastewater into the property due to inadequate capacity in MSD's Sewer System. In the absence of a preponderance of the evidence establishing Mr. Cobb's property damage was more likely caused by a surcharge in the public sanitary sewer line and not by some other cause, the Court is constrained to uphold MSD's decision in this case.

Therefore, the Court denies Mr. Cobb's appeal in this case.

**IT IS SO ORDERED**.

Date: 10/30/17

*Karen L. Litkovitz*
Karen L. Litkovitz, Magistrate Judge
United States District Court