UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>Plaintiffs<br><br>vs.<br><br>BOARD OF HAMILTON COUNTY<br>COMMISSIONERS, et al.,<br>Defendants | Case No. 1:02-cv-107<br>Barrett, J.<br>Litkovitz, M.J.<br><br>**ORDER RE: REQUEST<br>FOR REVIEW BY<br>BRYAN T. STOCKELMAN** |

This matter is before the Court on the Request for Review of the denial of a Sewer Back Up ("SBU") claim by Bryan T. Stockelman (Doc. 943) and the Metropolitan Sewer District of Greater Cincinnati ("MSD")'s response thereto (Doc. 1083). On September 26, 2017, the Court held a hearing on Mr. Stockelman's request for review. (Doc. 1099).

I. Background

Mr. Stockelman's request for review is filed under the Sewer Back Up[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Back Up" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

(Doc. 131, Consent Decree, Exhibit 8 at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable engineering judgment and consider the following non-exclusive factors: amount of precipitation, property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Exhibit 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. (*Id.*).

Mr. Stockelman is the owner of the property located at 5204 Leona Drive, Cincinnati, Ohio. He seeks compensation for personal property loss sustained on August 19, 2016 due to alleged sewer backup into his basement. (Doc. 943). After discovering the backup, Mr. Stockelman notified MSD, which sent a crew that same day to investigate. The MSD crew determined there was no problem with the public mainline sewer and that the upstream and downstream sewers were open and running and had not surcharged. (Doc. 1083-1). Mr. Stockelman hired a plumber who reported he "found cracked pipe at main." (Doc. 943 at 52). The plumber's work order states, "need M.S.D. [to] look at." (*Id.*). MSD was notified and investigated. MSD determined there was a broken private lateral sewer line located in the public right-of-way. (Doc. 1083-3 at 10). MSD determined there were no structural defects between the mainline point of connection and the lateral "Y" connection to Mr. Stockelman's lateral. (Doc. 1099, Def. Ex. A). MSD found a broken pipe located three feet upstream of the "Y" connection. (*Id.*). MSD performed a repair of the lateral line in October 2016. (*Id.*).

Mr. Stockelman testified that he was advised by both his plumber and MSD workers that the broken sewer pipe was MSD's responsibility. He alleges that the video of the lateral

line shows the break was in MSD's line and not his lateral line. Mr. Stockelman also cites to the photographs taken by MSD, which show the markings made by his plumber depicting the location of the broken sewer line in the public right-of-way. (Doc. 1083-1 at 4-5). Mr. Stockelman submitted a photograph of a clean out that MSD installed when performing the repair work. (Doc. 1099, Pl. Ex. 1). He argues that this photograph depicts the point where MSD's responsibility starts - at the clean out - and where his responsibility ends for the sewer pipe that connects to the main sewer line. (*Id.*).

On March 7, 2017, Mr. Stockelman filed an SBU claim with MSD. MSD denied Mr. Stockelman's claim, finding that the backup of water into his property was the result of a break in the private building sewer line and not a problem in the public sewer. (Doc. 1083-4). Mr. Stockelman then filed this appeal.

Under the Consent Decree, property owners may recover damages to personal or real property arising from "backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System" and "damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System." (Doc. 131, Consent Decree, Exhibit 8 at 1). Property owners are responsible for blockages in the owner's building lateral sewer lines, which are owned by the property owner and not MSD. (*Id.*). The building sewer lateral line extends from the home, through the public right-of-way, and to the connection with the MSD public sewer. However, where a break or blockage is in a portion of the owner's building lateral sewer line that lies in the public street right-of-way, MSD is generally responsible for the repair. MSD's Rules and Regulations provide in relevant part:

> The owner of the premises served by a sewer shall be responsible for the maintenance and cleaning of the building sewer from the building to the point of connection with the public local sewer. Repair and reconstruction of the

3

> *building sewer in a public street right-of-way* or within the specified width of a recorded public easement *shall be the responsibility of the District except as follows*. . . . It shall be the responsibility of the owner or his agent to establish, by means of a valid sewer cleaner contractor's receipt, that such a repair or reconstruction is the responsibility of the District. The District shall have the right to verify the sewer cleaner's finding prior to beginning repair or reconstruction. . . .

(Doc. 580, Ex. C, Section 2008, MSD Rules and Regulations) (emphasis added). MSD undertakes repairs in public right-of-way laterals to ensure proper, safe, and consistent repairs. Where MSD receives notice from a property owner that repair or reconstruction of the lateral in the public right-of-way is necessary, MSD is required to make the repairs in a timely manner. MSD alleges it is not responsible for sewer repair or backups resulting from a broken lateral in the public right-of-way until such time as it receives notice from the property owner. (Doc. 1083 at 2).

Under the SBU program governed by the Consent Decree, homeowners who seek review of the denial of an SBU claim bear the burden of proof of showing that the backup of wastewater into their property was due to inadequate capacity in MSD's sewer system and not due to blockages or breaks in the occupant's own lateral sewer lines. (Doc. 131, Consent Decree, Exhibit 8 at 1). Here, Mr. Stockelman has not shown that the wastewater backup into his basement was caused by inadequate capacity in MSD's sewer system. The preponderance of the evidence establishes that the backup was caused by a break in Mr. Stockelman's building sewer lateral in the public right-of-way. Mr. Stockelman disputes that he is responsible for damages caused by a backup when the break occurs in the lateral sewer line located in the public right-of-way. While MSD is responsible for repairing lateral sewer lines in the public right-of-way once it is properly notified, the ultimate responsibility for damages to personal property resulting from a backup caused by a break in the building sewer lateral line rests with

4

the homeowner. MSD performed the repair work in accordance with its obligations under the Rules and Regulations. Mr. Stockelman does not allege that MSD failed to repair the lateral in a timely manner once MSD was notified by Mr. Stockelman, and he does not allege that there were any backups into his basement between the time he notified MSD of the problem and the time MSD undertook repair of the broken sewer lateral line.[2] Because Mr. Stockelman owns and is responsible for maintaining his private building lateral sewer line, including the portion in the public right-of-way, MSD's denial of his claim was correct.

Therefore, Mr. Stockelman's appeal is denied.

**IT IS SO ORDERED.**

Date: 11/8/17

Karen L. Litkovitz, Magistrate Judge
United States District Court

---

[2] This is not a case where MSD delayed its repair of the lateral in the right-of-way and its failure to act in a timely manner allowed a subsequent backup to occur. Under such circumstances, a homeowner does not have complete control over preventing backups because MSD, and not the homeowner, must perform the necessary repair work to the lateral in the public right-of-way. *See, e.g.,* Doc. 598.