UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br> Plaintiffs, <br><br> vs. <br><br> BOARD OF HAMILTON COUNTY <br> COMMISSIONERS, et al., <br> Defendants. | Case No. 1:02-cv-107 <br> Barrett, J. <br> Litkovitz, M.J. <br><br> **ORDER RE: REQUEST <br> FOR REVIEW BY <br> CAROL ROEHLING (dba <br> HANNAH C. PROPERTIES, <br> LLC)** |

This matter is before the Court on the Request for Review of the denial of a Sewer Backup ("SBU") claim by Carol Roehling (Doc. 1051) and the response of the Metropolitan Sewer District of Greater Cincinnati ("MSD") (Doc. 1126). Ms. Roehling requests review of MSD's decision on her SBU claim without a hearing. (Doc. 1051 at 2).

Ms. Roehling's request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

(*Id.* at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable engineering judgment and consider the following non-exclusive factors: amount of precipitation,

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.* Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

Ms. Roehling is the owner of the property located at 3260 Gobel Avenue, Cincinnati, Ohio. On March 1, 2017, the area in which Ms. Roehling's property is situated experienced heavy rainfall. On March 1, 2017, MSD received a report that 3260 Gobel Avenue was currently experiencing a sewer backup. MSD crews responded to investigate on March 3, 2017 and found that the home was not currently flooded, but it had previously flooded. The crew inspected the mainline and found it was open and running and not currently surcharged. (Doc. 1126, Ex. A). The MSD crew noted a downstream manhole had previously surcharged to a depth of 10 feet below the manhole cover. The crew also noted the area where the property sits is "like [a] big bowl," and there was heavy debris all over the street and debris in the driveway. In addition, the garage door showed a water line at three feet, eight inches above the garage threshold.

On May 16, 2017, Ms. Roehling, on behalf of Hanna C. Properties, LLC, filed an SBU claim with MSD seeking compensation for property damage allegedly resulting from a sewer backup on March 1, 2017. Ms. Roehling stated that "the sewer lines got clogged causing flood water to enter the garage and then basement." (Doc. 1126, Ex. B). In response to Ms.

Roehling's SBU claim, Tom Fronk, an Engineering Technical Supervisor with MSD, reviewed all documents relevant to the reported SBU at 3260 Gobel Avenue and found the following: (1) the level of surcharging identified by the MSD investigation was well below the level of the basement of the property; (2) the building is connected to a 45-inch combined sewer, but this street is served by a separate storm sewer to collect the storm water from the public right-of-way; (3) the house is situated in a low lying area that sustained extensive overland flooding; (4) various news reports showed the street flooding, including a truck driver being rescued by the fire department; and (5) there is no evidence that the public sewer overflowed and comingled with the overland flooding. As a result of this investigation, MSD denied Ms. Roehling's SBU claim, finding the cause of Ms. Roehling's damages arose out of overland flooding and not a sewer backup.

In her request for review filed in this Court, Ms. Roehling states that "it is MSD's responsibility to maintain the public sewer and keep it free of blockages. There are 2 sewer grates in front of my house at 3260 Gobel Ave. There was so much rain water that MSD's sewers were blocked and/or did not have enough capacity to handle all the rain water. The lack of enough capacity to handle the rain water caused the back up of sewage to come up thru the floor drain in my basement and enter thru my garage." (Doc. 1051 at 2-3). Ms. Roehling states there was four to five feet of sewer water in her basement. (*Id.*). She has attached photographs depicting flooding in her street and rainwater pooling in her driveway outside the garage door; a door between the garage and basement that was purportedly broken from the outside force of the water; and heavy debris in the street and yard.

3

Under the Consent Decree, property owners may recover damages to personal or real property caused by (1) the inadequate capacity in MSD's Sewer System, or (2) MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. (Doc. 131, Consent Decree, Exhibit 8 at 1). Claimants like Ms. Roehling who seek review of the denial of an SBU claim bear the burden of proof of showing that the backup of water into their property was caused by inadequate capacity in MSD's sewer system (a sewer discharge) and not by overland flooding or blockages in the homeowner's privately owned building sewer line. (Doc. 131, Consent Decree, Ex. 8 at 1). Ms. Roehling has not established that the water backup into her basement on March 1, 2017 was caused by inadequate capacity in MSD's sewer system. MSD has presented persuasive evidence that given the relative elevation of the sanitary sewer that services Ms. Roehling's home and the elevation of her basement as compared to the level of sewer surcharge, it is unlikely that the water damage to Ms. Roehling's basement was caused by a backup of the public sanitary sewer and it was more likely due to overland flooding. In addition, as noted by the MSD crew and as depicted in the photographs submitted with Ms. Roehling's claim, her property is situated in a low lying area that sustained extensive overland flooding. Given the topography of the area, overland flooding not emanating from MSD's sanitary sewer system was the most likely cause of the backup in Ms. Roehling's basement. The preponderance of the evidence does not establish that the cause of Ms. Roehling's basement backup was inadequate capacity of MSD's public sanitary sewer system.

The Court is not unsympathetic to homeowners like Ms. Roehling who experience a basement backup such as occurred in this case. Yet, this Court is bound by the terms of the Consent Decree in this matter, which places the burden of proof on the homeowner to show that

a capacity-related public sewer problem was the cause of the damage to a property. The undersigned is responsible for ensuring that any costs for damages to an individual's private property that must be paid by MSD (and ultimately the rate payers of Hamilton County) under the Consent Decree are the result of the backup of wastewater into the property due to inadequate capacity in MSD's Sewer System. In the absence of evidence establishing Ms. Roehling's property damage was more likely caused by a surcharge in the public sanitary sewer line and not by overland flooding or some other cause, the Court is constrained to uphold MSD's decision in this case.

Therefore, the Court denies Ms. Roehling's appeal in this case.

**IT IS SO ORDERED**.

Date: 11/9/17

Karen L. Litkovitz, Magistrate Judge
United States District Court