# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>Plaintiffs,<br><br>vs.<br><br>BOARD OF HAMILTON COUNTY<br>COMMISSIONERS, et al.,<br>Defendants. | Case No. 1:02-cv-107<br>Barrett, J.<br>Litkovitz, M.J.<br><br>**ORDER RE: REQUEST<br>FOR REVIEW BY<br>MICHELLE LYNETT BRUCE** |

This matter is before the Court on the Request for Review of the denial of a Sewer Backup ("SBU") claim by Michelle Lynett Bruce (Doc. 1046) and the response of the Metropolitan Sewer District of Greater Cincinnati ("MSD") (Doc. 1190). On December 20, 2017, the Court held a hearing on Ms. Bruce's request for review at which Ms. Bruce and Tom Fronk, MSD Engineering Technical Supervisor, testified and documentary evidence was submitted. (Doc. 1209).

Ms. Bruce's request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

(*Id.* at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

engineering judgment and consider the following non-exclusive factors: amount of precipitation, property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.* Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

Ms. Bruce is the tenant of the property located at 3260 Gobel Avenue, Cincinnati, Ohio. Ms. Bruce's landlord, Carol Roehling, is the owner of the property. On March 1, 2017, the area in which 3260 Gobel Avenue is situated experienced heavy rainfall and the basement of the building flooded, causing damage to real and personal property. Both Ms. Bruce and Ms. Roehling filed claims with MSD seeking compensation for property damage under the SBU Claim Program. MSD investigated both claims and determined that the damage to the property arose out of overland flooding and not a sewer backup. MSD therefore denied both Ms. Roehling's and Ms. Bruce's SBU claims.

Ms. Roehling, the owner of 3260 Gobel Avenue, filed a Request for Review of the denial of her claim in this Court. (Doc. 1052). The Court upheld MSD's denial of Ms. Roehling's claim, finding there was insufficient evidence that the damage to the property was caused by a sewer backup for which MSD was responsible. (Doc. 1160).

Ms. Bruce, the tenant at 3260 Gobel Avenue, similarly seeks review of MSD's denial of her claim. At the hearing on Ms. Bruce's Request for Review, Mr. Fronk from MSD testified that there was a substantial rain event on March 1, 2017 and approximately two and one-half inches of rain fell in a short period of time in the vicinity of 3260 Gobel Avenue. He testified that 3260 Gobel Avenue is situated in a low lying area that sustained extensive overland flooding. The property sat in a "bowl"-like area and a topography map of the area shows elevations rising to 90 feet on either side of 3260 Gobel Avenue. (Doc. 1209, Ex. 1). Mr. Fronk testified that an MSD crew did find evidence of sewer surcharge rising to 10 feet below the rim of the manhole directly downstream from the property. He testified that this level of surcharge was well below the level of the basement of the property and, therefore, the sewer surcharge could not have reached the basement level of the building. He also testified that the building is connected to a 45-inch combined sewer; however, Gobel Avenue is served by a separate storm sewer to collect the storm water from the public right-of-way. Mr. Fronk presented evidence of overland flooding in the area, including photographs showing extreme flooding in the street. (Doc. 1209, Ex. 2). In addition, he testified that the amount of debris found in the immediate area also signified overland flooding. (*Id.*). He testified that when MSD's crew observed the garage door of the building, they found a water line at three feet, eight inches above the garage threshold, which again pointed to evidence of overland flooding.

In her request for review filed in this Court, Ms. Bruce states there was six feet of water in her basement. (Doc. 1046). She has presented photographs depicting the damage from the flooding in her basement, including what appears to be approximately a four-foot water line on her basement walls. (*Id.*). Ms. Bruce states that MSD agreed it was MSD's responsibility when

3

it sent a cleaning crew to clean her basement. She seeks reasonable compensation for her property loss. (*Id.*).

Under the Consent Decree, property owners may recover damages to personal or real property caused by (1) the inadequate capacity in MSD's Sewer System, or (2) MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. (Doc. 131, Consent Decree, Exhibit 8 at 1). Claimants like Ms. Bruce who seek review of the denial of an SBU claim bear the burden of proof of showing that the backup of water into their property was caused by inadequate capacity in MSD's sewer system (a sewer discharge) and not by overland flooding or blockages in the homeowner's privately owned building sewer line. (Doc. 131, Consent Decree, Ex. 8 at 1).

As an initial matter, the Court notes that under the Consent Decree that governs the Court's review of SBU appeals, "MSD's provision of cleanup services under this program does not constitute an admission of any liability by MSD with regard to any claims that the occupant may have against MSD for real or personal property damage caused by the building backup." (Doc. 131, Ex. 7 at 4). MSD will provide cleaning services when doubt exists about the cause of the backup after an initial investigation based on the health risks posed by floods and water damage. (Doc. 640, Ex. B). Therefore, the fact that MSD provided cleaning services to the property at 3260 Gobel Avenue is not evidence that the water in Ms. Bruce's basement was the result of a backup of the public sewer.

Ms. Bruce has not established that the water backup into her basement on March 1, 2017 was caused by inadequate capacity in MSD's sewer system. MSD has presented persuasive evidence that given the relative elevation of the sanitary sewer that services Ms. Bruce's home

and the elevation of her basement as compared to the level of sewer surcharge, it is unlikely that the water damage to Ms. Bruce's basement was caused by a backup of the public sanitary sewer and it was more likely due to overland flooding. In addition, as noted during MSD's investigation and as depicted on the topography map submitted at the hearing, Ms. Bruce's property is situated in a low lying area that sustained extensive overland flooding. Given the topography of the area, overland flooding not emanating from MSD's sanitary sewer system was the most likely cause of the backup in Ms. Bruce's basement. There has not been any evidence presented that the public sewer overflowed and comingled with the overland flooding. The preponderance of the evidence does not establish that the cause of Ms. Bruce's basement backup was inadequate capacity of MSD's public sanitary sewer system.

The Court is not unsympathetic to claimants like Ms. Bruce who experience a basement backup such as occurred in this case. Yet, this Court is bound by the terms of the Consent Decree in this matter, which places the burden of proof on the homeowner to show that a capacity-related public sewer problem was the cause of the damage to a property. The undersigned is responsible for ensuring that any costs for damages to an individual's private property that must be paid by MSD (and ultimately the rate payers of Hamilton County) under the Consent Decree are the result of the backup of wastewater into the property due to inadequate capacity in MSD's Sewer System. In the absence of evidence establishing Ms. Bruce's property damage was more likely caused by a surcharge in the public sanitary sewer line and not by overland flooding or some other cause, the Court is constrained to uphold MSD's decision in this case.

Therefore, the Court denies Ms. Bruce's appeal in this case.

**IT IS SO ORDERED**.

Date: 1/10/18

Karen L. Litkovitz, Magistrate Judge
United States District Court