# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>　　Plaintiffs, | Case No. 1:02-cv-107<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| BOARD OF HAMILTON COUNTY<br>COMMISSIONERS, et al.,<br>　　Defendants. | **ORDER RE: REQUEST<br>FOR REVIEW BY<br>JONATHAN SMITH** |

This matter is before the Court on the Request for Review of the denial of a Sewer Backup ("SBU") claim by Jonathan Smith (Doc. 1070) and the response of the Metropolitan Sewer District of Greater Cincinnati ("MSD") (Doc. 1215). On January 16, 2018, the Court held a hearing on Mr. Smith's request for review at which Mr. Smith and Tom Fronk, MSD Engineering Technical Supervisor, testified and documentary evidence was submitted. (Doc. 1228).

Mr. Smith's request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

(*Id*. at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable engineering judgment and consider the following non-exclusive factors: amount of precipitation, property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id*. Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

Mr. Smith is the owner of the property located at 147-149 East Mitchell Avenue, Cincinnati, Ohio. On March 13, 2017, he filed an SBU claim with MSD seeking compensation for property damage allegedly resulting from a sewer backup on August 28, 2016. Mr. Smith states that MSD denied his claim because he did not report the SBU within 24 hours of its occurrence. Mr. Smith alleges he did not report within the 24-hour period because he was out of town when the backup occurred and did not return until September 10, 2016. He alleges he visited the property on September 12, 2016, and for the first time discovered mud in the basement. Thereafter, he began having problems with the furnace. Mr. Smith testified that he had one tenant living at the property at that time, but the tenant did not report any basement flooding to him. He also testified that he knew about MSD's SBU claims program, but he did not contact MSD to report a sewer backup before he filed a claim because he did not know what

caused the mud in his basement. Mr. Smith seeks compensation for three boilers, three hot water heaters, and all other items damaged in his basement. (Doc. 1070 at 1).

MSD states that the area in which Mr. Smith's property is located experienced heavy rainfall on August 28, 2016. However, Mr. Smith did not report an SBU to MSD within 24 hours or within a reasonable time thereafter. Therefore, MSD did not investigate the cause of any potential SBU to Mr. Smith's property prior to the filing of his SBU claim. MSD first learned of Mr. Smith's alleged SBU when he filed his SBU claim on March 13, 2017, over six months after the claimed SBU on August 28, 2016. MSD states that it extended the reporting time for the August 28, 2016 rain event due to the large number of people contacting MSD. After receiving Mr. Smith's SBU claim, MSD referred the claim to a Tenco adjuster who visited the property on May 18, 2017 and took photographs of the basement. (Doc. 1215, Ex. B). MSD alleges that the photographs do not provide any relevant information as to the existence or cause of Mr. Smith's alleged damages. MSD also alleges that Mr. Smith's Request for Review includes a repair estimate dated six months after the event, which again does not provide relevant information about the existence or cause of the alleged backup. (Doc. 1070 at 3).

At the hearing, Mr. Fronk testified that Mr. Smith's property is connected to a 24-inch public sewer line on East Mitchell Avenue. Mr. Fronk testified that there are eleven houses connected to that same sewer line and MSD did not receive any reports of sewer backup from any of those property owners related to the August 28, 2016 event. (Doc. 1228, Def. Ex. 1). Mr. Fronk testified that if the public sewer had surcharged, MSD would have expected reports of sewer backup from the five houses located at elevations lower than Mr. Smith's property. (*Id.*).

Under the Consent Decree, property owners may recover damages to personal or real property caused by (1) the inadequate capacity in MSD's Sewer System, or (2) MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. (Doc. 131, Consent Decree, Exhibit 8 at 1). Property owners are responsible for backups in the building lateral sewer lines, which are owned by the property owner and not MSD. (*Id.*). Occupants of properties damaged as a result of a basement backup must notify MSD within 24 hours of the time the backup is discovered to recover damages under the SBU Claims Process Plan. (*Id.*).

There is no evidence that Mr. Smith reported the August 28, 2016 alleged sewer backup to MSD before he filed his SBU claim in March 2017. Under the Consent Decree, Mr. Smith was required to report a sewer backup within 24 hours to claim compensation for damages. (Doc. 131, Consent Decree, Exhibit 8 at 1). Although he claims he did not report the SBU within 24 hours because he was out of town the day of the alleged sewer backup and did not return for another two weeks, he nevertheless waited over six months to contact MSD about the alleged backup by filing an SBU claim. This lengthy delay deprived MSD of the opportunity to timely investigate and evaluate the cause of any potential sewer backup to Mr. Smith's basement.

In addition, there has been no evidence presented to the Court to establish that the expenses for which Mr. Smith seeks compensation are for services related to a sewer backup for which MSD is responsible. The February 28, 2017 invoice from Dawson Heating and Air Conditioning does not establish that the damage to Mr. Smith's boilers and hot water tanks was caused by a backup of MSD's sewer system or resulted from MSD's negligent maintenance or upkeep of the sewer system. The invoice was written some six months after the August 28, 2016 rain event. There is no evidence the contractor performed any contemporaneous investigation in

or around August 2016 to enable it to draw a conclusion as to the cause of the malfunctioning boilers and water heaters. Under the SBU program governed by the Consent Decree, homeowners who seek review of the denial of an SBU claim bear the burden of proof of showing that the backup of wastewater into their property was due to inadequate capacity in MSD's sewer system, and not due to blockages in the occupant's own lateral sewer lines, or as a result of MSD's negligent maintenance or upkeep of the Sewer System. (Doc. 131, Consent Decree, Exhibit 8 at 1). Because Mr. Smith did not report any sewer backup to MSD within 24 hours of its occurrence in August 2016 or within a reasonable amount of time thereafter, and because the Court is unable to infer from the scant evidence presented by Mr. Smith that the damages he incurred were causally related to the alleged August 2016 SBU, Mr. Smith is not entitled to compensation for such expenses under the Consent Decree. Therefore, the Court upholds MSD's decision in this case. Mr. Smith's appeal is denied.

**IT IS SO ORDERED**.

Date: 1/19/18

Karen L. Litkovitz, Magistrate Judge
United States District Court