# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>Plaintiffs,<br><br>vs.<br><br>BOARD OF HAMILTON COUNTY<br>COMMISSIONERS, et al.,<br>Defendants. | Case No. 1:02-cv-107<br>Barrett, J.<br>Litkovitz, M.J.<br><br>**ORDER RE: REQUEST<br>FOR REVIEW BY<br>ROBERT BUCKNER** |

This matter is before the Court on the Request for Review of the denial of a Sewer Backup ("SBU") claim by Robert Buckner (Doc. 1024) and the response of the Metropolitan Sewer District of Greater Cincinnati ("MSD") (Doc. 1205). On December 20, 2017, the Court held a hearing on Mr. Buckner's request for review of his SBU claim. (Doc. 1208). The Court also held a supplemental hearing on January 30, 2018 (Doc. 1226) and received a supplemental response from MSD (Doc. 1244) and additional information from Mr. Buckner (Doc. 1245, Exs. 1-5).

Mr. Buckner's request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

> from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

(*Id.* at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable engineering judgment and consider the following non-exclusive factors: amount of precipitation, property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.* Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

As an initial matter, MSD does not dispute that Mr. Buckner's property experienced an SBU that is subject to the claims process under the Consent Decree. (Doc. 1205 at 1). The only issue in this case is the amount of compensation Mr. Buckner is entitled to recover for his property loss.

Mr. Buckner is the owner of the property located at 3621 Muddy Creek Road, Cincinnati, Ohio. On March 1, 2017, Mr. Buckner experienced sewer backup in his basement which resulted in damage to his personal and real property. Mr. Buckner made a claim for damages in the amount of $153,634.68 to MSD for the sewer backup. MSD valuated the property loss at $45,122.13. (Doc. 1205-4). MSD offered Mr. Buckner this amount in settlement of his claim. Mr. Buckner rejected the offer and filed this appeal.

Subsequent to the first hearing on Mr. Buckner's claim, MSD increased its total offer to $51,502.81. Thereafter, MSD and Mr. Buckner settled the cleaning portion of the claim for $20,510.64. (Doc. 1244, Ex. G). After deducting the cleaning portion from the total offer, MSD asserts Mr. Buckner is entitled to $30,992.17 in additional compensation under the SBU Claims Process Plan. Mr. Buckner disagreed with MSD's valuation of his claim and seeks review of MSD's decision by this Court.

A comprehensive list of all the items claimed by Mr. Buckner is contained in Exhibit H to Document 1244. The list itemizes the value of the items Mr. Buckner requests and the depreciated value offered by MSD. MSD denied or reduced compensation for items that were not fully documented by photographs. MSD also reduced compensation for what it perceived as duplicative or excessive costs of real property repairs.

Damages for SBU claims are determined based on the market value of personal property *as of the date of loss* (the depreciated value) and not on the original purchase price or cost of replacement. Structural damage to the interior of the property (e.g., flooring, drywall, critical mechanicals) is reimbursed at the reasonable replacement value. MSD properly valuated Mr. Buckner's personal property at the depreciated value based on the age of the items. The Court adopts as fair and reasonable MSD's estimate for the items of personal and real property with the following exceptions concerning specific items that Mr. Buckner raised questions about at the two hearings:

Item 398 (Clarke Contractors remodeling costs): The Court awards $17,371.25, after deducting from the original Clark Contractors' estimate $724.51 for the overhead door and hardware (which was compensated as another line item); $355.78 for a garage door opener that

was not damaged; the excess toilet cost ($389.31 estimate less $150.00 paid by Mr. Buckner); and the excess vanity cost ($532.28 estimate less $200.00 actually paid by Mr. Buckner). The Court declines MSD's request to deny compensation for an "exterior" door and lockset/deadbolt. The door in question is between the basement and the garage and is compensable.

Items 43-48 and 52-56 (clothing items): Mr. Buckner seeks $6,314.00 in compensation. MSD valued these items at $530.00 because there were few items of clothing shown in the photographs submitted with Mr. Buckner's claim. MSD valued the "Bengals" players' coats at zero because there were no photographs to verify loss of these items. The Court has reviewed the video evidence submitted by Mr. Buckner and finds that MSD underestimated the value of clothing items. The Court awards $1,280.00 for lost items of clothing.

Item 64 (framed military portraits of Mr. Buckner and his father): Mr. Buckner submitted evidence of these items at the second hearing. (Doc. 1245, Exs. 2, 3). Although family photographs undoubtedly have sentimental value, they have virtually no market value and are not compensable under the SBU claims process. Mr. Buckner testified that his mother had the photographs framed and he did not know the original purchase price. The Court declines to award compensation for these items.

Items 153-163 (Fitz & Floyd china): Mr. Buckner disputes MSD's valuation of these items and requests the eBay "buy it now" price as fair compensation for these items. MSD asserts that Mr. Buckner has overvalued these items by using the eBay "buy it now" price because "[a]ccording to eBay's website, the 'buy it now' price is at least 30% higher than the auction's starting price (see http://pages.ebay.com/help/buy/how-buy-bin.html)." (Doc. 1244 at

4

2). The Court has reviewed the evidence presented and conducted its own research. The Court awards $1,201.90 for Items 153-163.

Items 122-152 (Cherished Teddies Collectibles): Mr. Buckner disputes MSD's valuation of these items and requests the eBay "buy it now" price as fair compensation for these items. The majority of the items are listed by eBay as "new" and priced accordingly. MSD has depreciated the values provided by Mr. Buckner by 50%. After reviewing these items, the Court determines that MSD's valuation is fair and reasonable and awards the MSD amount for these items.

Item 195 (glider/sofa/table/lift top table): Mr. Buckner presents evidence he originally paid $1,914.99 in March 2011 for these items. (Doc. 1245, Ex. 1). MSD's proposed depreciated value of $900.00 is fair and reasonable. Therefore, the Court awards $900.00 for this item.

Items 17 and 18 (Bose Acoustimass 6 Series V Black Home Theater Speaker System and Bose speaker brackets with cubes): Mr. Buckner alleges the home theater speaker system was purchased in 2013 and the brackets were purchased in 2017 and were new. The Court awards $339.99 for the speaker system based on the Court's review of the parties' submissions and its own research of the value of a used Bose Acoustimass 6 Series V Black Home Theater Speaker System. The Court awards $105.00 for the Bose Speaker brackets with cubes.

Item 395 (washer and dryer): Mr. Buckner presents a receipt showing these items were purchased in 2013 at a cost of $1,368.51. (Doc. 1245, Ex. 5). MSD's depreciated value of $812.93 is fair and reasonable. The Court awards $812.93 for these items.

Duplicate items: The Court has factored into its award the following items that have been duplicated on Mr. Buckner's list:

5

- Item 94 (Lionel Chief 027 Train Set): This item is a duplicate of Item 9.

- Item 102 (Microsoft Windows Software): This item is a duplicate of Item 12.

- Item 115 (bath towels): This item is a duplicate of Item 194.

- Item 178 (phone): This item is a duplicate of Item 39.

- Item 185 (recliner with ottoman): This item is a duplicate of Item 42.

- Item 187 (Broan bath fan): This item is a duplicate of Item 222.

- Item 267 (Avon Susie Fiberoptic Witch): This item is a duplicate of Item 241.

<u>Items that have not been photographed</u>: Mr. Buckner disputes MSD refusal to compensate him for items listed on his claim form for which there are no photographs. Mr. Buckner explained that he had numerous individuals at his home cleaning up after the flood and, within one day, they had removed a large number of damaged items without photographing each item. Mr. Buckner has submitted videotapes that he alleges will verify his ownership of the items that were not photographed and for which he is seeking compensation.

Under the Consent Decree, "Damages will be paid for losses to real and personal property that can be *documented*." (Doc. 131, Consent Decree, Ex. 8 at 2) (emphasis added). In view of the Consent Decree's requirement that claimants substantiate the existence and/or extent of their damages, the Court may not award compensation for the items listed by Mr. Buckner on his claim form that have not been documented. Based on the Court's review of the videotapes submitted by Mr. Buckner, many items listed on his claim form are not visible on the videotapes and are not compensable. The Court discusses specific items below:

- <u>Items 215 and 216 ("Fine Art Britto Artist Girl on Bicycle #18/300 and Fine Art Mouly Artist LaGrand Mandole")</u>: Mr. Buckner requests compensation of $3,100.00 and $1,195.00 for each of these items. Mr. Buckner presented information about the replacement value of the items in his original claim

6

submission and at the hearing. (Doc. 1245, Ex. 4). MSD denied compensation as these items were not verified by photographs. The Court agrees with MSD's assessment and declines to award compensation for these items.

- <u>Numerous Christmas items</u>: Mr. Buckner's claim includes a request for compensation for hundreds of Christmas and other holiday figurines and decorations. Where Mr. Buckner provided an eBay estimate for such items, MSD provided a depreciated value for the items. Where Mr. Buckner failed to provide an eBay or other estimate for these items, MSD declined to assess a proposed value. At the hearing, Mr. Buckner requested that the Court view the videotapes he provided, which show numerous Christmas figurines and decorations, and requested that the Court award him compensation for these items.

- The Court has reviewed the videotapes provided by Mr. Buckner but declines to award him additional compensation for these items. The videos indeed show hundreds of Christmas figurines and decorations in Mr. Buckner's house. However, the Court is unable to identify with any precision the additional items in the videos for which Mr. Buckner seeks compensation. In addition, the videos were taken on December 25 and 28, 1991, January 17, 1997, and February 13, 2005. Mr. Buckner had filed an earlier SBU claim in July 2013, and was compensated for numerous Christmas figurines and decorations. *See* Docs. 621, 636. The Court is unable to determine with any accuracy which of the Christmas items depicted in the December 25 and 28, 1991, January 17, 1997, and February 13, 2005 videos were damaged as a result of the July 2013 SBU (and for which Mr. Buckner received compensation) and which items Mr. Buckner possessed on the date of the March 2017 SBU incident in this case. Any additional award would be speculative on the Court's part and unwarranted under the Consent Decree.

The Court has been able to verify the following items in the photograph and video evidence presented by Mr. Buckner and awards compensation as follows:

- Item 65 (40-gallon plastic containers): $324.75 (25 containers at $12.99 each)

- Item 117 (paint gallons): $200.00 (8 gallons at $25.00 each)

- Items 85 and 89 (golf clubs): $ 255.98 (12 Ping Eye 2 Irons) + $43.00 (driver)

- Item 228 (Optimus Oscillating Stand Fan): $30.79

- Item 306 (stacked santas): $14.00

- Item 308 (stacked snowmen): $10.00

7

- Item 313 (ceramic swinging snowman): $7.50
- Item 324 (ceramic deer with tree): $20.00
- Item 376 (water globe photo Easter eggs): $10.00

Mr. Buckner also seeks compensation for the loss of use of his basement and garage (Item 402-requesting $50,000.00). While the diminution in the value of real estate is compensable under the SBU claims program (Doc. 129 at 11), Mr. Buckner has requested compensation for the remodeling costs of his basement and garage (Doc. 1244-2 at 8, Item 398). As Mr. Buckner has requested and is being compensated for the rebuild cost of the interior of his basement and garage (*Id.*; *see* Item 398 above), it would be inconsistent and duplicative to also award him compensation for the alleged loss of use of his basement and garage. The Court denies compensation in this regard.

Mr. Buckner additionally seeks compensation for an increase in his homeowner's insurance for one year (Item 403-requesting $909.00) and car insurance adjustments for one year (Item 404-requesting $202.06). Under the Consent Decree, compensation through the SBU claims process is limited to real and personal property loss. (Doc. 131, Consent Decree, Exhibit 8 at 2; Doc. 129 at 11). The SBU claims process does not cover items such as increased insurance premiums. Therefore, the Court denies Mr. Buckner's request for reimbursement for Items 403 and 404.[2]

Finally, Mr. Buckner has submitted a packet of additional materials and items for which he seeks compensation. These items were not included in his original claim to MSD but were

---

[2] Even though certain items of damages are not covered by the Consent Decree, this does not mean that homeowners are without a remedy if they believe the damage they have suffered was caused by MSD's negligence. Homeowners who disagree with MSD's decision on their claim may seek relief in the state courts, as MSD advises in their materials to consumers. *See* http://sbu.msdgc.org/sbu/page/filing-a-claim.aspx.

presented by Mr. Buckner to the Court at his first hearing. Mr. Buckner may not bypass the claims procedure set forth in Exhibit 8 to the Consent Decree and seek compensation from the Court in the first instance. *See* Doc. 131, Ex. 8. The Court declines to award compensation for items not presented to MSD in Mr. Buckner's original claim.

In conclusion, the Court awards **$35,333.85** [(MSD proposed total amount of $30,992.17 minus MSD proposed amounts for Items 398, 43-48, 52-56, 153-163, 17, 18 = $14,119.69) plus the Court's award of $17,371.25 (Item 398) + $1,280.00 (Items 43-48, 52-56) + $1,201.90 (Items 153-163) + $339.99 (Item 17) + $105.00 (Item 18) + $324.75 (Item 65) + $200.00 (Item 117) + $255.98 (Item 85) + $43.00 (Item 89) + $30.79 (Item 228) + $14.00 (Item 306) + $10.00 (Item 308) + $7.50 (Item 313) + $20.00 (Item 324) + $10.00 (Item 376)] to Mr. Buckner for the damages sustained in this case.[3]

**IT IS SO ORDERED**.

Date: 3/2/18

Karen L. Litkovitz, Magistrate Judge
United States District Court

---

[3] As noted, Mr. Buckner and MSD have agreed to settle the cleaning portion of his SBU claim for $20,510.64. Thus, the total amount that Mr. Buckner will be reimbursed by MSD on this claim will be $55,844.49.

9