UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>Plaintiffs,<br><br>vs.<br><br>BOARD OF HAMILTON COUNTY<br>COMMISSIONERS, et al.,<br>Defendants. | Case No. 1:02-cv-107<br>Barrett, J.<br>Litkovitz, M.J.<br><br>ORDER RE: REQUEST<br>FOR REVIEW BY<br>LETITIA JAMES |

This matter is before the Court on the Request for Review of the denial of a Sewer Backup ("SBU") claim by Letitia James (Doc. 1159) and the response of the Metropolitan Sewer District of Greater Cincinnati ("MSD") (Doc. 1286). On March 27, 2018, the Court held a hearing on Ms. James's request for review of her SBU claim at which additional evidence was submitted. (Doc. 1296).

Ms. James's request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

(*Id.* at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

engineering judgment and consider the following non-exclusive factors: amount of precipitation, property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.* Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

As an initial matter, the Court notes that there is no dispute that one of the causes of damage to Ms. James's personal and real property was an MSD sewer backup. The only issue in this case is the amount of damages for Ms. James's property loss.

Ms. James is the owner of the property located at 3961 Vine Street, Cincinnati, Ohio. On July 18, 2015, Ms. James experienced an SBU incident in her basement which resulted in damage to her personal and real property. MSD crews responded to investigate Ms. James's report of a sewer backup and were able to identify evidence of a mainline sewer surcharge as well as overland flooding. Ms. James made a claim for personal and real property damages to MSD for the July 2015 sewer backup into her basement. MSD made an offer of $15,259.25 to Ms. James as compensation for her claim. Ms. James rejected the offer and filed this appeal.

Damages for SBU claims are determined based on the market value of personal property *as of the date of loss* (the depreciated value) and not on the original purchase price or cost of replacement. MSD valuated the items lost by Ms. James by applying depreciation to the claimed

items based on their age and/or market value. MSD's Claim Evaluation Worksheet sets forth an itemized list of 105 items of property for which Ms. James sought damages. With the exception of the items that follow, the Court finds MSD's valuations of Ms. James's personal property—including Items 2, 3, 6, 23, 27, 28, 32-35, 40, 56-57, 69, 72—to be fair and reasonable.

The Court determines that MSD undervalued certain items of personal property before applying depreciation. The Court awards the following amounts for these items:

    Item 20.    Ceiling tiles: $1,507.00

    Item 36.    Kitchen spacer boards: $75.00

    Item 49.    Grout (1 bag-powder): $20.00

    Item 50.    Morter (1 box): $23.00

    Item 51.    Joint compound (1 bag): $14.00

    Item 52.    Cabinet laminate: $300.00

    Item 55.    Glitwall fiberglass backing (1 large roll): $175.00

    Item 77.    Window film (1 box): $31.00

    Item 97.    Hardware drill bits: $75.00

    Item 98.    Drill bits: $150.00

Items not compensated by MSD:

    Linens in basket: $50.00

    Pillows: $20.00

    Mini blinds (2 boxes): $24.00

    Air conditioner-window unit: $180.00

    Zawsaw: $49.00

       Hammer drill: $30.00

       Jumper cables: $8.00

       Table saw: $132.00

       Chemical respirator replacement pack: $25.00

       Total: $2,888.00

Ms. James also seeks compensation for the rebuild of the basement. Ms. James submitted an estimate for $8,222.00. (Doc. 1286, Ex. C at 9). MSD made an offer of $5,000.00, as it determined Ms. James's estimate was prepared by an occupant of the home, no other competitive bids were submitted from an independent contractor, and MSD found the estimate to be excessive. Ms. James disputes MSD's assessment and presents evidence that the contractor submitting the bid, TDF Construction and Remodeling, has been a certified independent contractor since 2012. (Doc. 1296, Pl. Ex. 1). Ms. James states that the estimate includes labor and material, and she submits additional information to show that the estimate submitted by her contractor is reasonable. (Doc. 1296, Pl. Ex. 4). The Court finds the estimate submitted by Ms. James to be fair and reasonable. Therefore, the Court awards $8,222.00 for the rebuild of the basement.

In conclusion, the Court awards **$20,856.25** to Ms. James for the damages sustained in this case ($9,746.25 [MSD's valuation of items, excluding MSD's valuation of the Court's itemized list on pages 3 and 4] + $2,888.00 [Court's valuation of the itemized list on pages 3 and 4] + $8,222.00 [basement rebuild]).

    **IT IS SO ORDERED.**

*Karen L. Litkovitz*
Karen L. Litkovitz, Magistrate Judge
United States District Court