# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>Plaintiffs,<br><br>vs.<br><br>BOARD OF HAMILTON COUNTY<br>COMMISSIONERS, et al.,<br>Defendants. | Case No. 1:02-cv-107<br>Barrett, J.<br>Litkovitz, M.J.<br><br>ORDER RE: REQUEST<br>FOR REVIEW BY<br>NICOLE MANCINI |

This matter is before the Court on the Request for Review of the denial of a Sewer Backup ("SBU") claim by Nicole Mancini (Doc. 1273) and the response of the Metropolitan Sewer District of Greater Cincinnati ("MSD") (Doc. 1370). On June 28, 2018, the Court held a hearing on Ms. Mancini's request for review of her SBU claim, at which MSD appeared. Ms. Mancini did not appear and later informed the Court that she did not wish to appear in person for a hearing. Therefore, the Court resolves this appeal on the basis of the parties' written submissions.

Ms. Mancini's request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

(*Id.* at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable engineering judgment and consider the following non-exclusive factors: amount of precipitation, property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.* Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

As an initial matter, MSD does not dispute that Ms. Mancini's property experienced an SBU that is subject to the claims process under the Consent Decree. (Doc. 1370). The only issue in this case is the amount of compensation Ms. Mancini is entitled to for her property loss.

Ms. Mancini is the owner of the property located at 3601 Edgebrook Drive, Green Township, Ohio. On March 1, 2017, Ms. Mancini experienced sewer backup in her basement which resulted in damage to her personal and real property. On June 8, 2017, Ms. Mancini made a claim for damages to MSD for the sewer backup. (Doc. 1370, Ex. B). MSD valuated the personal property loss at $4,099.91. (Doc. 1370, Ex. C). MSD determined the reasonable cost to repair damaged real property was $5,000.00, which was covered by Ms. Mancini's insurance. In compliance with Ohio Rev. Code § 2744.05(B)(1), MSD was required to deduct the $5,000.00 Ms. Mancini received from her insurance carrier from the calculated total damages, leaving a

2

balance of $4,099.91. (*Id.*). As a result, MSD offered Ms. Mancini $4,099.91 in settlement of her claim.

Ms. Mancini initially rejected MSD's offer and filed this appeal. However, Ms. Mancini later accepted MSD's offer on April 3, 2017 and signed a written release. Ms. Mancini cashed her settlement check for $4,099.91 on April 11, 2018. (Doc. 1370, Ex. D).

It appears from her Request for Review that Ms. Mancini disputes the amount of compensation MSD has offered. However, Ms. Mancini formally accepted MSD's offer of $4,099.91 to resolve her SBU claim for the damages sustained on March 1, 2017. (Doc. 1370, Ex. D). In connection with that payment, Ms. Mancini signed a release "from any and all claims, demands, actions and causes of action whatsoever or in any manner arising from a 'Sewer Backup' incident on or about March 1, 2017 at 3601 Edgebrook Drive in Cincinnati, OH 45248." *Id*. The release further provides, "It is expressly understood and agreed that the payment of the above stated sum of money is the sole consideration of this release and the consideration stated herein is contractual and not a mere recital." *Id*.

"A release is a contract that is favored by the law to encourage the private resolution of disputes." *Lewis v. Mathes*, 829 N.E.2d 318, 322 (Ohio App. 4th Dist. 2005) (citation omitted). A release is "defined as the giving up or abandoning of a claim or right to the person against whom the right is to be enforced or exercised." *Richland Auto Grp., Inc. v. Fifth Third Bank*, No. 11CA77, 2012 WL 2551125, at *3 (Ohio App. 5th Dist. 2012) (citing *Fabrizio v. Hendricks*, 654 N.E.2d 127 (Ohio App. 11th Dist. 1995)). "Absent fraud or mutual mistake, broadly-worded releases are generally construed to include all prior conduct between the parties, even if the scope of such conduct or its damage is unknown to the releasor." *Scotts Co. LLC v. Liberty Mut.*

*Ins. Co.*, 606 F. Supp.2d 722, 734-35 (S.D. Ohio 2009) (citing *Denlinger v. City of Columbus, Ohio Public Schools*, No. 00AP-315, 2000 WL 1803923, at *5 (Ohio App. 10th Dist. Dec. 7, 2000)). In the absence of fraud, the release of a cause of action bars any later action on any claim encompassed within the release. *Lewis,* 829 N.E.2d at 322 (citing *Haller v. Borror Corp.*, 552 N.E.2d 207 (Ohio 1990)).

In consideration of the receipt of $4,099.91, Ms. Mancini agreed to release any and all claims she may have arising from sewer backup in her basement on March 1, 2017. There is no allegation or indication that the release entered into by Ms. Mancini and the City of Cincinnati was obtained by fraud. In addition, there is no evidence that the consideration Ms. Mancini received was not valuable in settling her claim. *See Manning v. Brucato*, No. 49361, 1986 WL 1062, at *2 (Ohio App. 8th Dist. Jan. 23, 1986) ("So long as the consideration is valuable it does not become insufficient merely because it may not be adequate."). The City of Cincinnati is entitled to rely on the release and the finality such release provides in the settlement of claims like Ms. Mancini's. Having no evidence that the release is not enforceable, the Court is constrained to uphold MSD's decision in this case denying Ms. Mancini's claim for further damages.

Therefore, the Court denies Ms. Mancini's claim in this case.

**IT IS SO ORDERED**.

Date: 7/23/18

Karen L. Litkovitz, Magistrate Judge
United States District Court