# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>Plaintiffs,<br><br>vs.<br><br>BOARD OF HAMILTON COUNTY<br>COMMISSIONERS, et al.,<br>Defendants. | Case No. 1:02-cv-107<br>Barrett, J.<br>Litkovitz, M.J.<br><br>**ORDER RE: REQUEST<br>FOR REVIEW BY<br>KIMBERLY E. WITTE** |

This matter is before the Court on the Request for Review of the denial of a Sewer Backup ("SBU") claim by Kimberly E. Witte (Doc. 1322) and the response of the Metropolitan Sewer District of Greater Cincinnati ("MSD") (Doc. 1393). On August 2, 2018, the Court held a hearing on Ms. Witte's request for review at which Ms. Witte and Tom Fronk, MSD Assistant Superintendent and SBU Response Program Manager, testified and documentary evidence was submitted. (Doc. 1403).

Ms. Witte's request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

(*Id.* at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable

---

[1]The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

engineering judgment and consider the following non-exclusive factors: amount of precipitation, property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.* Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

Ms. Witte is the owner of the property located at 1147 Nancy Lee Lane, Cincinnati, Ohio. On March 1, 2017, the area in which Ms. Witte's property is situated experienced heavy rainfall. On March 10, 2017, MSD received a report that 1147 Nancy Lee Lane had experienced a basement backup on March 1, 2017. MSD crews responded on March 11, 2017 to investigate. The crew determined that both the upstream and downstream manholes were open and running, and there did not appear to be past signs of a public sewer surcharge.

On November 28, 2017, Ms. Witte filed an SBU claim with MSD seeking compensation for property damage allegedly resulting from a sewer backup on March 1, 2017. (Doc. 1393, Ex. B). MSD denied the claim, finding that Ms. Witte did not comply with the 24-hour reporting requirement that governs SBU claims. The denial letter included information about Ms. Witte's option to pursue her claim in state court, where the 24-hour reporting requirement does not apply. (Doc. 1393, Ex. C). The denial letter also indicated that MSD was unable to identify any evidence that the flooding Ms. Witte experienced arose from MSD's sewer system. (*Id.*).

Ms. Witte testified that neither she nor her tenant who resides at the property are from Cincinnati, and they did not know about MSD's SBU program or the requirement that any sewer backup must be reported within 24 hours. She testified she complied with MSD's directive to hire a plumber to investigate her basement backup. She states the plumber ran a camera through her building sewer line and found the line was clear. Ms. Witte states that she experienced another flood on April 16, 2017 and called MSD immediately. The MSD crew responded the following day and found evidence that the public sewer had surcharged. Ms. Witte contends that given the proximity in time of the April 16, 2017 backup to the March 1, 2017 backup, it is likely that the March 1 backup was likewise caused by a surcharge of the public sewer. Finally, Ms. Witte testified that her downspouts had been connected to her building sewer lateral at the time of the March 1, 2017 backup. The downspouts have since been removed and redirected to her yard, and she has since installed a sump pump in her home. Ms. Witte testified she has not had any backups in 2018.

MSD presented evidence that it issued a press release emphasizing the 24-hour reporting requirement related to the March 1, 2017 storm, which was broadcast by local news media. (Doc. 1393, Ex. D). MSD presented evidence that even though it denied Ms. Witte's claim based on her failure to report the backup within 24 hours, a subsequent review of the MSD public sewer system in her geographical area does not support a finding that Ms. Witte's damages were caused by inadequate capacity of MSD's sewer system. Mr. Fronk testified that of the 38 houses on Nancy Lee Lane, no other homeowners besides Ms. Witte reported a backup on March 1, 2017. He further testified that Ms. Witte's house sits eight feet higher than the invert of the upstream manhole and there would need to be a significant amount of surcharge to

3

reach the level of Ms. Witte's basement. Mr. Fronk testified that the house has a recessed driveway, which contributes to the waterflow to the drain outside of the garage. He testified that the combination of the recessed driveway and connected downspouts likely overwhelmed the building sewer.

Mr. Fronk also testified that MSD received four other reports of SBUs at Ms. Witte's property subsequent to the March 2017 flood. However, MSD did not receive reports of any SBUs from property owners on Nancy Lee Lane other than Ms. Witte on any of the dates she reported backups. Mr. Fronk did not view the April 16, 2017 SBU event as particularly relevant to the cause of the March 1, 2017 backup. Rather, he believed the totality of the evidence pointed to only one house – Ms. Witte's – as having a chronic problem with water backup, which likely indicated an internal plumbing problem.

Under the Consent Decree, property owners may recover damages to personal or real property caused by (1) the inadequate capacity in MSD's Sewer System, or (2) MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. (Doc. 131, Consent Decree, Exhibit 8 at 1). Property owners are responsible for backups in the building lateral sewer lines, which are owned by the property owner and not MSD. (*Id.*). Occupants of properties damaged as a result of a basement backup must notify MSD within 24 hours of the time a backup occurs to recover damages under the SBU Claims Process Plan. (*Id.*).

It is undisputed that Ms. Witte waited nine days to report her basement backup to MSD. Although Ms. Witte asserts she was unaware of the 24-hour reporting requirement, MSD has presented evidence that it publicized the requirement through the news media following the March 1, 2017 storm. The failure of a claimant to report a basement backup within 24 hours

deprives MSD of the ability to timely investigate and evaluate the cause of any potential sewer backup. This is a valid reason to deny Ms. Witte's SBU claim.

In addition, there has been no evidence presented to the Court to establish that the personal property loss for which Ms. Witte seeks compensation is related to a backup of MSD's public sewer. Under the Consent Decree, homeowners who seek review of the denial of an SBU claim bear the burden of proof of showing that the backup of wastewater into their property was due to inadequate capacity in MSD's sewer system and not due to other causes such as overland flooding or a problem with the building sewer. (Doc. 131, Consent Decree, Exhibit 8 at 1). MSD has presented persuasive evidence that given the MSD crew's findings during their investigation of the March 2017 backup, the relative elevation of the public sewer that services Ms. Witte's home, the presence of a recessed driveway at her home, and the connection of the downspouts to the building sewer at the time of the March 1, 2017 backup, it is unlikely that the water damage to Ms. Witte's basement was caused by a backup of the public sewer. Rather, it was more likely due to overland flooding or a problem within the building sewer lateral for which Ms. Witte as a homeowner is responsible. The preponderance of the evidence does not establish that the cause of Ms. Witte's basement backup was inadequate capacity of MSD's public sewer system.

Because Ms. Witte did not report any sewer backup to MSD within 24 hours of its occurrence in March 2017, and because the evidence does not show that the cause of Ms. Witte's basement backup was inadequate capacity of MSD's public sewer system, the Court

upholds MSD's decision in this case.

**IT IS SO ORDERED**.

Date: 8/23/18

Karen L. Litkovitz, Magistrate Judge
United States District Court