# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br> Plaintiffs, <br><br> vs. <br><br> BOARD OF HAMILTON COUNTY <br> COMMISSIONERS, et al., <br> Defendants. | Case No. 1:02-cv-107 <br> Barrett, J. <br> Litkovitz, M.J. <br><br><br> ORDER RE: REQUEST <br> FOR REVIEW BY <br> DOROTHY MOORE |

This matter is before the Court on the Request for Review of the denial of a Sewer Backup ("SBU") claim by Dorothy Moore (Doc. 1334), the response of the Metropolitan Sewer District of Greater Cincinnati ("MSD") (Doc. 1401), and the parties' supplemental briefs and documentation (Docs. 1339, 1416, 1417, 1422). On August 16, 2018, the Court held a hearing on Ms. Moore's request for review at which Ms. Moore and Tom Fronk, MSD Assistant Superintendent and SBU Response Program Manager, testified and documentary evidence was submitted. (Doc. 1413).

Ms. Moore's request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

(*Id.* at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable engineering judgment and consider the following non-exclusive factors: amount of precipitation, property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.* Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

Ms. Moore was a renter of the property located at 1716 Brewster Avenue, Cincinnati, Ohio. Ms. Moore claims damages to personal property from alleged sewer backup incidents on April 27, 2017, May 6, 2017, and June 8, 2017. Ms. Moore filed an SBU claim with MSD on December 29, 2017 seeking compensation for property damage allegedly resulting from the three sewer backups. (Doc. 1401, Ex. A). MSD denied the claim, finding that Ms. Moore did not comply with the 24-hour reporting requirement that governs SBU claims for any of the three incidents. (Doc. 1401, Ex. C). The denial letter also states that MSD was unable to identify any evidence that the basement backups Ms. Moore experienced arose from MSD's sewer system. (*Id.*). Ms. Moore disagreed with MSD's decision and filed a request for review with this Court.

At the hearing, Ms. Moore testified that she is not from Ohio and did not know to call MSD about the sewer backups. Instead, after contacting her landlord, who allegedly did not immediately remediate the condition, Ms. Moore contacted the Cincinnati Health Department

about the sewer backup in May 2017. The Health Department investigated on June 6, 2017, and the investigator found standing sewage, water damage, and evidence of water leaks in the basement. The Health Department issued a report noting several health code violations based on, among other things, "[s]ewer leak, out of repair, stopped or clogged." (Doc. 1339; Doc. 1401, Ex. B). The report indicated that repairs were started on June 13, 2017. (*Id.*). Ms. Moore testified that her landlord hired a plumber to cap off a floor drain in the basement and snake the sewer line. Ms. Moore moved out of the property at the end of June 2017.

MSD presented evidence that it received no reports from Ms. Moore about a sewer backup on April 28, 2017, May 6, 2017, or June 8, 2017. Mr. Fronk testified that MSD had not received reports of sewer backups from any of the properties surrounding Ms. Moore's home on or about these three dates. He further testified that Ms. Moore's rental property sits near a "summit" manhole that effectively serves as an overflow device in the event of a surcharge of the public sewer. (Doc. 1413, Ex. 1). Mr. Fronk also testified that MSD was not notified by the Cincinnati Health Department of a problem with the public sewer, which is standard practice where the Health Department discovers a problem in the public sewer. MSD also presented historical rainfall information for the dates in question. (Doc. 1413, Ex. 2). There was no rain on June 6 through June 8, 2017; no rain on May 6, 2017; and some rain on August 28, 2017. (*Id.*).

After the hearing, Ms. Moore presented documentation that her neighbor at 1714 Brewster Avenue experienced a sewer backup in September 2016, six months before Ms. Moore's first backup, and her neighbor at 1722 Brewster Avenue reported a sewer backup to MSD in February 2018. (Doc. 1416 at 7; Doc. 1417). She also submitted a map provided to her

from MSD that purports to identify the properties reporting sewer backups in 2018. (Doc. 1416 at 4).

MSD also provided additional information after the hearing. MSD states that it searched its database for reports and/or claims made by neighboring properties occurring on or about April 28, 2017, May 6, 2017, and June 8, 2017, and determined that no other sewer backup reports were received. In fact, no sewer backup reports were received by MSD concerning neighboring properties during all of 2017. When MSD expanded its search, it found a report of a sewer backup at 1714 Brewster Avenue that was associated with the August 28, 2016 storm for which the only follow-up work performed was a cleaning. (Doc. 1422, Ex. A). On February 2, 2018, MSD received a report of a backup at 1722 Brewster Avenue, which was determined to have been an internal plumbing issue. (Doc. 1422, Ex. B). No follow-up work was performed by MSD at this property. MSD also clarifies that the map submitted by Ms. Moore (Doc. 1416) indicates reported sewer backups in 2018 and does not include a determination of the cause of the backups.

Under the Consent Decree, occupants of properties served by MSD may recover damages to personal or real property caused by (1) the inadequate capacity in MSD's Sewer System, or (2) MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. (Doc. 131, Consent Decree, Exhibit 8 at 1). Property owners are responsible for backups in the building lateral sewer lines, which are owned by the property owner and not MSD. (*Id.*). Occupants of properties damaged as a result of a basement backup must notify MSD within 24 hours of the time a backup occurs to recover damages under the SBU Claims Process Plan. (*Id.*).

It is undisputed that Ms. Moore did not report her three basement backups to MSD. The failure of a claimant to report a basement backup within 24 hours deprives MSD of the ability to timely investigate and evaluate the cause of any potential sewer backup. This is a valid reason to deny Ms. Moore's SBU claim.

In addition, there has been no evidence presented to the Court to establish that the personal property loss for which Ms. Moore seeks compensation is related to a backup of MSD's public sewer. Under the Consent Decree, homeowners who seek review of the denial of an SBU claim bear the burden of proof of showing that the backup of wastewater into their property was due to inadequate capacity in MSD's public sewer system and not due to other causes such as overland flooding or a problem with the building sewer. (Doc. 131, Consent Decree, Exhibit 8 at 1). The preponderance of the evidence in this case does not establish that the cause of Ms. Moore's basement backup was inadequate capacity of MSD's public sewer system. Rather, it appears from the evidence that the problem was most likely in the building sewer, for which her landlord would be responsible. Ms. Moore submitted a Health Department report noting water and sewage in the basement of Ms. Moore's property and violations of health code rules requiring owners of dwellings to maintain waste pipes in good sanitary and safe working condition. In addition, there is no evidence that any neighboring property owners reported sewer backups on or around the dates included in Ms. Moore's claim. Also, the location of Ms. Moore's property near the summit manhole, which acts as an overflow device, suggests it is unlikely that the cause of Ms. Moore's basement backups was a surcharge of the public sewer. Finally, the fact that neighboring properties may have reported alleged sewer backups in 2016 and 2018 does not make it more likely than not that Ms. Moore's backups in April, May and

June of 2017 were caused by a surcharge of the public sewer. There are many factors that must be considered in determining whether a backup of water and sewage into a basement is due to a lack of capacity in the public sewer, including the amount of precipitation on a given day, SBU history of the property, the condition of the sewer system in the neighborhood, the presence of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. There has been no evidence presented that the conditions faced by Ms. Moore's neighbors in 2016 and 2018 were similar or relevant to the conditions she faced in 2017. The Court cannot conclude that Ms. Moore's basement backups in April, May and June 2017 were caused by the inadequate capacity of MSD's public sewer lines or MSD's negligent maintenance or repair of the public sewer lines.

Because Ms. Moore did not report any sewer backups to MSD within 24 hours of their occurrences in April, May and June 2017, and because the evidence does not show that the cause of Ms. Moore's basement backups was inadequate capacity of MSD's public sewer system, the Court upholds MSD's decision to deny Ms. Moore's claim in this case.

**IT IS SO ORDERED**.

Date: 9/4/18

Karen L. Litkovitz, Magistrate Judge
United States District Court

6