UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>Plaintiffs<br><br>vs.<br><br>BOARD OF HAMILTON COUNTY<br>COMMISSIONERS, et al.,<br>Defendants | Case No. 1:02-cv-107<br>Barrett, J.<br>Litkovitz, M.J.<br><br>ORDER RE: REQUEST<br>FOR REVIEW BY<br>YOLANDA J. LANDRUM |

This matter is before the Court on the Request for Review of the denial of a Sewer Back Up ("SBU") claim by Yolanda Landrum (Doc. 1405) and the Metropolitan Sewer District of Greater Cincinnati ("MSD")'s response thereto (Doc. 1469). On February 12, 2019, the Court held a hearing on Ms. Landrum's request for review at which Ms. Landrum and MSD Assistant Superintendent and SBU Response Program Manager Tom Fronk testified and documentary evidence was submitted. (Doc. 1601).

Ms. Landrum's request for review is filed under the Sewer Back Up[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

---

[1]The "Water-In-Basement" program has been renamed the "Sewer Back Up" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

(Doc. 131, Consent Decree, Exhibit 8 at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable engineering judgment and consider the following non-exclusive factors: amount of precipitation, property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Exhibit 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. (*Id.*).

## I. Background

Ms. Landrum is a renter at the property located at 2630 Euclid Avenue, Apt. 1, Cincinnati, Ohio. On April 12, 2018, Ms. Landrum filed an SBU claim with MSD seeking compensation for property damage allegedly resulting from a sewer backup on March 30, 2018. (Doc. 1469, Ex. A). MSD denied the claim for property loss, finding that Ms. Landrum failed to report the sewer backup within 24 hours as required by the SBU program. (Doc. 1469, Ex. B). Ms. Landrum disagreed with MSD's decision and filed a request for review in this Court.

## II. Evidence

Ms. Landrum alleges that on or about March 30, 2018, she had a sewer backup in her apartment. She reported the backup that same day to her landlord. Her landlord advised her to make a claim under her renter's insurance policy and to file a claim against the City of Cincinnati. Ms. Landrum states that she had experienced three previous sewer backups in her apartment. After the last backup, the landlord's plumber advised her to pour rock salt down each commode every three months to "break the roots up." (Doc. 1405 at 3).

2

MSD states that it did not receive a report of a backup at 2630 Euclid Avenue within 24 hours or at any time prior to Ms. Landrum's filing of an SBU claim on April 12, 2018. As a result, MSD was unable to investigate the cause of the backup within a reasonable period of time. Mr. Fronk testified that once MSD received Ms. Landrum's claim, he investigated and determined that no other properties in the area had reported a sewer backup on or about March 30, 2018. He testified that there had not been a sewer backup reported at that property since October 2014, which indicated there were no known public sewer capacity problems at that location in the past four and one-half years.

Ms. Landrum testified that her insurance company declined her claim, stating the damage was the responsibility of her landlord or the City.

### III. Resolution

Under the Consent Decree, claimants may recover damages to personal or real property arising from a "backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System" and "arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System." (Doc. 131, Consent Decree, Exhibit 8 at 1). Property owners are responsible for the maintenance and cleaning of the building lateral sewer line, which is owned by the property owner and not MSD. (*Id.*). A property owner, and not MSD, is responsible for damage from a basement backup arising from a break or blockage in the building lateral sewer line. In addition, occupants of properties damaged as a result of a basement backup must notify MSD within 24 hours of the time a backup occurs to recover damages under the SBU Claims Process Plan. (*Id.*).

It is undisputed that Ms. Landrum did not report her basement backup to MSD until she

actually filed her April 12, 2018 SBU claim. The failure of a claimant to report a basement backup within 24 hours deprives MSD of the ability to timely investigate and evaluate the cause of any potential sewer backup. This is a valid reason to deny Ms. Landrum's SBU claim.

In addition, there has been no evidence presented to the Court to establish that the personal property loss for which Ms. Landrum seeks compensation is related to a backup of MSD's public sewer. Under the Consent Decree, claimants who seek review of the denial of an SBU claim bear the burden of proof of showing that the backup of wastewater into the property was due to inadequate capacity in MSD's public sewer system and not due to other causes such as overland flooding or a problem with the building sewer. (Doc. 131, Consent Decree, Exhibit 8 at 1). The preponderance of the evidence in this case does not establish that the cause of Ms. Landrum's apartment backup was inadequate capacity of MSD's public sewer system. Rather, it appears from the evidence that the problem was most likely a blockage in the building sewer, for which her landlord is responsible. Ms. Landrum stated that she experienced three previous sewer backups and was advised by the landlord's plumber to pour rock salt down the commodes "to break the roots up." This evidence suggests that tree roots were present in the building lateral and likely caused a blockage of the lateral, thereby preventing the flow of wastewater from the apartment to the public sewer. In addition, there is no evidence that any neighboring property owners reported sewer backups on or around the date included in Ms. Landrum's claim. The Court cannot conclude that Ms. Landrum's basement backup on March 30, 2018 was caused by the inadequate capacity of MSD's public sewer lines.

Because Ms. Landrum did not report a sewer backup to MSD within 24 hours of its occurrence on March 30, 2018, and because the evidence does not show that the cause of Ms.

Landrum's basement backup was inadequate capacity of MSD's public sewer system, the Court upholds MSD's decision to deny Ms. Landrum's claim in this case.

**IT IS SO ORDERED**.

Date: 3/12/19

Karen L. Litkovitz, Magistrate Judge
United States District Court