# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br> Plaintiffs, <br><br> vs. <br><br> BOARD OF HAMILTON COUNTY <br> COMMISSIONERS, et al., <br> Defendants. | Case No. 1:02-cv-107 <br> Barrett, J. <br> Litkovitz, M.J. <br><br><br> **ORDER RE: REQUEST** <br> **FOR REVIEW BY** <br> **SCHARLYN CLARK MILLS** |

This matter is before the Court on the Request for Review of the denial of a Sewer Backup ("SBU") claim by Scharlyn Clark Mills (Doc. 1498) and the response of the Metropolitan Sewer District of Greater Cincinnati ("MSD") (Doc. 1597). On February 19, 2019, the Court held a hearing on Ms. Mills' request for review of her SBU claim. (Doc. 1609).

Ms. Mills' request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

(*Id.* at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable engineering judgment and consider the following non-exclusive factors: amount of precipitation,

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.* Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

As an initial matter, the Court notes that there is no dispute that one of the causes of damage to Ms. Mills' personal and real property was an MSD sewer backup. The only issue in this case is the amount of damages for Ms. Mills' property loss.

Ms. Mills is the owner of the property located at 1715 Avonlea Avenue, Cincinnati, Ohio. On August 28, 2016, Ms. Mills experienced an SBU incident in her basement which resulted in damage to her personal and real property. MSD crews responded to investigate Ms. Mills' report of a sewer backup and were able to identify evidence of a mainline sewer surcharge. Ms. Mills made a claim for personal and real property damages to MSD for the August 28, 2016 sewer backup into her basement. MSD made an offer of $6,376.88 to Ms. Mills as compensation for her claim. Ms. Mills rejected the offer and filed this appeal.

Damages for SBU claims are determined based on the market value of personal property *as of the date of loss* (the depreciated value) and not on the original purchase price or cost of replacement. MSD valuated the items lost by Ms. Mills by depreciating the claimed items based on their age and/or market value. MSD's adjuster evaluated Ms. Mills' claim and the adjuster's

2

"Statement of Loss: Content Analysis" document sets forth an itemized list of property for which Ms. Mills sought damages. (Doc. 1498 at PAGEID# 33527-33528). Ms. Mills highlighted the specific items of MSD's valuation that she disputes. The highlighted items were discussed at the hearing and the Court and parties agree that the following valuations are fair and reasonable:

    Washing machine: $411.94

    Dryer: $411.94

    Cords for appliances: $26.21

    HP Printer: $20.00

    VCR tapes: $42.25

    Corduroy pants: $178.75

    Hats/gloves/scarves: $54.00

    PJ's: $34.18

    Housecoat: $40.50

    Bathrobe: $13.50

    PJ's: $28.76

    Shirts: $26.95

    Pants: $26.95

    Jeans: $36.00

    Shirts: $58.50

    T-shirts: $68.40

    Short sets: $46.76

    Jean shorts: $11.69

Culinary books: $1,200.00

Kitchen set: $27.50

The value of the following items is disputed by the parties. The Court awards as fair and reasonable:

Box of toys: $20.00

Iron horse exercise bike: $38.00

Chicago legend roller skates and bag: $75.00[2]

The Court finds that MSD's valuation of Ms. Mills' remaining items of personal property is fair and reasonable and awards $2,506.15 for these items.

Ms. Mills also seeks compensation for the damage to her water heater and furnace. The Court determines that the $1,209.00 assessed by MSD's adjuster is fair and reasonable. (Doc. 1498, PAGEID# 33526).

In conclusion, the Court awards **$6612.93** to Ms. Mills for the damages sustained in this case ($2,897.78 [Court's valuation of the itemized list on pages 3 and 4] + $2,506.15 [MSD's valuation of the remaining items of personal property, which does not include the Court's itemized list on pages 3 and 4] + $1,209.00 [water heater and furnace]).

**IT IS SO ORDERED.**

*Karen L. Litkovitz* (signature)
Karen L. Litkovitz, Magistrate Judge
United States District Court

---

[2] The exercise bike, roller skates, and skate bag were documented by MSD's cleaning contractor and photographed.

4