# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

UNITED STATES OF AMERICA, et al.,
Plaintiffs,

vs.

BOARD OF HAMILTON COUNTY
COMMISSIONERS, et al.,
Defendants.

Case No. 1:02-cv-107
Barrett, J.
Litkovitz, M.J.

**ORDER RE: REQUEST FOR REVIEW BY VALRIE REID**

This matter is before the Court on the Request for Review of the denial of a Sewer Back Up ("SBU") claim by Valrie Reid (Doc. 1506), the Metropolitan Sewer District of Greater Cincinnati ("MSD")'s response thereto (Doc. 1604), and MSD's supplemental response (Doc. 1630). On February 21, 2019, the Court held a hearing on Ms. Reid's request for review at which Ms. Reid and MSD Assistant Superintendent and SBU Response Program Manager Tom Fronk testified and documentary evidence was submitted. (Doc. 1614).

Ms. Reid's request for review is filed under the Sewer Back Up[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Back Up" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

(Doc. 131, Consent Decree, Exhibit 8 at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable engineering judgment and consider the following non-exclusive factors: amount of precipitation, property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Exhibit 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. (*Id.*).

## I. Background

Ms. Reid is the owner of the property located at 2518 Ardmore Avenue, Cincinnati, Ohio. On August 9, 2018, Ms. Reid filed an SBU claim with MSD seeking compensation for property damage allegedly resulting from a sewer backup on August 28, 2016. (Doc. 1604, Ex. C). MSD denied the claim for property loss, finding the damage was not caused by a sewer backup covered by the SBU program. (Doc. 1604, Ex. D). Ms. Reid disagreed with MSD's decision and filed a request for review in this Court.

## II. Evidence

On August 28, 2016, the area in which Ms. Reid's property is situated experienced heavy rainfall. On September 16, 2016, MSD received a report that 2518 Ardmore Avenue had experienced an alleged sewer backup. Due to the timing of the report and the overwhelming number of calls for service that arose from this storm, MSD crews did not respond to Ms. Reid's residence to investigate. However, MSD provided cleaning services for Ms. Reid's home prior to conducting a more in-depth evaluation of the cause of flooding. Servpro, an MSD contractor,

2

was dispatched to her property and performed cleaning services. Ms. Reid states that Servpro removed several inches of drywall throughout the basement and removed furniture and clothing. Ms. Reid states she would have preferred to keep some items but the cleaning crew advised her the items were contaminated with sewage and it was not safe to keep them. Ms. Reid states she observed water coming up from her basement floor drain and coming in from the driveway. She also states she could smell the odor of sewage from the basement floor drain.

After further review of the sewer configuration and other available information, MSD determined that the flooding at Ms. Reid's home was not caused by a surcharge of the public sewer on August 28, 2016, but by overland flooding. Ms. Reid's home is served by a sanitary-only sewer and not a combined sanitary and storm water sewer. The home is connected to MSD's sanitary sewer system near the "head-end," meaning the beginning or the highest point of the local sewer. (Doc. 1614, Def. Ex. 1). MSD alleges that because Ms. Reid's home is situated near the top of the local sanitary sewer, it receives minimal additional flow from the houses upstream from her property. In addition, the topography of the area where Ms. Reid's home is located makes it susceptible to overland flooding. (Doc. 1614, Def. Ex. 1). There are no storm sewers on Ardmore Avenue, and rain water will flow down the street gutters and into storm sewer inlets on Fair Oaks Avenue, which runs perpendicular to Ardmore Avenue. (Doc. 1614, Def. Ex. 1). These storm sewers are owned and maintained by the Village of Golf Manor.

MSD presents evidence that only one other home on Ardmore Drive that is tapped into the same sewer segment as Ms. Reid's property reported a sewer backup. (Doc. 1604, Ex. B). Mr. Fronk testified that 2517 Ardmore Avenue, which is located across the street from Ms. Reid, reported an alleged sewer backup on August 28, 2016. Twelve hours later, an MSD crew was

3

dispatched to the property to investigate. The crew observed that the sanitary sewer was open and running and there were no signs of surcharging in the upstream or downstream manholes. No other homes connected to the relevant sanitary sewer segment reported a sewer backup to MSD. Mr. Fronk also testified that Ms. Reid's home has a recessed driveway leading to the garage which likely facilitated the flow of rain water down to the garage, inside the garage, and into Ms. Reid's basement. (Doc. 1614, Def. Ex. 2). He testified that given the age of Ms. Reid's home, it was likely that the driveway drain adjacent to the garage door is connected to the home's internal plumbing and building lateral. Rain water flowing down the driveway and into this drain would likely overwhelm the internal plumbing, causing the sewage already present in the building lateral to back up through the basement floor drain and into Ms. Reid's basement.

Ms. Reid testified that in addition to 2517 Ardmore Avenue, the homeowner at 2428 Ardmore Avenue reported a sewer backup from the August 28, 2016 rain event. MSD compensated this homeowner for the property damage she sustained. (Doc. 1614, Pl. Ex. A). Ms. Reid also testified that she observed water coming down her driveway, but most of the water flowed into the drain by the garage door. She further testified she did not file a claim with her homeowner's insurance because she thought the property damage was MSD's responsibility, and she did not want her insurance premiums to increase.[2] Ms. Reid also presented a map showing the locations of homes reporting sewer backups in the Bond Hill, Roselawn, and Gulf Manor neighborhoods from August 27, 2016 through May 28, 2018. (*Id.*).

In its supplemental response, MSD presents evidence that the homeowner's property at

---

[2] Under the Consent Decree and Ohio law, claimants are required to collect first from their homeowner's insurance. (Doc. 131, Consent Decree, Exhibit 8; Ohio Rev. Code § 2744.05). For eligible claims, MSD will pay the difference between what the insurance coverage pays and the total loss.

4

2428 Ardmore Avenue, whose SBU claim was settled by MSD, is connected to a completely different combined (sanitary and storm water) sewer than Ms. Reid's property. (Doc. 1630, Ex. 5). When that property was investigated by MSD on August 29, 2016, MSD's crew found signs of surcharging in the junction manhole that joins that segment of the Ardmore Avenue sewer with Hammel Avenue, which adjoins Ardmore Avenue. Given the evidence of the surcharged manhole serving 2428 Ardmore Avenue, MSD concluded it was responsible for the backup to that property. (Doc. 1630, Exs. 3, 4, 6).

### III. Resolution

Under the Consent Decree, property owners may recover damages to personal or real property caused by (1) the inadequate capacity in MSD's Sewer System, or (2) MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. (Doc. 131, Consent Decree, Exhibit 8 at 1). Claimants like Ms. Reid who seek review of the denial of an SBU claim bear the burden of proof of showing that the backup of water into their property was caused by inadequate capacity in MSD's sewer system (a sewer surcharge) and not by overland flooding or blockages in the homeowner's privately-owned building sewer line. (Doc. 131, Consent Decree, Ex. 8 at 1).

Ms. Reid has not established that the water backup into her basement on August 28, 2016 was caused by inadequate capacity in MSD's sanitary sewer system. MSD has presented persuasive evidence that overland flooding, and not a sanitary sewer surcharge, was the likely cause of Ms. Reid's basement flood. Ms. Reid's property is served by a sanitary-only MSD sewer, and not a combined sanitary-storm water sewer, thereby decreasing the likelihood that the significant amount of rainfall on August 28, 2016 would cause a surcharge of the sanitary-only

5

public sewer. In addition, there was only one other property on Ardmore Avenue that is served by the same segment of sanitary sewer serving Ms. Reid's property which reported a backup. MSD's contemporaneous investigation of this property, which is located across the street from Ms. Reid's home, indicated there were no signs of surcharge in the public sanitary sewer. Ms. Reid's property is located at the head end of the sanitary sewer line, thereby minimizing the amount of sanitary flow to her property. Ms. Reid's property has a recessed driveway, and she admits she observed "some water coming in from the driveway." (Doc. 1506 at 4). She also testified that water flowed down the driveway and into an outside drain adjacent to the garage. As it is likely that this driveway drain is connected to the internal plumbing and building lateral, rain water flowing into this drain would likely overwhelm the internal plumbing, causing the sewage already present in the building lateral to back up through the basement floor drain and into Ms. Reid's basement. While Ms. Reid's neighbor at 2428 Ardmore Avenue was compensated by MSD for a backup on August 28, 2016, the neighbor and Ms. Reid's properties are served by entirely separate segments of the public sewer. The cause of the backup at 2428 Ardmore Avenue therefore has no bearing on the cause of Ms. Reid's basement backup. Given this evidence and the topography of the area, overland flooding not emanating from MSD's sanitary sewer system was the most likely cause of the backup in Ms. Reid's basement. The preponderance of the evidence does not establish that the cause of Ms. Reid's basement backup was inadequate capacity of MSD's public sanitary sewer system.

The Court is not unsympathetic to homeowners like Ms. Reid who experience a basement backup such as occurred in this case. Yet, this Court is bound by the terms of the Consent Decree in this matter, which places the burden of proof on the homeowner to show that a

capacity-related public sewer problem was the cause of the damage to a property. The undersigned is responsible for ensuring that any costs for damages to an individual's private property that must be paid by MSD (and ultimately the rate payers of Hamilton County) under the Consent Decree are the result of the backup of wastewater into the property due to inadequate capacity in MSD's Sewer System. In the absence of evidence establishing Ms. Reid's property damage was more likely caused by a surcharge in the public sanitary sewer line and not by overland flooding or some other cause, the Court is constrained to uphold MSD's decision in this case.

Therefore, the Court denies Ms. Reid's appeal in this case.

**IT IS SO ORDERED**.

Date: 3/26/19

Karen L. Litkovitz, Magistrate Judge
United States District Court