# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

UNITED STATES OF AMERICA, et al.,
    Plaintiffs,

vs.

BOARD OF HAMILTON COUNTY
COMMISSIONERS, et al.,
    Defendants.

Case No. 1:02-cv-107
Barrett, J.
Litkovitz, M.J.

ORDER RE: REQUEST
FOR REVIEW BY
SHELLEY MERKEL

    This matter is before the Court on the Request for Review of the denial of a Sewer Backup ("SBU") claim by Shelley Merkel (Doc. 1543) and the response of the Metropolitan Sewer District of Greater Cincinnati ("MSD") (Doc. 1635). Ms. Merkel's Request for Review of MSD's decision in her SBU claim does not include a request for a hearing.

    Ms. Merkel's request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

(*Id.* at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable engineering judgment and consider the following non-exclusive factors: amount of precipitation,

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.* Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

Ms. Merkel is the owner of the property located at 5030 Lillian Drive, Cincinnati, Ohio. On August 28, 2016, Ms. Merkel experienced an SBU incident in her basement which resulted in damage to her personal and real property. The Court notes there is no dispute that one of the causes of damage to Ms. Merkel's personal and real property was an MSD sewer backup. The only issue in this case is the amount of damages for Ms. Merkel's property loss.

Ms. Merkel made a claim to MSD for the August 28, 2016 sewer backup into her basement in the amount of $2,011.19 for personal and real property damages. Her request for review sets forth an itemization of her damages, which includes a request for compensation for a new washer and dryer, including parts, a hot water heater, a furnace inspection, and lawn mower repair. (Doc. 1543 at 3). Ms. Merkel states that flood water damaged her automobile, and she had to incur $70.00 in costs for a professional cleaning of her vehicle and $120.25 in title fees to change the regular title to a salvage title. Ms. Merkel also lists a $500.00 homeowner's insurance deductible.

MSD made an offer of $690.25 to Ms. Merkel as compensation for her claim. MSD declined to offer compensation for any items other than costs related to her automobile and insurance deductible because Ms. Merkel failed to show she had first filed a claim under her homeowner's insurance. Ms. Merkel rejected the offer and filed this appeal.

Under the Consent Decree and Ohio law, SBU claimants are required to collect first from their homeowner's insurance before seeking compensation from MSD. (Doc. 131, Consent Decree, Exhibit 8; Ohio Rev. Code § 2744.05). For eligible claims, insurance policy payments must be deducted from any award against MSD. On the MSD Sewer Backup Claim Form, MSD notifies claimants of their obligation to provide MSD with information regarding insurance policies and claims and that MSD will only "pay the difference between what your insurance coverage pays and your total loss." (Doc. 1635, Ex. D).

Ms. Merkel has applicable insurance coverage that covers losses attributable to "water backup." (Doc. 1635, Ex. C, Nationwide Insurance Homeowner Policy Declarations). However, there is no evidence that Ms. Merkel filed a claim with Nationwide Insurance for the alleged sewer backup. MSD is only responsible for paying the difference between what Ms. Merkel's insurance coverage would have paid and her total loss. In addition, damages for SBU claims are determined based on the market value of personal property *as of the date of loss* (the depreciated value) and not on the original purchase price or cost of replacement, which it appears that Ms. Merkel is seeking in this case.

Even though Ms. Merkel did not exhaust her insurance remedy through Nationwide Insurance, MSD offered to reimburse Ms. Merkel for the $500.00 insurance deductible and for the amounts attributable to her damaged automobile ($70.00 cleaning plus $120.25 title fee)

because those costs would not likely have been covered under the Nationwide Insurance policy. (Doc. 1635 at 3). On September 19, 2018, MSD offered Ms. Merkel $690.25 to settle the matter. (Doc. 1635, Ex. E).

In the absence of any additional information from Ms. Merkel showing that she filed a claim with her insurance company seeking reimbursement for her damaged property, the Court finds MSD's offer to be fair and reasonable and awards Ms. Merkel $690.25 in damages in this case.

**IT IS SO ORDERED.**

Karen L. Litkovitz, Magistrate Judge
United States District Court