# UNITED STATES DISTRICT COURT
# SOUTTHEIRN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br> Plaintiffs, <br><br> vs. <br><br> BOARD OF HAMILTON COUNTY <br> COMMISSIONERS, et al., <br> Defendants. | Case No. 1:02-cv-107 <br> Barrett, J. <br> Litkovitz, M.J. <br><br><br> **ORDER RE: REQUEST <br> FOR REVIEW BY <br> GREGORY AND TERRY <br> JACOBS** |

This matter is before the Court on the Request for Review of the denial of a Sewer Backup ("SBU") claim by Gregory and Terry Jacobs (Doc. 1503) and the response of the Metropolitan Sewer District of Greater Cincinnati ("MSD") (Doc. 1605). On February 21, 2019, the Court held a hearing on Mr. and Mrs. Jacobs' request for review of their SBU claim. (Doc. 1613).

Mr. and Mrs. Jacobs' request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

(*Id*. at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

engineering judgment and consider the following non-exclusive factors: amount of precipitation, property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.* Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

Mr. and Mrs. Jacobs are the owners of the property located at 4246 Zetta Avenue, St. Bernard, Ohio. On August 28, 2016, Mr. and Mrs. Jacobs experienced an SBU incident in their basement which resulted in damage to their personal and real property. Mr. and Mrs. Jacobs made a claim to MSD for personal and real property damages resulting from the August 28, 2016 sewer backup into their basement. MSD made an offer of $2,648.29 to Mr. and Mrs. Jacobs as compensation for their claim. Mr. and Mrs. Jacobs rejected the offer and filed this appeal.

Damages for SBU claims are determined based on the market value of personal property *as of the date of loss* (the depreciated value) and not on the original purchase price or cost of replacement. Therefore, MSD valuated the items lost by Mr. and Mrs. Jacobs by depreciating the claimed items based on their age and/or market value.

The parties agree that Mr. and Mrs. Jacobs are entitled to damages in the amount of $937.48 for personal property loss, which excludes the record album collection, and $2,011.25

for cleaning/mitigation expenses. At issue is the value of Mr. and Mrs. Jacobs' extensive record album collection.

Following the hearing in this matter, Mr. and Mrs. Jacobs provided additional information to the Court and MSD on the existence and value of the record albums. The Court determines that Mr. and Mrs. Jacobs have met their burden of providing sufficient evidence on the existence of the albums lost. Mr. and Mrs. Jacobs seek $5,201.18 for the album collection. MSD has offered $3,551.27. The Court has carefully reviewed the parties' submissions and conducted its own independent research on the value of the album collection. The Court determines a value of $4,376.22 for the album collection is fair and reasonable.

In conclusion, the Court awards **$7,324.95** to Mr. and Mrs. Jacobs for the damages sustained in this case ($2,011.25 [cleaning costs] + $937.48 [personal property loss, excluding the album collection] + $4,376.22 [album collection]).

**IT IS SO ORDERED.**

Date: April 12, 2019

s/ Karen L. Litkovitz
Karen L. Litkovitz, Magistrate Judge
United States District Court