# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br> Plaintiffs, <br><br> vs. <br><br> BOARD OF HAMILTON COUNTY <br> COMMISSIONERS, et al., <br> Defendants. | Case No. 1:02-cv-107 <br> Barrett, J. <br> Litkovitz, M.J. <br><br><br> **ORDER RE: REQUEST** <br> **FOR REVIEW BY** <br> **RHONDA RYAN** |

This matter is before the Court on the Request for Review of the denial of a Sewer Backup ("SBU") claim by Rhonda Ryan (Doc. 1598) and the response of the Metropolitan Sewer District of Greater Cincinnati ("MSD") (Doc. 1650). On May 21, 2019, the Court held a hearing on Ms. Ryan's request for review of her SBU claim. (Doc. 1680).

Ms. Ryan's request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

(*Id.* at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable engineering judgment and consider the following non-exclusive factors: amount of precipitation,

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.* Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

As an initial matter, the Court notes that the only issue in this case is the amount of damages for Ms. Ryan's property loss.

Ms. Ryan is the owner of the property located at 2280 Rosedale Avenue, Cincinnati, Ohio. On August 28, 2016, Ms. Ryan experienced an SBU incident in her basement which resulted in damage to her personal and real property. MSD crews responded to investigate Ms. Ryan's report of a sewer backup and were able to identify evidence of a mainline sewer surcharge. Ms. Ryan made a claim for personal and real property damages to MSD for the August 28, 2016 sewer backup into her basement. MSD made an offer of $842.25 to Ms. Ryan as compensation for her claim. Ms. Ryan rejected the offer and filed this appeal.

Under the Consent Decree and Ohio law, SBU claimants are required to collect first from their homeowner's insurance before seeking compensation from MSD. (Doc. 131, Consent Decree, Exhibit 8; Ohio Rev. Code § 2744.05). For eligible claims, insurance policy payments must be deducted from any award against MSD. On the MSD Sewer Backup Claim Form, MSD notifies claimants of their obligation to provide MSD with information regarding insurance

policies and claims and informs them that MSD will only "pay the difference between what your insurance coverage pays and your total loss." (Doc. 1635, Ex. D). In addition, damages for SBU claims are determined based on the market value of personal property *as of the date of loss* (the depreciated value) and not on the original purchase price or cost of replacement.

Ms. Ryan received $14,279.86 from her insurance company for damages resulting from the August 28, 2016 SBU. The insurance company did not pay Ms. Ryan content depreciation in the amount of $4,289.95; a carpet disallowance amount of $219.50; the depreciated value of a gas stove in the amount of $122.75; and the insurance deductible of $500.00.

Ms. Ryan seeks $5,009.45 in damages from MSD, which is the difference between what her insurance company estimated the total loss to be and what it paid on her insurance claim. Ms. Ryan alleges her insurance company "low-balled" the payout amount and reimbursed her for the actual cash value and not replacement cost value of her property. Ms. Ryan states that after this experience, she obtained insurance from a new company and her insurance premium increased from $70.00 to $115.00 per month.

The only item of personal property not covered by insurance that Ms. Ryan documented in her claim to MSD is that of a gas stove, which she alleges has a replacement value of between $539.00 to $569.00. Under the Consent Decree, "Damages will be paid for losses to real and personal property that can be *documented*." (Doc. 131, Consent Decree, Ex. 8 at 2) (emphasis added). In view of the Consent Decree's requirement that claimants substantiate the existence and/or extent of their damages, the Court may not award Ms. Ryan compensation for any items that have not been documented.

It also appears that Ms. Ryan is seeking the replacement value of her personal property loss. She seeks reimbursement for the gas stove in an amount up to $569.00 and the amount of depreciation deducted by her insurance company ($4,289.95) for her personal property/content loss. However, the SBU program reimburses personal property loss at the depreciated value and not replacement value. Therefore, MSD's decision to offer reimbursement to Ms. Ryan for her $500 insurance deductible, carpet disallowance of $219.50, and stove replacement at a depreciated value of $122.75 is fair and reasonable.

Ms. Ryan additionally seeks compensation for an increase in her homeowner's insurance premium. Under the Consent Decree, compensation through the SBU claims process is limited to real and personal property loss. (Doc. 131, Consent Decree, Exhibit 8 at 2; Doc. 129 at 11). The SBU claims process does not cover items such as increased insurance premiums. Therefore, the Court denies Ms. Ryan's request.

In conclusion, the Court awards **$842.25** to Ms. Ryan for the damages sustained in this case.

**IT IS SO ORDERED.**

Karen L. Litkovitz, Magistrate Judge
United States District Court