# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

UNITED STATES OF AMERICA, et al.,
   Plaintiffs,

vs.

BOARD OF HAMILTON COUNTY
COMMISSIONERS, et al.,
   Defendants.

Case No. 1:02-cv-107
Barrett, J.
Litkovitz, M.J.

**ORDER RE: REQUEST FOR REVIEW BY AHMAD ATWAN**

This matter is before the Court on the Request for Review of the denial of a Sewer Backup ("SBU") claim by Ahmad Atwan (Doc. 1675) and the response of the Metropolitan Sewer District of Greater Cincinnati ("MSD") (Doc. 1698). On July 23, 2019, the Court held a hearing on Mr. Atwan's request for review at which Mr. Atwan and Tom Fronk, MSD Assistant Superintendent and SBU Response Program Manager, testified and documentary evidence was submitted. (Doc. 1722).

Mr. Atwan's request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

(*Id.* at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

engineering judgment and consider the following non-exclusive factors: amount of precipitation, property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.* Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

Mr. Atwan is the owner of the property located at 5229 Globe Avenue, Cincinnati, Ohio. On March 18, 2019, MSD received a report that 5229 Globe Avenue had experienced a basement backup on March 14, 2019. MSD crews responded on March 18, 2019 to investigate. The crew determined that the public sewer was open and running, but one downstream manhole had signs of surcharge to a depth of five feet and six inches below the rim of the manhole. The crew determined that no other manholes had surcharged. (Doc. 1698, Ex. B).

On April 2, 2019, Mr. Atwan filed an SBU claim with MSD seeking compensation for property damage allegedly resulting from a sewer backup on March 14, 2019. (Doc. 1698, Ex. C). MSD denied the claim, finding that Mr. Atwan did not comply with the 24-hour reporting requirement that governs SBU claims. The denial letter included information about Mr. Atwan's option to pursue his claim in state court, where the 24-hour reporting requirement does not apply. (Doc. 1698, Ex. F).

Mr. Atwan testified he did not know about the SBU program 24-hour reporting requirement. He also testified that the backup in his basement occurred the night of Friday, March 14, 2019, and he called MSD the following Monday, believing that MSD was not open over the weekend.

MSD presented evidence that in early 2016, Mr. Atwan's property was on MSD's direct mailing campaign to notify property owners of the 24-hour reporting requirement. (Doc. 1698, Ex. D). In addition, MSD's website contains specific language emphasizing the 24-hour reporting requirement and MSD has issued multiple press releases about the requirement. MSD also presented evidence that even though it denied Mr. Atwan's claim based on his failure to report the backup within 24 hours, a subsequent review of the MSD public sewer system in the relevant geographic area does not support a finding that Mr. Atwan's damages were caused by inadequate capacity of MSD's sewer system. Mr. Fronk testified that he investigated over 300 homes within a two to three block radius of Mr. Atwan's property and no homeowners other than Mr. Atwan reported a backup on March 14, 2019. Mr. Fronk also testified that the level of surcharge in the manhole that showed signs of surcharge appeared to be lower than the elevation of Mr. Atwan's basement floor. Mr. Fronk testified that Mr. Atwan's basement sits approximately one foot to one and one-half feet higher than the mark in the manhole left by the sewer surcharge, and that the surcharge mark was a little more than five feet below the manhole rim. Given the relative elevations of the manhole, the surcharge as shown by the mark in the manhole, and Mr. Atwan's basement, the surcharge of sewage would not have been able to reach Mr. Atwan's basement.

Under the Consent Decree, property owners may recover damages to personal or real property caused by (1) the inadequate capacity in MSD's Sewer System, or (2) MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. (Doc. 131, Consent Decree, Exhibit 8 at 1). Property owners are responsible for backups in the building lateral sewer lines, which are owned by the property owner and not MSD. (*Id.*). Occupants of properties damaged as a result of a basement backup must notify MSD within 24 hours of the time a backup occurs to recover damages under the SBU Claims Process Plan. (*Id.*).

It is undisputed that Mr. Atwan waited four days to report his basement backup to MSD. Although Mr. Atwan asserts he was unaware of the 24-hour reporting requirement, MSD has presented evidence that it publicized the requirement through a direct mailing campaign, the news media, and its website. The failure of a claimant to report a basement backup within 24 hours deprives MSD of the ability to timely investigate and evaluate the cause of any potential sewer backup. This is a valid reason to deny Mr. Atwan's SBU claim.

In addition, there has been no evidence presented to the Court to establish that the personal property loss for which Mr. Atwan seeks compensation is related to a backup of MSD's public sewer. Under the Consent Decree, homeowners who seek review of the denial of an SBU claim bear the burden of proof of showing that the backup of wastewater into their property was due to inadequate capacity in MSD's sewer system and not due to other causes such as overland flooding or a problem with the building sewer. (Doc. 131, Consent Decree, Exhibit 8 at 1). MSD has presented persuasive evidence that given the MSD crew's findings during their investigation of the March 2019 backup, the relative elevation of the public sewer that services Mr. Atwan's home, and the fact that no other homes reported a sewer backup, it is unlikely that

4

the water damage to Mr. Atwan's basement was caused by a backup of the public sewer. The preponderance of the evidence does not establish that the cause of Mr. Atwan's basement backup was inadequate capacity of MSD's public sewer system.

Because Mr. Atwan did not report any sewer backup to MSD within 24 hours of its occurrence in March 2019, and because the evidence does not show that the cause of Mr. Atwan's basement backup was inadequate capacity of MSD's public sewer system, the Court upholds MSD's decision in this case.

**IT IS SO ORDERED**.

Date: 8/8/19

Karen L. Litkovitz, Magistrate Judge
United States District Court