# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

UNITED STATES OF AMERICA, et al.,
    Plaintiffs,

vs.

BOARD OF HAMILTON COUNTY
COMMISSIONERS, et al.,
    Defendants.

Case No. 1:02-cv-107
Barrett, J.
Litkovitz, M.J.

**ORDER RE: REQUEST
FOR REVIEW BY
TONYA L. BREADON**

This matter is before the Court on the Request for Review of the denial of a Sewer

Backup ("SBU") claim by Tonya L. Breadon (Doc. 1709) and the response of the Metropolitan

Sewer District of Greater Cincinnati ("MSD") (Doc. 1735). On August 27, 2019, the Court held

a hearing on Mrs. Breadon's request for review at which Mrs. Breadon, her husband, and Tom

Fronk, MSD Assistant Superintendent and SBU Response Program Manager, testified and

documentary evidence was submitted. (Doc. 1748).

Mrs. Breadon's request for review is filed under the Sewer Backup[1] program (formerly

known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree,

Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result
> of the backup of wastewater into buildings due to inadequate capacity in MSD's
> Sewer System (both the combined and the sanitary portions) can recover those
> damages. This plan also provides a means for occupants to recover damages arising
> from backups that are the result of MSD's negligent maintenance, destruction,
> operation or upkeep of the Sewer System. The Claims Process is not intended to
> address water in buildings caused by overland flooding not emanating from MSD's
> Sewer System or caused by blockages in occupants' own lateral sewer lines.

(*Id.* at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable

---

[1]The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately
reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc.
452 at 4; Doc. 454 at 16.

engineering judgment and consider the following non-exclusive factors: amount of precipitation, property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. *Id.* Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

Mrs. Breadon is the co-owner of the property located at 5312 Globe Avenue, Norwood, Ohio. On February 26, 2018, MSD received a report that 5312 Globe Avenue had experienced a basement backup on February 24, 2018. MSD crews responded on February 27, 2018 to investigate. The crew determined that the public sewer was open and running, with no signs of surcharging in either the upstream or downstream manholes. In addition, there were no signs of overland flooding. (Doc. 1735, Ex. A).

On January 15, 2019, Mrs. Breadon filed an SBU claim with MSD seeking compensation for property damage allegedly resulting from a sewer backup on February 24, 2018. (Doc. 1735, Ex. B). MSD denied the claim, finding that Mrs. Breadon did not comply with the 24-hour reporting requirement that governs SBU claims, and her claimed damages were not caused by any failure of MSD's sewer system or negligence. The denial letter included information about Mrs. Breadon's option to pursue her claim in state court, where the 24-hour reporting requirement does not apply. (Doc. 1735, Ex. D).

2

Mrs. Breadon testified she did not know about the SBU program's 24-hour reporting requirement. She stated that she was living and caring for her elderly parents in their home and was not living in her home at the time of the flood. Mrs. Breadon learned about basement backups in the Norwood area via social media, went to her house, and discovered the backup in her basement. Mrs. Breadon stated she reported the backup within 24 hours of discovering the backup. She also stated that she experienced a previous SBU on August 28, 2016; she did not report that backup within 24 hours; and she was nonetheless compensated by MSD for her damages under the SBU program.

MSD presented evidence that even though it denied Mrs. Breadon's claim based on her failure to report the backup within 24 hours, a subsequent review of the MSD public sewer system in the relevant geographic area does not support a finding that Mrs. Breadon's damages were caused by inadequate capacity of MSD's sewer system. Mr. Fronk testified that he investigated Mrs. Breadon's claim and none of the 14 other homeowners on the same sewer segment reported a backup on or around February 24, 2018. Mr. Fronk noted that it appeared the homes on the opposite side of 5312 Globe Avenue, Mrs. Breadon's residence, sit at a lower elevation and MSD did not receive a report that any of those homes experienced a backup on February 24, 2018. (Doc. 1748, Def. Ex. 2). Mr. Fronk stated that three other properties on Globe Avenue reported sewer backups in 2016, indicating that homeowners on Globe Avenue were aware of the program and the need to report sewer backups. Mr. Fronk also testified that the level of the manhole invert (635 feet) was higher than Mrs. Breadon's basement elevation (643 feet), meaning that if the sewer had surcharged, there would likely have been visible evidence of a surcharge (e.g., paper, waste, or debris on the sides or rungs of the manhole) within

approximately one foot of the rim of the manhole. Mr. Fronk stated that Globe Avenue is serviced by an MSD sanitary-only sewer, and not a combined storm/sanitary sewer, making it unlikely that storm water contributed to any backup. (Doc. 1748, Def. Ex. 1).

Under the Consent Decree, property owners may recover damages to personal or real property caused by (1) the inadequate capacity in MSD's Sewer System, or (2) MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. (Doc. 131, Consent Decree, Exhibit 8 at 1). Property owners are responsible for backups in the building lateral sewer lines, which are owned by the property owner and not MSD. (*Id.*). Occupants of properties damaged as a result of a basement backup must notify MSD within 24 hours of the time a backup occurs to recover damages under the SBU Claims Process Plan. (*Id.*).

It is undisputed that Mrs. Breadon did not report her basement backup to MSD within 24 hours. The failure of a claimant to report a basement backup within 24 hours deprives MSD of the ability to timely investigate and evaluate the cause of any potential sewer backup. This is a valid reason to deny Mrs. Breadon's SBU claim.[2]

In addition, there has been no evidence presented to the Court to establish that the personal property loss for which Mrs. Breadon seeks compensation is related to a backup of MSD's public sewer. Under the Consent Decree, homeowners who seek review of the denial of an SBU claim bear the burden of proof of showing that the backup of wastewater into their property was due to inadequate capacity in MSD's sewer system and not due to other causes such as overland flooding or a blockage in the building sewer. (Doc. 131, Consent Decree,

---

[2] MSD relaxed the 24-hour reporting requirement for homes affected by the 100-year flood event of August 28, 2016 due to the overwhelming number of calls for service in response to this storm event and the inability of MSD crews to respond to investigate all of the calls. MSD's response to this unique event does not obviate the Consent Decree's 24-hour reporting requirement for sewer backups occurring on other dates.

Exhibit 8 at 1). MSD has presented persuasive evidence that given the MSD crew's findings during their investigation of the February 24, 2018 backup, the relative elevation of the public sewer that services Mrs. Breadon's home, and the fact that no other homes reported a sewer backup, it is unlikely that the water damage to Mrs. Breadon's basement was caused by a backup of the public sanitary-only sewer. The preponderance of the evidence does not establish that the cause of Mrs. Breadon's basement backup was inadequate capacity of MSD's public sewer system.

Because Mrs. Breadon did not report any sewer backup to MSD within 24 hours of its occurrence in February 2018, and because the evidence does not show that the cause of Mrs. Breadon's basement backup was inadequate capacity of MSD's public sewer system, the Court upholds MSD's decision in this case.

**IT IS SO ORDERED**.

Date: _10/30/19_

Karen L. Litkovitz, Magistrate Judge
United States District Court