# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>Plaintiffs,<br><br>vs.<br><br>BOARD OF HAMILTON COUNTY<br>COMMISSIONERS, et al.,<br>Defendants. | Case No. 1:02-cv-107<br>Barrett, J.<br>Litkovitz, M.J.<br><br>ORDER RE: REQUEST<br>FOR REVIEW BY<br>ANDREA LAUDAT<br>BLACKMON |

This matter is before the Court on the Request for Review of the denial of a Sewer Backup ("SBU") claim by Andrea Laudat Blackmon (Doc. 1557) and the response of the Metropolitan Sewer District of Greater Cincinnati ("MSD") (Doc. 1626). On October 24, 2019, the Court held a hearing on Ms. Laudat Blackmon's request for review. (Doc. 1785).

Ms. Laudat Blackmon's request for review is filed under the Sewer Backup[1] program (formerly known as the Water-in-Basement [WIB] Claims Process Plan) (Doc. 131, Consent Decree, Exhibit 8). The Plan states in relevant part:

> Subject to the requirements of this Plan, occupants who incur damages as a result of the backup of wastewater into buildings due to inadequate capacity in MSD's Sewer System (both the combined and the sanitary portions) can recover those damages. This plan also provides a means for occupants to recover damages arising from backups that are the result of MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. The Claims Process is not intended to address water in buildings caused by overland flooding not emanating from MSD's Sewer System or caused by blockages in occupants' own lateral sewer lines.

(*Id.* at 1). In determining the cause of SBU, MSD must exercise its good faith reasonable engineering judgment and consider the following non-exclusive factors: amount of precipitation,

---

[1] The "Water-In-Basement" program has been renamed the "Sewer Backup" program to more accurately reflect MSD's responsibility for sewage backups caused by inadequate capacity in MSD's sewer system. *See* Doc. 452 at 4; Doc. 454 at 16.

property SBU history, condition of the sewer system in the neighborhood, results of a visual inspection of the neighborhood to look for signs of overland flooding, neighborhood SBU history, capacity of nearby public sewer lines, and topography. (Doc. 131, Consent Decree, Ex. 8 at 2). Damages arising from basement backups for which MSD is responsible are limited to documented real and personal property. (*Id.*). Homeowners who are dissatisfied with MSD's disposition of a claim under the SBU program may request review of the decision by the Magistrate Judge, whose decision is binding and not subject to any further judicial review. (Docs. 154, 190).

Ms. Laudat Blackmon is the owner of the property located at 1128 Cheyenne Drive, Cincinnati, Ohio. On September 4, 2018, Ms. Laudat Blackmon filed an SBU claim with MSD seeking compensation for property damage allegedly resulting from a sewer backup on or about August 28, 2016. (Doc. 1626, Ex. A). MSD states that Ms. Laudat Blackmon had not reported a sewer backup with 24 hours as required by the Consent Decree, and MSD first learned of her alleged sewer backup when she filed her claim two years later. MSD denied the claim, finding that Ms. Laudat Blackmon did not comply with the 24-hour reporting requirement that governs SBU claims. (Doc. 1626, Ex. E).

Ms. Laudat Blackmon testified that she did not know about the SBU program's 24-hour reporting requirement, and she became aware of the SBU program in January 2018 when she read about it in the newspaper. She also testified that she did not file an insurance claim related to the alleged August 2016 backup because she had an unrelated pre-existing insurance claim pending and could not file an additional claim. Ms. Laudat Blackmon states that she is not living at the property, which has been sitting vacant since the August 2016 incident.

MSD states that in early 2016, Ms. Laudat Blackmon's property was on MSD's SBU direct mailing campaign that notified property owners to contact MSD in the case of a sewer backup. (Doc. 1626, Ex. B). MSD further states that multiple press releases issued by MSD and MSD's website notify property owners to report sewer backups within 24 hours. (*Id.*, Ex. C). MSD also argues that it was unable to contemporaneously inspect the public sewer at the time of the alleged August 2016 sewer backup because Ms. Laudat Blackmon waited two years to report it. In addition, MSD contends that Ms. Laudat Blackmon failed to document any real or personal property damage or identify any damaged items she alleges she lost in the August 2016 incident.

Under the Consent Decree that governs the SBU claims process, property owners may recover damages to personal or real property caused by (1) the inadequate capacity in MSD's Sewer System, or (2) MSD's negligent maintenance, destruction, operation or upkeep of the Sewer System. (Doc. 131, Consent Decree, Exhibit 8 at 1). Occupants of properties damaged as a result of a basement backup must notify MSD within 24 hours of the time a backup occurs to recover damages under the SBU Claims Process Plan. (*Id.*). In addition, "Damages will be paid for losses to real and personal property *that can be documented*." (*Id.* at 2) (emphasis added).

It is undisputed that Ms. Laudat Blackmon did not report her basement backup to MSD within 24 hours. The failure of a claimant to report a basement backup within 24 hours deprives MSD of the ability to timely investigate and evaluate the cause of any potential sewer backup. Ms. Laudat Blackmon waited two years to file her SBU claim, which was the first time MSD had notice of an alleged sewer backup in August 2016. This is a valid reason to deny her claim.

In addition, Ms. Laudat Blackmon has not documented her losses to real and personal property as required by the Consent Decree. Ms. Laudat Blackmon states she has not lived in

3

her house since 2016, and there is no way to know whether the condition of her property in 2019 is the same as it was in August 2016 when she alleges she had a backup. Without proper and contemporaneous documentation of her property loss, it cannot be determined whether the condition of her property has further deteriorated for reasons unrelated to a sewer backup. Thus, even if Ms. Laudat Blackmon had identified the real and personal property that she alleges was lost in a sewer backup, there would be no way to accurately assess the value of the damages attributable to MSD.

Because Ms. Laudat Blackmon did not report any sewer backup to MSD within 24 hours of its occurrence in August 2016 and failed to document her real and personal property loss, the Court upholds MSD's decision in this case.

**IT IS SO ORDERED**.

Date: 11/6/19

Karen L. Litkovitz, Magistrate Judge
United States District Court