UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | |
| Plaintiff, | Case No. 1:02CV107 |
| v. | Judge Michael R. Barrett |
| | Magistrate Karen L. Litkovitz |
| BOARD OF COUNTY COMMISSIONERS OF HAMILTON COUNTY, OHIO, et al. | |
| Defendants. | |

**THE BOARD OF COUNTY COMMISSIONERS OF HAMILTON COUNTY, OHIO'S RESPONSE IN OPPOSITION TO THE MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE OF CINCINNATI ORGANIZED AND DEDICATED EMPLOYEES, INC.**

**I.  PRELIMINARY STATEMENT**

The Motion for Leave to File Supplemental Memorandum in Support of Motion to Intervene (Doc. 1705) filed by Cincinnati Organized and Dedicated Employees, Inc. ("CODE") should be denied as moot.  CODE's Motion to Intervene was based on the MSD Executive Team proposal put forth in the County's Motion to Solve Dysfunction (Doc. 1649).  The Court denied the Motion to Solve Dysfunction and the Motion to Enjoin (upon which CODE's supplement memorandum purports to respond) just last week (Order, Doc. 1832).  As there is no issue pending before the Court involving any CODE member, its pending motions are moot.[1]

---

[1] The similar Motion to Intervene filed by AFSCME (Doc. 1769) is likewise moot.

**II.     ARGUMENT**

    **A.     CODE's Motion to Intervene and Motion to File Supplemental Memorandum are Moot**

CODE's Motion to Intervene is based solely on the proposal put forth by the County in its Motion to End Dysfunction.  CODE argued that the request sought by the County in its Motion to End Dysfunction was "in derogation of the collective bargaining agreement between CODE and the City of Cincinnati…." (Doc. 1705, PageID# 39990).  The Court denied that Motion last week.  (Doc. 1832, PageID# 42824).

CODE's Motion to File Supplemental Memorandum suggests that it was based on the County's Motion to Enjoin Violations of the Consent Decree by the City, in which the County sought an order which, in part, would have enjoined the City from "communicating with the Regulators on MSD or Consent Decree matters contrary to County guidance or approval." (Doc. 1829, PageID# 42793)(citing County Motion to Enjoin, Doc. 1815).  CODE asserted that this would have violated its collective bargaining agreement.  (Doc. 1829, PageID# 42793).  The Court denied the County's Motion to Enjoin last week as well.  (Doc. 1832, PageID# 42824).

As a result of the Court's May 12, 2020 Order, neither of the County's motions on which CODE's requests for relief are based nor CODE's collective bargaining agreement are live issues before the Court.  Both of CODE's motions are Moot, and its Motion to File a Supplemental Memorandum should be denied.

    **B.     The County Would Have Opposed CODE's Motion Even if it Was Not Moot**

The County would have opposed Code's Motion to File a Supplemental Memorandum even if it was not moot, as it was premised on the Board's ability to control its agent's communications with the Regulators.  This was an issue the County has raised since at least early 2016, when it filed its Motion to Enforce or, alternatively, for Court Ordered Mediation (Doc.

795), which the Court denied without prejudice to refiling after the County and City executed the MSD Transition and Cooperation Commitment Letter (Order, Doc. 1107). The County has raised the issue of non-approved MSD communications with the Regulators in multiple pleadings. And, MSD communications have long been covered by MSD Rule 2403-3, which prohibits the City from submitting official documents to the Regulators without Board review and approval. (*See, e.g.,* Doc. 1815, PageID# 42407-42408). Thus, if the Court grant's CODE's Motion to File Supplemental Memorandum, the County will respond.

      **C.    Future Discussions with CODE**

Although CODE's motions are moot, County and CODE discussions do not have to stop. In alignment with the Court's May 12, 2020 Order, the County will be revisiting the best way to move forward with respect to MSD. The County would welcome discussions with CODE (and with AFSCME) as it has previously indicated to help chart the best path forward. (Doc. 1799, PageID# 42008).

**III.    CONCLUSION**

For the foregoing reasons, the County requests that the Court deny CODE's Motion to File Supplemental Memorandum.

Respectfully submitted,

/s/ Joseph T. Deters
Joseph T. Deters, Esq. (0012084)
James W. Harper, Esq. (0009872)
Charles W. Anness, Esq. (0082194)
Michael Friedmann, Esq. (0090999)
Hamilton County Prosecuting Attorney
230 E. Ninth Street, Suite 4000
Cincinnati, Ohio 45202
Telephone: (513) 946-3006
Facsimile: (513) 946-3018

Mark A. Norman, Esq. (0012033)
Anthony L. Osterlund, Esq. (0071086)
Vorys, Sater, Seymour and Pease LLP
Suite 3500, Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 723-4000
Facsimile: (513) 723-4056

*Attorneys for Board of County*
*Commissioners of Hamilton County, Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon All Counsel of Record by the Court's CM/ECF Electronic Filing System, as noted on the Electronic Filing Notice, this 18th day of May, 2020.

/s/ Joseph T. Deters
Joseph T. Deters